DANIEL, J.
The judgment upon which the decree sought to be reversed is founded, was rendered in the year 1802. No steps appear to have been taken to enforce the judgment until the institution of this suit in the year 1840.
Thomas Smith the intestate of the appellant William P. Smith, in his answer to the bill, set up two defences, to wit, the statute of limitations, and the presumption of satisfaction arising from the great delay in proceeding upon the judgment. It is insisted in the petition and in the arguments of counsel here, that both of said defences were good, and that the Chancellor erred in overruling them.
The judgment was obtained by William Wiseham administrator and Mary Charlton administratrix of Francis Charlton deceased, against John Lewis, executor of Warner Lewis deceased, to be levied of the goods and chattels of the said Warner Lewis deceased, when assets sufficient should come to the hands of the defendant to be administered.
It is stated in the bill, and proved by a deposition in the cause, that Wiseham the administrator died in 1804 *or 1805, and that Mary Charlton the administratrix died in 1810 or 1811; and Anderson the appellee qualified as administrator de bonis non of the said Francis Charlton in February 1831. Though thirty-eight years, therefore elapsed between the date of the judgment and the commencement of proceedings to enforce it, it appears that for at least twenty years of that period the estate of Charlton was without a representative. There cannot, of course, arise any presumption of satisfaction during this interval, and excluding it, there remains but seventeen or eighteen years upon the lapse of which to rest that defence.
No circumstances in aid of the lapse of time are averred in the answer or disclosed in the proofs. If this, therefore, had been a judgment de bonis testatoris, to be levied presently of the goods, &c., in the hands of the representative, instead of a judgment when assets, I should hardly suppose that the demand to have it satisfied could have been successfully resisted on the score of lapse of time: And when the character of the judgment is adverted to, and the further fact is brought into the statement of the case, to wit, that no assets came into the hands of the representative of Lewis till after the death of both the administrator and administratrix of Charlton, to wit, in 1815, it seems to me that all grounds for a defence, resting upon lapse of time or staleness of demand, is entirely removed.
It remains to be considered whether the statute of limitations presents any bar.
It must be conceded that the words of the 5th section of the statute of limitations, 1 *179 Rev. Code, p. 489, are sufficiently broad to cover the case of a judgment when assets; and two of the members of this Court, (the President and Judge Baldwin,) expressed the opinion, in the case of Braxton v. Wood’s adm’r, 4 Gratt. 25, that such judgments fell within the scope and design of the statute.
*1 did not regard the question as fairly arising in that case for adjudication, inasmuch as the judgment to which the bar of the statute was there sought to be applied, was not, in my opinion, a judgment quando acciderint, hut a judgment de bonis testatoris, capable of being at once enforced by execution, without the previous issuing of a scire facias. With such views of the nature of the judgment, I did not deem it necessary to express any opinion as to whether judgments when assets came within the meaning of the statute. I did, however, on that occasion, endeavour to investigate the subject, but was unable to find any authority directly bearing on the question, except the opinion of Judge Lomax, expressed in his work on the law of executors and administrators. At page 465, vol. 2, he says, that he regards them as embraced within the provisions of the statute ; but he does not vouch any decision, nor does he go into any reasoning in support of the opinion.
A re-examination of the question, with a view to the decision of this case, has been attended by a like result; and I therefore regard the question as an open one.
The words of the statute embrace all judgments, without exception or proviso, “where execution hath not issued,” and limit the suing out of a scire facias, or the bringing of an action of debt thereon, to the ten years next after the date of the judgments. The 6th section of the statute provides for disabilities appertaining to the persons entitled to the judgments, and existing at the date of the judgments; and gives the further period of five years after the removal of such disabilities, for suing out the scire facias, or bringing the action ; but no provision is made for the case of disabilities belonging to the judgments themselves. Such disqualifications or disabilities may however be attached to or so connected with the judgments as to render *it legally impossible (for a period) to enforce them by execution, or to revive them by scire facias, or to bring an action upon them. To judgments so situated, it will hardly be presumed the Legislature intended any limitation to apply, during the period of their incapacity.
By the common law, the failure of the plaintiff to sue out execution within the year, so far created the presumption of a payment, satisfaction or release of the judgment, as to compel the plaintiff to bring his action on the judgment; and thus give the defendant an opportunity, by pleading, to put in issue such supposed payment, satisfaction or release. By the statute Westminster 2, 13 Edward 1, c. 45, a scire facias is given to the plaintiff to revive his judgment where he has omitted to sue out execution within the year; and it is now the remedy most usually resorted to for such purpose.
Notwithstanding the year’s neglect-drives the plaintiff, generally, to his action or scire facias, the English cases furnish many exceptions to the rule. As when a writ of error is brought on a judgment, the delay in executing the judgment being imputable to the defendant, execution may issue after the judgment is affirmed, although more than a year and a day have elapsed since the judgment was signed. 1 Salk. 322. So if a plaintiff has a judgment with a “cessat executio” for a given time, he may within a year and a day after the expiration of the time allowed by the “cessat executio,” take out execution without a scire facias. 1 Salk. 322. So when the plaintiff is prevented from suing out his execution within the year by the defendant’s obtaining an injunction out of chancery, he may upon the dissolution of the injunction, have execution without resorting to the scire facias. This was for a time disputed, but is now well settled law. 2 Burr. R. 660. And even where a year after judgment had '^expired before the writ of error was sued out, and the judgment is affirmed, or plaintiff in error is nonsuited, or the writ of error discontinued, the plaintiff may sue out execution, the writ of error being held to have revived the judgment. 1 Show. 402.
In most of the States of this Union the same rule prevails either by force of the common law or by virtue of legislative enactment ; and the same or like exceptions will be found to obtain. Thus in Nicholson v. Howsley, 5 Litt. Scl. Cas. 218, the agreement of the parties to suspend the execution prevented the operation of the one year rule; and in 8 Serg. & Rawle 377, and 3 Binn. R. 160, it was decided that the plaintiff would be excused by such agreement, whether entered on the record or not. And in the case of the United States v. Harford & Ely, 19 John. R. 173, it was decided that when the execution is delaj'ed at the request and for the benefit of the defendant, the rule requiring a scire facias does not apply. So in Long v. Morton, 2 A. K. Marsh. R. 39, where there was a decree against a widow for a tract of land with a reservation of her right of dower, and a period fixed within which she might have it assigned, and providing that if she should by the day fixed have her dower assigned, she might satisfy the decree by surrendering up so much of the tract as might not be allotted to her, it was held that the “habere facias” might well issue within twelve months after the day fixed for the allotment.
The language of the first section of our execution law, 1 Rev, Code, p. 524, ch. 134, is “that all persons who have or shall hereafter recover any debt, &c., by the judgment of any Court of record within this Commonwealth, may at their election prosecute writs of fieri facias, &c., within the year, for taking the goods, &c., &c.”
*180 *The language of the statute is explicit in confining the peremptory right to sue out execution “within the year.” Yet I presume it has not been doubted since the decisions in Eppes v. Randolph, 2 Call 186, and Noland v. Cromwell, 6 Munf. 185, that this one year’s limitation could not avail a defendant where there had been a stay of execution by his own agreement, or by force of an injunction obtained at his instance.
In any of the instances above cited of stay of execution, whether by “cessat executio” or the parol agreement of the parties, or by injunction or supersedeas, I presume it will not be doubted that the plaintiff might at the end and expiration of the time bring his action of debt upon the judgment, instead of suing execution thereon; and that if the judgment had been thus suspended for more than ten years, he might meet the statute of limitations by shewing that though his judgment was more than ten years old, and one upon which no execution had issued, and thus falling within the very words of the statute, yet that it was so situated that no execution could be sued out on it, and therefore that it did not fall within the true meaning and design of the statute.
When a plaintiff in an action against an executor or aministrator takes judgment of assets quando acciderint, it is well settled that he cannot at any future time proceed to execution on the judgment, without first suing out a scire facias to state that assets have come to hand, and to warn the defendant, should he be able to allege any thing against such execution. Tidd’s Practice 1063.
If after the lapse of ten years from the date of his judgment, upon which no execution hath issued, the plaintiff in his action thereon may successfully meet the plea of the statute by shewing that by the agreement of parties, or by force of an injunction obtained *by the defendant, he could not in the meantime sue out execution, it is difficult to conceive of any good reason why he may not obviate the force of the plea when tendered to an action of debt on a judgment “quando,” by a demurrer or replication objecting that by the very form and nature of the judgment itself he had been prevented from issuing the execution.
In construing the statute its aim and purpose must be looked to, and its language ought to have a fair and reasonable interpretation. The limitations imposed on the right of the plaintiff to maintain an action on his judgment, have reference to and grow out of his conduct in respect to the execution, and necessarily presuppose that the plaintiff had at some time the right to sue out execution which he has failed to exercise. That this is so, is, I think, made still more apparent by looking to the second clause of the section of the statute, now under consideration, which provides that “where execution hath issued and no return is made thereon, the party in whose favour the same was issued, shall and may obtain other executions, or move against any sheriff or other officer or their security or securities for not returning the same, for the term of ten years from the date of such judgment, and not after.” This Court held in the case of Herrington v. Harkins’ adm’rs, 1 Rob. R. 591, that whilst the right to sue out other executions on a judgment where an execution had been before issued but not returned, was, by this clause, expressly limited to ten years, an action of debt was not embraced in the words or meaning of the clause; and that in all cases where the plaintiff had sued out execution there was no limitation to the period within which an action of debt might be brought on the judgment.
Whilst the second clause of the fifth section prescribes a limitation to the remedies of. plaintiffs in the cases where they have so far availed themselves of the *means of enforcing judgment as to sue out execution, but have obtained no return thereon, the first clause of the section was, in my opinion, designed to prescribe the limitation to their remedies, where having a right to sue out executions, they have wholly failed to exercise the right. By the term “judgments” in the first clause, are intended judgments clothed as judgments ordinarily are, with the capacity of being enforced; judgments upon which the plaintiffs have the right to sue out execution. Where the exercise of this right is stayed or suspended by the agreement of the parties, or by the restraints of legal proceedings set on foot at the instance of the defendant, the limitation will not begin to run in favour of the defendant till the time of such stay or suspension has expired. Judgments which shew upon their faces that there is now no right to enforce them by execution, and that such right is to depend on other proceedings yet to be instituted, do not, in my opinion, come within the meaning and operation of the statute at all.
Inasmuch as the assets subjected to the decree in this case came into the hands of the administrator of Bewis after the death of the administrator and administratrix of Charlton, and before the administration de bonis non was granted, and the administrator de bonis non brought suit within the ten years after his qualification, the plea of the statute could, under no aspect of the. case, avail the appellant, unless he could shew that the limitation began to run in his favour, not from the time of the coming in of the assets, but from the date of the judgment : And such is the proposition contended for; a proposition which seems to me to run counter to all the analogies of the law. It is argued that though no assets came into the hands of the defendant within ten years after the date of the judgment, it was the duty of' the plaintiff, in order to keep alive his claim, to sue out a scire facias or to bring an action of debt, within *said period, suggesting that assets had come into the defendant’s hands out of *181 which he had a right to demand execution of his judgment. And though upon an issue, made up on the state of the assets, the plaintiff had confessed that no assets had, since the judgment, come into the hands of the defendant, or such issue had been tried and found against him, (as it must have been in accordance with the fact,) he would have been entitled to take a second judgment quando acciderint; that the first judgment would be merged in the second, and that the limitation would again begin to run from the date of the last mentioned judgment. It is said that as, in the original action, the plaintiff may, notwithstanding he admits there are no assets in hand liable to his demand, take a judgment quando, there is no reason whjq in the proceedings upon the scire facias, or in the action upon the judgment quando, he may not pursue a like course and take a similar judgment. This reasoning is, I think, founded on a mistaken view of the ends and objects of the two actions. In bis original action the plaintiff seeks the accomplishment of two purposes, the judicial ascertainment of the justice of his claim against the decedent, and of his right to have present satisfaction out of the estate of the decedent, in the hands of his representatives. In such action though the administrator shews that there is nothing now in his hands liable to the plaintiff’s demand, such defence does, in no way, contravene the right of the plaintiff to prove the original justice and unsatisfied state of his claim against the decedent; nor does it present any reason why the plaintiff should not have satisfaction of his claim out of any assets that may, in future, come into the hands of the representative. Though, therefore, the plaintiff fails in effecting one of the purposes of his suit, there is no reason why he should be denied the accomplishment of the other. The judgment quando acciderint has been ^moulded by the Courts to meet the exigencies of the case. The sentence of the Court is pronounced in favour of the debt or demand, but its satisfaction is made dependent on the future coming in of assets out of which to pay it. In the second proceeding, or suit, upon the judgment, the gravamen of the complaint, the gist of the action, is the coming in of assets since the judgment, and the failure of the defendant in applying them to its discharge. The suggestion that assets have come to the hands of the representative since the judgment is no mere form or legal fiction, but involves the pith of the controversy, and presents the point on which the action rests. The judgment quando, from its very form and nature, is an acknowledgment of the most solemn form on the part of the plaintiff, that he is entitled to be satisfied only out of future assets. If no assets have come to hand since the judgment, the plaintiff has nothing to complain of or on which to found his action. In the case of an ordinary judgment capable of being presently executed, it is true the plaintiff may bring his action of debt upon it as soon as it is rendered. He is entitled to immediate satisfaction, and the defendant is at once in default if he does not pay it. But it is difficult to conceive of the propriety of a suit where the plaintiff cannot truly allege any grievance, and the defendant is in no default. If the plaintiff fails in proving that assets have since come, &c., he must, I think, go out of Court: Yet I do not see why a failure in his suit, because of its being prematurely brought, should form any bar to a scire facias or action brought thereafter when assets have actually come to hand. Should the defendant rely on the verdict and judgment in the proceedings on the former scire facias or action on the judgment, the plaintiff might reply and shew that his defeat was occasioned solely by the failure to shew assets, and that assets have come into the hands of the representative since said last mentioned 'x'proceedings. A case has been cited which shews that where the plaintiff in his scire facias or action on a judgment when assets, shews that assets of a limited amount not sufficient to satisfy his demand have since judgment come to hand, he may take judgment for so much to be presently levied de bonis testatoris, and have judgment quando for the balance. I do not perceive the weight of the authority as applicable to a case in which the plaintiff wholly fails to prove assets. If the plaintiff proves assets to any extent, he does to that extent maintain the allegation on which his action rests; and he ought to have judgment accordingly; and as there is no propriety in two judgments of the same character lor the same thing, provision in the same judgment is made for the balance of his demand out of the future assets. His original judgment is as it were merged in the second; and any future proceedings for the collection of the demand will be founded on said last mentioned judgment. But where he wholly fails in his proof of assets he only shews that he has been premature in his proceedings, and his demand still rests on his former judgment, exactly as it did before; with the exception that in any future action or scire facias the right to shew assets will be confined to the period since the judgment in the unsuccessful proceedings just mentioned. Judgments quando acciderint may be rendered against heirs as well as against executors and administrators. In debt against a niece as heir to the uncle, the defendant confessed the bond, but pleaded that nothing in fee simple descended to her besides a reversion of thirty acres, &c., after the death of such a one. It wras held that the plaintiff might take a special judgment to recover the debt and damages of the aforesaid reversion, when it should fall in. And in Fortrey v. Fortrey, 2 Vern. R. 134, it was decided that where a man obtains judgment against an heir who has a reversion in fee descended to him, the judgment is only of ^assets quando acciderint; and the creditor
cannot by a bill in equity, compel the heir *182 to sell the reversion, but must expect till it falls in. So in Comyn’s Digest, vol. 6, p. 326, Pleader 2, E. 4, Replication, it is said, “after riens per descent pleaded, the plaintiff may pray execution of assets cum acciderint; or if riens per descent prseter, he may pray execution of assets confessed; or reply that the defendant had assets ultra; and if he replies assets ultra he may waive it and pray judgment of assets confessed cum acciderint.” In Wells v. Bowling’s heirs, 2 Dana’s R. 41, most of the foregoing authorities are cited, and the further case is put of the title to real estate descending to an heir whilst in the adverse possession of another; and it is said that there is the same reasons in favour of allowing judgments quando against heirs as against executors: that the creditor is not presumed to know the state of the assets in the hands of the heir or executor, and he should not be prejudiced by bringing his suit to establish his debt against the decedent, before assets have come to hand.
Take the case of a suit against an heir on the bond of his ancestor and of a judgment thereupon quando; the heir having no estate, in possession, descended, but having a right to lands which at the death of the ancestor were in the adverse possession of another, and for which the heir has instituted his action. Of lands so situated, the plaintiff could not have execution; but they would be assets when recovered. Pending such adverse possession and controversy, no failure to proceed on his judgment could, I think, prejudice the plaintiff; and I do not perceive any reasons that would bring a judgment against an éxecutor when assets within the operation of the statute that would not apply with equal force to the like judgment just mentioned against the heir.
If I am correct in supposing that no action on a judgment quando against an executor can be maintained ^without alleging and proving assets, it follows that, if the statute embraces such judgments at all, it designs to defeat all recovery upon them after ten years, though no assets may come in the mean time into the hands of the representative; the only means of avoiding the operation of the statute, suggested, being the suing out of a scire facias, or bringing an action and taking a new judgment when assets. But whether correct or not in my views of the plaintiff’s right to maintain a suit on such a judgment without proving assets, I am satisfied that the statute only embraces judgments that may be enforced by execution without some new proceeding; and that judgments quando stand as they did at the common law, liable, after assets have come to hand, to those presumptions of satisfaction that attach to judgments ordinarily where there has been great delay in proceeding upon them.
An objection to the jurisdiction of the Court is made in the answer. It is not, however, mentioned in the petition, nor noticed in the arguments of counsel, and may, I suppose, be regarded as abandoned. The circumstances disclosed in the bill and the proofs, in relation to the state of the assets, furnish, I think, proper grounds for the resort to a Court of equity. One of the causes of error assigned is, that the copy of the judgment filed is not properly authenticated. No exception was made to the paper in the Court below, and nothing said of it in the argument here. I have not been able to discover the force of the objection.
I see no error in the decree, and am of opinion to affirm it.
BALDWIN, J. We have to determine in this case whether a judgment quando acciderint against an executor or administrator, not revived or renewed by scire facias or action of debt brought thereon within ten years next after the date of the judgment, is barred by *the statute of limitations, 1 Rev. Code, ch. 128, § 5, p. 489. In 2 Lomax Ex’ors 455, the affirmative construction of the statute is expressed by the learned author; but the question has never been authoritatively decided by this Court. Braxton v. Wood’s adm’r, 4 G-ratt. 25, was the case of a judgment recovered by confession, “if a sufficiency of assets of the defendant’s testator’s estate shall remain after payment of debts of superior dignity;” and was decided by the three Judges then sitting to be barred by the statute. In the opinion which I delivered in that case, I had occasion, for the sake of illustration, and the development of the principles belonging to the subject, to express my views of the statutory bar in regard to judgments quando acciderint, and to show their application a fortiori to the judgment we were then considering. In that opinion the President concurred. Judge Daniel delivered a separate opinion, in which he stated his own reasons for concurring in the decision, but was silent in relation to the application of the statute to a judgment quando acciderint.
The question, therefore, in regard to a judgment quando acciderint, is still an open one, and the views of it presented by my opinion in Braxton v. Wood’s adm’r, have, in the argument of the present case, been earnestly and ably controverted by the appellee’s counsel; but upon grounds, as I conceive, unavoidably narrow and technical. In order that those grounds may be distinctly understood, and to avoid unnecessary repetition, I must here refer to the opinion as reported, to which, after a careful reconsideration, I still adhere.
It is contended, in the first place, on the part of the appellee, that judgments quando acciderint are not at all embraced by the statute. • If this be so, then it follows that though assets to many times the amount of such a judgment come to the hands of the executor or administrator, in a few days thereafter, yet the plaintiff *may lie by an indefinite number of years, and then proceed to enforce his demand. It is difficult to conceive any consideration of policy which could have induced the legislature to permit such a result, in the.enactment of a law, intended to quiet not only individ *183 uals but dead men’s estates against antiquated judgments. It is not denied that other judgments de bonis testatoris fall within the plain meaning of the statute, and it cannot be denied that a judgment quando acciderint, in the case supposed, would fall within the same mischief ; and it is remarkable if such an exception was contemplated that it was not indicated by express words.
It is sufficiently obvious that the construction contended for is merely literal, and unwarranted even by that mode of treating the subject. The words of the statute are, “judgments in any Court of record within this Commonwealth, where execution hath not issued, may be revived by scire facias or an action of debt brought thereon, within ten years after the date of such judgment, and not after.” And the argument is founded upon the word “revived,” which it is urged indicates a judgment which has become dead by the failure to sue out execution within the year, and not one upon which no execution could have issued at any time from its rendition. But the word “revived” does not warrant the interpolation of the word “dead,” which has never been applied to a judgment, and could not be applied with more propriety to one upon which execution might, than to one upon which it could not, have issued. A judgment on which execution has not issued within the year, is not dead but only sleepeth, and may be awakened not only by scire facias or debt, but by suing out execution without either, if the delay has been occasioned by the acts of the defendant, or for his accommodation and at his request. 8 Bac. Abr. 600, 601, 602; United States v. Harford, 19 John. 173 ; and in no case is suing out execution *after the year without scire facias void, but only voidable. Id.
The word revived is used in the statute in reference not to the character of the judgment, but to that of the specified remedies, to wit, a scire facias or an action of debt, and it has the same meaning in regard to both, that is to say, the renewal of the judgment ; in the former remedy by an award of execution, and in the latter by the recovery of a new judgment. And both remedies may be resorted to as well before as after the year. 8 Bac. Abr. 603; 1 Chit. Plead. 355: and either may be preferable to suing out execution, where the plaintiff wishes a judicial decision, in a regular course of pleading and trial at law, upon some question touching the validity or discharge of the judgment. We accordingly find that the period of limitation begins, not from one year after the judgment, but from its date. The statute, it will be seen, embraces the subject of limitations after judgment, by two distinct clauses of the same sentence; the first of which relates to judgments where execution, from whatever cause, has never issued, and the last to further proceedings by execution, where execution has once issued without being returned.
When we come to the spirit and policy of the statute, there is if possible still less difficulty. It is an act of limitation against judgments, and like other acts of limitation a statute of repose. It bars the judgment by barring the only actions at law by which it can be enforced, the action of debt and the writ of scire facias which is a judicial writ, and in that sense an action, open to all the pleadings, evidence and modes of trial applicable to the action of debt. The necessity for a period of limitation is stronger than in most other cases ; for the judgment being matter of record perpetuates itself, and cannot be erased even by the concurring act of the parties ; while the evidence of its ‘^discharge, or release, or opposing equities, rests for the most part in perishable documents, or the fleeting testimony of witnesses.
I cannot doubt therefore that judgments quando acciderint fall within the plain terms and meaning of the statute, as well as all other judgments upon which no execution has ever issued; and that if there be any difficulty in the construction of the statute, it is as to the period of time from which the limitation begins to run, whether from the date of the judgment or the time when assets come to the hands of the executor or administrator : and here it is that we must advert to the nature of the judgment.
A judgment de bonis testatoris is compounded of two elements, the recovery against the estate represented by the defendant, and his responsibility for the assets. The first is irrespective of the condition or amount of the assets; the last is dependent upon the assets which have come to his hands to be administered. If the demand in the action be just, he cannot resist the recovery of it against the estate because he has no assets to satisfy it; and on the other hand, he has a right to relieve himself from personal liability, direct or indirect, by shewing that he has fully administered. And if he does so, or the fact be admitted by the plaintiff, how is judgment to be rendered, so as to establish the debt against the estate, and at the same time his full administration of the assets up to the time of his plea ? The difficulty arises from his uniting in his own person his individual with his representative interest, so that a judgment against the estate must be rendered through him ; and that difficulty is solved by the plaintiff’s taking a recovery of his debt against the defendant in his representative character, to be levied of the goods and chattels which were of the decedent at the time of his death, and which since the plea pleaded have come, or which shall thereafter come, to*his hands to be administered. This is a subsisting judgment against the estate, and maybe enforced not only against the same executor or administrator, but against any subsequent personal representative of the estate.
The plea of fully administered therefore, although both in form and substance a plea in bar, is one of a peculiar nature. It can be pleaded only by an executor or administrator, and presents no answer to the justice of the plaintiff’s demand ; but only serves to shew that the defendant is not accountable there *184 for, having no assets of the estate in his hands wherewith to pay it. It is no bar to the recovery of the debt against the estate, but to the present accountability of the then representative. The plaintiff is therefore not bound to take issue upon it, but may admit it to be true, and take his judgment notwithstanding, with a direction that it shall be paid out of assets that may thereafter come to the defendant’s hands. If this were not so, and the plaintiff prevented from establishing the justice of his demand by a judgment. against the estate, the absurd consequence would follow of absolving the estate therefrom forever, because of its present inability to make payment.
The leading authority upon this point is Mary Shipley’s Case, 8 Co. 134 a, which was debt on a bond against the executors of the obligor : the defendants pleaded fully administered, and so nothing in their hands: replication that they had assets : the jury found assets in part; and judgment was given for the whole debt, damages and costs ; which judgment was affirmed in the Exchequer chamber ; for upon the bar which is nothing in their hands, the plaintiff might have prayed judgment immediately ; for thereby the debt is confessed, but that she cannot have execution until the defendants have goods of the deceased.
*In Dorchester v. Webb, Cro. Car. 372, the property of the judgment in Mary Shipley’s Case was not denied, but the soundness of the opinion upon which it was founded disputed. The report states it was contended that when an executor pleads fully administered the plaintiff may take judgment presently, and expect when the defendant hath assets, for he remains always executor and may have goods of the testator ; and for that purpose was cited Mary Shipley’s Case, that if an executor pleads fully administered the plaintiff may take judgment presently, and expect when he has assets in his hands. On the other hand, the law as stated in. Mary Shipley’s Case was denied, and the difference contended to be that when it is found that the'defendant has some assets, though of little value, so^s he hath not fully administered, the plaintiff shall have judgment of the entire debt, but he shall not have execution but of as much as is found, and shall not be barred of the residue, and if more assets come afterwards he may have scire facias to have execution thereof; but if it be found that he hath fully administered, or if it be so pleaded and confessed, then judgment shall be against the plaintiff. And so the Court held the law to be.
But in Noel, &c. v. Nelson, 2 Wms. Saunders, pt. 2d, p. 214, 226, the principle of Mary Shipley’s Case was affirmed. The action was debt against executors upon a bond of their testator: the defendants pleaded plene administravit, on which plea the plaintiff prayed his judgment of the debt to be of assets quando acciderint according to the rule in Mary Shipley’s Case ; and the Court gave judgment accordingly ; on which judgment the executors brought a writ of error, and insisted on the matter in law, that such judgment as this ought not to be given, notwithstanding the opinion in Mary Shipley’s Case ; and of such opinion was *Twysden, Justice, strongly, who denied the said opinion in Mary Shipley’s Case to be law, and relied much on the opinion of Jones, Bushby and Croke, in Dorchester v. Webb, where Mary Shipley’s Case is denied by them to be law : but Kelynge, Chief Justice, Rains-ford and Morton, Justices, held the judgment to be good ; and afterwards a precedent being produced where such a judgment was entered according to the opinion in Mary Shipley’s Case, Twysden agreed that the judgment should be affirmed. And the reporter gives the pleadings and judgment in the case, p. 216, which judgment is as follows :
“And the said W inasmuch as the said M and T by their said plea do not deny but that the said writing now here into Court brought is the deed of the said N the testator, nor that the said debt in the said writing specified is a true and just debt, yet unpaid and not satisfied, or otherwise discharged ; and inasmuch as the said W cannot deny but that the said M and T have not, nor on the day of the suing out of the original writ of him, the said W, nor ever since hitherto, had any goods or chattels which were of the said N the testator, at the time of his death, in their hands to be administered, prays judgment of his debt aforesaid by him above demanded, to be levied of the goods and chattels which were of the saidN at the time of his death, and which shall hereafter come to the hands of the said M and T to be administered : therefore it is considered that the said W recover against the said M and T his debt aforesaid, to be levied of the goods and chattels of the said N, the testator, at the time of his death, and which shall hereafter come to the hands of the said M and T to be administered.” And the like form of judgment will be found in 2 Eilley’s Ent’s 505, and in 2 Eomax Ex’ors 446.
The principle of Mary Shipley’s Case, and of Noel v. Nelson, has never since the latter case been questioned, -and it is equally applicable whether the plaintiff confesses the plea of fully administered, or takes issue upon it and it is found against him, in the whole or in part. All the cases agree that where the jury find assets in part, the plaintiff shall have judgment for the residue also, to be levied quando. And in Dorchester v. Webb, the plaintiff’s confession of the plea was very propérly considered as standing upon the same footing as a verdict thereupon for the defendant, though the Court erred in the conclusion that there ought in either case to be judgment against the plaintiff. The defence is pleaded in bar of the action, and ought to have the same result whether found or admitted to be true. No reason can be assigned for a distinction, except that in the case of a verdict the defendant has been subjected to costs at the trial, which is no reason for defeating a just debt, but only for allowing such costs to the defendant. And a judgment for the plaintiff quando, after verdict for the defendant upon the plea of fully administered may very *185 properly be regarded as in the nature of a judgment non obstante veredicto.
The case of Timberlake v. Benson’s adm’r, 2 Virg. Cas. 348, serves to shew that according to the Virginia practice the plaintiff has judgment quando acciderint, as well where there is a verdict for the defendant upon the ■plea of fully administered, as where the plaintiff confesses the plea to be true. The General court there held that where an administrator pleads the single plea of fully administered on which the plaintiff takes issue, and the issue is found for the defendant, the verdict is conclusive proof that the defendant has not present assets ; but as the plea is an acknowledgment that the intestate is indebted to the plaintiff, and the verdict is not conclusive that the defendant may not have future assets, the judgment ought to be rendered for the plaintiff for his debt and costs, to be levied of the goods of the intestate quando acciderint; but as the defendant *has supported his issue, and to maintain the only plea which he pleaded has been subjected to costs, he ought to have a judgment for the general costs of his defence against the plaintiff. And that where the defendant pleads non assumpsit and fully administered, and issue is taken on both, and both tried, and the first issue is found for the ■ plaintiff, and the second for the defendant, the judgment ought to bei for the plaintiff, as in the former case ; because as he is obliged to come into Court to establish a debt due to his intestate, he ought to recover not only his debt but his costs also out of the future assets ; but as the defendant has supported his second plea, he ought to have a judgment for the costs which he has expended in supporting that issue, that is for his separate costs of that issue.
In Burnes v. Burton, 1 A. K. Marshall, Kent’y E. 369, it was held that on a ■ plea of fully administered, if the plaintiff takes issue upon the plea of fully administered, and it is found against him, he must pay costs, but yet have judgment quando acciderint.
In Miller v. Towles, 4 J. J. Marshall, Kent’y R. 255, in an action of covenant, on a verdict for the defendant on the plea of fully administered, it was held to be error to render judgment in bar of the action; as the issue acknowledged the justice of the plaintiff’s demand, it should have been in his favour for the damages, to be levied quando acciderint.
Wilson v. Hurst, Peters’ Cir. Ct. R. 441, was a scire facias against executors on a judgment against their testator; the defendants pleaded payment and no assets: there was a verdict for the plaintiff on the plea of payment, and for the defendant on the plea of fully administered; and the plaintiff prayed judgment quando acciderint, which was directed.
The question whether assets or not is the same after a judgment quando that it was before, except that the *range of it is more limited in point of time. It is open to the like pleadings, evidence, verdict and judgment. See the proceedings in a scire facias, 2 Wms. Saunders, pt. 2, p. 217-222, upon the judgment quando acciderint in Noel, &c. v. Nelson. The defendant may plead plene administravit, 2 Tidd. Prac. 1046, and shew the due administration of the assets which have come to his hands since the former judgment and plea; which question involves not merely the enquiry whether goods and chattels which belonged to the decedent did come to the hands of the executor, but also his administration of them according to law. It is the balance only due from him after allowance of the proper credits which constitutes the assets in his hands. And the defendant might plead and prove judgments recovered against him on debts of higher dignity, and paid or outstanding, to a greater amount.
It is argued that the quando of such a judgment has the same effect as the stay of a judgment by a writ of error, or an injunction, or a cessat executio ; during which the statute cannot operate. But the reason is that during the writ of error, or injunction, or cessat, an action of debt or scire facias cannot be brought upon the judgment. This it has been shewn is not so in regard to a judgment quando acciderint, upon which scire facias or debt will lie immediately; and that if there be still no assets in the hands of the executor, the judgment may be revived or renewed by the like judgment. And there is direct authority to the point where assets are found as to part only, 2 Wms. Kx’ors 1231, and there is equal reason where none are in hand.
In the cases put of a writ of error or injunction, the judgment is superseded, and has no effect during the pendency of the proceeding. In the case of a cessat executio, the judgment is in effect superseded, for the suspension is absolute and unconditional, and renders it substantially a judgment in futuro. But a judgment *quando acciderint, so far as the estate is concerned, is immediate, absolute and unconditional, and even as regards the executor the direction as to the levy is not so much a condition as a consequence of his having already accounted for the previous assets. And we must not suffer ourselves to be misled to the supposition that the judgment is conditional, by the appellation given to it with more brevity than accuracy.
Indeed, the whole argument of the appellee’s counsel upon this branch of the case arises from his treating the judgment quando acciderint as conditional; and hence he has urged that the statute of limitations does not begin to run until assets have come to the hands of the executor. By this must of course be meant assets properly applicable to the discharge of the judgment; for a plea that no assets at all have come to his hands would not present the bar of the statute, it being at most a denial, instead of an admission, of a once existing cause of action. How then would a plea of the bar of the statute according to his view of it be framed. It would have to ,set forth the assets received by the executor since the judgment, his credits against the same for the payment of debts *186 entitled to priority, the date at which a balance against him ought to have been struck, and that more than ten years have elapsed since that time; thus presenting a plain breach of trust on the part of the executor. This would be an anomalous plea of a statute of limitations, and a strange departure from the one in question, which provides that no action or scire facias shall lie upon a judgment but within ten years from its date; a statute moreover designed primarily, in actions against executors, for the protection of the estate, and operating only incidentally and consequentially for the protection of the executor.
A plea of the statute in general terms, that the cause of the scire facias or action did not accrue within ten years would be idle, if no assets at all have come to the *hands of the executor since the judgment; and unavailing, if in point of fact assets have so come to his hands; for the statute could not run during the period of administration of the assets, but only at its close, when a balance struck would shew assets, still remaining in the hands of the executor, from which time only, if at all, could the statute avail anything. But it could not avail anything in any state of the assets; for an executor always continues executor and trustee for the creditors, and cannot plead the statute in exoneration of his personal responsibility for the assets; and the exoneration of his testator’s estate by limitation of the statute has reference to the date of the judgment, and not to the accrual or administration of the assets.
It will be seen that the statute is permissive as well as negative. It provides that judgments may be revived or renewed by scire facias or debt brought within ten years next after the date of the judgment, and not after; and upon the point we are now considering it must be taken that judgments quando acciderint fall within the meaning of the law. Now^the statute ought to have a fair and liberal interpretation, so as to allow the revival or renewal contemplated, by the modes prescribed, within the period limited, and to prevent it afterwards ; and this cannot be done otherwise than by permitting the plaintiff to shew assets in hand if he can, and if he should fail, to place his case in a condition to shew it thereafter. And we must not be deterred from a fair and wholesome construction of the statute by supposed formal difficulties.
It is urged that a scire facias or declaration would be wrong without the statement that since the judgment quando assets have come to the hands of the defendant; and that the statement may be denied, and if so must be proved. But the suggestion in the scire facias is not merely of assets but of sufficient assets ; and it cannot be denied that if assets to the amount of *one dollar or even one cent have come to his hands, the revival may be accomplished: then why not by the plaintiff’s admission there are none, with a prayer of judgment quando ? Surely a distinction which _ is to defeat forever a debt acknowledged to be justly due, cannot be founded on such a nicety. And such must be the inevitable result; for the plea would be in bar of the scire facias or action, and not in abatement. The question whether an executor has assets remaining in his hands must in most cases be one of mere probability. Every action, however, against an executor or administrator, is upon that assumption ; and it would be very remarkable if the revival or renewal of a judgment quando should be defeated by a mistake or failure of proof of the very nature which led to the judgment itself.
The reason why a scire facias or a declaration upon a judgment quando must state that assets have come to the hands of the defendant, besides the formal one of conformity with the description of the judgment, is that by the omission the plaintiff encounters an estoppel. The j udgment itself is conclusive as to the defendant’s full administration up to that time, and he has a right to plead fully administered since. It must therefore appear that the plaintiff is not going behind the judgment in search of assets.
The case cited from Buller’s N. P. 169, of Taylor v. Holman, was this: “In debt on a judgment against the defendants as executors, suggesting a devastavit, in the original action the defendants had pleaded plene administravit, and the plaintiff had taken judgment of future assets quando acciderint. Eord Mansfield would not allow the plaintiff to give any evidence of assets come to the hands of the defendants before the judgment, for the plaintiff has admitted that the defendants fully administered to that time: And there being no evidence of any assets come to his hands since, the *plaintiff was nonsuited. Taylor v. Holman, at Guildhall Sittings after T. 1764.”
The case is not in point, it not being debt to revive the judgment quando, but debt for a devastavit, by which the plaintiff abandoned the pursuit of the estate, and sought to subject the executors personally. It was moreover a nonsuit, which must have been with the plaintiff’s acquiescence, the Court having no power, even in England, to direct a nonsuit after appearance, without his consent. Watkins v. Towers, 2 T. R. 275.
Another case cited, of Mara v. Quin, 6 T. R. 1, was this: The plaintiff sued out “a scire facias upon a judgment in an action of debt against the defendant as executrix of Quin. After stating the proceedings in the former action, that the defendant there pleaded other judgments recovered and plene administravit, on which the plaintiff prayed, and the Court adjudged, that his debt should be levied of the goods and chattels of the testator which should thereafter come to the hands of the defendant to be administered, after satisfaction of the other judgments, &c., it proceeded to state that divers goods, &c., of the testator, sufficient to pay as well the other judgments as the plaintiff’s, had come to and were in the hands of the defendant to be administered, &c., (without saying that those goods had come to the defendant’s hands since his judgment,) and prayed exe *187 cution against the defendant to be levied of those goods, according to the form and effect of his said recovery, &c. The defendant pleaded (inter alia) that after the plaintiff’s judgment no goods, &c., of the testator had come to the defendant’s hands to be administered, &c. To this the plaintiff replied that divers goods, &c., had come to the defendant’s hands, &c., (without adding ‘since the former judgment, &c.’), and the defendant demurred.”
In that case, it will thus be seen, that the plaintiff demurred to the defendant’s plea, that since the judgment *no assets had come to his hands to be administered; which demurrer was in the face of the estoppel; and in the argument the plaintiff placed the case upon the ground that he had a right to go behind the judgment to shew prior assets. The plaintiff was unavoidably defeated ; and the question is not at all presented, whether he might not have confessed the plea, and taken judgment when assets.
The case of Lidderdale v. Robinson’s adm’r, 2 Brock. R. 160, has no application. The question whether the judgment was barred by the statute was not and could not be made, for it was not pleaded, and it seems probable the plaintiff, in consequence of his residence beyond sea, came within one of the exceptions of the statute.
It seems to me, therefore clear that whatever may be the state of the assets, or although there may be none, a creditor is entitled to recover judgment against the estate, and keep the same in force by revival or renewal thereof; and that this may always be accomplished by a quando acciderint, the defence of fully administered being personal to the existing executor or administrator, and limited to the time of pleading it, and no bar in effect to the action itself, whether that be founded upon the original demand, or upon the j udgment.
On the other hand, I cannot doubt if a creditor sleeps upon his judgment quando acciderint for ten years from its date, instead of taking the proper steps to enforce, revive or renew it, the same is barred by the statute of limitations, as completely as if the judgment were a general one, to be levied of the goods of the testator or intestate, without restriction. If this were otherwise, then as it has been shewn that a plaintiff may at his pleasure confess a plea of fully administered, or no assets, and take judgment quando acciderint, it would *be always in his power, by his own act, to place his demand beyond the reach of the statute.
If it should be thought hard that assets accruing after the ten years cannot be reached for satisfaction of the judgment quando, the answer is, that the same result follows other judgments de bonis testatoris, without regard to the fact whether there be assets in hand within the ten years or not, and also all judgments against persons individually, whether the defendant be solvent or insolvent, within or during that period. It is in vain to say that the want of assets furnishes a presumption against the satisfaction of the judgment. The Legislature has not deemed it sufficient, and in fact it might often prove fallacious, for the evidence of assets, as well as of release or payment, may be lost, and payment may have been made by the executor in anticipation of future assets, or by some person, or out of some fund, collaterally bound for the debt. It is a wise policy, and cures a defect of the common law, to close the door after such laches and lapse of time, against all such enquiries; a policy of which the present case is an apt illustration. The judgment in question was recovered in the year 1802, by the executors of the original creditor, on a debt contracted in 1798, against the executor of the original debtor, who died in the year 1800. The surviving executor plaintiff in the judgment, died about the year 1810. and the executor defendant therein, not until the year 1827. And this suit to enforce the judgment was brought in the year 1840, against the executor of the defendant in the judgment and the sheriff administrator de bonis non of the original debtor, by the administrator de bonis non of the original creditor, he having qualified as such in the year 1831, After such lapse of time, deaths of parties and shifting representations, what security is there for a correct adjudication upon the merits of a case ; and *is any thing more manifest than the wisdom of a complete statutory bar ?
In the construction of a statute, where a case falls within the words and within the mischief, upon what principle are we to search for an intent of the Legislature beyond and in conflict with both ? Here the application of the statute of limitations to the judgment in question is resisted, in the first place, upon the ground that such a judgment is not within the meaning of the Legislature, and in the next place, upon the ground that if it be, the limitation does not take effect until ten years after assets have come to the hands of the executor. The first proposition imports, that though assets to any amount have come to the hands of the executor within a week from the time of the judgment, the plaintiff may lie by for half a century, and then proceed by scire facias or debt to revive the judgment, though such assets have been entirely administered. The second proposition imports, that within ten years after assets to the amount of a single cent have come to the hands of the executor, though twenty years after the date of the judgment, the plaintiff may still proceed to revive his judgment. And the reasoning which results in these propositions is derived from the state of the law existing before the enactment of the statute, the evils of which it was the purpose of the Legislature to redress.
I can understand very well why the statute is not applicable to a judgment where the plaintiff cannot revive by scire facias or debt; 'but I cannot understand why it should not apply, merely because the plaintiff cannot sue out execution. The cases relied on, are all cases which occurred in reference to the capacity to sue out execution, after the expiration of a year from the judgment, and *188 no execution or continuance on the roll within that time. And in that aspect they have no bearing upon the question, whether debt or scire facias *will lie either before or after the year expires. Most of them it is true, in another aspect, serve to repel the statute of limitations, but it is only because of the incapacity to maintain debt or scire facias; as where occasioned by injunction or writ of error, or cessat executio. The case of execution stayed by indulgence or agreement, is no replication to the bar of the statute, for it neither suspends the capacity to maintain debt or scire facias, nor falls within any of the savings of the proviso. Indeed, a replication of an express promise to pay the debt is bad. Day, ex’or of Yates v. Pickett, 4 Munf. 104.
The true question, therefore, is reduced to this, whether a judgment quando acciderint may be revived by scire facias or debt, without proof that assets have come to the hands of the executor; or more properly to this, whether although such a judgment may be so revived if assets to one cent’s value have come to his hands, yet if that cent be wanting, and the verdict of the jury so finds, there must be judgment against the plaintiff thereupon, and his debt barred forever. That such must be the effect of such a verdict and judgment results from the rules of pleading, and is expressed by the Judges in Brickhead v. The Archbishop of York, 1 Hobart 197.
In regard to judgments quando acciderint against heirs bound by the obligations of their ancestors, I do not perceive that they throw any light upon the present case, and when the question arises, it will be time enough to consider whether, in the construction of the statute, they do not equally fall within the terms and the mischief, or whether there is a diversity arising out- of the nature of the subject, to wit, realty, or out of the relation of ancestor and heir, making the obligation the personal debt of the latter. Davy v. Pepys, 2 Plowd. 440. But as to the case cited of a reversion or remainder expectant upon an outstanding estate for life, *pleaded specially as the only assets by descent, and immediate judgment to be levied of the same when the life estate falls in, it seems to me clear that it differs widely in principle and effect from a general judgment quando, whether against heir or executor ; inasmuch as it is a specific appropriation, and impounding, as it were, of the particular subject for the satisfaction of the judgment, and the lien by matter of record is perfect, as much so as that of a mortgage, and of course there can be no room for the application of the statute.
My opinion is, that the judgment sought to be enforced in this suit, is barred by the statute of limitations ; and therefore, without considering the other questions discussed in the argument, I think the decree of the Circuit Court ought to be reversed and the bill dismissed.
ALBION, J., concurred with Judge Daniel.
Decree affirmed.
JUDGMENTS.
I. Definition, Nature and Kinds of Judgments.
A. Definition.
B. Essential Elements.
O. General Nature.
II. Requisites of a Valid Judgment.
A. What Daw Governs.
B. Jurisdiction.
C. Parties.
1. Death of Party.
D. Joinder of Parties.
E. Pleadings and Issues.
1. Necessity of Declaration.
F. Issue Must Be Joined—General Rule.
G. Determination of All Issues.
H. Conformity to Pleadings and Proof.
1. Conformity to Verdict.
J. Non Obstante Veredicto.
III. Eorm of Judgment.
A. Certainty.
B. Conditional Judgments.
IV. Interlocutory and Final Judgments.
V. Judgments in Rem.
VI. Interest.
VII. Rendition and Entry of Judgments.
A. Certainty as to Parties, Amounts, Dates.
B. Costs.
C. Coin and Currency.
D. Entry Nunc Pro Tunc.
E. Entry in Vacation.
VIII. Judgments on Awards.
A. Entry.
B. Death of Party after Submission.
IX. Judgments on Appeal.
A. Remand without Decision.
B. Modification-and Amendment.
1. Time of Amendment—General Rule.
C. Clerical Errors or Mistakes.
D. Writ of Error Coram Nobis.
E. Reversal—Grounds.
1. Extent of Reversal.
2. Award of Damages on Affirmance.
X. Judgments in Criminal Cases.
A. Presence in Court.
XI. Actions on Judgments.
A. Pleas.
1. Nul Tiel Record.
2. Nil Debet.
XII. Equitable Relief against Judgment.-
A. Grounds of Relief—General Rule.
B. Bills for New Trials and Injunction.
1. Defences Not Available at Daw.
2. Defences Available at Daw or in Equity.
C. Degal Defences.
1. Matters of Excuse.
'2. Newly-Discovered Evidence.
D. Void Judgments.
E. Bill for Injunction.
1. Satisfaction before Execution Devied.
F. Equity Acts Only in Personam.
G. Extent of Relief.
H. Hearing and Final Decree.
XIII. Judgments by Default.
A. In What Actions Applicable.
1. Judgments by Default under Statutes.
B. Parties to Default.
1. In Whose Favor.
a. Deceased Plaintiff.
*189 2. Against Whom.
a. Parties Not Named in Writ or Declaration.
b. Infants.
c. Deceased Defendant.
d. Executors.
3. Joint Parties.
4. Jurisdiction of Person.
a. Appearance and Defence as Waiver.
b. Constructive Service.
•C. When Default May Be Taken.
1. Entry.
ü On Defendant’s Failure to Plead.
® Pleading of Defendant Undisposed of.
^ Statute of Jeofails.
O Writ of Inquiry.
M Application for Relief.
1. Causes for Setting Aside Judgment by Default.
2. When Motion to Set Aside Acted on.
3. Admission of Pleas.
L Relief by Proceeding in Equity.
1. Appeal from Defaults,
a. Record on Appeal.
XIV. Operation and Effect.
A. Res Judicata—General Rule.
1. Parties and Privies.
a. General Rule as Regards Parties.
b. General Rule as Regards Privies.
c. Representative Parties.
d. Joint Trespassers.
(1) Former Judgment.
2. Issues.
a. Must Be Directly in Issue.
b. What Might Have Been Litigated.
c. Identity of Issues.
d. Must Be on the Merits.
e. Judgments Must Be Final.
3. Courts in General.
a. Probate Courts.
b. Appellate Courts.
4. Retraxit.
5. Nonsuit.
6. Dismissal in Equity.
7. Evidence.
a. Chancery Canse as a Title Link.
B. Lien of Judgment—Origin and History.
1. Writ of Elegit.
2. Nature of the Lien.
3. Certain Essentials.
a. Specific Sum of Money.
b. Docketing of Judgments.
4. Interests Subject to Lien.
5. Amount of Lien.
6. Territorial Extent.
7. Commencement and Precedence of Lien.
a. Lands Subject to Lien in Inverse Order of Alienation.
b. Doctrine of Relation.
c. Judgments Obtained at Same Time.
d. Equitable Interests.
e. Superior Rights of Third Persons.
8. Expiration or Extinguishment of Lien,
a. Extension of Lien.
(1) Issuance of Execution.
9. Satisfaction, by Rents and Profits, in Five Years.
10. Who May Maintain Suit to Enforce.
11. Parties to Suit.
XV. Collateral Impeachment.
A. In General.
B. Grounds of Attack.
C. Who May Impeach.
XVI. Conclusiveness of Judgments.
XVII. Arrest of Judgment.
A. Grounds of Arrest.
XVIII. Satisfaction.
A. Payment to Whom.
B. Medium of Payment.
C. Proof of Payment.
XIX. Foreign Judgments.
A. Judgments of Sister States.
XX. Construction.
Cross References to Monographic Notes.
Appeals.
Decrees, appended to Evans v. Spurgin, 11 Gratt. 615.
Estoppel, appended to Bower v. McCormick, 23 Gratt. 310
Executions, appended to Paine, Surv., etc., v.
Tutwiler, 27 Gratt. 440.
Injunctions, appended to Claytorv. Anthony, 15
Gratt. 518.
Judgments by Confession, appended to Richardson v. Jones, 12 Gratt. 53.
Jurisdiction.
L DEFINITION, NATURE AND KINDS OF JUDGMENTS.
A. DEFINITION.
Judgment of His Peers,—A judgment of his peers means a trial by jury. Jelly v. Dils, 27 W. Va. 274.
“A j udgment is the ‘decision or sentence of the law, pronounced by a court or other competent tribunal, upon the matter contained in the record.’ When, after the facts are found, the court pronounces the decision upon them, that is the judgment. That is the judicial act,—the act of the court as a court speaking the sentence of the law, whereas the entering it in the roll, the docket, or the order or judgment book, is an act of a different character, a clerical or ministerial act, one to constitute merely a memorial to attest that the judicial act of pronouncing j udgment was in fact done. ’ * Biiannon, J., dissenting. McClain v. Davis, 37 W. Va. 330, 16 S. E. Rep. 629.
But a sentence of a court pronounced against a party without hearing Mm or giving him an opportunity to be heard is not a judicial determination of his rights, and is not entitled to respect in any other tribunal. Stephens v. Brown. 24 W. Va. 234; Haymond v. Camden, 22 W. Va. 180.
“Judgments” Preclude “Decrees” under Statute.—It is provided by Code of Va. 1873, ch. 182, sec. ], that, “a decree for land or specific personal property, and a decree or order requiring the payment of money, shall have the effect of a judgment for such land, property or money, and be embraced in the word “judgment.” Hutcheson v. Grubbs, 80 Va. 251.
B- ESSENTIAL ELEMENTS.
De Facto Judges—Validity of Judgment.—The judgments and decrees of the judges of the court of appeals, who were in office under military appointment when the state was restored to the Union, holding over and continuing to exercise their office, are valid and binding. Griffin v, Cunningham, 20 Gratt. 31, and note.
Thus, where a judge by military appointment in Virginia, held a court and tried a criminal after the admission of the state into the Union, his act was held to be valid. Quinn v. Com., 20 Gratt. 138, and note.
Incumbent in Office.—But it was held in Morriss v. Ins. Co., 85 Va. 588, 8 S. E. Rep. 383, that there could *190 be no judge defacto in any case where there is an incumbent in the office.
Rendition before Commencement of Judge’s Term.— Where a judge was properly elected, and, believing that his term commenced immediately, proceeded to hold court, it was held that although the term of his predecessor had not then expired, he was a judge de facto, and his judgments were as valid and binding as if he had been a judge dejure. Me-Craw v. Williams, 33 Gratt. 510.
Constituent Parts of a Court.—“In every court, there must be at least three constituent parts, the actor, the reus, and the judex; the actor or plaintiff who complains of any injury done, the reus, or defendant, who is called upon to make satisfaction for it; and the judex, or judicial power, which is to examine the truth of the fact, to determine the law arising upon thatfact, and, if any injury appears to have been done, to ascertain and apply the remedy.” 4 Min. Inst. (3d Ed.) p. 195.
Definiteness.
Judgment Subject to Unascertained Credit.—A judgment ought not to be entered on a bond for the sum of money, “subject to a credit for a hogshead of tobacco” without ascertaining its value; but the amount of such credit should in the first place, be ascertained by a writ of inquiry, and judgment should be rendered for the balance. Early v. Moore, 4 Munf. 262.
But it seems, that a verdict for a certain sum of money, with interest from a day specified, subject to a credit (without saying on what day such credit is to be applied) is not so uncertain as that the plaintiff cannot take judgment upon it, and a judgment, in such case, for the damages aforesaid, in form aforesaid assessed, sufficiently follows the verdict. Lanier v. Harwell, 6 Munf. 79.
C. GENERAL NATURE.
Sentence of Law.—A judgment, whether in a criminal or civil case, is the sentence of the law pronounced by the proper tribunal, as the result of the proceedings instituted for the redress of injury or the punishment of offences. Pifer’s Case, 14 Gratt. 710.
Whether the judgment be the act of the court, or be entered up by the clerk under the statute, the effect is the same. In either case it is the act of the law, and until reversed by the court which rendered it or by a superior tribunal, it imports absolute verity, and is as effectual and binding as if pronounced in a trial upon the merits. Neale v. Utz, 75 Va. 480.
“As the judgment is entire, and when a verdict has passed, is the sentence of the law upon the result of the proceedings instituted as aforesaid, it can make no difference whether that sentence is merely for the fine assessed by the verdict, or combined with it and superadded to it, is accompanied with imprisonment; which punishment the law affixes to the finding of the fact, when in the exercise of the legal discretion of the court it is deemed proper to impose it. It becomes, when rendered, an entire judgment upon the facts as found, and in the language of the books finishes the proceedings; and it would seem to follow that as the judgment is the determination of law upon the verdict or particular state of facts, it cannot be divided, and a part of the final sentence be pronounced at one term, and after having to that extent passed entirely from the control of the court, that it should at a subsequent period, take up the same finding and pronounce another sentence in addition to the one already entered upon the same state of facts. Neither judgment would be interlocutory.” Pifer’s. Case, 14 Gratt. 710.
Reasons for Judgment.—Every court ought to. state, on record, legal grounds for their judgment; especially subordinate courts, liable to have their judgments reversed in a superior court. Preston v. The Auditor, 1 Call 471.
But if a court give a right judgment for a wrong reason, it ought, nevertheless, to be affirmed. Newell v. Wood, 1 Munf. 555.
Statute Directory.—The clause in the constitution of West Virginia, requiring the supreme court of that state to “decide every point, fairly arising upon the record, and give its reasons therefor in writing” is directory, and does not affect the common-law doctrine of res judicata. Henry v. Davis, 13 W. Va. 230; Hall v. Bank, 15 W. Va. 323.
Certainty.—The general rule seems to be, that the judgment, being the voice of the law pronounced, by the court on the matter in controversy, should be so certain as to leave nothing doubtful or unsettled. Thus, a judgment “that the plaintiff recover damages and expenses according to law, and the rules and regulations of the society” without specifying the amount or nature of damages and expenses, is erroneous for uncertainty. Stratton v. Mutual Assurance Soc., 6 Rand. 22.
Plea of Plene Administravit.—A verdict upon an issue joined on the plea of Diene administravit, should set forth with sufficient certainty, what portion of the assets, which came to the defendant’s hands, was unadministered at the time of suing out the plaintiff’s writ. Rogers v. Chandler, 3 Munf. 65. See also, Booth v. Armstrong, 2 Wash. 301; Gardner v. Vidal, 6 Rand. 106.
Thns, a verdict which merely finds that assets sufficient to pay the plaintiff’s demand “have come”' to the defendant’s hands, without saying when, is erroneous. Gardner v. Vidal, 6 Rand. 106.
Judgment for Debt and Interest.—But a verdict and judgment which awards the debt claimed in the declaration with interest, subject to a specified-credit paid at a specified date, is certain enough. Barrett v. Wills, 4 Leigh 114.
Specific Relief at Law.—In an action for breach of a contract to deliver a certain number of shares of corporate stock, a court of law can only award damages for the failure to deliver such stock, and cannot render a judgment that the defendant shall deliver to the plaintiff so many shares of stock. Orange, etc., R. Co. v. Pulvey, 17 Gratt. 366.
Judgment Is a Contract.—A judgment is a contract of the highest nature, and an act which impairs the obligations of that contract, is unconstitutional and void. Ratcliffe v. Anderson, 2 Va. Law Jour. 744.
But a judgment founded on a tort is in no sense a contract. Peerce v. Kitsmiller, 19 W. Va. 564.
II. REQUISITES OF Á VALID JUDGMENT.
A. WHAT LAW GOVERNS.-The validity of a judgment is to be determined by the laws in force when it is rendered, and is not affected by subsequent changes therein. Anderson v. Hygeia Hotel Co., 92 Va. 687, 24 S. E. Rep. 269; Kennaird v. Jones, 9 Gratt. 190.
“If a party shows a defence valid at the time it is passed on by the court, a subsequent change in the law cannot deprive him thereof.” Currin v. Spraull, 10 Gratt. 148. See also, Arnold v. Kelley, 5 W. Va. 446.
*191 Hence, where the law, as It existed at the time the verdict is rendered, provides that judgment shall be entered for the amount found with interestfrom the date of the judgment, such judgment should call for interest from its date, although the law existing at the time the judgment is ¿«¡«red provides that on verdicts judgment be rendered, with interest from the date of the verdict. Murdock v. Ins. Co., 38 W. Va. 407, 10 S. E. Rep. 777.
So also, writs of error in the court of appeals must be disposed of in accordance with the law as it existed at the time of the rendition of the judgment. It must be affirmed, if there is no error therein according to the law as it stood when the judgment was rendered, but, if erroneous, it must be reversed, aud such judgment entered as lower court ought to have entered. Anderson v. Hygeia Hotel Co., 92 Va. 687, 24 S. IS. Rep. 269.
For example, the legislature has no power to set aside a judgment, orto empower acourt to setaside a judgment, rendered before the passage of the act, no matter how erroneous the judgment may be. Arnold y. Kelley, 5 W. Va. 446, citing Griffin y. Cunningham, 20 Gratt. 31.
B. JURISDICTION—STATEMENT OF RULE — Before a court can render a valid judgment or decree it is essential that it should have jurisdiction of the person as well as of the subject-matter; if either of these is wanting all the proceedings are void. Haymond v. Camden, 22 W. Va. 181. See monographic note on “Jurisdiction.”
Error in Exercise of Jurisdiction.—“A judgment pronounced by a court having no jurisdiction is a mere nullity, not only voidable but entirely void. Such a judgment may be assailed anywhere and everywhere, m courts of the last resort, as well as in inferior courts. Wherever proceedings may be had to enforce such void judgment it may he opposed, and the jurisdiction of the court that pronounced it questioned and assailed. There is an obvious distinction between such a case where the court has no jurisdiction to enter the judgment complained of, and a case where the court, having a general jurisdiction over the subject-matter, has erroneously exercised it. In the latter case the judgment cannot be questioned in any collateral proceeding, and if not appealed from is final; but where the courtis without jurisdiction its judgment must be treated as a mere nullity, and all proceedings under it, or depending on it are void.” Withers v. Fuller, 30 Gratt. 547.
C. PARTIES.
t. Death of Party.
Judgments for or against Deceased Persons.—Judgments for or against deceased persons are not generally regarded as void on that account. Such judgments have sometimes been upheld in collateral proceedings on the ground that their rendition necessarily implied that the parties were then living, and that this implied finding in support of j udgment ought not to be allowed to be impeached by evidence not contained in the record. McMillan V. Hickman, 35 W. Va. 705, 14 S. E. Rep. 227.
Civiliter Hortuus.—Thus, where process is served upon a defendant on the day of his conviction for felony, but before the conviction has taken place, a judgment by default is obtained against the defendant while he is confined in the penitentiary, the judgment is not void, but voidable, and cannot be assailed collaterally in a court of equity, or elsewhere. Neale v. Utz, 75 Va. 480.
No Suggestion on Record.—Where process has been regularly served on a defendant, and there is no appearance, and the defendant dies before judgment, and his death is not suggested on the record, and after his death judgment is rendered against him, such judgment is not void but voidable, and cannot be collaterally attacked. Kingv. Burdett, 28 W. Va. 601; Evans v. Spurgln, 6 Gratt 107. See also, ch. 134, sec. 1 of the Code of West Virginia.
Death of One of Several Plaintiffs.—The fact that a sole plaintiff, or one of several plaintiffs, is dead at the time of the institution of an action, such death not appearing on the record, does not render a judgment therein void, hut only erroneous, and such judgment is a lien on real estate. Watt y. Brookover, 35 W. Va. 323, 13 S. E. Rep. 1007; Kingv. Burdett, 28 W. Va. 601,
Judgment Constitutes a Lien,—Where suit is instituted in the name of a party who is dead at the time the suit is brought, and process is duly served upon the defendants, who suffer judgment to be rendered against them without pleading the death of the plaintiff in abatement in proper time during the pendency of the suit, the judgment so obtained is not absolutely void, but is erroneous, and until reversed in one of the modes prescribed by law, constitutes a lien upon the real estate of the defendant, and may be enforced as other judgment liens, and is not subject to collateral attack. McMillan v. Hickman, 35 W. Va. 705,14 S. E. Rep. 227. See infra, this note “Lien of Judgment.”
Error, How Corrected.—Where the fact of death is, apparent in the record of the judgment, its rendition would be error of law, to be corrected by appellate process; and, where it does not appear in the record, but is to be shown aliunde, it is called error in fact, to be corrected at common law by writ of error coram nolis; but now, under Code of W. Va. 1889, ch. 135, sec. 1, it is corrected by motion in lieu of that writ. Watt v. Brookover, 35 W. Va. 323, 13 S. E. Rep. 1007; Williamson v. Appleberry, 1H. & M. 206.
Motion.—A judgment against a defendant, who was dead at the time of its rendition, will be set aside on motion. Hooe v. Barber, 4 H. & M. 439.
D. JOINDER OF PARTIES.
Common-Law Rule—On Contract.—itis a well-established rule of the common law, that the plaintiff upon a joint contract must sue all the joint contractors, and bring all of them before the court, and mature this cause against all, or if any could not be brought before the court he must proceed to outlawry against such defendants before he can obtain a judgment against any of them, and he must recover a joint judgment against all the defendants. Hoffman v. Bircher, 22 W. Va. 587; Carlon y. Ruffner, 12 W. Va. 297; Beazley v. Sims, 81 Va. 644.
In a joint action upon contract, the plaintiff must have judgment against all the defendants before the court, or he can have judgment against none. Jenkins v. Hurt, 2 Rand. 446; Early v. Clarkson, 7 Leigh 88; Baber v. Cook, 11 Leigh 606.
Contract Joint or Joint and Several.—A l common law in a joint action against several parties, there can be but one final judgment, and it must be for or against all the defendants; and the rule is the same, whether the contract sued on is joint or joint and several, or whether the action is founded on several and distinct contracts, as in a joint action under the statute against the maker and indorser of a note. Steptoe v. Read, 19 Gratt. 1; Moffett v. Sickle, 21 Gratt. 280; Muse v. Bank, 27 Gratt. 252; Gibson v. Beveridge, 90 Va. 696, 19 S. E. Rep. 785.
*192 But in an action upon, the joint contract of three defendants, the plaintiff, to sustain his action, must prove that all three joined in the alleged contract; for if it appear that one of the defendants was not a party to the contract, though the other two were, the plaintiff must fail in this joint action. Bohr v. Davis, 9 Leigh 30.
In an action on a contract against two defendants, though one of them confesses a judgment, if the other proves a defence that goes to the foundation of the entire contract sued on, there must be final judgment in favor of both defendants. Steptoe v. Bead, 19 Gratt. 1.
“Where all the joint defendants are before the court, and the action as to any of them is not barred by any defence personal to any of such defendants, and one of such joint defendants in court confesses judgment in the action, and the action is further proceeded in against the other joint defendants, the court cannot enter a.final judgment upon such confession, and if it does in fact enter up a formal judgment thereon such formal judgment entered under such circumstances is a nullity, nor does such formal entry of such j udgment acquire any validity because the plaintiff agreed to accept the same, unless at the same time he discontinues his action against the other defendants. As such cognovit actioncmiidLS none of the force or effect of a judgment while the action is waiting the trial of the issues as to the other joint defendants, it is wholly immaterial, whether the issues be tried at the same term at which such confession of judgment is entered, or at any subsequent term, for until the trial of the issues as to the other defendant, the confession awaits the final judgment upon the verdict, jointly against all defendants, or none, notwithstanding such cognovit actionem and the formal judgment thereon against the defendant who confessed said judgment. When such confession has been made and the issues are tried as to the other defendants it is the duty of the court to enter judgment upon the verdict jointly against all the defendants, or against none of them.” Hoffman v. Bircher, 22 W. Va. 551.
Exceptions to the Rule.—It is a rule of the common law, that upon joint contracts the action must be against all the joint contractors and, as a general rule, the judgment must be against all or none of them. But this is not a universal rule. When a defendant in such an action pleads matter which goes to his personal discharge, such as bankruptcy, infancy, or any matter that does not go to the action of the writ; or pleads or gives in evidence a matter which is a bar to the action as against him only, and of which the others could not take advantage, judgment may be given for such defendant and against the rest. Moffett v. Bickle, 21 Gratt. 280; Snyder v. Snyder, 9 W. Va. 415; Ohoen v. Guthrie, 15 W. Va. 104; Beazley v. Sims, 81 Va. 647; Taylor v. Beck, 3 Band. 316; Carlon v. Buffner, 12 W. Va. 297; Hoffman v. Bircher, 22 W. Va. 537. See also, Code W. Va., ch. 131, sec. 19, and ch. 125, sec. 52.
Contract Joint or Joint and Several.—The general rule at common law that in a joint action against several parties, there can be but one final j udgment, and it must be for or against all the defendants, does not apply where the plea of one of the defendants admits the contract and sets up a discharge by matter subsequent, as bankruptcy, or where he sets up a personal disability at the time of the contract sued on, as infancy. And these exceptions apply equally, whether the contract is joint, or joint and several. Steptoe v. Bead, 19 Gratt. 1; Bush v. Campbell, 26 Gratt. 403; Wamsley v. Lindenberger, 2 Band. 478.
On Tort.—In an action of trespass against eleven defendants for arrest and false imprisonment, all pleaded the statute of limitations and not guilty; upon issue joined eight were found guilty, two not guilty, and against one the jury omitted to find any verdict, whereupon a joint judgment was entered against the eight for damages and costs, and it was held proper to enter this judgment against those found guilty, as it did not appear that they were prejudiced by this omission to find a verdict. Jones v. Grimmet, 4 W. Va. 104.
Statutory Rule.—The act, Va. Code of 1849, ch. 177, sec. 19, applies to actions on contract against two or more defendants, where the defence of some of the defendants is personal to themselves, though that defence is that they never were parties to the contract sued on, as non est factum. Bush v. Campbell, 26 Gratt. 403.
Code Va. 1860, ch. 177, sec. 19, applies only to cases in which some of the defendants are discharged upon the grounds of defence merely personal; and where the ground of defence goes to the foundation of the entire contract, the case remains as at common law. Steptoe v. Beed, 19 Gratt. 1, and note. But see Choen v. Guthrie, 15 W. Va. 107.
Joint Plea of Nonassumpsit.—But Va. Code 1887, sec. 3395, which provides that “in an action founded on a contract against two or more defendants, although the plaintiff may be barred as to one or more of them, yet he may have judgment against any other or others of the defendants against whom he would have been entitled to recover, if he had sued them only” has no application where the defendants file a joint plea of nonassumpsit, and there is nothing in the record which shows expressly or impliedly, that the defence relied on is merely personal to one defendant, and does not concern his codefendant. Gibson v. Beveridge, 90 Va. 696, 19 S. E. Bep. 785.
Judgment against Those Served.—Under Va. Code, ch. 167, sec. 50, where only one of several defendants is served with process, judgment is properly rendered against the defendant served. N. & W. B. Co. v. Shippers’ Compress Cp., 83 Va. 272, 2 S. E. Bep. 139; Gray v. Stuart, 33 Gratt. 351.
Writ Served on Part.—Where a writ is served on only a part of the defendants, the others being returned no inhabitants of the county, the court may render judgment against those upon whom the writ is served. Merchants’ & Mechanics’ Bank v. Evans, 9 W. Va. 373. For Code Va., ch. 167, sec. 50, changes the common-law rule that all defendants in actions ex contractu must be summoned, before judgment can be had against any, by providing that judgment may be had against one defendant served with process, and a discontinuance as to others, or at the plaintiff’s election, subsequent service of process and judgment, in the same suit against the other defendants. Beazley v. Sims, 81 Va. 644.
Under Va. Code 1887, sec. 3396, providing that where, “in any action against two or more defendants, the process is served on part of them, the plaintiff may proceed to judgment as to any so served, and either discontinue it as to the others, or from time to time, as the process is served as to such others, proceed to judgment as to them until judgments be obtained against all,” judgment may properly be entered against several defendants on whom process is served, though return is made that another defendant is dead. Dillard v. Turner, 87 *193 Va. 669, 14 S. E. Rep. 183. See also, Newberry v. Sheffey. 89 Va. 386, 15 S. E. Rep. 548.
It Is provided by Code of West Virginia, ch. 131, sec. 19, andCodeofVirginial860, ch. 177, sec. 19, “That in an action founded on a contract against two or more defendants, although the plaintiff may be barred as to any one or more of them he may have judgment against any other or others of the defendants against whom he would have been entitled to recover, if he had sued them only.” In construing this statute, the Virginia court held in Bush v. Campbell. 26 Gratt. 428, and Muse v. Farmers’ Bank, 27 Gratt. 254, that the plaintiff may bring his joint action against the defendants alleged to be jointly bound, and recover against some of them, although his action is barred by a defence which showed that no such joint contract with the said defendants ever existed. But these two cases were disapproved of by the West Virginia court in Hoffman v. Bircher, 22 W. Va. 537, they being of opinion that the rigidity of the common-law rule was relaxed by the legislature only so far as to permit the plaintiff, in his action against all the joint contractors, to recover against one or more of them, although the action be barred as to the others, where the plaintiff’s declaration shows that he could have recovered against any one of them separately, if he had sued them only, and where he proves at the trial the contract as alleged.
It seems to be well settled that under the Code of Virginia 1860, ch. 177, sec. 19, judgment may be given in favor of some of the defendants at one time and against others at another time. Bush v. Campbell, ■26 Gratt. 403, and note ; Moffett v. Bickle, 21 Gratt. 280 ; Muse v. Farmers’ Bank, 27 Gratt. 252.
Where Part Only Appear and Plead.—But it is not error to try a cause against a part of the defendants who have appeared and pleaded, and when there is an ollice judgment not set aside as to the other defendants. Hood v. Maxwell, 1 W. Va. 219.
Test as to Whether Several Judgment Is Proper.—It was held in Hoffman v. Bircher, 22 W. Va. 537, that a several judgment can be recovered against one or more defendants under the statute where the plaintiff’s declaration shows that he could have recovered against any of them separately, if he had sued, them only.
But separate judgments may be taken, during the same term tipon a joint bond. White v. Tally, 5 Call 98.
Dismissal of Scire Facias.—A judgment against one of two defendants in a joint action, is not affected by the judgment of the circuit court dismissing a .scire facias to revive the judgment, for a variance between the writ and evidence. Gray v. Stuart, 33 Gratt. 351,
Joint and Several Bond.—Where there was an action upon a joint and several bond, against six obligors, and the capias (which was against them all) was executed, on two only, it was held that the plaintiff was not bound to sue out further process against the rest, but might take judgment against those two. Moss v. Moss, 4 H. & M. 293.
Reversal as an Entirety .—A joint judgment against two parties, where the service of notice is improperly executed as against one party, is erroneous, and must be reversed as to both. Vandiver v. Roberts, 4 W. Va. 493. See also, Gregory v. Marks, 1 Rand. 386. See infra, this note, “Reversal.”
“Where a judgment is erroneous as to one and is reversed as to one, when the judgment is joint, it .must be reversed as to all. Execution must issue against all or none. This is undoubtedly the common-law rule. * * * There is a manifest distinction, however, between an erroneous judgment and avoid judgment. The first is a valid judgment, though erroneous, until reversed, provided it is the judgment of a court of competent jurisdiction. The latter is no judgment at all. It is a mere nullity. The first cannot be assailed in any other court but an appellate court. The latter may be assailed in any court, anywhere, whenever any claim is made or rights asserted under it.” Christian, J. Gray v. Stuart. 33 Gratt. 351.
See also, when a verdict is set aside as to one issue, it must be set aside in toto. Gardner v. Vidai. 6 Rand. 106.
E. PLEADINGS AND ISSUES.
1. Necessity oe Declaration.—The judgment is not void though no declaration was filed in the cause, and can only be avoided by the proper proceedings taken in due season in the court which rendered the judgment. Terry v. Dickinson, 75 Va. 475.
Sufficiency of One Count.—in an action of detinue there are two counts in the declaration. The first does not allege property in the plaintifi. The second does allege it. The court refuses to allow the defendantto demur to the several counts. The jury find expressly that the property belongs to the plaintiff. Upon this showing of facts, the court held that although the first count is defective, yet as the second is good, and as the j ury have found that the property belonged to the plaintiff, the defendant is not injured by the refusal of the court to allow the demurrer to be filed, and it is no cause for reversing the judgment. Binns v. Waddill, 32 Gratt. 588.
Demurrer.—Judgment should be given for the plaintiff where the court overrules a demurrer to the declaration and each count thereof, when it should have sustained the demurrer to the first count, because of the informal and imperfect manner in which the cause of action is stated therein. The defendant demurred to the evidence, and the facts proven did sustain the second count in the declaration, and would have sustained the first count, had it been drawn as it should have been. Stolle v. .¿Etna Fire & Marine Ins. Co., 10 W. Va. 546.
F. ISSUE MUST BE JOINED—GENERAL RULE. —It is well settled, that if a verdict has been rendered without any issue being joined, it is a mere nullity, and no judgment can be properly rendered upon it, whether it be in a civil or criminal action. Brown v. Cunningham, 23 W. Va. 109. For where trials by jury have been had without issue joined they have invariably been set aside as wholly unauthorized by law. This has been repeatedly held in Virginia before, and in West Virginia since its formation, and must be regarded as settled law, correctly announcing the common-law rule on that subiect. Stevens v. Taliaferro, 1 Wash. 155; Kerr v. Dixon, 2 Call 379; Taylors v. Huston, 2 H. &M. 161; Wilkinson v. Bennett, 3 Munf. 316; Sydnorv. Burke, 4 Rand. 161; McMillion v. Dobbins, 9 Leigh 422; Rowans v. Givens, 10 Gratt. 250; Railroad Co. v. Gettle, 3 W. Va. 376; Railroad Co. v. Christie, 5 W. Va. 325; Gallatin v. Haywood, 4 W. Va. 1; Railroad Co. v. Faulkner, 4 W. Va. 180; State v. Conkle, 16 W. Va. 736; State v. Douglass, 20 W. Va. 770; Ruffner v. Hill, 21 W. Va. 159; Preston v. Salem Imp. Co., 91 Va. 583, 22 S. E. Rep. 486.
These decisions were rendered in a great variety of cases: in actions of debt, detinue, trespass on the *194 case, assumpsit, writ of right, indictments and ejectments. In Ruffner v. Hill, supra, which was an action of ejectment, the grounds of these decisions are stated thus: “By the common law the court had no right to make up the issue and impanel a jury to try it; but the parties by their pleading must first come to an issue, and then it is tried hy a jury. Where, therefore, the record shows that the parties hy their pleadings have not come to any issue, but-nevertheless the record shows that the issue was tried, this issue must either have heen illegally made up hy the court or hy blunder; it must have heen assumed to have heen made up hy the parties, when in fact it was not.”
Effect on Judgment.—If a jury he impanelled to try the issue joined when, in reality, no issue is joined, the judgment must he reversed, and the verdict set aside, notwithstanding it was against the party who failed to meet, hy a negative on his side, the affirmative matter pleaded on the other side. Wilkinson v. Bennett, 3 Munf. 314; Totty v. Donald, 4 Munf. 430; Taylors v. Huston, 2 H. & M. 161; Stevens v. Taliaferro, 1 Wash. 155 ; Kerr v. Dixon, 2 Call 379 ; Hood v. Maxwell, 1W. Va. 219.
■ If the intervention of a jury is waived and the evidence is heard hy the court and judgment rendered, without issue having heen joined, it is as equally erroneous as though the case had heen tried hy a jury. B. & O. ft. R. Co. v. Faulkner, 4 W. Va. 181 ; Stevens v. Taliaferro, 1 Wash. 155.
“In numerous cases, both in Virginia and in this state, it has heen decided that a judgment entered upon the verdict of a jury sworn to try the issue joined, when no issue is in fact joined, or where there were more than one plea, and no issue had heen joined on some one of such pleas, such judgment will, for that reason-only, he set aside hy the appellate court.” Bennett v. Jackson, 34 W. Va. 62, 11 S. E. Rep. 734; State v. Douglass, 20 W. Va. 770; State v. Conkle, 16 W. Va. 736; B. & O. R. Co. v. Faulkner, 4 W. Va. 180; Gallatin v. Haywood, 4 W. Va. 1; B. & O. R. Co. v. Christie, 5 W. Va. 325; B. & O. R. Co. v. Gettle, 3 W. Va. 376; Stevens v. Taliaferro,
1 Wash. 155; Taylors v. Huston, 2 H. & M. 161; Kerr v. Dixon, 2 Call 379; Wilkinson v. Bennett, 3 Munf. 316; Sydnor v. Burke, 4 Rand. 161; McMillion v. Dobbins, 9 Leigh 422; Rowans v. Givens, 10 Gratt. 250; Cawood’s Case, 2 Va. Cas. 527, 543.
- Thus, if a circuit court enter up a j adgment on the verdict of a jury, sworn to try the issue joined in any case civil or criminal, including-an action of ejectment where no issue has heen joined, or no plea filed hy the defendant, such judgment will for such reason only he reversed hy the appellate court. Ruffner v. Hill, 21W. Va. 152.
No Charge In Bill or Answer.—Matters not charged in the hill or averred in the answer, and not put in issue in any manner hy the pleadings in the cause, are not proper to he considered at the hearing, and should have no weight in determining the cause. Smith v. Lowther, 35 W. Va. 300, 13 S. E. Rep. 999; Burley v. Weller, 14 W. Va. 264. See also, Hunter v. Hunter, 10 W. Va. 321.
Demurrer to Evidence.—When there is a demurrer to the evidence, an unconditional verdict on its face, hy the jury, is not error, provided the demurrer to the evidence he afterwards passed upon and determined hy the court, hut it is error in the court to render judgment upon the verdict of the jury in such case regardless of, and without determining, the demurrer to the evidence. Green v. P., W. & Ky. R. Co., 11W. Va. 685.
Similiter.—But the want of a similiter will not, after a trial, vitiate the verdict, and, as provided hy Code Va. 1860, ch. 181, sec. 3, it is not.error after verdict. Brewer v. Tarpley, 1 Wash. 363; B. & O.R. R. Co. v. Faulkner, 4 W. Va. 180.
G. DETERMINATION OF ALL ISSUES.—Where in an action of detinue for five slaves, the jury find for the plaintiff as to four of them, without also finding for the plaintiff or defendant, as to the fifth, the verdict will he set aside and a venire facias de novo awarded. Butler v. Parks, 1 Wash. 76.
■ Moreover, where issues are joined on the pleas of nul iiel record, and the act of limitations, if the jury find for the plaintiff on the second plea, and the court, without taking any notice of the first plea, enters judgment, such judgment ought to he reversed, notwithstanding, on previous pleadings, which hy consent were set aside, the .court had pronounced that, in fact, there was such a record. Gee v. Hamilton, 6 Munf. 32.
If a defendantpleads and demurs to the whole declaration, and the demurrer is overruled, judgment ought not to he entered, without first trying the issues joined on the other pleas. Waller v. Ellis, 2 Munf. 88.
H. CONFORMITY TO PLEADINGS AND PROOF — It is a well-settled rule of pleading that judgment or decree can only he entered on the case as made hy the pleadings ; and evidence of matter not noticed on the pleadings will he of no avail, though it might show aright to a further judgment or decree. Welfley v. Shenandoah Iron, etc., Co., 83 Va. 768,3 S. E. Rep. 376 ; Hubbard v. Blow, 4 Call 224 ; Gregory v. Peoples, 80 Va. 355 ; Edichal Bullion Co. v. Columbia Gold Min. Co., 87 Va. 641,13 S.' E. Rep. 100 ; Kent v. Kent, 82 Va. 205; Mundy v. Vawter, 3 Gratt. 518. See Swope v. Chambers, 2 Gratt. 319.
No Count.—If there he no count in the declaration based on the claim specified in a hill of particulars which hy statute is declared to he no part of the declaration, the items it contains cannot he proved, and no recovery can he had therefor. Riley v. Jarvis, 43 W. Va. 43, 26 S. E. Rep. 366.
No Plea.—A judgment for the plaintiff in assumpsit, should he set aside, and a new trial granted, if there was no plea hy the defendant. Johnson v. Fry, 88 Va. 695,12 S. E. Rep. 973,14 S. E. Rep. 183. See also. Petty v. The Frick Co., 86 Va. 501,10 S. E. Rep. 886.
Judgment Generally on All the Pleadings.—In debt on a bond with collateral condition, if the plaintiff, hy replication to the plea of conditions performed, charge the breach defectively, hut fully avoids, hy other replications, such other pleas of the defendant as go to the foundation of the action, to which replications, demurrers are improperly filed ; and the court enters judgment for the defendant, generally, upon all the pleadings, such judgment is erroneous ; it should only he that the faulty replication is not sufficient in law, etc., and therefore that the plaintiff takes nothing, etc. Lanev. Harrison, 6 Munf. 573.
Conformity to Proof.—Upon a hill for specific execution of an agreement, the agreement alleged in the hill must he proved hy the evidence, and specific execution can only he decréed of the same agreement so alleged and proved, and specific execution must not he directed of a different contract. Pigg v. Corder, 12 Leigh 69.
A court of equity can only decree upon the case made hy the pleadings, though the evidence may show a right to a further decree. Mundy v. Vawter, 3 Gratt. 518.
Limiting Relief to That Sought hy Pleadings:— *195 Where a hill is filed for the sole purpose of having | a certain paper, purporting to be a deed, declared a nullity, the court cannot decree, upon such pleadings, that it be converted into a valid and proper •deed, this not being prayed for in the bill. Miller v. Smoot, 86 Va. 1050,11 S. E. Rep. 983.
Damages beyond Those Claimed—Interest.—Greater damages cannot be recovered than are declared for and laid in the conclusion of the declaration; but the restriction is confined to the principle of recovery, and does not affect the interest that may be allowed thereon by the jury. Georgia Home Ins. Go. v. Goode, 95 Va. 751, 30 S. E. Rep. 336. See Cahill v. Pintony, 4 Munf, 371, where it was held that if the jury, in an action of assumpsit, find for the plaintiff a larger sum than the amount of damages laid in the declaration, with interest from a day fixed in their verdict, the plaintiff may release the surplus beyond that amount and take judgment for the balance, with interest'as aforesaid.
In an action of covenant, the verdict for a larger sum than the damages laid in the declaration, or stated in the writ, must be set aside, and a new trial awarded. Cloud v. Campbell, 4 Munf. 214; Lewis v. Arnold, 13 Gratt. 454. See Alleman v. Right, 19 W. Va. 201.
Where the principal and iDterest, due on a bond amount to more than the penalty, and damages are found by the verdict, judgment ought not to be entered for the penalty and costs, to be discharged by the principal and interest with the damages so assessed in the cost; but for the penalty and damages if not exceeding those laid in the writ. But if damages found by the jury exceed those in the writ, a new trial ought to be granted unless the plaintiff will release the excess of damages; if this be done, judgment may be entered for the penalty, with the residue of the damages so found, and costs. Tennant v. Gray, 5 Munf. 494.
A verdict and judgment, in debt upon a sheriff’s official bond to recover damages sustained by the relator by reason of a false return of nulla bona on a ft. fa. sued out by the relator, for more damages than the claim in the warrants, are erroneous; and the error is not cured by the verdict, under the statute of jeofails. Gibson v. Governor, 11 Leigh 600.
Debt on Bond.—But it has been long well settled that in debt upon a bond, with collateral condition, damages may be assessed beyond those laid in the declaration, if the penalty is sufficient to cover them. Peerce v. Athey, 4 W-Va. 22; Payne v.Ellzey, 2 Wash. 143; Johnstons v. Meriwether, 3 Call 523; Winslow v. Com., 2H. & M. 459.
If the damage be laid high enough in the writ, though the jury find more than are laid down in the declaration, the writ may be referred to for the purpose of amendment, and the judgment will be sustained. Palmer v. Mill, 3 H. & M. 502.
Effect of Releasing Excess.—But the court reversing the judgment for such error, will not direct a new trial, if the relator will release the excess of damages, recovered beyond the just amount, but upon such release of the excess, will direct judgment to be entered for the just amount of damages. Gibson v. Governor, 11 Leigh 600.
So also, a judgment will be supported by a forthcoming bond, which is taken for more than the sum due by the execution, where the plaintiff releases the excess, which release, it seems, may be even after judgment. Scott v. Hornsby, 1 Call 41; Harrison v. Marr, 1 Call 47.
If a judgment of a county or corporation court, being for less than $100, exclusive of costs, is reversed by a superior court of law, upon a writ of supersedeas, whereupon judgment is entered that the plaintiff take nothing by his bill, etc., he cannot appeal to the court of appeals ; notwithstanding his declaration demanded a larger sum than $100. Henry v. Elcan, 2 Munf. 541. See Melson v. Melson, 2 Munf. 542.
Judgment for Aggregate Sum.—a notice that a motion will be made for a judgment against a sheriff, for the amount of his receipt for sundry executions for fines, ‘*as appears by the copy of said receipt,” is sufficient, without mentioning the aggregate sum due, the separate amount of each execution, or the time when delivered to the sheriff. And a judgment thereupon for the aggregate sum due, without distinguishing the amount of each execution, will be' sustained, if conformable to law in other respects, Segonine v. Auditor, 4 Munf. 398.
Affirmative Relief to Defendant.—In an accountings the defendant may have an affirmative judgment if the balance found due is in his favor. Hill v. Suther-* land, 1 Wash. 128 ; Fitzgerald v. Jones, 1 Munf. 150,
Judgments beyond Issues Erroneous.—A notice toa sheriff and his sureties being of a motion for a balance of certain land, property and takes, and the judgment being fora balance due upon these and also for a license, this is error for which the judgment will be reversed in the appellate court. Monteith v. Com., 15 Gratt. 172.
Judgments Must Conform to Issues Raised.—It is an elementary principle of our jurisprudence, that jurisdiction of the subject-matter and the parties is essential to the conclusiveness of a judgment or decree- And though a court may obtain jurisdiction rightfully, yet its decrees may be void, because, in the progress of the cause, it has exceeded its jurisdiction. Thus, where a suit is brought in the county court, by a widow, for the sole purpose of having her dower assigned, and the court, after assigning dower, of its own accord decreed a sale of the residue of the land, the court transcended its jurisdiction, and its decree of sale is void. Seamster v. Black-stock. 83 Va. 232. 2 S. E. Rep. 36.
Want of jurisdiction makes a judgment a nullity, and it may be so treated by any court in any proceeding, direct or collateral, a judgment being valid to the extent of the court’s jurisdiction, and invalid beyond. Thus, in summary proceedings under Va. Code 1873, ch. 76, sec. 9, circuit courts have jurisdiction to appoint, change and remove church trustees, but not to determine how they shall administer their trust, and a judgment entered as to the latter is void. Wade v. Hancock, 76 Va. 620.
Judgment Hust Be Based on Allegations.—If matter appear in the answer of a defendant in equity, which is not alleged in the bill, it cannot justify a decree for the plaintiff against the defendant, though it might have been ground for such a decree, if it had been alleged in the bill. Eib v. Martin, 5 Leigh 132.
Judgment Restricted to Allegations.—No rule is better settled than that a judgment or decree must be restricted to the case made by the pleadings, no matter what the evidence may show. Potomac Mfg. Co. v. Evans, 84 Va. 717, 6 S. E. Rep. 2 ; Mundy v. Vawter, 3 Gratt. 518; Campbell v. Bowles, 30 Gratt. 652.
But in detinue, if the jury find for the plaintiff, the slaves, if to be had, or <-8250 for each slave, and damages 1 d ; and the court renders judgment for the slaves, if to be had, and if not, the price *196 found by the jury, with the damages and costs, it is not error [though no price or value he laid in the declaration]. Bates v. Gordon, 3 Call555.
Immaterial Variance between Pleadings and Proof.— Though it is true, however, that the case stated in the complaint must he sustained by the evidence, this rule will not forbid relief to the plaintiff where the case proved does not materially vary from the case stated; as where two deeds are charged to be without consideration, and intended to delay and hinder the plaintiff, and the proof is that the second being a deed to the trustee for the separate use of the debtor’s wife, was without valuable consideration. Campbell v. Bowles, 30 Gratt. 652.
Moreover, a plaintiff must allege as well as prove the facts on which he claims relief. He cannot obtain relief on any ground not alleged in his bill. Currey v. Lawler, 29 W. Va. Ill, 11 S. E. Bep. 897.
For a plaintiff is no more entitled to recover without sufficient averments in his bill, than he is without proof of his averments when properly made. The one is as essential as the other, and both must concur or relief can not be granted. Pusey v. Gardner, 21W. Va. 469.
A recovery for abandonment of treatment by a physician may be had under a declaration charging that he “carelessly, negligently, improperly and unskillfully conducted himself,” in the treatment, and that the injury resulted from his “careless, negligent, improper, and unskillful attention." Lawson v. Conaway, 37 W. Va. 159,16 S. E. Bep. 564.
I. CONFORMITY TO VERDICT.—In an action for defamation the-trial court has no- power to enter judgment for five'dollars only, where the verdict was for that sum and costs ; if the verdict is irregular, it should be set aside and a new trial awarded. Blackwell v. Landreth, 90 Va. 748,19 S. E. Rep. 791. See also, Lee v. Tapscott, 2 Wash. 276.
Judgment Not Supported by Verdict.—Where, upon a trial for murder, the jury finds the prisoner guilty of involuntary manslaughter, and assesses upon him a fine of five hundred dollars, it is error for the court to enter a judgment discharging the prisoner. Such a judgment is not supported by the verdict. Price v. Com., 4 Va. Law Jour. 426, 33 Gratt. 819, 36 Am. Rep. 797.
But where in an action of debt on a check, the declaration demands a sum certain with interest, and the verdict is simply for “the amount of the debt in the declaration mentioned," then, under sec. 2853 of the Va. Code, judgment may be given “for the principal arid charges of protest, with interest thereon from the date of such protest.” Such a judgment is in conformity both with the verdict and the statute. Lakev. Tyree, 90 Va. 719, 19 S. E. Rep. 787.
In Turberville v. Self, 4 Call 580, although the county court gave no judgment on the verdict, the district court affirmed it with damages, and the court of appeals (probably from oversight), did the same.
Failure of Clerk to Enter Judgment on Verdict.—The clerk of a county court having by mistake failed to enter a judgment on a verdict, and an appeal being taken, such appeal ought to be dismissed, notwithstanding the county court afterwards, during the pendency of the appeal, corrects the error, by having a judgment entered and certified to the district court. Tatum v. Snidow, 2 H. & M. 542.
Amount.—In an action for damages the judgment should be for the amount assessed by the jury as damages and interest on this amount from the day the judgment is actually rendered, and not from the first day of the term at which the judgment is rendered. Hawker v. B. & O. R. Co., 15 W. Va. 628.
J. NON OBSTANTE VEREDICTO.—Judgment may be rendered in favor of the plaintiff against the defendants only, and' need not be absolute and against all others. McOlung v. Echols, 5 W. Va. 204.
When Rendered for Plaintiff.—Where the only issue, in an action, is upon a plea in confession and avoidance, upon which a verdict has been found for the defendant, and it is afterwards decided that such plea is bad in substance, j udgment should be entered for the plaintiff non obstante veredicto. Mason v. Bridge Co., 28 W. Va. 640.
When Rendered for Defendant.—An action for deceit, practiced in a sale, not being maintainable against the personal representative bf the deceased, therefore, though there is a verdict for the plaintiff, judgment non obstante veredicto should be rendered for the defendant. Boyles v. Overby, 11 Gratt. 202.
Verdict Unambiguous—Plaintiff’s Case Defective — If a verdict is imperfect by reason of any ambiguity or uncertainty, so that the court cannot say for which party judgment ought to be given,,a venire de novo ought to be awarded. Brown v. Ralston, 4 Rand. 504. But if the verdict be not ambiguous or uncertain in itself, but the case made by the plaintiff is a defective case, or defective title, then the judgment should be for the defendant, and a venire de novo should not be granted. Brown v. Ferguson, 4 Leigh 37, 24 Am. Dec. 707.
HI. FORM OF JUDGMENT.
A. CERTAINTY.—If the judgment is ambiguous in its terms, the appellate court cannot make it certain, upon the ground that the clerk of the county court might have moulded it into form, because it was only an entry on the minutes. Humphreys v. West, 3 Rand. 516.
Uncertainty as to Amount.—A judgment subject to an uncertain credit is erroneous. The amount of the credit should be first ascertained by a writ of inquiry, and judgment should be rendered for the balance. Early v. Moore, 4 Munf. 262.
In Ross V. Gill, 1 Wash. 87, the judgment was for one amount 68490) to be discharged by the payment of a lesser amount. This last clause was held surplusage, and unwarranted by law, but, as the plaintiff did not complain, it was regarded as a release of so much of the judgment. At all events it was a defect of which the defendant could not complain.
Judgment on Caveat.—A judgment, on a caveat, that no grant shall issue to the caveatee on his inclusive survey, where it appears that he has any 'other claim or survey, by which he may possibly hold a part of the land, ought to be so worded as not to affect his right under such claim or survey. Preston v. Harvey, 2 H. & M. 55.
B. CONDITIONAL JUDGMENTS.—A judgment with a condition that execution is to be stayed for ninety days to await the decision of the court of appeals, is a conditional judgment, and valid ; it is competent for the court which rendered it to’ deal with it in a summary way and see that its terms are complied with. “It is said in 1 Tidd’s Practice 560, that when a judgment is confessed upon terms, in the king’s bench, it being in effect but a conditional judgment, the court will take notice of it and see the terms performed ; but when the judgment is acknowledged absolutely, and a subsequent agree *197 ment made, this does not affect the judgment; and the court will take no notice of it, hut put the party to his action on the agreement.” Bank of Old Bominion v. McVeigh, 33 Gratt. 580.
In Myers v. Williams, 85 Va. 621, 8 S. E. Rep. 433, a judgment allowing a conditional credit was sustained.
IV. INTERLOCUTORY AND PINAL JUDGMENTS.
Finality of Judgment.—At common law, no matter how long a term might last, a judgment did not become final until it ended, and the court had no power to direct an execution upon it. Until then, in the quaint language of Coke, “the record remains in the breast of the court and in their remembrance, and therefore the roll is alterable during thatterm as the judges shall direct; but when the term is past, then the record is in the roll, and admits of no alteration, averment or proof to the contrary. ” The inconvenience and injustice sometimes occasioned by this rule induced the legislature to provide a remedy, and sec. 3600 of the Code of Va. was enacted, which provides that, “any court, after the fifteenth day of the term, may make a general order allowing executions to issue on judgments and decrees after ten days from their dates, although the term at which they are rendered be not ended,” etc., but this section wras not intended to, and does not, impart to such judgments, the quality of finality so as to deprive the court, during the term, of the power to correct, or if need be, annul an erroneous judgment. This statute manifestly enlarged the power of the court, and imparted to it an authority which at common law no court possessed. Baker v. Swine-ford, 97 Va. 112, 33 S. E. Rep. 542.
When a circuit court, upon appeal, reverses the final judgment of the county court and retains the cause for a new trial, the judgment of the circuit court is such a final judgment as is the subject of a writ of error. Crawford v. Railroad Co., 25 Gratt 467 ; Brumbaugh v. Wissler, 25 Gratt. 463, and note.
Cause Sent Back.—But where a cause is sent back for a new trial, the judgment is not final. Omohundro v. Omohundro, 27 Gratt. 824.
Must Be Judgment of Dismissal —Under Va. Code, sec. 3454, no writ of error lies in an action at law until there is a final judgment; but the sustaining or overruling of a demurrer to a declaration is not a final judgment; to make it final there must be a judgment of dismissal. Gillespie v. Coleman, 98 Va. 276, 36 S. E. Rep. 377. See also, Hancock v. R. & P. R. Co., 3 Gratt. 328 ; Trevilian v. Louisa R. Co., 3 Gratt. 326. Oontra, Jeter v. Board, 27 Gratt. 910, and note. See monographic note on “Appeals.”
It was held in Elliott v. Hutchinson, 8 W. Va. 453, that the words “final judgment” contained in, and as employed in, the fifty-third section of chapter one hundred and twenty-five of the Code of West Virginia, means the “final judgment” mentioned in the forty-sixth section of said chapter. In other words they mean the “final judgment” mentioned in said forty-sixth section, which every judgment entered in the office of the case wherein there is no order for an inquiry of damages becomes final, by operation of that section, unless it is set aside by the defendant appearing and pleading to issue, as provided by the forty-seventh section of said chapter. And a rule in an action at law requiring the plaintiff to elect by the next term whether he will proceed at law or in chancery, is not, in the meaning of Va. Code 1873, ch. 178, sec. 2, a final judgment, and the appellate court has not jurisdiction to review it. Priddy v. Hartsook, 81 Va. 67.
Pinal in County Court, Pinal in Superior Court.— Though a judgment of a superior court of law, reversing a judgment of a county court, and directing other pleadings in the cause, be interlocutory in its character, yet the finality of the j udgment in the county court imparts its character to the judgment of the superior court, so as to authorize an appeal to thecourtof appeals. Cowling v. Nansemond Justices, 6 Rand. 349; Morgan v. Ohio River R. Co., 39 W. Va. 17, 19 S. E. Rep. 588.
Where on a supersedeas to a judgment of a county court, the circuit court reverses the judgment, but omits to give such judgment as the county court ought to have given, and retains the cause, the judgment of reversal by the circuit court must he regarded as final in its appellate character, and a supersedeas will lie from the court of appeals. Janey v. Blake, 8 Leigh 88; Morgan v. Ohio River R. Co., 39 W. Va. 17,19 S. E. Rep. 588.
Effect of Issuing Execution.—Where a court authorizes executions to issue upon judgments recovered during the term, the judgments become final from the time when execution may issue, and cannot afterwards be set aside by the court. Enders v. Burch, 15 Gratt. 64.
Eminent Domain Proceedings.—But where the court has not acted upon the report of commissioners in a proceeding to condemn land, there is no final judgment, and therefore no appeal can he taken from an overruled motion by the lower court to set aside the original order appointing the commissioners. Pack v. C. & O. R. Co., 5 W. Va. 118.
Interlocutory Judgments.—where any farther action of the court is necessary to give the complete relief contemplated by the court, or where but one of the questions which the court is called upon to settle, is determined by the judgment, and the others are reserved until a future time for determination, then the judgment or decree is interlocutory and not final. Cocke v. Gilpin, 1 Boh. 20; Shirey v. Musgrave, 29 W. Va. 131, 11 S. E. Rep. 914; Hill v. Als, 27 W. Va. 215.
In civil cases, judgments are either interlocutory or final. Interlocutory, as where the right of the plaintiff is established by a failure to plead or a withdrawal of a plea, but where the damages are not ascertained, and for which the intervention of a jury is necessary. On the return of this enquiry, the right to recover having been established, final judgment is entered up. But whenever final judgment is entered after the writ of enquiry is awarded and executed, or after a verdict on the merits, such final judgment finishes the proceedings, nothing more remains for the court to do, and execution may be done in pursuance of the j udgment Pifer’s Case, 14 Gratt. 710.
Confession of Judgment Interlocutory.—A confession of judgment by one of several joint defendants, is only interlocutory, until the final decision of the cause as to the rest; and the confessing defendant must receive the same judgment as his codefendants. Taylor v. Beck, 3 Rand. 316. See generally, monographic note on “Judgments by Confession” appended to Richardson v. Jones, 12 Gratt. 53.
V. JUDGHENTS IN REH.
“A judgment inreml conceive tobe an adjudication pronounced upon the status of some particular subject-matter by a tribunal having competent authority for the purpose. Such an adjudication, *198 being a most solemn declaration, from the proper and accredited quarter, that the status of the thing adjudicated upon is as declared, excludes all persons from saying the thing adjudicated upon was not such as declared by the adjudication.” Bruff v. Thompson, 31 W. Va. 16, 6 S. E. Rep. 358.
VI. INTEREST.
No Demand in Declaration.—Judgment cannot be given for interest, if the declaration does not demand interest. Hubbard v. Blow, 4 Call 324. See monographic note on “Interest” appended to Fred v. Dixon, 27 Gratt. 541.
From What Time Allowed.—In an action for damages the judgment should be for the interest on the amount assessed by the jury as damages from the day the judgment is actually rendered, and not from the first day of the term at which the judgment is rendered. Hawker v. B. & O. R. R. Co., 15 W. Va. 628. See Mercer v. Beale, 4 Leigh 189.
Where a judgment or decree is made for the payment of money it shall be for the aggregate of principal and interest due at the date of the verdict, if there be one, otherwise at the date of the judgment or decree, with interest thereon from such date, except in cases where it is otherwise provided. Baer’s Sons, etc Co. v. Packing Co., 42 W. Va. 359, 26 S. E. Rep. 191, citing Hawker v. B. & O. R. Co., 15 W. Va. 629.
Interest Charged from Date of Verdict.—Upon a payment in an action for a tort depending when the act, Code, ch. 177, sec. 14, p. 673, went into operation, it is proper to charge interest from the date of the verdict. Lewis v. Arnold, 13 Gratt. 454.
Judgment on Nil Dicit or Non Sum lnformatus.—In a debt on a bill penal, a judgment entered upon nil elicit or non sum informatus, ought not to be reversed on the ground that the declaration, though describing the bill penal correctly as to the principal sum, penalty and date, omits to mention that the debt is payable, “with interest from a day prior to the date, ” and that the judgment, in conformity with the bill penal, is entered for the penalty, to be discharged by the principal, with such interest, and costs. Harper v. Smith, 6 Munf. 389. See Mosby v. Taylor, Gilmer 172.
Interest on Damages.—Interest is not due on the damages, until after judgment, against a public collector. Gaskins v. Com., 1 Call 194. See also, Gibson v. Governor, 11 Leigh 600.
Interest on Aggregate of First Judgment.—Upon a scire facias against bail, it is error to give a judgment for the aggregate amount of principal, interest, and costs of the first judgment, with interest thereon. Bowyer v. Hewitt, 2 Gratt. 193.
Interest upon Costs.—It was held in McRea v. Brown, 2 Munf. 46, that the 5th section of the act passed January 20,1804, entitled, “An act concerning the proceedings in courts of chancery, and for other purposes,” did not authorize a judgment for interest upon the costs of suit.
Right to Interest as Affected by Verdict.—‘Where a declaration calls for a sum certain with interest, and the verdict is simply for the amount of the debt mentioned in the declaration, then under sec. 2853, of the Va. Code, the legal effect of the verdict is a finding of interest also. Lake v. Tyree, 90 Va. 719,19 S. E. Rep. 787.
Replevy Bond—Judgment for Interest.—Judgment ought not to be entered on a three months’ replevy bond, for interest from a day anterior to the date of the bond, but it may be for interest from that date, on the rent and costs of the duties added together. And if the bond be taken, including interest from a day anterior to its date, such erroneous interest may be deducted, and judgment entered for the right sum. Williams v. Howard, 3 Munf. 277.
Rate of Interest.—A judgment upon the default of the sheriff, or other officer responsible for fines collected, ought not to be rendered for interest at the rate of fifteen per cent, per annum; but for five per cent, damages, and five per cent, per annum interest, on the whole amount, as in the case of public taxes. Segouine v. Auditor, 4 Munf. 398.
Illustration.—Thus, when a decree is entered in a cause ascertaining and fixing the aggregate amount of the plaintiff’s debt and giving interest on such aggregate from the date of the decree, as prescribed by statute (Code W. Va., ch. 131, sec. 16), a subsequent decree cannot be entered in the same cause several years thereafter, to reaggregate such debt by calculating interest on the first aggregate sum to the date of the latter decree, then adding this interest to the sum of the first decree and giving interest on the second aggregate from the date of the last decree. Tiernan v. Minghini, 28 W. Va. 314.
Constitutionality of Statutes.—The 16th section of ch. 131, of Code W. Va. providing, that when a judgment or decree for the payment of money, shall be for the aggregate of the principal and interest due at the date of the judgment or decree, with interest thereon from that date, does not violate the provision of the constitution of the United States, prohibiting any state to pass a law impairing the obligation of contracts. Fleming v. Holt, 12 W. Va. 144.
Abatement of Interest—Absence in Enemy’s Lines.— After judgment is obtained for a debt, both principal and interest, the court has no more power to abate any part of the interest, on the ground that the creditor was within the enemy’s lines, than to abate the principal. The matter has passed into judgment, and it is too late, then, to raise the question of such abatement. Rowe v. Hardy, 97 Va. 674, 34 S. E. Rep. 625.
“Judgments and decrees for money being contracts of the highest character, of course, and for reasons before stated, to abate any portion of the interest included in them, would necessarily impair their obligation. Moreover by such judgments and decrees, the rights of the parties, in whose behalf they were rendered, to the money ordered to be paid, whether principal or interest, have become vested, and cannot be divested, as provided by the act of the assembly. Griffin v. Cunningham, 20 Gratt. 81.” Roberts v. Cocke, 28 Gratt. 207; Merchants’ Bank v. Ballou, 98 Va. 112, 32 S. E. Rep. 481.
It was held in Roberts v. Cocke, 28 Gratt. 207, that so much of the act of April 2,1872, as empowers the courts to review judgments and decrees, upon motion, and to abate interest as provided therein is repugnant to the United States constitution and the constitution of Virginia, and therefore void. See, in accord, Linkous v. Shafer, 28Gratt. 775; Kent v. Kent, 28 Gratt. 840; Fretlow v. Bailey, 29 Gratt. 212; also, Crawford v. Fickey, 41 W. Va. 544, 23 S. E. Rep. 662.
Entry of Judgment for Interest.—Op. a motion by a sheriff against his deputy, where judgment has been obtained by the commonwealth against him for taxes, judgment must be entered for the principal sum, and the interest, and not for the penalty *199 to be discharged by that sum and interest. Asberry v. Calloway, 1 Wash. 72.
VII. RENDITION AND ENTRY OF JUDGMENTS.
A. CERTAINTY AS TO PARTIES, AMOUNTS, DATES.—Tf the entry of the judgment, taken in connection with the record of the case in which it is made, has the requisite certainty of a judgment as to parties, amounts, dates, etc., the judgment is valid. Bank of Old Dominion v. McVeigh, 32 Gratt. 530.
If a declaration in debt be blank as to sums, the date of the obligation, the assignment thereof to the plaintiff, and as to damages, a judgment rendered thereupon is erroneous, and ought to be reversed, and the suit dismissed with the costs of both courts. Blane v. Sansum, 2 Call 495.
Entry for Certificates.—Judgment cannot be entered, in a suit at common law, for certificates. Graves v. Webb, 1 Call 443.
Judgment for Confederate Notes.—It seems that a judgment on a contract for the payment of confederate notes, should be entered for confederate notes; the scale of depreciation must be applied at the day when the money was payable. Dearing v. Rucker. 18 Gratt. 426.
Sheriff Includes His Commissions.—Where before the act of 1794, the sheriff, in taking a forthcoming bond, included his commissions on the debt, judgment should be entered for the sum due without the commissions. Worsham v. Egleston, 1 Call 48.
Entry of Judgment against Sheriff.—in an action upon a sheriff’s bond in the name of the commonwealth, for the benefit of a person aggrieved by the misconduct of the sheriff, the judgment should be entered for the penalty, to be discharged by the payment of the damages assessed and costs, “and such other damages as may be hereafter assessed upon suing out a scire facias, and assigning new breaches, by the plaintiff or any other person or persons injured.” Bibb v. Cauthorne, 1 Wash. 91.
Judgment against Sheriff—Return -Escape.—A judgment cannot be entered against the defendant and sheriff, upon his return that the writ was executed on the defendant; the proper remedy against the sheriff for an escape being a separate suit. Waugh v. Carter, 2 Munf. 333.
Entry of Judgments at Different Times.—Where in a proceeding at law against several parties, judgments against one or more are entered at one time, and against others at another time, one execution may be issued against all. Walker v. Com., 18 Gratt. 13.
Mistake in Entry.—In an action on a nonnegotiable note in which the homestead exemption is waived, the statement in the entry of the judgment that the homestead is waived does not vitiate the judgment. The judgment in this respect will be amended and affirmed. Long v. Pence, 93 Va. 584, 25 S. E. Rep. 593.
Judgment in Penal Bond.—Judgment on a penal bond should be for the penalty, to be discharged by the payment of the sum actually due. Moore v. Fenwick, Gilmer 214.
Writ of Inquiry—Joint Assessment.—in detinue for several slaves, if their value be jointly assessed in the verdict, judgment ought not to be entered, but a writ of inquiry to ascertain their respective values should be awarded. Cornwell v. Truss, 2 Munf. 195.
Power of Court.—“In whatever respect the clerk may have erred in entering judgment, the court may on proper evidence, nullify the error by making the judgment entry fully and correctly express the judgment rendered.” 1 Green Judgm. sec. 72; Davis v. Trump, 43 W. Va. 191, 27 S E. Rep. 397.
B. COSTS.—“The general principle is, that costs are considered as an appendage to the judgment, rather thana part of the judgment itself; that they are considered, in some sense, as damages, and are always entered, in effect, as an increase of damages by the court. This doctrine is to be found in 3 Bl. Com. 399.” Roane, J. M’Rea v. Brown, 2 Munf. 47; Douglass v. McCoy, 24 W. Va. 725.
Judgment for Costs in Favor of Successful Judgment. —It was held in Pates v. St. Clair, 11 Gratt. 22, that before the act, Code of Va. 1849, p. 706, sec. 9, providing that where there shall be a judgment for the defendant’s costs in a suit brought in the name of one person for the benefit of another, such judgment shall be against that other; a judgment may be rendered for costs in favor of a defendant, against a person for whose benefit a suit was brought, when the defendant succeeded in the case.
C. COIN AND CURRENCY.
Judgment for Sterling Honey Value.—En an action of debt upon a protested bill of exchange drawn for sterling money, if the declaration is for the current money value of the sum for which the bill was drawn, the judgment being for the sum so demanded, will be reversed on a writ of error. The suit should have been for the sterling money. Scott v. Call, 1 Wash. 115; Skipwith v. Baird, 2 Wash. 166. En the latter case, Scott v. Call was distinguished on the ground that the damages were considered as being laid in current money, whereas they ought to have been laid in sterling money.
In an action of debt on a bond, the judgment is always entered for the penalty to be discharged by the principal and interest; and if that exceed the penalty, the defendant has his election, and may satisfy it by paying the penalty. Atwell v. Towles, 1 Munf. 175.
A sterling judgment may be reduced into currency at the time of entering judgment on a forthcoming bond. Scott v. Hornsby, 1 Call 41.
Fixing Rate of Exchange—It is necessary on judgments for sterling money, that the court should fix the rate of exchange. Taylor v. M'Clean, 3 Call 557.
Penalty in Current Money.—After the verdict for the plaintiff, in debt oil a bond, the penalty of which was in current money, with condition to pay so much sterling money, the judgment should be for the current money mentioned in the penal part of the bond, to be discharged by the sterling money in the declaration, and the court ought to settle the rate of exchange, which on an appeal should appear on the record. Terrell v. Ladd, 2 Wash. 150.
D. ENTRY NUNC PRO TUNC.—The power of courts to make entries of judgment and orders nuncpro tunc, in proper cases and in furtherance of the ends of justice, has been recognized and exercised from the earliest times; and the period in which the power may be exercised is not limited. Weatherman v. Com., 91 Va. 796, 22 S. E. Rep. 349.
Unlawful Detainer.—Where, in an action of unlawful detainer, the jury finds for the plaintiff, and a stay of the issuance of a writ of possession for sixty days is entered to allow the defendants to apply to the circuit court for a writ of error and supersedeas, and they fail to present their petition therefor during the two following terms, it is proper at the third term to enter judgment nunc pro tunc as of the time the stay was granted, under the provisions of Va. *200 Code 1887, sec. 3124, which provides that “all causes upon the docket of any court, and all other matters ready for its decision, which shall not have been determined before the end of a term, whether regular or special, shall, without any order of continuance, stand continued to the next term.” Van Gunden v. Kane, 88 Va. 591,14 S. E. Rep. 334.
Entry Nunc Pro Tunc by Justices without Notice.— It has been held where two justices presided at a trial at which a verdict was rendered, but no judgment thereon was entered, and subsequently, nearly two years afterwards, the same justices, without notice, met and undertook to enter a judgment upon the verdict nunc pro tunc, that such entry nunc pro tunc was unauthorized and illegal, and was properly treated by the circuit court as a nullity. See Code of W. Va., ch. 50, sec. 114; McClain v. Davis, 37 W. Va. 330,16 S. E. Rep. 629.
Signing by Judge.—A judge may sign a day’s proceedings in the order book at the next term nunc pro tunc. Weatherman V. Com., 91 Va. 798, 22 S. E. Rep. 349. See Va. Code, sec. 3114.
Judgment on Covenant of Married Woman.—A judgment on a covenant of a married woman against her separate estate may be entered as a personal judgment against her. Williamson v. Cline, 40 W. Va. 194, 20 S. E. Rep. 917.
Judgment Erroneously Entered in Singular Number. —The validity of a judgment against two defendants is not affected because of a merely clerical error in entering the same against them in the singular number, “defendant,” instead of the plural number, ' “defendants.” Roach v. Blakey, 89 Va. 767,17 S. E. Rep. 228.
Summary Entry.—A judgment ought never to be given, in a summary way, in favor of any plaintiff who does not bring himself fully within the terms of the act under which he proceeds. Stuart v. Hamilton, 2 H. &M. 48.
E. ENTRY IN VACATION—A court has no power to enter an order or judgment in vacation, unless so authorized by statute. Kinports v. Rawson, 29 W. Va. 487, 2 S. E. Rep. 85; Johnson v. Young, 11W. Va. 673; Monroe v. Bartlett, 6 W. Va. 441.
Surplusage.—Where judgment is recovered for a certain sum of money, dischargeable by the transfer and delivery, in six months, of certain stock, and the stock is not delivered within the time, the court cannot, on motion for execution on the judgment, presume that the sum stated in the judgment is the amount the plaintiff was entitled to recover, and rejecting the latter part of the judgment as surplusage, award execution thereon for the money. Orange, etc., R. Co. v. Fulvey, 17 Gratt. 366. But see Ross v. Gill, 1 Wash. 90, in which the judgment was for £490 to be discharged by the payment of £420 and the court held that the latter part was no part of the judgment, but merely surplusage.
Where the judgment directs that the plaintiff shall recover his freedom, “and that he be discharged from the imprisonment in the declaration,” the latter clause will be regarded as mere surplus-age, as the first part of the judgment had the effect to discharge the plaintiff from the custody of the defendant. M’Michen v. Amos, 4 Rand. 134.
Signing by Judge—Statutes Directory.—1 ‘The authorities generally hold that statutes relating to the recordation of deeds and the docketing of judgments are merely directory, and the failure of the clerk or other officer to comply with their provisions cannot affect the rights of parties claiming under such deeds or judgments. In Beverley v. Ellis, 1 Rand. 102, it is decided that where a deed is duly proved, or acknowledged and left with the clerk for recordation, it is considered as recorded from that time, although it was never recorded, but lost by the negligence of the clerk. In Rollins v. Henry, 78 N. Car. 342, it was held that the requirement of the statute that a judge shall sign all judgments rendered in court is merely directory, and his omission to do so will not vitiate it as to strangers.” Shad-rack v. Woolfolk, 32 Gratt. 713.
VIII. JUDGMENTS ON AWARDS.
Award in Submission in Pais,—An order of a circuit court setting aside an award made by arbitrators upon a submission in pais of matters as to which there is no action pending but which provides that the award shall be made the judgment of the court, is such a final judgment that a writ of error will lie from it to the supreme court. Tennant v. Divine, 24 W. Va. 387.
See monographic note on “Arbitration and Award” appended to Bassett v. Cunningham, 9 Gratt. 684.
A. ENTRY.
Entry as Judgment of Court.—If, pending a suit, the parties by an order of the court, refer the matter in controversy to arbitrators, whose award is to be made the judgment of the court; and, afterwards, by an agreement under seal, appoint a substitute for one of them; agreeing that an award, to be made by the remaining referees and such substitute, shall be entered as the judgment of the court; such award may be so entered, without any previous order of the court confirming the appointment of such substitute. Manlove v. Thrift, 5 Munf. 493.
No Pending Suit,—Nor is it essential to give the circuit court jurisdiction to enteran award as the judgment of the court upon a submission in pais of matters as to which there is no pending suit, that the agreement should declare in terms, that the submission shall be en tered of the'record. Tennant v. Divine, 24 W. Va. 387
Payment to Sheriff.—Where it is agreed in the submission to arbitrators that the money awarded to the plaintiff is to be paid to the sheriff, for the benefit of the plaintiff’s creditors, the judgment should be so entered. Coupland v. Anderson, 2 Call 106.
Refusal to Enter Judgment According to Award.— But a court’s refusal to enter a judgment according to an award, without proceeding to d etermine the controversy, is not a judgment, from which an appeal can be taken. Manlove v. Thrift, 5 Munf. 493.
Time of Entry of Judgment—A submission to arbitration, by rule of court, of a matter of controversy in a suit pending, is not within the statute concerning awards, and so, the court may proceed to judgment on an award at the same term to which it is returned. Wheatley v. Martin, 6 Leigh 62.
Reference Denying Pendency of Suit.—If there be an order of reference made during the pendency of a suit, the award in pursuance thereof, need not lie in court two terms before judgment is entered, as it is not within the act of assembly, upon awards. Holcomb v. Flournoy, 2 Call 433.
Filing Objections—Waiver.—It is not necessary that the award should lie in court two days before judgment, if the party offers exceptions; for that is a waiver. Mitchell v. Kelly, 1 Call 379.
Objections to Entry as Judgment of Court.—But ex parte affidavits may be read against or in support of objections to the entering of an award as the judg *201 ment of the court, especially where they are not objected to in such courts, but they should be given much less weight than testimony taken in court or on notice subject to cross-examination. Tennant
V. Divine, 24 W. Va. 387.
B. DEATH OF PARTY AFTER SUBMISSION.— After submission to arbitration by rule of court, if the plaintiff dies, and the suit is revived by his administrator and the administrator of the plaintiff and the defendant proceed in the arbitration, without any new submission, and an award is made, the death of the plaintiff does not avoid this submission and the award is good. Wheatley v. Martin, 6 Leigh 62.
IX. JUDGHENTS ON APPEAL.
Leave to Apply to Trial Court for Relief.—Where on a bill for specific performance, the contract proved varies from that set up in the bill, and the contract proved is clear and certain in its terms, and is such as a court of equity might properly enforce, and the court below decrees a specific execution of the contract set out in the bill, the decree must be reversed; but the appellate court will not dismiss the bill; it will remand the cause to the court below, to put the plaintiff to his election, whether to have a specific performance of the “contract as proved,” or to have the same rescinded, and the parties put in statu quo. Baldenberg v. Warden, 14 W. Va. 397.
A. REMAND WITHOUT DECISION.-But where judgment has been rendered on an indictment for an injury done with intent to maim, etc., the appellate court will not on reversing the judgment enter such judgment as the circuit court ought to have rendered but will remand the case for a proper judgment to be entered on the verdict. State v. Mooney, 27 W. Va. 546.
However, where the circuit court entered judgment for solitary confinement, for a period different from that indicated by the statute, the appellate court will reverse this judgment and enter the proper judgment. Brooks’ Case, 4 Leigh 669; Murry’s Case, 5 Leigh 720; Hall’s Case, 6 Leigh 615.
Rendering Final Judgment—Where a circuit court, in rendering a judgment against a defendant convicted of a misdemeanor, adds to its judgment an order requiring the defendant to give a peace bond, the case, on writ of error, will be reversed and the proper judgment will be entered by the appellate court without remanding it to the court below. State v. Gould, 26 W. Va. 259.
Relief between Coappellees.—“The decree being deemed right in all respects as it affects the questions in controversy between the appellants on the one hand, and each and all of the appellees on the other, I think the court cannot take cognizance, on this appeal, of any question between the appellees. The power of the court to take cognizance of such questions arises only when, on the questions between the appellants on the one hand, and one or more of the appellees on the other, a decision is made which directly or incidentally disturbs the rights of one or more of the appellees, as settled by the decree appealed from. When such disturbance is the consequence of the decision of the question between the appellants and the appellees, there must necessarily result the questions that arise from the new position in which the rights of the appellees are placed; and of such questions the court of appeals has cognizance, and they should be decided by the court.” Powell v. White, 11 Leigh 309.
Explanation of Judgment.—The court of appeals, in affirming a judgment will add any explanation, which may be necessary to make it correctly understood. Mayo v. Purcell, 3 Munf. 243.
Failure to Direct That Evidence Be Received.—But if a superior court of common law, in reversing a judgment and awarding a new trial, assigns the reason to be that certain evidence should have been received on the former trial, but fails to direct that, upon a new trial, such evidence shall be received, the court of appeals, in affirming its judgment, will add the proper direction concerning the evidence. Brooke v. Shelly, 4 H; & M. 266.
B. MODIFICATION AND AMENDMENT.
Power of Court to Modify.—it seems to be the rule that an appellate court may amend or correct a j udgment for clerical or trivial errors and mistakes, or may add to its judgment any provision that may be necessary to do justice between the parties, such as where judgment is rendered for more damages than are laid in the declaration, or for a sum greater than the debt. Lewis v. Arnold, 13 Gratt. 454; Alloman v. Kight, 19 W. Va. 201; Linsey v. McGannon, 9 W. Va. 155. See Peters v. Neville, 26 Gratt. 549; Mustard v. Wohlford, 15 Gratt. 329; Stanard v. Brownlow, 3 Munf. 229.
District Courts.—A district court has no power or jurisdiction to reverse, alter or amend a judgment given at a former term of the court, which had been entered on the order book, and signed by a judge in open court. Halley v. Baird, 1H. & M. 24.
Correction by dame Court.—For an error in the judgment of a court can never be corrected by the same court. Gordon v. Frazier, 2 Wash. 130.
1. Time oe Amendment—Generad Rude.—The rule at common law is that during the term wherein any judicial act is done, the records are in the breast of the court and in their remembrance and may be amended; but after the term no amendment can be made, except of a mere clerical misprision. Ca-wood’s Case, 2 Va. Cas. 527; Manionv. E’ahy, 11 W. Va. 496; Smith v. Knight, 14 W. Va. 749; Bank v. Jarvis, 26 W. Va. 785; Bunting v. Willis, 27 Gratt. 158; 3Angle v. Cook, 32 Gratt. 262; Kelty v. High, 29 W. Va. 381, IS. E. Rep. 561; Morgan v. Ohio River R. Co., 39 W. Va. 17, 19 S. E. Rep. 588; Barnes v. Com., 92 Va. 794, 23 S. 33. Rep. 784.
Generally the judgment of a court is under and subject to its control during the term at which itis rendered, and it may set aside the judgment, at any time before the end of the term without notice, but when that term ends such judgment becomes final and passes beyond the control of the court, unless perhaps a motion be made during such term to set it aside, and such motion is continued until the next term. Green v. Railroad Co., 11 W. Va. 686; Price v. Com., 4 Va. Law Jr, 426, 33 Gratt. 819, 36 Am. Rep. 797.
Judgment Interlocutory.—“Even after the close of the term, however, the court may modify or set aside any judgment or decree made at a former term, if it be interlocutory and not final in character. 1 Black, Judgm. § 308; Wright v. Strother, 76 Va. 857. But, after the term, the court has no power to modify or annul any final judgment or decree, except in law cases for certain causes by writ of error eoram nobis or motion, under chapter 134 of the Code, and in chancery for certain causes, and in certain cases by bill of review or motion under said chapter. The final judgment or decree ends the case, and neither the parties nor the subject- *202 matter in litigation are any longer before the court, and, therefore, any subsequent action in the case, being-without parties or subject-matter before the court, is null and void unless made under some lawful mode of review. Buhl v. Buhl, 24 W. Va. 279; Crim v. Davisson, 6 W. Va. 465; Hall v. Bank, 15 W. Va. 328; Battaile v. Maryland Hospital, 76 Va. 63; Johnson v. Anderson, 76 Va. 766; lFreem. Judgm. § 96.” Morgan v. Ohio Biver R. Co., 39 W. Va. 17,19 S. E. Bep. 588.
Judgment Final.—But a final judgment or decree, of one term of a court cannot be impaired or set aside at another term, because of the close of the first term, unless upon such proceedings as the law points out for review. Crawford v. Pickey, 41 W. Va. 544, 23 S. E. Rep. 662.
A court can set aside at one term an order made in the progress of the cause at a former term, which is interlocutory, but not a final judgment. An order which merely sustains a demurrer to a declaration, or strikes out a court or item of claim, but followed by no judgment as to it, is interlocutory in nature, and the count or item of claim may be reinstated in the declaration at a subsequent term. Clarke v. Ohio River R. Co., 39 W. Va. 732, 20 S. E. Bep. 699.
Moreover, until the court adjourns for the term, no one, unless expressly authorized to do so, can act under a decree or judgment entered at that term, except at his peril. During the term all the proceedings are in the breast of the court, and under its control, and liable to be stricken out, altered or amended during the term, and that without notice to the parties. Clendenning v. Conrad, 91 Va. 410, 21 S. E. Bep. 818, citing Green v. P. W. & Ky. E. Co., 11 W. Va. 685.
May Grant Certificate of Judgment.—But the court of appeals will direct their clerk to grant a certificate of their judgment, during term time, if it be absolutely necessary to attain the justice of the case. Brown v. Crippin, 4 H. & M. 173.
End of Term — Modification — Amendment.—After the end of the term, however, the court has no power to modify or annul any final judgment or decree, except in certain causes, by writ of error coram nobis or motion under § 134 of the West Virginia Code. Barbour County Court v. O’Neal, 42 W. Va. 295, 26 S. E. Rep. 182; Crawford v. Pickey, 41 W. Va. 544, 23 S. E. Rep. 662, citing Ruhl v. Ruhl, 24 W. Va. 279; Morgan v. R. Co., 39 W. Va. 19,19 S. E. Bep. 589; Wright v. Strother, 76 Va. 857; Green v. B. Co., 11 W. Va. 686.
Judge’s Recollection, Evidence Aliunde.—Or unless there is something in the record by which amendments can be safely made, but they cannot be made upon the individual recollection of the judge, or upon proofs aliunde. Barnes v. Com., 92 Va. 794, 23 S. E. Rep. 784.
Omission to State Entry of Plea, Joinder of Issue.— As it is error in a court to amend a record, after the 1 erm at which the judgment was rendered, therefore, if the record omits to state that a plea was entered, and issue joined, the court cannot, after the term at which judgment was rendered, direct a plea to be entered, nunc pro tunc, upon the evidence of the clerk that a plea was filed, and issue joined. Sydnor v. Burke, 4 Band. 161.
Action Presumed Right.—when a judgment is set aside by the court during the term at which it was rendered, the appellate court will presume that it was rightfully set aside, unless the contrary affirmatively appears by the record. Green v. Railroad Co., 11 W. Va. 686.
Correction at Subsequent Term.—On the other hand, that a court has a right at a term, subsequent to the one at which a judgment is rendered, to correct, by an order nunc pro tunc, a clerical error or omission in the original entry, is indisputable. The error, whether of omission or commission, must appear from the record in which the entry of judgment is made. Black, Judgm. 131; McClain v. Davis, 37 W. Va. 330, 16 S. E. Bep. 629.
Por example, such a clerical error as entering a judgment in the office without awarding an inquiry of damages, may properly be corrected at a subsequent term. Shelton v. Welsh, 7 Leigh 175.
But if the jury finds a right verdict, and the district court records.it wrongly,, entering judgment upon it as recorded, they cannot correct the error by the true verdict, at a subsequent term. Preeland v. Field, 6 Call 12.
Discretion of Court.—Until the the term ends, every j udgment or decree may for good reason be modified or set aside in whole or in part. The court has a discretion to do this, in the exercise of which the supreme court will not interfere except for the most cogent reasons. Parkersburg Nat. Bank v. Neal, 28 W. Va. 744.
C. CLERICAL ERRORS OB MISTAKES.
Common-Law Rule.—“At the common law, an error committed by the court, not in a point of judgment, but such as mightbe called a misprision of the court, could be amended; but no misprision of-the clerk was amendable after the term." Com. v. Winstons, 5 Rand. 546.
If an error is merely clerical the appellate court will correct and affirm the decree, but if it be judicial, the decree will be reversed, with costs to the appellee in either event. Bee v. Burdett, 23 W. Va. 744. See also, Renick v. Ludington, 20 W. Va. 511.
Allowance of Too Hucli Interest.—Where an action is brought on a note, which was executed at the time when five per centum was the legal rate of interest, upon which the defendant acknowledged the action for the principal with interest from the date of the note: on which acknowledgment a judgment was rendered for the principal, with interest at the rate of six per centum per annum; this is not a mere clerical error, but one which can only be rectified by an appellate court. 1 Bev. Code 512; Bent v. Patten, 1 Band. 25.
But where a judgment is rendered by default in the general court, upon motion, on a bond due the commonwealth; but the clerk, in entering the judgment, only allows interest from a date posterior to that, from which by the terms of the bond, interest was to run; this error may be amended, upon motion to the general court, at a succeeding term. 1 Rev. Code 512, § 108; Com. v. Winstons, 5 Rand. 546.
It seems, moreover, that where the clerk erroneously enters judgment upon nil dicit in the county court, or an office judgment in the county or circuit courts, for interest from the date of the bond with a penalty, when it should have been with interest from the day of payment, as provided for in the bond, such error is a clerical mistake, amendable by the court, at a subsequent term. Eubank v. Sandige, 4 Leigh 308.
Erroneous Entry at Rules.—A judgment at rules in the clerk’s office of a county court ought to be entered as of the last day of the succeeding quar, terly term, but, if it be entered as at rules only, it *203 is merely a clerical misprision, and therefore amendable. Digges v. Dunn, 1 Munf. 56.
Where the clerk enters the “common order.” when he should hare issued a new summons, this is a clerical misprision by the clerk, and the office judgment may be amended under Va. Code 1873, ch. 177, §§ 5 and 6, p. 1135.
Executor-Judgment De Bonis Propriis.—Where a judgment by default de bonis propriis is erroneously •entered against an executor, it is a clerical error to be amended upon motion to the lower court, and is not a ground of appeal to the higher court. Sneed v. Coleman, 7 Gratt. 300, 56 Am. Dec. 112.
Error in Order of Court.—But an error in the order of the court, or an omission to make an entry in the order book is not a clerical, but a judicial error. Oawood’s Case, 2 Va. Cas. 527.
Failure of Clerk to Notice Memorandum.—Where the clerk enters up a judgment by nil dicit, in debt on bond for the payment of tobacco, without noticing a memorandum indorsed on the bond, such mistake is merely clerical and amendable upon motion, at a subsequent term. Gordon y. Frazier, 2 Wash. 130.
Bond for $188, Declared on as Bond for $108.—On the other hand, where an action of debt is brought upon a bond for $188, but is declared on as a bond for $108, the bond being in fact for $188, this is not such a clerical error as may be amended under the 108th section of the statute of jeofails, 1 Rev. Code, ch. 128, p. 512. Compton v. Cline, 5 Gratt. 137.
Error Must Be Apparent.—Where, by an error of the clerk, a judgment by confession is entered, instead of a nil dicit, this is not such a clerical misprision as can be corrected by the court at the next term, under either the first or the fifth sections of ch. 181, of the Va. Code, p. 680, which only applies where the error appears in some part of the record. Richardson v. Jones, 12 Gratt. 53.
Error Must Appear of Record.—The amendments authorized by Va. Code, ch. 181, § 5. p. 181, providing for the reversal and amendment of judgments in certain cases in the same court, at a subsequent term, or by the judge in vacation, are to be based upon something in the record, and not upon the recollection of the judges who presided at the trial, or by evidence aliunde. Powell’s Case, 11 Gratt. 822; Richardson v. Jones. 12 Gratt. 53.
Copy of Judgment Does Not Show Where or When It Was Rendered.—it was held in Cox v. Thomas, 9 Gratt. 312. that though the copy of the judgment against the high sheriff in the record, does not show in what court or when it was rendered, it is a mere clerical omission in copying the judgments into the record, and if these facts appear from any other part of the record, it will be held sufficient in the appellate court, when the objection was not añade in the court below.
Informality in the Entry.—Any informality in the entry of the judgment by the clerk must be corrected in the court below, and is no ground for reversal in the appellate court. Roach v. Blakey, 89 Va. 767, 17 S. E. Rep. 228.
Error in Taxation of Costs.—Where the appellate court has a case before it properly on other grounds, it will correct any error in the court below as to costs, though it would not for that alone reverse. Farmers’Bk. v. Woodford, 34 W. Va. 480, 12 S. E. Rep. 544.
If an appeal is taken from a decree of the circuit court to the court of appeals and the case is within its jurisdiction, the matter in controversy must be inquired into and determined, and if the decree be found to be right, in all other respects, and erroneous as to costs, the court of appeals will not reverse the decree, because of such error, as to costs; but may, in the proper case, correct the decree, as to the error, and affirm it, as corrected. Jones v. Cunningham, 7 W. Va. 707; Railroad Oo. v. Harness, 24 W. Va. 511.
A judgment for costs in favor of the “overseers of the poor for the use of the woman,” where the case proceeds in the name of the woman, is not an error, of which the defendant can complain. Tennant v. Brookover, 12 W. Va. 338.
Justices’ Judgments—Good Grammar—Tenses.—By § 180, ch. 50 of the W. Va. Code, all formalities in the entry of a justice’s judgment are dispensed with, and it is sufficient if the truth be stated so as to be intelligible. “Good grammar is not essential to a good judgment. The mistake of a proper tense will not render a justice’s judgment unintelligible or invalid. Justices are not usually educated men, learned either in the intricacies of law or grammar, hence their records must be scanned with the greatest leniency.” Davis v. Trump, 43 W. Va. 191, 27 S. E. Rep. 397.
Statutory Provisions.—Section 2451 of the Va. Code, provides for the correction of such errors as misprisions of the clerk and what may be termed clerical misprisions of the court. This has been the construction heretofore placed upon the statute. It has no application to errors in the reasoning and conclusions of the court about contested matters. Ship-man v. Fletcher, 91 Va. 473, 22 S. G. Rep. 458. See also, Rees v. Conococheague Bank, 5 Rand. 326.
Amendments to Support Judgment.—The amendments authorized by Va. Code, ch. 181, § 5, p. 681, providing for the reversal and amendment of judgments in certain cases in the same court, are amendments to support the judgments, not amendments to give ground for reversing it. Powell’s Case, 11 Gratt. 822.
Correction on Motion.—Under Va. Code, 1873, ch. 177, §5, upon notice to the opposite party, his agent, or attorney at law or in fact, the court wherein the decree is rendered, may on motion, correct such decree as to any clerical error therein where there is sufficient in the record to enable the court to safely amend the same. Dillard v. Dillard, 77 Va. 820.
The power of amendment, allowed by 1 Rev. Code 512, § 108, applies to a motion as well as to an action, and extends to the general court. Com. v. Winstons, 5 Rand. 546.
Applies to Mistakes and Misrecitals.—The second clause of §5, ch. 134 of the W. Va. Code, authorizes amendments and corrections only in cases of mistakes and misrecitals when the same may be safely amended from some other part of the record. The clause is confined to mere clerical and not judicial errors. Judicial errors, where the judgment is not by default, can be corrected only by an appellate court. Stringer v. Anderson, 23 W. Va. 482. See also, Connor v. Fleshman, 4 W. Va. 693; Railroad Co. v. Harness, 24 W. Va. 511.
Applies to Judgments by Default, and to Decrees Confessed—Va. Code, § 3451, applies only to judgments by default and to decrees on bills taken for confessed, and to cases of mistake or miscalculation, for which no appeal lies to the supreme court. Thompson v. Carpenter, 88 Va. 702, 14 S. E. Rep. 181; Stringer v. Anderson, 23 W. Va. 482.
*204 D. WRIT OF ERROR CORAM NOBIS.
When It Lies.—A writ of error coram nolis lies where some defect is alleged in. the process or execution thereof, or some misprision of the clerk, or some error in the proceedings arising from a fact not appearing upon their face, as where judgment is rendered against a party after his death, or who is an infant or feme covert. Gordon v. Frazier, 2 Wash. 130; Bent v. Patten, 1 Rand. 25; Richardson t. Jones, 12 Gratt. 53.
When It Does Not Lie.—But a writ of error coram nobis does not lie to correct any error in the judgment of the court, nor to contradict or put in issue a fact directly passed upon and affirmed in the judgment itself. If this could be done there would be no end to litigation, and little security for the titles to property. Richardson v. Jones, 12 Gratt. 53.
Insanity.—A writ of error coram nobis, ora motion in lieu of it, is not a proper process to reverse a judgment, because the defendant was insane at the time of its rendition, as the judgment can be attacked for such cause only in equity. Withrow v. Smithson, 37 W. Va. 757, 17 S. E. Rep. 316.
Death before Judgment Obtained.—But an injunction ought not to be granted on the ground that the plaintiff was dead before the judgmentwas obtained in his name. This error should be rectified by a writ of error coram nobis. Williamson v. Apple-berry, 1 H. & M. 206.
Where a clerk commits a merely clerical error in entering up a judgment, the injured party may if he please, proceed by writ of error coram nobis, which is a plain, cheap, summary, and complete remedy at law, but the proceeding now, is merely by motion to the court. Gordon v. Frazier, 2 Wash. 130; Goolsby v. St. John, 25 Gratt. 146.
Limitation to Proceedings.—The statute of limitations of writs of error, if it applies to writs of error coram nobis at all, cannot be relied on without being pleaded. Eubank v. Ralls, 4 Leigh 308.
E. REVERSAL-GROUNDS.
Harmless Error.—Where it is proper that the court, and not the jury, should pass on a matter, and find thereon, but a jury finds upon it, and the court renders judgment; if the judgment is the same as the court should have given if it had expressly found on such matter, this error is harmless, and not a cause for reversal. Miller v. White, 46 W. Va. 67, 33 S. E. Rep. 332.
Nor will judgment be reversed for errors not prejudicial to the complaining party. Johnson v. Jennings, 10 Gratt. 1.
Error of New Cents.—A judgment regularly obtained should not be set aside for an error of a few cents in the amount for which the judgment should have been rendered. The rule de minimis lex non curat should be applied. Ramsburg v. Kline, 96 Va. 465, 31 S. E. Rep. 608.
Judgment Includes Both Declaration and Bill of Particulars.—A judgment sustaining a demurrer to both the declaration and bill of particulars will not be reversed for having included both, where the counsel agreed in writing that the case as made by both should be considered. King v. Norfolk,' etc., Ry. Co., 99 Va. 625, 39 S. E. Rep. 701.
Imperfect Statement in Bill of Exceptions.—In Beattie v. Tabb, 2Munf. 254, judgmentwas reversed, because the bill of exceptions stated the facts imperfectly. See also, Barrett v. Tazewell, 1 Call 215.
Refusal to Strike Out Special Plea.—A judgment will not be reversed, on appeal for refusal to strike out a special plea of matter which could have been admitted under the general issue, since a judgment can only operate as an estoppel as to facts which are specially pleaded. C. & O. R. Co. v. Rison, 99 Va. 18, 37 S. E. Rep. 320.
Refusal to Grant Continuance.—But a judgment may be reversed on the ground that a continuance of the cause should have been granted, instead of ruling the party to trial when unprepared. Hook v. Nanny, 4 H. & M. 157.
Jointure.—In averring a jointure in bar of dower, the failure to state in the plea, that the husband “being seized in fee of the premises” made the jointure, is not a substantial defect, nor sufficient to authorize the reversal of a judgment for the tenant, the defendant having failed to assign it as a cause of demurrer. Ambler v. Norton, 4 H. & M. 23.
Erroneous Instruction.—A judgment for the plaintiff ought not to be reversed, on the ground that the court, at the instance of the defendant, gave an erroneous instruction to the jury. Murrell v. Johnson, 1 H. & M. 45Ó; Preston v. Harvey, 2 H. & M. 55.
“A judgment will not be reversed by the appellate court for an erroneous instruction, if it can clearly see that the losing party could nothave been prejudiced by it. In Kincheloe v. Tracewells, il Gratt. 587, 609, this court said ; 'If the questions involved in the instructions, are decided erroneously the judgment should not on that account be reversed, if the court can see from the bill of exceptions that they did not and could not affect the merits of the case before the jury.’” Danville Bank v. Waddill, 27 Gratt. 448; Binns v. Waddill, 32 Gratt. 588, and note.
Judgment Depending on Prior Judgment.—A judgment depending on a prior judgment, which prior judgment is reversed, may be reversed without error apparent on the record of the subsequent judgment, other than the connection between the subsequent and the prior reversed judgment. Conway v. Hall, 1 Va. Cas. 6.
Admission of Improper Evidence.—But a judgment ought not to be reversed on the ground that improper evidence offered to the jury by the appellant, was admitted by the inferior court, where it appears that such evidence did not influence the verdict. Hamlin v. Harriss, 2H. & M. 550; Harrison v. Brock, 1 Munf. 22.
Admission of Illegal Evidence.—So also, a judgment ought not to be reversed on the ground that the court below admitted illegal evidence, or gave an erroneous instruction to the jury, unless it appears that some injury could possibly haveresulted therefrom to the party appealing. Preston v. Harvey, 2 H. & M. 55.
Compelled to Join in Demurrer to Evidence.—Nor ought a judgment to be reversed on the ground that the court erroneously compelled the other party to join in a demurrer to evidence. Harrison v. Brock, 1 Munf. 22. See also, Rheims v. Ins. Co., 39 W. Va. 672, 20 S. E. Rep. 670.
Exclusion of Evidence—Relevancy.—Moreover, the judgment of a court shall not be reversed for excluding evidence, unless the case stated in the record shows the relevancy of the evidence excluded. Rowt v. Kile, 1 Leigh 216.
Re-examination of Witnesses.—And a judgment will not be reversed because the court permitted witnesses to be recalled for further examination in chief, unless the second examination was palpably improper. Tate v. Bank, 96 Va. 765, 32 S. E. Rep. 476 ; Burke v. Shaver, 92 Va. 352, 23 S. E. Rep. 749 ; Brooks v. Wilcox, 11 Gratt. 411 ; Fant v. Miller, 17 Gratt. 187.
*205 Joint and Several Note of Three.—A judgment cannot be set aside on the ground that the note upon which the judgment was rendered, was the joint and several note of three persons, while the action was brought and judgment obtained against only two of them. No evidence conld be introduced on that subject until after the judgment had been set aside. Such evidence might be used after the judgment was set aside in order to prevenía new judgment, but not to set aside a judgment already in force. Ramsburg v. Kline, 96 Va. 465,31S. E. Rep. €08.
Effect of Striking Out Part of Erroneous Judgment.—
When a plaintiff, who has recovered a judgment which, as rendered, is clearly erroneous, seeks to avoid a reversal by striking out a part of the judgment, it is incumbent on him to satisfy the court either by materials in the record or by fair presumption, that this can be done without injustice to the defendant. If he cannot do this, the defendant is entitled to have the erroneous judgment reversed. Orange, etc., R. Go. v. Fulvey, 17 Gratt. 366.
Rule under Statute,—Under Va. Code 1873, ch. 177, §3, judgment will not be reversed for any defect, imperfection, or omission in the pleadings, unless, in the court below, there was a demurrer. The statute is held to cure a defective statement of a good cause of action, but will not validate a declaration which does not state any canse of action at all. Roanoke Rand &Imp. Co. v. Karn, 80 Va. 589; Raughlin v. Flood, 3 Munf. 273; Boyles v. Overby, 11 Gratt. 202.
1. Extent or Reversal.
Reversal of Part of Judgment.—A judgment may sometimes be set aside in whole or in part only. Enos v. Stansbury, 18 W. Va. 477. See also, W. Va. Code, ch. 131, § 19.
Though at common law a joint judgment erroneous as to one must be reversed as to all, still this rule does not apply to void judgments, which are mere nullities. Gray v. Stuart, 33 Gratt. 351.
Reversal as to One Party.—At common law, a judgment erroneous as to one is erroneous, and must be reversed, as to all; but in equity, under the statute, if only one appeals from a joint decree, and the rights of the parties stand on different and separable grounds, there may be a reversal only in part. Vance Shoe Co. v. Haught, 41 Va. 275, 23 S. E. Rep. 553; Midkifl v. Rusher, 27 W. Va. 439; Hoffman v. Bircher, 22 W. Va. 537; Gray v. Stuart, 33 Gratt. 851.
Where the principal and sureties are sued jointly, and the judgment is erroneous as to the sureties, it must be reversed as to all, although the judgment would have been good against the principal, if he had been sued alone. Munford v. Overseers of the Poor, 2 Rand. 313.
Where an office judgment is obtained against two defendants ón a promissory note, and is erroneous as to one, it ought to be set aside as to both. Cole v. Pennell, 2 Rand. 174.
Joint Judgments.—But a joint judgment cannot be reversed as to one defendant, and affirmed as to the other. Jones v. Raine, 4 Rand. 386.
Validas to One.—Though at common law a joint judgment erroneous as to one must be reversed as to all, yet such is not the rule when the judgment is valid as to one party and absolutely void as to another. Gray v. Stuart, 33 Gratt. 351.
Effect on Execution.—When a j udgment is set aside, the execution which is issued upon it falls with it, without any express order to quash the execution. Ballard v. Whitlock, 18 Gratt. 235.
Procedure.—A j udgment can be set aside or altered only in the mode prescribed, and by the court or officer invested with jurisdiction to do so by law. Marshall v. Cheatham. 88 Va. 81, 13 S. E. Rep. 308.
Disposition of Case on Reversal.—Where the county court has decided in favor of the putative father, and the overseers of the poor have spread the facts upon record by an exception, and taken an appeal to the circuit court, that court upon reversing the judgment of the county court, should not send the cause back for a new trial, but should render a judgment in favor of the overseers of the poor for the amount appearing due, but without interest. Willard v. Overseers of the Poor, 9 Gratt. 139.
If the right judgment be rendered in the county court, and upon an appeal to the district court, the clerk sends up an erroneous record, on which the judgment is affirmed, that court will, upon a view of the record of the county court, reverse that of the district court, and direct them to issue a writ of certiorari for the true record, so that the right judgment may be given. Williams v. Slrickler, 3 Call 231.
Where a pecuniary judgment has been rendered against a defendant in a criminal case, and he pays, and upon appeal the judgment is reversed, the cause will be remanded to the court below, for an order of restitution to be made therein, if the money is yet in the hands or power of the court. Oldv. Com., 18 Gratt. 915. See Anderson v. Dudley, 5 Call 529.
Giving Such Judgment as Inferior Court Should Have.—An appellate court ought not to reverse the judgment, without proceeding to give such judgment as the inferior court should have given. Darby v. Henderson, 3 Munf. 315; Blane v. Sansnm, 2 Call 496; Smith v. Walker, 1 Wash. 135. See Anderson v. Nagle, 12 W. Va. 98; Anderson v. Dudley, 5 Call 529.
District Court.—A district court ought not, in any case, merely to reverse the judgment of a county court in general terms** but should proceed to render such judgment as the county court ought to render. Manta v.Hendley, 2H.&M. 308.
Where the court below has given judgment for the plaintiff in a scire facias, against bail, for too large an amount, the appellate court will reverse the judgment, and enter judgment for the proper sum. Bowyer v. Hewitt, 2 Gratt. 193.
It is the constant course of the court to look into the whole record, and to give the judgment which the court below ought to have given. Baird v. Mattox, 1 Call 257.
“Upon reversing a judgment at law, we must enter such judgment as the court below ought to have entered, and we can entertain no motion here for amendment.” Tucker. P. Wilson v. Bank of Mt. Pleasant, 6 Reigh 570.
Constitutional Law.—Section 35 of art. 8 of the W. Va. Constitution, does not authorize the setting aside of the judgments therein specified and the granting of new trials thereon. The judgments must stand, until by due process of law it is ascertained that they were rendered “because of acts done according to the usages of civilized warfare in the prosecution of the war,” and when so ascertained such judgments are nullities. Williams v. Freeland, 19 W. Va. 599; Griffee v. Halstead, 19 W. Va. 602; Peerce v. Kitzmiller, 19 W. Va. 565; White v. Crump, 19 W. Va, 583.
*206 2. Award op Damages on appirmance.
Affirmance—Statute.—The statute allowing damages oh affirmance (Acts of 1830-31, ch. 11, § 32, Suppl. to R. C. p. 149), does not apply to the affirmance of a judgment imposing an amercement or fine; the amercement or fine not being a debt or damages, within the meaning of that act. But though the judgment of affirmance in such case awards damages according to law for retarding the execution, yet as no specific damages are thereby adjudged, and the law gives none, the error is merely formal, and the appellate court will disregard it. Abrahams’ Case, 1 Rob. 675.
Effect of Statute on Pending Cases.—A statute awarding damages on affirmance does not apply to cases pending when the statute went into effect. Beatty v. Smith, 2 Hen. & M. 395.
Amount of Damages Awarded.—1 Rev. Code, ch. 109, § 32, p. 149, provides that “Henceforth, upon the affirmance of any decree or judgment whatsoever, of any inferior court by any appellate court, no damages shall be awarded to the party prevailing,' beyond legal interest on the debt or damages, or profits of property adjudged, and the costs.” See Mulliday v. Machir, 4 Gratt. 1, for this statute.
It was held in Guerrant v. Tayloe, 2 Call 208, that if there be a judgment against a sheriff, for the amount of money levied on an execution with the thirteen per cent, damages, and he appeals, the appellee, by waiving the ten per cent, damages, for retarding the execution, and taking a simple affirmance of the judgment, may still have his fifteen per cent, damages, according to the judgment of the court below.
No Damages on the Costs.—where the appellate court reverses the judgment as to costs, the successful party is not entitled to damages on the costs. Hudson v. Johnson, 1 Wash. 10; M’Rea v. Brown, 2 Munf. 46.
X. JUDGriENTS IN CRIMINAL CASES.
A. PRESENCE IN COURT.—Unless expressly authorized by statute, no court can give judgment of imprisonment, or other corporal punishment, unless the defendant is present in court. Com. v. Crump, IVa. Cas. 172; State v. Campbell, 42 W. Va. 246, 24 S. E. Rep. 875.
Rule Modified by Statute.—In Virginia, however, the rule of the common law that judgment for corporal punishment can be pronounced against a man only when he is personally present is, in cases of misdemeanor, modified by Va. Code, § 4076, providing that no capias to hear judgment shall be necessary in any prosecution for a misdemeanor, but that the court may proceed to judgment in the absence of the accused, and if such judgment requires-confinement in jail the court may make such order as may be necessary for the arrest of the person, against whom such judgment is, and for the execution thereof. Shiflett v. Com., 90 Va. 386, 18 S. E. Rep. 838 ; Price v. Com., 33 Gratt. 819.
Therefore, as in a misdemeanor, the personal presence of the defendant is not necessary at the trial; a verdict and judgment for the fine may be found and rendered in his absence ; and after the term he must neither move for a new trial nor in arrest of judgment. But until final judgment he 'may so move. Pifer’s Case, 14 Gratt. 710.
Reason for Rule.—“Where a man is to receive any corporal punishment, judgment cannot be given in his absence and the reason is that there is a capias pro fine, but no process to take a man and put him on a pillory.” Pifer’s Case, 14 Gratt. 710.
Record Must Show Presence.—It seems to be well settled that, in order to sustain a judgment of conviction, the record must show that the prisoner appeared in person, and not by attorney. Sperry v. Com., 9 Leigh 623, 33 Am. Dec. 261; Hooker v. Com., 13 Gratt. 763, and note.
Rendition at Same Term.—But, where, at the-same term of the court, it sets aside an erroneous judgment and renders a proper one, it is not necessary that the defendant should be present in court, when the second judgment is entered. Price v. Com., 4Va. Law Jour. 426, 33 Gratt. 819, 36 Am. Rep.. 797.
Verdict Wrong—Court Should Render Proper Judgment.—Where on trial of the issue on an indictment for burglary, the jury returned a verdict of guilty as charged in the indictment, and the prisoner moved in arrest of judgment, which the court overruled, and sentenced the prisoner to the penitentiary, it was held that the judgment could not be rendered on the verdict, and the court should, on the verdict, have rendered a proper judgment for petit larceny. State v. Hupp, 31W. Va. 355, 6 S. E. Rep. 919.
Sentence by Circuit Court.—A prisoner being sentenced by the court of oyer and terminer before which he was tried, to confinement in the penitentiary for a shorter term than is authorized by the law for the offence ofwhichhe was convicted, thecircuit court of Henrico county and the city of Richmond may, upon the proper proceedings had before that court, correct the error and sentence the prisoner for the shortest period fixed by tl\e statute for the offence of which he was convicted. Logan's Case. 5 Gratt. 692.
Fine.—Where on a prosecution for a misdemeanor,, there is a verdict against the defendant for a fine, and the court enters up a judgment thereon for the fine and costs, and directs a capias ad audiendum against the defendant, and at a subsequent term sentences him to six months’ imprisonment in the county jail, it was held that the judgment for the fine and costs was final, and no further judgment could be rendered in the case. The judgment for the imprisonment was therefore erroneous. Pifer’s. Oase, 14 Gratt. 710.
Rendition for Fine Only.—Where an offence is punishable with fine and imprisonment, a superior court may render j adgment for the fine only. Com. v. Crump, 1 Va. Cas. 172.
Verdict on Bad Count.—But where the verdict is-based on a bad count the court cannot sentence thereon. State v. Cottrell, 45 W. Va. 837, 32 S. E. Rep. 162.
Several Distinct Terms.—A prisoner convicted of several distinct felonies may be adjudged to undergo several distinct terms of confinement in the penitentiary, the several imprisonments to commence respectively, from and after the expiration-of prior imprisonments adjudged against him. Com. v. Leath, 1 Va. Cas. 151.
Recital of Judgment.—“It is hardly necessary to say that a mere recital in a felony case that judgment was entered cannot be treated as equivalent to a judgment. The record must affirmatively show the sentence itself. Spurgeon’s Case, 86 Va. 652, Id S. E. Rep. 979. And as this is not shown by the record in the present case, it follows that there was nothing upon which the writ of error from the circuit court could operate, and, consequently, that the proceedings in that court were coram non judice and *207 void, Saunders v. Com., 79 Va. 522.” Read’s Case, 90 Va. 168, 17 S. E. Rep. 855.
Entry of Proper Judgment.—Where the lower conrt enters an erroneous judgment or sentence, the judgment will he reversed for this error, and the proper judgment entered. Brooks’ Case, 4 Leigh 669; Murry’s Case, 5 Leigh 720; Hall’s Case, 6 Leigh 615.
Cause Must Be Remanded.—But under W. Va. Acts 1893, ch. 18, i 19, the circuit court, on reversing the judgment of an inferior court in whole or in part, hecause erroneous, is not permitted to enter up such judgment as the inferior court should have rendered, hut it must “remand the same hack” that a final judgment may be entered. State v. Bluefield Drug Co., 41 w. Va. 638, 24 S. E. Rep. 649; State v. Mooney, 27 W. Va. 546. But see State v. Gould, 26 W. Va. 258.
XL ACTIONS ON JUDGMENTS.
Judgment Conditioned on the Existence of Assets.— An action of debt or scire facias may he brought upon a judgment “when assets,” or “if assets”; and if upon the plea of plene administrara, issue is found for the executor or administrator, the plaintiff may take another judgment when assets. Braxton v. Wood. 4 Gratt. 25.
In this case the court said; “The plaintiff in thus proceeding upon his judgment guando acciderint accomplishes one of two objects, both of which are perfectly legitimate. If he can show that further assets unadministered have come to the defendant’s hands since the former judgment, or rather since the former plea of fully administered, he converts his qualified judgment guando acciderint into an absolute judgment de bonis testatoris, and thereby obtains priority over other creditors in equal degree who have not recovered judgment. If he fails in this, still he revives and keeps alive his former judgment, so as to enable him to subject any assets which may yet accrue after the second judgment.
There is express authority to prove that in a scire facias upon a judgment guando acciderint, where assets are found as to part, judgment shall be given to recover so much immediately, and the residue of assets in futuro. Perryman v. Westwood, cited in 1 Vent. 95, and Sid. 448; 2Wms. Ex’ors, 1231; 2 Tidd’s Pract. 1019. I have seen no case where upon such a proceeding and no assets whatever found, judgment has been given for satisfaction out of future assets; and I have seen none to the contrary. But there is no reason for a distinction between a partial and a total failure of assets. If the scire facias ought to be barred or abated as to the whole where it is found there are no present assets, the same result ought to follow in regard to any part as to which there is the same finding; and if it is proper to take judg. ment guando acciderint as to part where there are not present assets to satisfy that part, it is equally proper, the like state of things existing, to take such judgment in regard to the whole.”
See monographic note on "Debt, the Action of” appended to Davis v. Mead, 13 Gratt. 118.
A judgment when assets refers to the time of the plea pleaded, and, as to assets received after that time, no enquiry can be made in that suit. Gardner v. Vidal, 6 Rand. 106.
Creditors’ Bills.—A foreign jndgment is a debt, upon which a suit in equity can be maintained to avoid a fraudulent or voluntary conveyance without first obtaining a judgment at law under Code W. Va. 1868. ch. 133, § 2. Watkins v. Wortman, 19 W. Va. 78.
Eifect oí Pending Appeal.—An action rtiay be maintained upon a judgment in Virginia, rendered by the court of Texas, notwithstanding the pendency of appellate proceedings of Texas, but the Virginia conrt may order that no execution shall be issued on the judgment obtained in such action, provided the defendant gives bond and security conditioned to satisfy the judgment and pay all damages, cost, and fees, etc., in case the writ of error pending in Texas shall be determined adversely to the defendant. Piedmont, etc., Co. v. Ray, 75 Va. 821.
Record Destroyed Pending Appeal.—Also, where a defendant, against whom a judgment was rendered took an appeal therefrom, but pending the appeal, the record of the judgment was destroyed by lire, nevertheless the plaintiff is entitled to recover by action of debt on the judgment, notwithstanding the appeal taken from the judgment. Newcomb v. Drummon d, 4 Leigh 57.
Effect of Supersedeas.—Under art. 4, § 1, of the Constitution of the United States, and the act of congress of May 26,1790, a writ of error, not operating as a supersedeas, from the supreme appellate court of Texas to a judgment of a district court of that state, will be regarded as having the same effect in Virginia as in Texas. Piedmont, etc., Co. v. Ray, 75 Va. 821.
Issuance of Executlon.—l R. C. 1819, p. 489, ch. 128, sec. 5, declaring that where execution has issued and no return is made thereon, the party in whose favor the same was issued may obtain other executions for ten years from the date of the judgment and not after, does not bar such party from maintaining an action of debt on the judgment after ten years. Herrington v. Harkins, 1 Bob. 591; Fleming v. Dunlop, 4 Leigh 338, opinion of Tuokeb, P. But see Dabney y. Shelton, 82 Va. 349, 4 S. E. Rep. 605.
Executors and Administrators.—At common law,, joint obligations and joint judgments could only be enforced against the surviving obligors or defendants. The death of any of such obligors, or defendants, absolved their personal representatives, from all responsibility. Roane v. Drummond, 6 Band. 182.
But under statute, where a joint judgment is obtained against two defendants, and one dies, an action of debt on the judgment lies against the representative of the deceased defendant; the law respecting partitions, joint rights and obligations, 1 Rev. Code 359, being applicable to joint judgments.. Roane v. Drummond, 6 Rand. 182.
Action by Administrator De Bonis Non.—An administrator de bonis non may maintain an action of debt, on a judgment obtained by the executor. Dykes y. Woodhouse, 3 Rand. 287; Wernick v. Mc-Murdo, 5 Rand. 51.
Persons in Representative Capacity.—But a personal judgment or decree against an executor or administrator, or administrator de bonis non, who is sued in his representative character only, is fatally erroneous. Jones v. Reid, 12 W. Va. 350, 29 Am. Rep. 455; Spotswood y. Price, 3 II. & M. 123; Pugh y. Jones, 6 Leigh 299; Wills v. Dunn, 5 Gratt. 384; Humphreys v. West, 3 Rand. 516.
Judgment to Be Discharged by a Lesser Sum.—In an action of debt on a judgment Cor a certain sum to be discharged by a lesser; if the declaration demands a wrong sum, and no special demurrer is filed, the error is cured by the statute of jeofails, there being enough in the declaration to show the true amount of the judgment. A verdict which finds an erroneous sum, “that being the debt in the declaration. *208 mentioned,” is substantially good, the sum being surplusage, and the conclusion of the verdict being, of itself, sufficient to show the real sum demanded. Roane v. Drummond, 6 Rand. 182.
Extent of Recovery.—A high sheriff, against whom a judgment is rendered, for the default or misconduct of his deputy, is entitled to recover of the deputy, not only the amount of the original judgment, but all additions thereto arising from the coroner’s commissions included in a forthcoming bond, costs of the judgment on that bond, and costs and damages on appeals, or writs of supersedeas, until its affirmance by the court of appeals. But a judgment in his favor against the deputy, if rendered for more damages than have been recovered against himself, ought to be reversed with costs. Stowers v. Smith, 5 Munf. 401.
Limitation to Sue.—The Act of 1 Rev. Code, ch. 128, § 5, p. 489, limiting proceedings upon judgments, applies to judgments “when assets” or “if assets” and will begin to run from the date of the judgment. Braxton v. Wood, 4 Gratt. 25.
Judgments Quando Acciderint.—But it was held in Smith v. Charlton, 7 Gratt. 425, that a judgment guando acciderint does not come within the operation of the statute of limitations in relation to judgments.
Revival against Personal Representative.—Moreover, a judgment obtained against a testator in his lifetime, and not revived against his personal representative after his death, within five years from the time of his qualification, is barred by the statute of limitations. Peyton v. Carr, 1 Rand. 436.
A. PLEAS.
1. Not Tiel ÍIecord.
Foreign Judgment.—If the court rendering a judgment is a foreign court, it is not judicially known by us as a court of record, and its judgments are mot considered as records, hence it follows that the plea of nul tiel record is bad, because it is not applicable to foreign judgments. Draper v. Gorman, 8 Leigh 629.
“The maxim of the law is, that the judgment of a court of general jurisdiction, imports absolute verity, and its truth cannot be questioned, either by showing, otherwise than by the record itself, that the court had no jurisdiction, or that its jurisdiction was fraudulently obtained. Both upon the merits of the cause of action, and upon all jurisdictional facts, the record imports absolute verity in law, and is to be tried by the court upon inspection of the record only. Hence at law, the validity of the judgment can be put in issue by the plea mil tiel record only, and if on inspection it turns out that the plea is not true, there is an end of the controversy. If its validity is to be impeached from without some other appropriate remedy must be found.” Wandling v. Straw, 25 W. Va. 692. See Smith v. Johnson, 44 W. Va. 278, 29 S. E. Rep. 509.
2. Nil Debet.—The plea of nil debet is not a good plea to an action of debt on a judgment of another state of the Union, for the reason that the judgments of sister states, being regarded as domestic judgments, are conclusive in other states, and hence the merits cannot be re-examined. Kemp v. Mundell, 9 Leigh 12.
In an action of debt brought in Virginia upon a judgment of the circuit court of the District of Columbia, a plea of nil debet is proper, but a special plea, alleging that the judgment was recovered on a bill of exchange drawn while the party was in a state of intoxication is an improper plea. Draper v. Gorman, 8 Leigh 628.
District of Columbia.—In was the unanimous opinion of the court in Draper v. Gorman, 8 Leigh 628, that the judgments of the District of Columbia are to he regarded as foreign judgments in the courts of Virginia, and hence the plea of nil debet, in action on such judgment, would be a good plea. The court based its opinion on the ground that the full faith and 'credit clause of the constitution of the United States and the acts of congress did not apply to the District of Columbia but only to the states.
In an action of debt on judgments of the courts of Kentucky the plea of nil debet is not a good plea. That plea assumes that the judgment is not conclusive, and if issue were taken on the plea, the plaintiff would waive the conclusive effect of his judgment; this he can only assert by a demurrer to the plea. Clarke v. Day, 2 Leigh 172.
“It is abundantly clear th^t the plea of nil debet is, in this view of the case, the proper plea. The proceedings of a foreign court are never looked upon as a record, because they have not the force of a record. This position requires neither argument nor authority for its support." Tucker, P. Draper v. Gorman, 8 Leigh 628.
Brooke, J., in Kemp v. Mundell, 9 Leigh 17, in referring to his opinion in Clarke v. Day, 2 Leigh 172, said: “I then entertained the opinion I do now,— that the judgments of our sister states, under the constitution of the United States and the acts of congress in pursuance thereof, are to be treated as domestic judgments; and that the effect of such judgments in the state from which they come, is a question of law, not a question of fact as in the case of foreign judgments. And I was surprised to hear it argued to the contrary in this case.”
Thus, it will be observed that where the courts decide that a judgment of another state is a domestic judgment, and hence conclusive, the plea of nil debet is inadmissible, but, on the other hand, where they decide that such judgment is a foreign judgment, and for that reason not conclusive upon the courts of the home state, then the plea of nil debet is admissible. Clarke v. Day, 2 Leigh 172; Draper v. Gorman, 8 Leigh 628.
Defence of Want of Jurisdiction.—In any action or proceeding at law upon a judgment of a court of general jurisdiction between the parties thereto, in which such judgment may properly be used as evidence of the right thereby established, the defendant as a matter of defence at law cannot show that the court did not acquire jurisdiction of the defendant, except by an inspection of the record. Wandling v. Straw, 25 W. Va. 692.
How Pleaded.—Where the defence of want of j urisdiction is set up, such defence ought to be specially pleaded, and cannot be m ade under the plea of nul tiel record, nor nil debet. Bowler v. Huston, 30 Gratt. 266.
General Issue.—“In those states, where the plea of nil debet is held to be a good plea to an action of debt on the judgment of a sister state, the defendant may impeach the justice of it under the plea of nil debet, upon the ground that he never had notice of the proceeding. But the party may also plead the matter specially, even in those states. And in those states in which nil debet is not a good plea, it is obvious, that the defendant is compelled to plead the special matter.” Tucker, P. Wilson v. Bank of Mt. Pleasant, 6 Leigh 570. See also, Draper v. Gorman, 8 Leigh 628.
*209 Duplicity in Plea. “In Wilson v. Bank of Mt. Pleasant, 6 Leigh 570, the defendants pleaded that they never executed the power under which the j udgment sued on was confessed, and that they had no notice of the commencement or pendency of the suit in the state where the judgment was rendered. The court held that an objection to the plea on the ground of duplicity was not sustainable.
Amendment of Declaration.—Upon trial of the issue of nal Mel record, the court may allow an amendment of the declaration; and, if the defendant consents, may proceed with the trial. But if the suit be in the same court in which the judgment was rendered, it is error to inspect a transcript only, instead of the original record. Anderson v. Dudley, 5 Call 529.
Abstracts as Evidence.—An abstract as applied to records means ordinarily a mere brief, and not a copy from which it is taken, and a paper writing being only an abstract of an alleged judgment, and attested as an abstract, although attested by the clerk of the court in which the judgment was rendered, cannot ordinarily be read as proof of the alleged judgment, where the existence of the judgment is denied. Dickinson v. Railroad Co., 7 W. Va. 390.
XII. EQUITABLE RELIEF AGAINST JUDGMENTS.
A court of chancery, under our system of jurisprudence, is not invested with power to annul a judgment, set aside the verdict of the jury and order a new trial at law. It may act on the parties, but not directly on the judgment, nor on the court which rendered it. A judgment by a court having jurisdiction to render it, can be vacated only by some direct proceeding at law, either in the court in which the judgment was recovered or some other court having appellate jurisdiction. Wynne v. Newman, 75 Va. 811.
Refusal to Decide Points of Law.—Wherever a case is fully and fairly tried in a court of law, the decision is so far binding, that it can only be examined by an appellate court, and the chancery court cannot interfere, but if the court of law refuses to decide points of law, or to reserve them, it will submit such points to the jury, and if they decide inequitably, chancery may interfere. Picket v. Morris, 2 Wash. 255.
Suppression of Evidence.—if the parties in an action at law are at liberty by the issue to go fully into the examination of the evidence, and having done so, a verdict is found, after a fair trial, a court of chancery ought not to direct another trial, unless a part of the evidence was suppressed by the court. Ambler v. Wyld, 2 Wash. 36.
But the rule now is that after the canse has been once fully decided, by a court of common law, equity will not grant relief against the j udgment. Terrell v. Dick, 1 Call 546.
Judgment on Forthcoming Bond.—Judgment on a forthcoming bond, cannot be relieved against in equity on the ground that a slave which, by the condition of the bond, was to be forthcoming on a given day, had run away and could not be produced, even if a more valuable slave was offered in his .stead. Cole v. Fenwick, Gilmer 134.
Failure to Secure Evidence.—But where the judgment debtor could not secure the evidence for his defence until too late to move for a new trial, relief will be granted against the judgment in equity. Vathir v. Zane, 6 Gratt. 246; Harvey v. Seashol, 4 W. Va. 115.
Gaming Debt.—A court of equity has jurisdiction to relieve against a judgment founded on a gaming debt, although the party failed to defend himself at law, and gives no good reason for such failure, and though he made no effort to obtain a new trial in the common-law court. Skipwith v. Strother, 3 Rand. 214; Whitev. Washington, 5 Gratt. 645.
Where a judgment has been obtained against the obligor, on a bond for money won at gaming, and in the absence of any fraudulent representations by the obligor, a court of equity will relieve the obligor against the judgment on the ground of the original turpitude of the transaction. Woodson v. Barrett, 2H.&M. 80, 3 Am. Dec. 612.
Trust and Confidence.—in a case involving trust and confidence, and in which it appears reasonable to allow the complainant the benefit of the defendant’s oath, relief may be given in equity, although the party neglected to make the proper defence at law. Spencer v. Wilson, 4 Munf. 130.
Defect of Title.—Where a purchaser comes into a court of equity for relief against a judgment at law, on the ground of a defect in the vendor’s title to a part of the tract of land purchased, it is not enough for him to allege such defect or want of title; he must prove an actual eviction, or superior title in some other person. Yancey v. Lewis, 4 H. & M. 390. See Amick v. Bowyer, 3 W. Va. 7.
Remedy by Statute.—Generally, a party to a judgment or decree against him, who has been proceed ed against by order of publication must obtain relief, if he has defence against the claim on which the action or proceeding in which the judgment or decree is had, by adopting the remedy prescribed by the statute in such cases. Vance v. Snyder, 6 W. Va. 24.
A. GROUNDS OF RELIEF—GENERAL RULE.—It has become a principle, and maxim of equity, as well settled as any other whatever, that a party will not be entertained in a court of equity, on a bill seeking relief against a judgment at law, which has been rendered against him in consequence of his default upon grounds which might have been successfully taken in the court of law, unless some reason founded in fraud, accident, surprise, or some adventitious circumstances beyond the control of the party be shown, why the defence was not made in that court. Alford v. Moore, 15 W. Va. 597; Braden v. Reitzenberger, 18 W. Va. 286; Holland v. Trotter, 22 Gratt. 141; Knapp v. Snyder, 15 W. Va. 434; Meem v. Rucker, 10 Gratt. 509; Smith v. McLain, 11 W. Va. 654; Shields v. McClung, 6 W. Va. 79; Alleman v. Kight, 19 W. Va. 201; Black v. Smith. 13 W. Va. 800; Price v. Harner, 17 W. Va. 523; Sayre v. Harpold, 33 W. Va. 553, 11 S. E. Rep. 36; Haseltine v. Brickey, 16 Gratt. 120; Mackey v. Mackey, 29 Gratt. 158; Goolsby v. St. John, 25 Gratt. 146; Turner v. Davis, 7 Leigh 227; Chapman v. Harrison, 4 Rand. 336; Vanlew v. Bohannan, 4 Rand. 537; Farmers’ Bank v. Vanmeter, 4 Rand. 553; Bierne v. Mann, 5 Leigh 364; Harnsbarger v. Kinney, 13 Gratt. 511; Ayres v. Morehead, 77 Va. 588; Barnett v. Barnett, 83 Va. 504, 2S. E. Rep. 733; Cabell y. Roberts, 6 Rand. 580; Fen-wick v. McMurdo, 2 Mnnf. 244, approved in Oswald v. Tyler, 4 Rand. 37. See Thompson v. M. & M. Bank, 3 W. Va. 651; Coleman v. Anderson, 29 Gratt. 425; Hudson v. Kline, 9 Gratt. 379.
“It would perhaps seem strange, that a court of equity should not possess the power of relieving against a judgment at law, obviously unjust, and against the right of the cause. Incases of fraud, surprise, accident, trust, and the like, where that court has complete jurisdiction, it is within its peculiar province to grant relief, where the parties can *210 notobtainitatlaw. * * * I admit, that the courts of law and equity should be confined within their proper spheres, and that the line which separates their respective jurisdictions should be carefully guarded.” Picket v. Morris, 2 Wash. 272.
It is not the province of courts of equity to see that justice is done, in the abstract, in all possible cases, but only to lend its aid, when from any cause, without his own default or neglect, a party defendant at law, cannot have justice done him in the courts of law; and this is true, where the discounts, abatements or damages, which are claimed to be set off in equity, arise out of a breach of the same contract on which the judgment at law is founded. Cabell v. Roberts, 6 Rand. 580.
Error In Judgment.—But error in a judgment at law, however apparent, is no ground for relief in equity, but the party must show some special equitable circumstances, such as fraud or surprise, to entitle him to the interposition of a court of chancery. Turpin v. Thomas, 2 H. & M. 139.
Mere Error in Law Court.—So chancery will not enjoin a judgment at law and grant a new trial merely for error in the law court, but only because of fraud, accident, surprise, or some adventitious circumstance unknown to the party before judgment, and beyond his control. Graham v. Bank, 45 W. Va. 701, 32 S. E. Rep. 245.
Mere Error in Law.—Moreover, a court of equity will not relieve against the judgment, on the ground of error in law only; it must appear that justice requires its interposition, that the party was prevented from obtaining it by the legal forms of pleadings, or by some fraud, accident, or mistake. Kincaid v. Cuningham, 2 Munf. 1.
Judgment Contrary to Equity.—No rule of law is better settled than that a court of equity will not relieve against a judgment on the ground of its being contrary to equity unless the defendant was ignorant of the ground of defence, or was prevented from availing himself of it by fraud or accident, unmixed with fault or negligence on his part. Gentry v. Allen, 32 Gratt. 254; Richmond Enquirer Co. v. Robinson, 24 Gratt. 548.
Negligence of Agents.—But equity will not relieve against a judgment at law if the omission of the defendant to avail himself of his defence at law was unmixed with any negligence in himself or his agents. Richmond Enquirer Co. v. Robinson, 24 Gratt. 548.
Thus the negligence of an officer of a corporation, in allowing a judgment to be rendered against his corporation as garnishee when the debt had been previously assigned to another party, and notice thereof had been given to another officer, will exclude the corporation from relief in equity against the judgment. Richmond Enquirer Co. v. Robinson, 24 Gratt. 548.
Parties Plaintiff.—No person can enjoin a judgment at law, to which he is not a party, but if he is aggrieved, he should pray an injunction to the execution. Jordon v. Williams, 3 Rand. 501.
B. BILLS FOR NEW TRIALS AND INJUNCTION.
1. Defences Not Avaebable at Law.—In general, any facts which prove it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or agents, will authorize a court of equity to interfere by injunction to restrain the adverse party from availing himself of such judgment. Wallace v. Richmond, 26 Gratt. 67.
“It may be stated as a general principle, in regard, to injunctions after a judgment at law, that any facts which prove it to be against conscience to execute such judgment, and of which the injured party could not have availed himself in a court of law, and of which he might have availed himself in a court of law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or agents, will authorize a court of equity to interfere by injunction to restrain the adverse party from availing himself of such judgments. * * * Neither will a court of equity relieve against a judgment at law where the case in equity proceeds upon a defence equally available at law, but the plaintiff must establish some special grounds for relief. And this doctrine goes still further, for it is the general rule that a defence cannot be set up as a ground for a bill in equity for an injunction which has been fully and fairly tried at law, although it may be the opinion of a court of equity that the defence ought to have been sustained at law.” Ensign Mfg. Go. v. McGinnis, 30 W. Va. 532, 4 S. E. Rep. 782. See Lewis v. Wyatt, 2 Rand. 114; Stafford v. Carter, 4 Gratt. 63: Franks v.Morris, 9 W. Va. 664; Spotswood v. Higgenbotham, 6 Munf. 313; Ayres v. Morehead, 77 Va. 586.
A court of equity will never enjoin a judgment, on the ground that it would have been reversible if the proper steps had been taken in the court of law, but by mistake a confession of judgment had been entered. Bank v. Vanmeter, 4 Rand. 553.
Plaintiff Entitled to Credits.—Where on a bill of injunction, to stay proceedings on a judgment at law, if it appear from the commissioner’s report, not excepted to by the defendant, that the plaintiff is entitled to a credit which the d efendant failed to give, the court ought not to set aside the order for account, and dismiss the bill, on the ground that the plaintiff had neglected to carry into effect a previous order referring, by consent of the parties, the accounts between them to a different commissioner; but the last order having been made on the defendant’s motion, the report being excepted to. for want of notice, to the plaintiff, of the time and place of taking the account, and such exception appearing well founded, a new account ought to be directed. Roberts v. Jordans, 3 Munf. 488.
If a bill of injunction to stay proceedings on a judgment, charges the plaintiff at law with having failed to do an act on which the equity of his claim depends, and in his answer, he takes no notice of that allegation, the court, on the hearing, will consider this an admission that he has not done the act in question, and will decree against him without any exception to the answer, or any interlocutory order taking the bill for confessed in part. Page v. Winston, 2 Munf. 298.
Reasons for Rule.—After a trial at law, new trials should not be granted by a court of equity, merely because injustice may have been done at law. A party, to entitle himself to a new trial, must show that he has been guilty of no laches; that he has done everything that could be reasonably required of him, to obtain relief at law. A bill for a new trial, is watched by equity with extreme jealousy. It must see that injustice has been done, not merely through the inattention of the parties, but for such causes as, in cases of complicated accounts, where the party has not made defence, because it Was impossible for him to do it effectually at law, or *211 where a verdict has been obtained by fraud, or where a party has possessed himself improperly of something, by means of which he has an unconscientious advantage at law, which equity will either put out of the way or restrain him from using. But, without circumstances of this kind, equity never interferes to grant a new trial of a matter, which has already been discussed in a court of law. and over which the court of law had full jurisdiction. Per Care, J. Faulkner v. Harwood, 6 Rand. 125; Arthur v. Chavis. 6 Rand. 144.
Judgment on Fraudulent Deed of Trust.—Where property conveyed by a deed of trust is seized in execution by judgment creditors of the grantor and sold, an indemnity bond being given, and in an action by the trustee on the bond the judgment creditors set up that the deed was fraudulent, but failed to prove it, and judgment is rendered against them, and subsequently they filed a bill in equity on the ground of after-discovered evidence, establishing the fraud as to some of the debts secured, and asking for an inj unction against the judgment, that a new trial be granted, for an accounting by the trustee and for general relief, it was held, among other things, that the complainant had a right to call for an account of the trust subject, and to have it disposed of among all the parties according to their respective rights. Billups v. Sears, 5 Gratt. 31.
Trial of Caveat.—Although a party may be let into a court of equity, on grounds which he could not have used on the trial of a caveat. and which, in fact, make another case (in reference to that which he might have availed himself of on such trial), or upon a case suggesting and proving that he was prevented by fraud or accident from prosecuting his caveat: he is not to be sustained in a court of equity on such grounds as were or might have been brought forward on the trial of the caveat. Noland v. Cromwell. 4 Munf. 155. But see Christian v. Christian. 6 Munf. 534.
Right to Redeem Property.—Where a bill shows an equitable right in a wife to redeem her husband’s property from a tax sale, under a statutory provision. and the defence could not have been pleaded at law, equity will grant an injunction at her suit against a judgment in ejectment for possession against her husband, based on the tax title. Sperry v. Gibson, 3 W. Va. 522.
Condemnation Proceedings.—A court of equity does not interfere with judgments at law unless the complainant has an equitable defence of which he could not avail himself at law, or had a good defence at law which he was prevented from availing himself of by fraud or accident unmixed with negligence in himself or his agents. Thus equity has no jurisdiction to declare a judgment in condemnation proceedings null and void because it constitutes a cloud upon the title, where the complainant is out of possession of the land. He has a complete remedy at law in an action of ejectment for the recovery of the land. L. & N. R. Co. y. Taylor, 93 Va. 226, 24 S. E. Rep. 1013.
“Now I do not say, that the county court, sitting as a court of law, could not npon motion, in a summary way, try these questidhs; but I do say, that in that mode, it would not have afforded as safe or as convenient a tribunal for the trial of them, as a court of equity upon regular pleadings and proofs. And this consideration, it will he recollected, forms one of the grounds in equity for assuming jurisdiction. But there is another, perhaps a stronger ground. The indorsement of the execution for Crawford’s benefit, gave him nothing but an equitable right, which could have no weight in a court of law, belonged exclusively to equity, and must finally have brought the cause there for decision.” Crawford v. Thurmond. 3 Tjeigh 85.
It is á clearly-established principle, that a judgment of a court of common law, though erroneous, given on a legal question, shall never be corrected or disturbed in equity, upon grounds which were proper for the consideration of the common-law courts, unless the applicant to the court of equity can show some particular circumstances to have taken place, operating as an impediment to hiS' availing himself of those grounds upon the trial at law, for a court of equity, ought not. by a side wind,, to undertake to reverse a common-law judgment, although from principles before established in other cases, they would probably reverse the judgment, if regularly brought before them, on the common-law side of the court. And it is better even in the eye of a court of equity, that an individual should suffer an injury, arising from his own acts and conduct, than that court should, with the view of relieving him, usurp a jurisdiction prohibited by law, and break down the partitions wisely established in onr judiciary system. Branch v. Burnley, 1 Gall 147.
Judgment on False Return of Process.~“One line of cases holds that a party who had been injured by a judgment rendered in his absence may have relief in equity if he can succeed in showing that he was not summoned, and did not hear of the proceedings in time to make defence or to obtain a new trial, and that he has a meritorious defence. Freem. on Judgm. sec. 495. Another class of cases holds that a court of equity cannot grant relief in such a case unless the false return of service was procured or induced by the plaintiff, or he can in some way be connected with the deception; thus likening the case to those cases in which the defendant has been prevented from setting up his defence by the trickery or fraud of his adversary. The rule of this latter class of cases is perhaps the better doctrine. The risk of opening a j udgment or decree on an allegation which, like that of the failure to serve process, or the want of notice, depends upon theuncertain testimony ofwitn esses,is so great that the injured party should be left to his remedy in the same case where relief can be had in that case, or to his remedy against the officer who has made the false return, unless that return was in some way procured or induced by the plaintiff, or he is in some way responsible for the defendant’s want of notice of the suit, or of the proceedings therein.” Per Buchanan, ,7. Preston v. Kindrick, 94 Va. 760, 27 S. E. Rep. 588. See Ramsburg v. Kline, 96 Va. 465, 31 S. E. Rep. 608.
Unauthorized Appearance by Attorney.—When a defendant, by bill in equity, seeks to nullify a judgment at law obtained against him without service of process, upon the unauthorized appearance by attorney, to succeed he must have a clear preponderance of evidence sustaining the allegations of his bill. Smithv. Johnson, 44 W. Va. 278, 29 S. E. Rep. 509. See also, "Wandlingv. Straw, 25 W. Va. 692.
It was held in Raub v. Otlerback, 89 Va. 645, 16 S. E. Rep. 933, that the testimony of one of the defendants was properly admitted, to the effect that he never knew either of the attorneys who appeared in the original chancery proceedings in which the decree was rendered, that he never employed them, and that he never heard of the suit until recently, *212 "where, unless counsel aid actually appear for him with his authority, the court never acquired juris•diction.
If it appears by the record that an attorney ap"peared for the defendant in a court of general jurisdiction, such appearance gives the court jurisdiction of the person of the defendant: and if the attorney so appeared without his authority, that fact cannot be shown as a defence at law in any action or proceeding upon the judgment, where the same may properly be used as evidence of the right thereby established. Wandling v. Straw, 35 W. Va. 692.
2. Defences available at Law or in Equity. Usury.—It is well settled in Virginia that a court of equity will interfere with a judgment at law, to relieve against usury. Greer v. Hale, 95 Va. 533,28 S. E. Eep. 873.
But where relief is sought in equity, against a judgment at law, on the ground of usury, the bill must put the usury directly in issue. Brown v. Toell, 5 Band. 543. See also, Bloss v. Hull, 27 W. Va. 503.
“The rule is established that a party having a good legal defence shall not, after a judgment at law, come into a court of equity upon the legal matter without alleging and proving good excuse for not using it at law; and moreover a court of equity will not grant relief merely because injustice has been done.” Allen v. Hamilton, 9 Gratt. 257; Slack v. Wood, 9 Gratt. 40; Ensign Mfg. Go. v. McGinnis, 30 W. Va. 532, 4 S. E. Eep. 782; Collins v. Jones, 6 Leigh 530, 29 Am. Dec. 216; Morgan v. Carson, 7 Leigh 238.
Equity will relieve against a judgment at law, based on a decision that a bond bears more than legal interest, and for that reason is deemed usurious in a court of law, and will decree just compensation, if the transaction be fair. Braxton v. Willing, 4 Call 288.
Effect of Statutes.—And the change in the statute, declaring that usurious contracts ’Shall be deemed for an illegal consideration, instead of void, as formerly, furnishes no warrant for departing from the long-established rule that a court of equity will go behind a judgment, to relieve against usury. Greer v. Hale, 95 Va. 533, 28 S. E. Bep. 873; Bank v. Fugate, 93 Va. 831, 23 S. E. Bep. 884; Young v. Scott, 4 Band. 415.
Evidence Doubtful—Laches.—But a court of equity will refuse to grant relief on the ground that the judgment is for usury, where the evidence is doubtful and there has been a long delay. Terry v. Dickinson, 75 Va. 475.
Refusal of New Trial.—After a verdict for the plaintiff in an action sounding in damages, and a refusal by the court of law to grant a new trial, a court of equity ought cautiously to interpose. Meredith v. Johns, 1H. & M. 584.
Refusal to Continue.—If defendant at law be ruled into a trial in the absence of some of the witnesses, to whose materiality he has made affidavit, he may •except to the opinion of the court, and proceed to obtain relief in superior court of common law, but not in chancery. Syme y. Montague, 4 H. & M. 180.
Discharge of Bond.—In a suit in equity to obtain relief against a judgment obtained on a bond, if the bond has been discharged, that fact cannot avail the complainant, as he should have set it up as a defence in the action on the bond. Barnett v. Barnett, 83 Va. 504, 2 S. E. Bep. 733.
Failure of Consideration—tinder sec. 5, 6, ch. 126, Code of W. Va., equity has jurisdiction on the three | grounds, of failure of consideration, fraud in the procurance of the note, and breach of warranty of title to personal property, and it expressly gives the right to make defence at law, or omit that and go into equity, as the debtor prefers, without giving any excuse for not defending at law. Jarrett v. Goodnow, 39 W. Va. 602, 20 S. E. Rep. 575; Bias v. Vickers, 27 W. Va. 456. See Dorsey v. Shepherd, 9 W. Va. 57.
For a party entitled to plead in an action at law the defences specified in Code W. Va., ch. 126, sec. 5, need not plead them in the action, but may avail himself of them in equity without any excuse for not using them at law. Jarrett v. Goodnow, 39 W. Va. 602, 20 S. E. Rep. 575; Bias v. Vickers, 27 W. Va. 456.
Need Not Allege Excuse.—where failure of consideration is a defence.relied upon against a bond, for the payment of money, such defence is an equitable one, and the party entitled to make it is not bound to make it, in the court of law—it is at his option whether he will make such defence .in the court of law or equity, and if judgment had been obtained on the bond in a court of law, it is not necessary to entitle him to make his defence in equity against the judgment, that he should aver in his bill any excuse, for not making such defence in the action at law. Code W. Va., ch. 126, sec. 6; Lndington v. Tiffany, 6 W. Va. 11.
Is Bound by His Election.—Though where statute gives the right to a defendant to defend at law, or obtain relief in equity, and he avails himself of his right to make his defence at law and a judgment is given against him, he cannot afterwards obtain relief in equity. Knott v. Seamands, 25 W. Va. 99; Sanders v. Branson, 22 Gratt. 364; Penn v. Reynolds, 23 Gratt. 518; 1 Barton’s Ch. Fr. (2d Ed.) 41; Bias v. Vickers, 27 W. Va. 456.
After a party has been fully heard in a court of law, in a case in which the rule is the same in equity as at law, he shall not be permitted to go into a court of equity on the same controverted points. Morris v. Boss, 2 H. & M. 408. ■
Fraud, Accident, Surprise, Mistake.—Courts of equity have always granted relief, when it is shown that the reason why the defence was not made at law, was founded in fraud, accident, surprise, mistake, or some adventitious circumstance beyond the control of the party. Holland v. Trotter, 22 Gratt. 141: Mason v. Nelson, 11 Leigh 227; Mosby v. Haskins, 4 H. & M. 427; Dey v. Martin, 78 Va. 1; Knapp v. Snyder, 15 W. Va. 434; Moore v. Lipscombe, 82 Va. 546; Erwin v. Vint, 6Munf. 267; Price v. Fuqua, 4Munf. 68; Callaway v. Alexander, 8 Leigh 114; Anderson v. Woodford, 8 Leigh 319; Halcomb v. Innis, 4 Call 364; McFarland v. Dilly, 5 W. Va. 135; Thomas v. Jones, 98 Va. 323, 36 S. E. Bep. 382.
“Courts of equity relieve against judgments at law upon the ground that the party injuriously affected thereby has a defence of which he could not have availed himself in a court of law, or of which he might have availed himself, but was prevented by fraud or accident, nnmixed with any fault or neglect on his part. * * * * The cases fully establish, that after a trial at law, a party to entitle himself to have a new trial granted by a court of equity, must show that he has been guilty of no laches; that he has done everything that could reasonably be required of him to obtain relief at law. Without such excuse, which is to be judged of according to the circumstances, he cannot get relief In equity.” Per Stables, J. *213 Green v. Massie, 21 Gratt. 358; Ayres v. Morehead, 77 Va. 586.
Moreover, it is immaterial that an act was done in good faith and without fraudulent intent, for if by it an advantage has been obtained which it is against good conscience to enjoy, a court of equity will relieve against it. Thomas v. Jones, 98 Va. 323, 36 S. E. Rep. 382. citing Holland v. Trotter, 22 Gratt. 141.
Conditioned upon Payment of Costs.—A complainant whose remedy was complete at common law, but who by accident was prevented from making it there, may be relieved against the judgment, but ought to pay the costs in chancery. Degraffenreid v. Donald. 2 H. & M. 10.
Prévented from Suffering Nonsuit.—But where a plaintiff suffers a verdict and judgment to go against him at law, he cannot apply to a court of equity to grant him a new trial, on the ground of his having been surprised at the trial at law, by unexpected evidence, unless he was prevented by fraud or accident from suffering nonsuit. Oswald v. Tyler, 4 Rand. 19; Barrett v. Floyd, 3 Gall 531.
Gaming Contracts.—in an action at law on a promise founded on a gaming consideration, if the defendant is surprised at the trial, and there is a verdict and judgment against him, he may come into equity for relief, though he made no effort to obtain a new trial in the common-law court. White v. Washington, 5 Gratt. 645.
Mutual flistake of Law.—But a court of equity will not relieve against a judgment a party who was prevented from making his defence at law by a mistake of law, although it was a mutual mistake by both parties to the suit. Richmond, etc., Co. v. Shippen. 2P.&H. 327.
Mistake of Clerk.
Contra.—A judgment, however, against a sheriff, under a mistaken opinion of the clerk as to the law, that the bail piece was insufficient, the counsel having agreed that it might be filed, was relieved against in equity. Smith v. Wallace, 1 Wash. 254.
flistake by Jury.—So also, a judgment at law may be enjoined on the ground of mistake by the jury, ascertained by after-discovered evidence. Rust v. Ware, 6 Gratt. 50.
Mistake, fliscalculation.—Relief against a judgment at law rendered by a mistake and miscalculation of the jury will be granted by a courtof equity, where the evidence of such mistake and miscalculation would, if discovered in time, have furnished a good ground for a new trial. And when the case is one that requires the settlement of accounts, the court of appeals will not direct a new trial at law, but will order a reference to a commissioner, and will itself give the proper relief. Rust v. Ware, 6 Gratt. 50.
Assurances, Promises.—But where the defendant at law has been prevented from making his defence, by the assurances or promises of the plaintiff’s counsel, a court of equity will grant relief. Holland v. Trotter, 22 Gratt. 336; Dey y. Martin, 78 Va, 1; Moore v. Lipscombe. 82 Va. 546.
Reliance on Statements of Others.—Where a defendant who had an adequate remedy at law, has been prevented from resorting to it, by a fraudulent rep- : resentation or promise of the plaintiff, he ought to be relieved in equity. Poindexter v. Waddy, 6 Mnnf. 418: Knapp v. Snyder, 15 W. Va. 434. See also, Lee v. Baird, 4 H. & M. 453.
A party against whom a judgment has been entered on a bond cannot obtain relief in equity against such a judgment, on the ground that he was acting as the agent of the judgment plaintiff in the sale of territory in which to sell a patented article, and that such bond was only “a sham,” by which to induce others to purchase patent rights, and was never to be enforced against him, this being an attempt to perpetrate a palpable fraud upon innocent strangers, which cannot be countenanced or upheld in equity. In such case, the parties being in vari delirio, the complainant is not entitled to relief. Barnett v. Barnett, 83 Va. 504, 2 S. E. Rep. 733.
Acts and Representations.--'The courts of equity do not interfere with judgment at law, unless the failure of the complainant to successfully defend at law was because of the acts or the representations of the opposite party, or his agents, or was the result of fraud, accident, or surprise, or some other adventitious circumstances beyond the control of the complainant. Rosenberger v. Bowen, 84 Va. 660, 5 S. B. Rep. 697.
Relief will always be granted where failure to defend at law resulted from the acts or misrepresentations of the opposite party, or his agents, or from fraud, accident, surprise, or some other adventitious circumstances beyond the control of the party complaining. Moore v. Lipscombe. 82 Va. 546: Dey v. Martin, 78 Va. 1; Holland v. Trotter, 22 Gratt. 144.
For example, in the case of Moore v. Lipscombe, supra, the defendant brought assumpsit against the complainant, and filed a copy of the accovmt, which was served with the summons on the complainant. At the next term there was a judgment by default, on account of the complainant’s absence from the state, and failure to make defence, he relying on the statement of the defendant's attorney, that he might rest assured that there would be no trial at that term as he was incapable of attending the court, by reason of an accident. The complainant obtained an injunction to the judgment, and on the hearing an issue was directed to ascertain the amount, if any, due the defendant from the complainant. On appeal it was held that the case was proper for equitable relief, and the direction of the issue was the proper course. Moore v. Lipscombe, 82 Va. 546; Wynne v. Newman, 75 Va. 815.
Sufficiency of Allegations.—Where a bill shows a case for the interference of a court of equity, on the ground that the action at law was not defended because the plaintiff had promised to take no judgment against the party, and assured him that it was unnecessary to employ counsel, and the bill further shows that a plea was put in by counsel for the defendant, without any allegation that such appearance was unauthorized, the bill is fatally defective. Knapp v. Snyder, 15 W. Va. 434.
Injustice Merely.—It is well settled that to entitle a party to relief in*equity against a judgment at law, it is not sufficient to show merely that injustice has been done, but the party applying must show that he has been guilty of no laches, and that he has done everything that could be reasonably required of him to render his defence effectual at law. Otherwise relief will be denied, for v‘it is more important that there should be an end of litigation, than that justice be done in every case.” Dey v. Martin, 78 Va. 1; Wallace v. Richmond, 26 Gratt. 67; Slack v. Wood, 9 Gratt. 40; Bateman v. Wiiloe, 1 Sch. & Tef. 201.
Although it may be manifest that great injustice has been done a defendant at law, by the verdict and judgment against him there, yet if this injustice has not been produced by any fraud or surprise on *214 the part of the plaintiff, hut is the resillt either of the defendant’s own negligence, or of his counsel’s ignorance or had management, a court of equity can give him no relief. Tapp v. Rankin, 9 Leigh 478.
“The grounds on which a court of equity will interfere to grant relief against a judgment at law in the nature of a new trial, are confessedly somewhat narrow and restricted. It is not sufficient to show that injustice has been done, but it must appear also that it was not occasioned by the inattention of the party complaining.” Lee, J. Slack v. ■Wood, 9 Gratt. 40. See Shields v. McClnng, 6 W. Va. 79; Sperry y. Gibson, 3 W. Va. 525.
Insufficient Allegations.—-Where a bill in chancery, for setting aside and enjoining a judgment, presents no substantial grounds for equitable interference, it is properly dismissed, as no errors committed by the court can be considered prejudicial to the plaintiff. Rollins v. National Casket Co., 40 W. Va. 590, 21 S. E. Rep. 722.
Insanity.—it is a sufficient ground for a perpetual injunction to a judgment against the defendant in an action of slander, that, at the time of speaking the defamatory words and of the recovery of judgment, he was insane, or partially deranged, on the subject in relation to which the words were spoken. Horner v. Marshall, 5 Munf. 466.
Laches—Eighteen Years.—where a bill to set aside a judgment on the ground of usury, simply says that the debt is usurious, without stating the usurious interest taken, and the defendant denies the usury and the charge of usury is not sustained by competent evidence, the court will not, after a long delay (eighteen years), set aside the judgment and grant a new trial. Terry v. Dickinson, 75 Va. 475.
So also, one who was defendant in an action to subject property to the payment of a judgment against him may not, after the lapse of twenty-five years after the decree of sale and confirmation, where the land has increased in value and the condition of the parties has changed, reopen, the case and relitigate the matters which were fully ad j udicated by a court of competent jurisdiction. Culbertson v. Stevens, 82 Va. 406, 4 S. E. Rep. 607.
Six Years’ Delay—Fraud.—So where a bill to obtain relief against a judgment on a bond, which it was alleged was procured by fraud, was not filed until six years after the perpetration of the fraud, relief was refused on the ground of unreasonable delay; the rule being that where a party has the right to rescind a contract on the ground of fraud, he must rescind at once on discovering the fraud, or as soon thereafter as circumstances will permit; for he is not bound to rescind, and any unreasonable delay, especially if it be injurious to the other party, will be regarded as a waiver of his right. Barnett v. Barnett, 83 Va. 504, 2S. E. Rep. 733.
Delay by Appealing.—If, by mistake of the sheriff, a writ is served on the wrong person, but such person makes no defence at law, and suffers judgment to go against him by default, execution being issued, gives a forthcoming bond, and afterwards delays the plaintiff by appealing from the judgment on that bond, he is not' entitled to relief in equity. Chisholm v. Anthony, 2 H. & M. 13.
C. LEGAL DEFENCES.
Allegations.—Where a bill avers that the written agreement between the maker and the payee of the note, in relation to the contract in pursuance of which the note is made, has been lost at the time the judgment was recovered on the note, and without which agreement the maker could not make his defence at law, such bill avers a good ground for the jurisdiction of the court of equity. Vathir. v. Zane, 6 Gratt. 246.
“It is insisted, that as the appellant has obtained a judgment at law, and the appellee comes into equity for relief, he is as much bound to negative facts, which would entitle the plaintiff at law to recover, as to affirm those which it is necessary for himself to prove. This would be against all the rules of pleading in chancery, and would be imposing on the plaintiff an impracticable duty. He may not be cognizant of the facts upon which the plaintiff at law relies, to entitle himself to recover, notwithstanding the matter relied upon by the party seeking relief in equity might, if standing alone, make out a proper case for the interposition of that court. The appellee had a right to rest his case upon the averment of such fraud as vitiates the contract; and of the fact that the security so fraudulently procured, had come to, the possession of the holder by assignment. If the circumstances under which the holder acquired the paper, are such as still entitle him to recover from the maker, they must be shown in his answer; and not being responsive to any allegation in the bill, must be proved.” Vathir v. Zane, 6 Gratt. 246.
Relief against Judgment on Gaming Contract—Less Diligence Required.—“The case of a gaming promise or security is an exception to the general rule on the subject, that rule being derived from the obligation of the party in mosteases, to avail himself of his opportunity to defend himself at law; whereas, in case of a gaming promise or security he is under no such obligation. And as he may at first waive all defence at law, and seek relief in equity, so when he has been prevented by surprise from making his defence' available at law, he is not bound to pursue it further in that forum; but may resort to a court of equity, which had from the beginning a complete and more searching jurisdiction of the controversy,and which treats all judgments founded on a gaming consideration where there has been no defence at law, or where there has not been, from adventitious circumstances, a full and fair trial of the question at law, as mere securities.” White v. Washington, 5 Gratt. 645; Goolsby v. St. John, 25 Gratt. 154.
Statute of Limitations,—A suit in equity to enjoin the enforcement of a judgment in ejectment, brought immediately after its rendition, cannot be defeated by the plea of the statute of limitations, though the deed to such agent was made more than eighteen years before the institution of the suit. Franks v. Morris, 9 W. Va. 664.
Setting Out Proceedings at Law.—Where the plaintiff in a suit exhibits with and makes part of his bill the record of an action at law, the facts disclosed by such record thereby become averments of his bill to be considered in connection with the other averments. Bias v. Vickers, 27 W. Va. 456.
Adequate Remedy at Law.—“The simple allegation that the judgment upon which the writ of possession issued was erroneous, constitutes no ground for the interference of a court of equity. It is not by injunction that the errors of a county court are to be reviewed and corrected. The law provides another remedy for that purpose—namely by writ of error or appeal. ” Rosenberger v. Bowen, 84 Va. 660, 5 S. E. Rep. 697.
Set-Off.—Where a party has been summoned to answer an action at law for the recovery of money, and allows judgment by default to go against him, *215 although at the time of such recovery he had judgments against the plaintiff which he might have pleaded as a set-off, he cannot, on the ground thathe mistook the time at which the case was to he tried, combined with the fact of the insolvency of the plaintiff, come into equity to obtain the benefit of such set-off, for there is a plain, complete, and adequate remedy at law, namely by motion, whereby he can have the judgments set off against the judgment of the plaintiff. Zinn v. Dawson (W. Va.), 34 S. 33. Rep. 784, citing Shield v. McOlung, 6 W. Va. 79; Knapp v. Snyder, 15 W. Va. 434; Alford v. Moore, 15 W. Va. 597; Meem v. Rucker, 10 Gratt. 506; Hudson v. Kline, 9 Gratt. 379; Slack v. Wood, 9 Gratt. 43; Faulkner v. Harwood, 6 Rand. 125; Perkins v. Clements, 1 P. & H. 141.
But a party is not compelled to plead a set-off in such an action, and if a judgment is obtained against him, and he holds judgments against the plaintiff, he may, on motion in a court of law after notice, have his judgment set off against the plaintiff’s judgment. Zinnv. Dawson (W. Va.), 34 S. E. Rep. 784. See also, Black v. Smith, 13 W. Va. 780.
Where a jury have found a verdict for the plaintiff in an action of debt on a bond, an account of a transaction which, although partly subsequent to the date of the bond, is old and stale, ought not to be allowed, for the purpose of obtaining a discount against it. Randolph v. Randolph, 1 H. & M. 180.
Insolvency as Affecting Right of Set-Off.—The mere insolvency of a judgment creditor will not, of itself, justify an injunction against the enforcement of a judgment at law, in order to let in a set-off which might have been pleaded at law at the time such judgment was recovered. Zinn v. Dawson (W. Va.), 34 S. E. Rep. 784; Sayre v. Harpold, 33 W. Va. 553, 11 S. E. Rep. 16; Faulconer v. Stinson, 44 W. Va. 546, 29 S. E. Rep. 1011; Finke v. Fleming, 25 Gratt. 707; George v. Strange, 10 Gratt. 499; Barton's Ch. Prac. (2d Ed.) 22.
“Equity will not enjoin a judgment to let in a defence pleadable in the action, where the party has had the opportunity to do so, unless prevented by fraud, accident, surprise, or some adventitious circumstance beyond the party’s control. Shields v. McOlung, 6 W. Va. 79: Harner v. Price, 17 W. Va. 523, 548. And, as set-offs may be pleaded in defence, or made the subject of another action, equity generally will not enjoin a judgment to let them in. But it will do so where the party owning them is insolvent;. Beard v. Beard, 25 W. Va. 486; McClellan v. Kinnaird, 6 Gratt. 352; Marshall v. Cooper, 4B Md. 46; Levy y. Steinback, 43 Md. 212; Lindsay v. Jackson, 2 Paige 581: 2 High, Imp. sec. 243.*’ Jarrettv. Good-now, 39 W. Va. 602, 20 S. E. Rep. 575.
Right of Sureties.—But the insolvency of one of the parties is a ground upon which a bill may sometimes be maintained by a surety for a set-off, when it clearly appears, that in consequence of the principal’s insolvency the complainants can have no adequate remedy at law. Mattingly v. Sutton, 19 W. Va. 19. See also. Hupp v. Hupp, 6 Gratt. 310; Jarrett v. Goodnow, 39 W. Va. 602, 20 S. E. Rep. 602; Shores v. Wares, 1 Rob. 1.
Excuse for Failure to Plead Offsets.—Upon an issue made up on the plea nonassumpsit, there is a judgment for the plaintiff, whereupon the defendant applies for an injunction to the judgment, on the ground that he had offsets which he had intended to plead, but that owing to the sickness of his family at the time when the court sat, and for some time before, he was not able to attend the court or prepare for trial, and that his counsel to whom he had communicated his defence was also absent. But the court held that there was no cause for an in j unction and new trial, as it appeared that the offsets were neither pleaded nor filed, and though one of the defendant’s counsel was present, no application for a continuance was made, nor was any affidavit filed upon which such an application could have been based. Griffith v. Thompson, 4 Gratt. 147.
Rule as to Admission of Offsets.—Where an injunction to a judgment is granted, and an account between the parties directed., the commissioners ought not to give the plaintiff at law credit for claims not exhibited to the jury, nor mentioned in the answer, and which are prior in date to the commencement of the suit. Lipscomb v. Winston, 1 H. & M. 453.
1. Matters of Excuse—Failure to Defend.— It was held in Wallace v. Richmond, 26 Gratt. 67, that where a party’s counsel examines the docket but not the papers and fails to see that the suit he is employed to defend is pending against his client, whereby an office judgment is rendered against this client, equity will not relieve against such judgment, because this was negligence on his attorney’s part, not unmixed with any fault or negligence in himself.
“It is wellsettled that it is no ground for equitable interference that a party has not effectually availed himself of a defence at law. There are cases in which equity will relieve after verdict, although a defence might have been made at law; but only where there has been no fault or negligence on the part of the defendant or his agents. * * * It must appear that the omission of the defendant to avail himself of the defence at law was unmixed with any negligence in himself or his agents. This rule is absolutely inflexible, and cannot be violated, even when the judgmentis manifestly wrong in law or fact; or when the effect of allowing it to stand will be to compel the payment of a debt which the defendant does not owe, or which he owes to a third person.” Richmond Enquirer Co. v. Robinson, 24 Gratt. 548 ; Ayres v. Morehead, 77 Va. 586.
Failure of Sureties of Sheriff to Defend.—Where a high sheriff is sued for the failure of his deputy to make a return of an execution, and a judgment is recovered, a court of chancery will not relieve the sureties against it, where they might have shown facts in their defence on the trial at law, and show no reason for not having defended themselves at law. Bierne v. Mann, 5 Leigh 364.
Failure of Clerk to Defend.—So if a clerk, on a motion against him for the penalty incurred by failing to pay the taxes on law process, fails to make his defence in such action, without a competent excuse, he cannot obtain relief in equity on the same ground. Auditory. Nicholas. 2 Munf.81.
Office Judgment.—if judgment be obtained, at the rules in the clerk’s office, against the administrator; and he, at the next quarterly court, instructs his attorney to set it aside, and plead payment; and the attorney directs the clerk to set aside the judgment, and enter the plea; but he omits it; a court of equity will direct the plea to be received, the verdict upon the issues to be certified to that court, and on receipt of the certificate, will proceed to a final decree upon it. Mayo v. Bentley, 4 Call 528.
HustShow Cause for Failure to Defend.—Where, in a proceeding by one person against another to recover money which he alleged he paid as the .surety for the latter, it was determined that both were *216 principals, and judgment was rendered in favor of the plaintiff for a moiety of the sum paid, the defendant having made no defence, cannot come into equity and obtain any relief, although he shows that he was the surety, and the plaintiff in the action at law the principal, unless he alleges and proves sufficient reasons for his failure to defend at law. Turner v. Davis, 7 Leigh 227.
Fraud ilust Be Alleged and Proved.—“A party who had a defence at law, but failed to make it, and seeks relief in equity against a judgment, whether confessed or rendered on a contest, should allege and prove facts that constitute a fraud perpetrated by the adverse party in procuring the judgment or preventing the defence; or facts that indicate that though the complainant used proper diligence, or such diligence would not have availed, he was, by accident, mistake or surprise, prevented from discovering important facts, or from adducing material evidence and making adequate defence.” Morehead v. De Ford, 6 W. Va. 316.
Negligence.—It is well settled that where a party, through his own, or his agent’s or attorney’s negligence, failed to avail himself of a defence which he might have made at law, he will not be relieved in equity. Ayres v. Morehead, 77 Va. 586.
“The rule is now well settled, that after a trial at law, if there appears to have been no fraud or surprise upon the part of the plaintiff, equity cannot relieve the defendant from the consequences of mere negligence, notwithstanding it may be manifest that great injustice has been done him at law. If it appears that by the use of proper diligence he could have defended himself successfully, however hard his case, equity must not interfere; and this upon sound principles of general policy, which no court is at liberty to disregard.” Tapp v. Rankin, 9 Leigh 480.
Absence oí Witnesses,—II a defendant has been grossly negligent in his preparations for his trial of the cause, a court of equity will not relieve against the verdict on account of the absence of the witnesses, and especially if the judge who tried the cause, and knew what passed at the trial, twice refused it, upon the same representation. Hoomes v. Kuhn, 4 Call 274.
Merely Writing to Attorney Insufficient.—Merely writing to an attorney asking him to take care of a a case is such negligence as equity will not relieve against. Hill v. Bowyer, 18 Gratt. 364; Stanard v. Rogers, 4 H. & M. 438.
Neglect.—It is a fundamental principle in equity, that if a party suffer a judgment to pass against him, through neglect, he cannot have relief in equity, for a matter of which he might have availed himself at law. Faulkner v. Harwood, 6 Rand. 125.
Negligent Omission, of Declaration.—Where a party brings replevin against the landlord for goods that the latter has distrained, but his action is dismissed for want of a declaration, imputable to his own neglect, whereupon the landlord brings suit on the replevin bond and recovers judgment, the defendant is not entitled to relief in eguity on the ground that the goods distrained were in fact his property. Donnally v. Ginatt, 5 Leigh 359.
“It is a general rule that where a party may defend himself at law, equity will not interfere; and where he might have done so but has failed to do it, he shall not have relief by bill in equity unless he was prevented by fraud or accident, or the act of the opposite party unmixed with negligence on his part.” Maxweli., J. Sperry v. Gibson, 3 W. Va. 522. See Richmond, etc., R. Co. v. Shippen, 2 P. & H. 327.
Sickness of Party.—A court of chancery may relieve against a verdict and judgment obtained by the plaintiff, where the defendant is taken sick on his way to the trial, and thereby prevented from making certain affidavits necessary to his case. Hord v. Dishman, 5 Call 279.
Sickness of Family.—But it was held in Griffith v. Thompson, 4 Gratt. 147, that the sickness of the defendant’s family at the time when the court sat, whereby he was prevented from pleading offsets, was not a sufficient ground for relief against the judgment.
Physical Incapacity.—A bill alleging that the plaintiff has received an accident which has so impaired his mental and physical faculties, as to incapacitate him from attending court, and making his defence, makes a proper case for equitable relief. Alford v. Moore, 15 W. Va. 597.
Ignorance.—But an injunction to a judgment at law will not be sustained where the defendant at law has failed to make his defence at law, from ignorance of the nature of proceeding against him, and a misapprehension of the steps it was necessary to take in order to subject him. Meem v. Rucker, 10 Gratt. 506; George v. Strange, 10 Gratt. 499.
No Knowledge That Suit: Exists. —On the other hand a plaintiff will be relieved against a judgment at law where it appears that he had no knowledge of the existence of the suit at law, until after j udgment was obtained. Mosby v. Haskins, 4 H. & M. 427.
Surprise—During the term of court, the counsel representing the parties plaintiff and defendant in a case, in the presence of the regular judge, are talking over the business remaining unfinished, the defendant in the case being present, who understands from the conversation that his case would not be taken up before the next Tuesday for trial, which conversation was on Friday; and under this impression the defendant, with his witnesses, left the court. On Saturday a special judge was elected, who went upon the bench on Monday morning, and tried the case, in the absence of the defendant and his witnesses, and in ignorance of the misunderstanding, although an attorney for the defendant was in town, and had notice that a jury was being called in the case, and refused to go to the courthouse, on account of some feeling existing between himself and the special judge, and on account of his beipg too unwell to attend to business, and sent another attorney to state the matters to the court in reference to the understanding. The trial is proceeded with, and a judgmentis rendered against the defendant, although he claims to have had a good defence. The trial of the cause, under the circumstances, works such a surprise upon the defendant that a motion to vacate the judgment, set aside the verdict, and award a new trial, should have prevailed. Simpkins v. White, 43 W. Va. 200, 27 S. E. Rep. 241.
An action was brought in 1875 in the county court. Two years thereafter, it was transferred to the circuit court. No order except continuances was made in it after such transfer. The judge of the circuit court could not preside at the trial, and in 1887 the plaintiff, in the absence of the defendant, and his counsel, caused a special judge to be elected, and, without the knowledge of the defendant, the case was tried and a verdict and judgment rendered for the plaintiff. The defendant, being notified of such judgment, moved the court to set the same aside *217 because of the facts above stated, and it was held that, upon his affidavit, alleging surprise, and the full payment of the debt sued on, the circuit court properly set aside the judgment, and awarded the defendant a new trial. Bennett v. Jackson, 34 W. Va. 62, 11 S. E. Rep. 734.
Bill of Exceptions Lost or Unsigned.—Where a case is tried before a justice, and a bill of exceptions essential to enable a party to obtain a writ of certiorari is lost, if signed, or, if not signed, the justice sickened and died without signing it, and there appears probable ground for a writ of certiorari, it is a proper case for equitable relief against the judgment, and for retrial. Grafton & G. R. Co. v. Davisson, 45 W. Va. 12, 29 S. E. Rep. 1028.
Fraud.—A bill which alleges fraud as a defence to the original cause of action must show that the fraud is attributable to the judgment creditor. Griffith v. Reynolds, 4 Gratt. 46.
“A party, without showing more will not be permitted to contradict the solemn records of a court, on the ground that the statements therein are false: that they show, that proof was heard, when in fact no proof was heard, and charge that there was consequently fraud in both the party and the court in so entering the judgment. If a party could be heard in a court of chancery to make such charges and by the officers of the court to prove them, there would be no stability in judgments, and the most solemn acts of courts of justice, to which the people must look for the protection of their rights, would be liable to be swept away by mere oral testimony. Such assaults upon the solemn acts of courts of record never have been and never can be successfully made.” Per Johnson, J. Braden v. Reitzenberger, 18 W. Va. 286.
Province of Chancellor.—Where an application is made for relief against a judgment, the province of the chancellor is to test the conscience of the parties and not the legality of the judgment, nor to correct the errors, which may have been committed by the court. A different rule would render the jurisdiction of chancery general by converting it into a court, to which an appeal might be had in every instance. Braden v. Reitzenberger, 18 W. Va. 286.
2. Newly-Discovered Evidence.—Chancery will not relieve against a judgment at law, on the ground of newly-discovered evidence, where there is no suggestion of fraud, accident, mistake, or of any other circumstances preventing the party from having made the defence at law. Norris v. Hume, 2 Leigh 334.
Courts of equity, as well as courts of law, sometimes grant new trials on the ground of after-discovered evidence, but always with great reluctance and never except under special circumstances, which may be summed up thus: 1. The evidence must have been discovered since the trial.
2. It must be evidence that could not have been discovered before the trial by the plaintiff or defendant, as the case may be, by the exercise of reasonable diligence.
3. It must be material in its objects, and such as ought, on another trial, to produce an opposite result on the merits.
4. It must not be merely cumulative, corroborative, or collateral. Wynne v. Newman, 75 Va. 811; St. John v. Alderson, 32 Gratt. 140, and note; Harnsbarger v. Kinney, 13 Gratt. 511.
Cumulative Evidence—A judgment at law will not be relieved against in equity on the ground of after-discovered evidence, where it appears that such evidence is merely cumulative or merely goes to impeach the testimony of a witness on a former trial. Brown v. Speyers, 20 Gratt. 308, and note; Harnsbarger v. Kinney, 13 Gratt. 511; Bloss v. Hull, 27 W. Va. 503.
What Is Cumulative Evidence.—And evidence newly discovered is said to be cumulative, in its relation to the evidence on the trial, when it is of the same kind and character. If it is dissimilar in kind, it is not cumulative, in a legal sense, though it tends to prove the same proposition. Wynne v. Newman, 75 Va. 811; St. John v. Alderson, 32 Gratt. 140, and note.
Nor will a judgment at law be relieved against in equity on the ground of after-discovered evidence when such evidence relates to a fact in issue on the trial at law, and in support of which testimony was offered on the former trial, unless it is of such conclusive character, that, if it had been offered, it should have produced a different result. Bloss v. Hull, 27 W. Va. 503.
Diligence at First Trial.—Equity will not relieve a party against a judgment at law, on the ground of after-discovered evidence, or of a defence, of which he was ignorant, until judgment was rendered, unless he shows, that by the exercise of due diligence he could not discover such evidence or defence, or that he was prevented from employing the same by fraud, accident or the act of the opposite party, unmixed with laches or negligence on his part. Bloss v. Hull, 27 W. Va. 503; Ludington v. Handley, 7 W. Va. 269; Shields v. McClung, 6 W. Va. 79; Knapp v. Snyder, 15 W. Va. 434; Hevener v. McClung, 22 W. Va. 81; Enquirer Co. v. Robinson, 24 Gratt. 548; Arthur v. Chavis, 6 Rand. 141; DeLima v. Glassell, 4 H. & M. 369.
Illustration.—Though a bill charges that the judgment was recovered without appearance or defence for money which the plaintiff in the judgment alleged he had paid as surety, though he had not in fact paid one cent of the money, but the same had been paid by another surety, against whom there was a joint judgment with the plaintiff at law; and that of this fact the plaintiff in the bill had no knowledge until after the judgment, and therefore could not have defended himself, still this does not entitle the complainant to relief against the judgment, because it does not appear that he has done everything that could reasonably be required of him to render his defence effectual at law, for by the exercise of due and reasonable diligence, and by making proper inquiries in the proper quarters, he might have been readily led to discover whether the surety had in fact paid any of the money claimed to have been paid by him for the complainant, and of this information when obtained he could have fully availed himself in his defence in a court of law. Slack v. Wood, 9 Gratt. 40.
But where a bill of injunction to a judgment shows matter sufficient to have defeated a recovery at law, but to which, defence was not made because not discovered until after judgment, and until it was too late to move for a new trial, it is error to dissolve the injunction, provided a sufficient reason is shown in the bill why the matter of defence was not discovered in time to be set up in the action at law. Ferrellv. Allen, 5W. Va. 43; Harvey v. Seashol, 4 W. Va. 122; Armstrong v. Hickman, 6 Munf. 287; Mason v. Nelson, 11 Leigh 227.
Evidence Obtainable by Bill of Discovery.—If a dis *218 covery is necessary to enable a defendant to prove payments or set-offs, which he might have pleaded at law, he should file his bill of discovery in aid of his defence at law, or should file interrogatories to the plaintiff under the statutes, otherwise no relief against the judgment will be given. George v. Strange, 10 Gratt. 499.
See “Bills of Discovery.”
Courts of equity relieve against judgments at law, upon the ground that the party injuriously affected thereby has a defence of which he could not have availed himself in a court of law, or of which he might have availed himself, but was prevented by fraud or accident, unmixed with any fault or' neglect on his part. If the facts upon which the application for relief is based, are unknown to the party at the time of trial in the law court, it is his duty to bring them to the consideration of the court, or furnish some reasonable and satisfactory excuse for its failure to do so. Hence, if a discovery from the plaintiff is necessary to enable the defendant to make his defence at law, he must file his bill for the discovery before the judgment has been rendered against him. And he cannot go into equity for discovery and relief against the judgment, after it has been rendered. Green v. Massie, 21 Gratt. 356.
D. VOID JUDGMENTS—ADEQUATE REMEDY AT LAW.—A judgment pronounced by a justice, without service of process upon or notice to the defendant is void. But as such a judgment may be set aside, even when rendered upon the verdict of a jury, by the circuit court, upon a writ of certiorari, the defendant in the j udgment cannot obtain relief against it in a court of equity. Kanawha & O. Ry. Co. v. Ryan, 31 W. Va. 364, 6 S. E. Rep. 924.
But in Goolsby v. St. John, 25 Gratt. 146, a bill was filed to enjoin execution on a judgment which had been rendered without service of process, or notice of the action. On demurrer to the bill, the court held that, the defendant in the judgment, having had notice of the judgment within the time limited for a motion to quash it, had a remedy at law by such motion and therefore is not entitled to relief in equity.
In Kanawha & O. Ry. Co. v. Ryan, 31 W. Va. 364, 6 S. E. Rep. 924, it was said by Snyder, J., in referring to High on Injunctions, sec. 230, in which it is said that equity will not relieve against a void judgment where there is an adequate remedy at law: “This it seems to me, correctly states the rule of law on this subject, and especially is it the rule in Virginia and in this state to deny and withhold relief in equity where there is a plain and adequate remedy at law. In Hudson v. Kline, 9 Gratt. 379, the court says: ‘It has been a favorite policy in this state, especially of late, not to afford relief in equity except in cases of concurrent jurisdiction. In all other cases he must avail himself of his legal remedy. If, without his default, he be deprived of all remedy at law, equity may relieve him; but if any legal remedy remains to him (that is, adequate remedy), though he may have lost, by misfortune, and without fault of his adversary, other concurrent legal remedies, he must resort to his remaining legal remedies.’” See also, 3 Graham & Waterman on New Trials, p. 1478 et sea.
Perpetual Injunction against Execution.—Where the judgment sought to be enjoined is absolutely void, the cause may be remanded to be proceeded in at law, and a perpetual injunction be granted against the collection of the execution on the judgment. Finney v. Clark, 86 Va. 354,10 S. E. Rep. 569. See infra, this note “Collateral Impeachment.”
E. BILL FOR INJUNCTION.
Uncertain Credit.—Where an injunction has been awarded to stay the collection of a judgment, and it appears from the answer of the defendant that there is a considerable sum in his hands, which he has agreed to apply as a credit in such judgment, and it is uncertain what is the amount which he ought, under an agreement into which he has entered, to credit on such j udgment, the court ought not to dissolve the injunction till it has ascertained, by sending the cause to a commissioner, if necessary, the amount of the credit which should be so given on such judgment. Heatherly v. Farmers’Bank, 31 W. Va. 70, 5S. E. Rep. 754.
Discharge in Bankruptcy.—Where a judgment debtor has obtained his discharge as a bankrupt subsequentto the judgment, he may enjoin the suing out or levy of any execution upon such judgment. Peatross v. M’Laughlin, 6 Gratt. 64.
Where the debtor in an execution objects that a previous execution has been levied by the sheriff upon sufficient property to satisfy the judgment, and that he has improperly misapplied the proceeds of the sale of the property, or if he insists that payment has been made to the sheriff which has not been credited on the execution, if he has an opportunity to apply to the court of law from which the execution issued for redress, he has no right to come into equity for relief. Beckley v. Palmer, 11 Gratt. 625: Crawford v. Thurmond, 3 Leigh 85, and Morrison v. Speer, 10 Gratt. 228, distinguished in Beckley v. Palmer.
1. Satisfaction before Execution Levied.—It was held in Crawford v. Thurmond, 3 Leigh 85, that where a judgment is recovered against a debtor, but before the execution is delivered to the sheriff, the debtor makes satisfaction to the creditor of the full amount of the debt, and receives a receipt therefor, a court of equity has jurisdiction to give him relief by way of injunction to inhibit further proceedings on the execution, though he might have made a motion to quash the execution at law.
But where a party claims that he has not been credited for all the money paid by him to the sheriff, on an execution, he may have any injustice done to him in that respect corrected in the court from whence the execution issued, and it is not a case for an injunction to the judgment and relief in equity. Morrison v. Speer, 10 Gratt. 228.
Whether a bill in equity for an injunction is the proper remedy to prevent a judgment creditor from proceeding to collect anew a judgment which has been in fact satisfied, has been disputed. Some of the cases hold that such an application is meritorious and should be allowed. But the better-considered doctrine upon this subject, and that most in harmony with the general principles underlying the preventive jurisdiction of equity, is that an injunction should not be granted for the purpose of staying or preventing a sale under an execution on the ground of payment, in whole or in part, and that in all such cases the person aggrieved should be left to pursue his remedy at law. Thus, in a case where, by virtue of an agreement between a judgment debtor and a judgment creditor, the judgment ought to be entered as satisfied, but in lieu the creditor has an execution issued and levied upon the goods of the debtor, the latter cannot obtain relief by injunction in a court of equity, for the reason that he has an adequate remedy at law. Howell v. *219 Thomason, 34 W. Va. 794, 12 S. E. Rep. 1088; Hallv. Taylor, 18 W. Va. 544.
Writ of Possession.—Thus, an injunction will not be granted to restrain the execution of a writ of possession, based on an alleged error in the judgment upon which the execution issued, and also upon a judgment in the complainant’s favor for possession of a tract of land of which the land in question is a part, the final decision of which is pending on appeal. Rosenberger v. Bowen, 84 Va. 660. 5 S. E. Rep. 697.
Subsequent Reversal.—But where execution has been levied and returned satisfied, on a judgment which is erroneous and afterwards reversed or corrected, restitution cannot be awarded, unless it appears that the money has been paid to the plaintiff. Eubank v. Ralls, 4 Leigh 808.
Statutory Provision.—See Code of West Virginia, sec. 17, p. 870, which provides that “A motion to quash an execution may, after reasonable notice to the adverse party, be heard and decided by the court whose clerk issued the execution, or, if in a circuit court by the judge thereof in vacation; and such judge or court may, without such notice, make an order staying proceedings on the execution until such motion can be heard and determined,” etc. This provision is ample to protect an execution debtor from the levy oían execution upon a satisfied judgment, and is fully as complete and far less expensive and cumbersome than the resort to a court of chancery. Howell v. Thomason, 34 W. Va. 794,12 S. E. Rep. 1088.
Audite Querula Obsolete.—A motion to quash an execution issued on a satisfied judgment is the proper proceeding in place of an audite querula, which is now an obsolete remedy, and on such a motion the court may order questions of fact to he tried by a j ury. Smock v. Dade, 5 Rand. 639.
F. EQUITY ACTS ONLY IN PERSONAM.-Chancery cannot reverse or set aside a judgment of a law court for error or other cause, and order the law court to grant a new trial; but it can act on the person of the owner of the judgment by injunction against the enforcement of the judgment, and direct a trial by jury, and, upon verdict, either perpetuate or dissolve, in whole or in part, the injunction. Graham v. Bank, 45 W. Va. 701, 32 S. E. Rep. 345; Wynne v. Newman, 75 Va. 811.
In strictness, there is no such thing as an injunction to a judgment, because the court of chancery does not act upon the law court, and neither reverses, rescinds nor amends the judgment. It acts upon the party only, restrains him from enforcing the judgment by execution, and punishes him as for contempt for any violation of its mandate. Beckley v. Palmer, 11 G-ratt. 625.
“The court of chancery acts in personam, and not upon the court of law, which must decide all cases coming before it according to the legal rights of the parties.” Nichols v. Campbell, 10 Gratt. 560.
“The tribunal of the court of equity, does not act immediately upon that of the court of law, nor in any manner disrespectful to it; it only acts upon the party, and for good reasons existing in relation to him, restrains him from proceeding further.” Ashby v. Kiger, Gilmer 153.
“That the injunction operates upon the party only, and not upon the court, would seem to be a truism requiring no argument to support it.” Epes v. Dudley, 4 Leigh 145.
Jurisdiction.—The several superior courts of chancery have power to grant injunctions to the judgments of all courts of common law within their respective districts, and not otherwise; the place where the court of law is holden, and not the residence of the parties, furnishing the rule of jurisdiction in such cases. Cocke v. Pollok, 1 H. & M. 499.
Anomalous Condition of Affairs.—“The record exhibits the singular case of two chancellors in different districts disclaiming jurisdiction of a case brought before them by a bill of injunction to a judgment rendered in the district court of Charlottesville. The chancellor of the Richmond district, it is alleged in the bill, refused to grant the Injunction, although the defendants all resided within his jurisdiction, because the court, whose judgment was sought to be enjoined, was not within his jurisdiction. The chancellor of the Staunton district granted the injunction, but dismissed the bill afterwards, because, although the court which rendered the judgment sought to be enjoined, was within his district, yet none of the defendants resided therein." Tucker,!. Cocke v. Pollok, 1H. & M. 499. Thus, it will he seen from this opinion of Judge Tucker, the embarrassments and difficulties which arise under the statute limiting the jurisdiction of chancery to grant injunctions to judgments, the condition of affairs, as presented by him, being truly anomalous.
County Court Judge.—Under Va. Code 1873, ch. 175, sec. 6, the judge of the county court may award an injunction upon a bill addressed to the judge of the circuit court. “Whether the judgment or proceeding enjoined be of a superior or inferior court of his county or district, or the party against whose act or proceeding the injunction be asked, resides in or out of the same; provided such act or proceeding is apprehended, or is to be done, or is doing, in his county or district.” Rosenberger v. Bowen, 84 Va. 660, 5 S. E. Rep. 697.
The circuit court of Richmond city alone has j urisdiction to enjoin or affect any judgment in behalf of the commonwealth of Virginia. Code of Va. 1873, ch. 165, sec. 1; Com. v. Latham, 85 Va. 632, 8 S. E. Hep. 488.
“I have said that the general principle of our laws was that the locality of the law court determines the equitable jurisdiction. There is nothing in the act of January, 1802, singly considered, which abandons this principle; and, on the contrary, the act of February. 1802, seems strongly to support It. In most cases, the restraint upon the clerk of the law court is amply sufficient for the complainant; for without the act of the clerk no execution can go upon the judgment; and, this being the case, the defendants, wherever residing, will find their interest in coming in, submitting to the jurisdiction, and moving to dissolve the injunction. If, before the clerk of the law court receives notice that an injunction is awarded, he has, in fact, divested himself of his power, by actually issuing the execution into another district, beyond the limits of the chancery court, I am not at present prepared to say whether the process of the court may not pursue the execution, on the general principle that, where a jurisdiction exists, every necessary power shall be implied, to carry it into complete effect.” Cocke v. Pollok, 1 H. & M. 499.
Venue.—The 41st section of the circuit superior court of law, Supp. to Rev. Code, ch. 109, giving jurisdiction to each of the judges of the circuit superior courts, to award injunctions. to judgments rendered or proceedings apprehended out of his own circuit, but directing that, in such case, the *220 order for the process of injunction shall be directed to the clerk of the court of that county wherein the judgment is rendered or the apprehended proceeding is to be had, gives the judge jurisdiction only to award the injunction, not to hear and determine the cause. Randolph v. Tucker, 10 Leigh 655.
The court of one county may, on its equity side relieve against a judgment at law, rendered in another county court, by way of original jurisdiction. And though it cannot award a new trial at the bar of that other court, yet it may direct an issue to be tried at its own bar. And if the relief be afforded without the trial of an issue, where that is proper, the high court of chancery may, upon an appeal, after reversal, retain the cause, and direct an issue to be tried. Ambler v. Wyld, 2 Wash. 36.
G. EXTENT OP RELIEF.
Decree Repayment of Amount Collected.—A court of equity, having dissolved an injunction against the assignee of a bond, because the payments, for which credits are claimed bj' the complainant, were made to the obligee after notice of the assignment, ought further to decree, that the obligee (being a defendant to the bill) do repay the sum so received by him, so soon as the complainant shall have paid the amount of the judgment to the assignee. Roberts v. Jordans, 3 Munf. 488.
“This bandying of suitors for justice, from court to court, may answer some purposes which, however, I am sure the gentlemen had not in view, but will not produce speedy and substantial justice, the legitimate ends of all courts, and which requires that the decree, in the present instance should be reversed anda perpetual injunction awarded. And I agree with the judge near me, that such be the decree of the court, with this addition, that it shall provide for the repayment of the money, if paid under the dissolution of the former injunction.” Branch v. Burnley, 1 Call 147. A similar order for repayment was made in Stanard v. Brownlow, 3 Munf. 229.
Cannot Enter Personal Decree.—Where upon a bill filed to enjoin a void judgment, the plaintiff is denied all relief for the reason that he has an adequate remedy at law, it is error to enter a personal decree against the plaintiff, for the amount of the judgment enjoined, upon the dissolution of the injunction. In such case, the only power possessed by the courtis to dissolve the injunction, and dismiss the bill, with costs. Kanawha & O. Ry. Co. v. Ryan, 31 W. Va. 364, 6 S. E. Rep. 924 ; Howell v. Thomason, 34 W. Va. 794, 12 S. E. Rep. 1088.
Relief against Portion of Judgment.—Where a plaintiff agrees to sell to a defendant a certain tract of land for a stated price, and put him in possession of the crops growing thereon, also of a stated value, but violates his agreement as to the crops, whereby the defendant loses them, and afterwards, the plaintiff recovers judgment for the full contract price, but the defendant refuses to pay for the crops, he may have judgment perpetually enjoined to that amount. Booth v. Kesler, 6 Gratt. 350 ; Sanders v. Branson, 22 Gratt. 369. In the latter case the court said : “The circuit court, after refusing to relieve against the whole claim, had a right, both on the case stated in the bill and the prayer for general relief, to give such relief as was equitable and just." See also, Mason v. Nelson, 11 Leigh 227.
Where a party for himself and others sells a part of a tract of land to another and receives his bonds for the purchase money, and the others refuse to confirm the contract, but sell their interest in the whole to the purchaser, the latter may enjoin a judgment recovered by the first vendor on the purchase money bonds, and be relieved in so far as he has been injured by such vendor’s failure to procure the others to execute the contract. Jaynes v. Brock, 10 Gratt. 211.
“The rule has been long established, that a court of chancery will not entertain a bill for the purpose of allowing a man to make a defence, which he might have made in the court of law; unless he shows some good reason why he did not avail himself of that defence in a court of law. This rule is founded on the principle, that there ought to be an end of litigation ; and that, consequently, where a matter has been once fairly investigated and decided in one forum, it shall not again become the subject of controversy in another. It was intended as a shield for the party who had prevailed at law, but, if he does not choose to avail himself of its benefit, if he voluntarily goes into the merits of the case, and in his answer, admits facts, which, if they had appeared to the court of law, would have there produced a different result, neither the rule, nor the principle of the rule, is violated by pronouncing a decree, justified by his own admissions.” Vanlew v. Bohannan, 4 Rand. 537.
Condition for Relief.—A person coming into a court of equity to impeach a judgment at law, must, on his part, do what equity requires. Lipscomb v. Winston, 1 H. & M. 453 ; Payne v. Dudley, 1 Wash. 196.
Judgment Stands as Security.—Where there has been a recovery at law, and _ the defendant seeks relief in equity, in the nature of a new trial, the judgment at law stands as a security for what the plaintiff may be justly entitled to. Knifong v. Hendricks, 2 Gratt. 212; Bank v. Hupp, 10 Gratt. 33; Grafton & G. R. Co. v. Davisson, 45 W. Va. 12,29 S. E. Rep. 1028.
“A judgment at law, however obtained, no matter by what fraud, accident or surprise, is allowed to stand as a security for what is justly due, whether that be a part or the whole of the debt recovered.” Bank v. Vanmeter, 4 Rand. 553, 555.
Accounts.—Where the subject of the action is accounts, a court of equity will not direct a new trial at law, but will refer the accounts to a commissioner, and itself give the proper relief, but will permit the judgment to stand as a security for the sum ascertained to be actually due. Rust v. Ware, 6 Gratt. 50. See also, Jaynes v. Brock, 10 Gratt. 214.
H. HEARING AND PINAL DECREE.—In Pinney v. Clark, 86 Va. 354, 10 S. E. Rep. 569, a bill for injunction against a judgment is brought on the ground that it is void for want of legal service of process, the prayer of the bill being to restrain the collection of the execution, to vacate the judgment, and to give the complainantin the bill an opportunity to make his defence at law, but raises no issue as to the merits. The plaintiff in his answer raised such issue. It was held that as the only question before the court of chancery was the validity, it had no right, of its own motion, to assume jurisdiction in the merits of the cause, but the execution on the judgment should be perpetually enjoined, the judgment vacated, and the cause remanded to be proceeded in at law by an alias summons properly served.
Will Set Aside Judgment in Toto,—When the plaintiff at law recovers more than he is in conscience *221 entitled to, and there is no standard by which a court of equity can ascertain the amount of the excess unrighteously recovered, the" court will set aside the verdict in ioto. M’Rae v. Woods. 2 Wash. 80.
Trial of Legal Issues in Equity.—Under circumstances, inducing suspicions, that a bond (on which a judgment at law had been obtained against an executor) was counterfeit, or fraudulent, upon a bill filed by the executor, relief was given in equity, by directing an issue to try whether the bond in question was the deed of the testator or not; and, if so, -what was the consideration on which it was founded, notwithstanding the trial at law was upon the plea of payment put In by counsel, and a new trial moved for by the complainant was refused by the court. West v. Logwood, 6 Munir. 491.
A court of equity, upon enjoining a judgment at law, may direct an issue to be tried at its own bar, and if relief be afforded without the trial of an issue, when that is proper, the high court of chancery may, upon an appeal, after reversal, retain the cause, and direct an issue to be tried. Counsel need not be alarmed about objections to the form of proceeding, since being an issue out of chancery, and to be certified there, all forms in the proceeding at law will he out of the question. Ambler v. Wyld, 2 Wash. 86; Hadfield v. Jameson, 2Munf. 60.
“There are cases in which the court has required the defendant in chancery to submit to a new trial in the action at law, and restrained him from enforcing the judgment complained of. But the regular course would seem to be for the chancery court to order such issue or issues as may be proper, and to base its decree on the finding of the jury at the hearing, either dissolving or perpetuating the injunction, in whole or in part, according to circumstances. Such was the course pursued by this court in Knifong v. Hendricks, 2 Gratt. 218. In the present case, if a new trial was proper, the court should have ordered an issue, the same as in the action at law. to be tried as other issues out of chancery are tried, the verdict of the jury, if the trial was in the law court, to be certified in the chancery court, and in the meantime continue the injunction until the hearing of the cause; and if the finding was for the defendant and affirmed, dissolve the injunction; if for the plaintiff, perpetuate the injunction and decree for the complainant according to the verdict.” Wynne v. Newman, 75 Va. 811. See also, Moore v. Lipscombe. 82 Va. 546.
After an injunction has been granted and a trial at law directed, the court may, if satisfied that the injunction ought to have been dissolved, set aside the order for a new trial, and dissolve the injunction, although no verdict has been certified. Vass v. Magee, 1 H. & M. 2.
It is error for a court of equity, on application to enjoin a judgment at law and grant a new trial, to perpetuate the injunction, set aside and cancel the judgment, direct a new trial of the cause which has been terminated, and finally dispose of the suit in equity. The court of equity in such case should have continued the injunction, directed proper issues, and upon the coming in of the verdict perpetuated the injunction, or dissolved it in whole or in part, according to the finding of the jury. Knifong v. Hendricks, 2 Gratt. 212; Bank v. Hupp, 10 Gratt. 33.
Issues Directed to Be Tried by Jury.—where a bill is filed to enjoin a judgment on the ground that the debt on which it is founded is for money won at cards, it being doubtful on the evidence, whether such was the consideration, or if it was, whether the plaintiif in the judgment, who was a transferee of the debt, had not been induced to take the transfer of the debt under the belief, induced by the concealment or misrepresentation of the debtor, that the consideration of the debt was good and lawful; the court should continue the injunction, and direct issues to be tried by a jury for the purpose of ascertaining these facts. Nelson v. Armstrong, 5 Gratt. 354. See also, Hord v. Dishman, 5 Call 283.
nust Confess Judgment.—-The general rule is, that when a party comes into a court of equity, to be relieved against proceedings at law, he must confess j udgment at law, and rely solely on the court of equity for relief. Warwick v. Norvell, 1 Leigh 96. See generally, monographic note on “Judgments by Confession,” appended to Richardson v. Jones, 12 Gratt. 53.
“And even courts of equity themselves admit, that the plaintiff at law may proceed so far, as that he maybe at liberty, eo instante that the injunction is dissolved, to take out execution.” ISpes v. Dudley, 4 Leigh 145.
If proceedings on a judgment at law be enjoined by a court of chancery, and the injunction be after-wards dissolved; and on appeal, the order of dissolution is affirmed in omnibus; an execution may be sued out on the judgment at law, before the decree of affirmance is entered up in the court of chancery. Kpes v. Dudley, 4 Leigh 145.
Moreover, the judgment creditor may take any other steps, pending the injunction, so as to place himself In a condition to sue out execution as soon as the inj unction may be dissolved. Thus, a party plaintift, whose judgment has been enjoined, may, upon the death of the defendant pending the injunction, revive it against his personal representative, otherwise he will not be in a situation, upon the dissolution of the injunction, to issue execution, but must then be delayed till he can sue out his scire facias and obtain the order of revival. Richardson v. Prince George County, 11 Gratt. 190.
“There is no hardship in confining a party to one jurisdiction. It is a general principle of equity, that a man shall not be permitted to sue, both in law and equity, for the same thing; this principle has given rise to the practice of requiring a release of errors at law on obtaining inj unctions to j udgments. It is bottomed on a principle, that a man may waive any particular right or benefit, and on the evident justice of preventing a party from being vexed and harassed in various courts for the same cause, but that he shall stand or fall by the election he has made.” Roane, J. Branch v. Burnley, 1 Call 147.
Release of Errors.—when a chancellor fails on granting an injunction to require a release of errors, the court of appeals will still respect the principle. Ashby v. Kiger. Gilmer 153. See “Judgments by Confession” appended to Richardson y. Jones, 12 Gratt. 53.
If a rel ease of errors be pleaded to a supersedeas, and found for the defendant in error, the judgment should be, not that the judgment of the court below be affirmed, but that the plaintiff be barred of his writ of supersedeas. Hite v. Wilson, 2 H. & M. 268.
XIII. JUDGMENTS BY DEFAULT.
A. IN WHAT ACTIONS APPLICABLE.
Criminal Cases,—At common law no judgment by default could be rendered fin a misdemeanor case. State v. Slack, 28 W. Va. 372.
*222 The term judgment by default applies strictly and technically to actions at common' law only. Davis v. Com., 16 Gratt. 134.
Effect of Statute.—But sec. 5, ol' ch. 134, W. Va. Code, includes judgments for fines in misdemeanor cases, as well as judgments in civil cases, where such judgments are entered by default. State v. Slack, 28 W. Va. 372.
Under Code W. Va. 1891, ch. 158, sec. 20, no judgment by default for imprisonment can be rendered for any misdemeanor either under chapters 32 or 151 or for any other statutory misdemeanor, but there may be a judgment for a fine by default. A defendant may appear by counsel in any misdemeanor case, though it be punishable by imprisonment, but in no case can there be judgment of imprisonment without having the defendant present at its rendition. State v. Campbell, 42 W. Va. 246, 24 S. E. Rep. 875.
1. Judgments by Deeaubt under Statutes.—All judgments, where there has been no appearance by the defendant, are judgments by default within the meaning of sec. 5, ch. 134 of W. Va. Code of 1868, and Va. Code, sec. 3451. State v. Slack, 28 W. Va. 372; Adamson v. Peerce, 20 W. Va. 59; Bank v. McElfresh, etc., Co. (W. Va.), 37 S. E. Rep. 541; Smith v. Knight, 14 W. Va. 749. But see Holliday v. Myers, 11 W. Va. 278; Carlon v. Ruffner, 12 W. Va. 298; Brown v. Chapman, 90 Va. 174, 17 S. E. Rep. 855; Davis v. Com., 16 Gratt. 134; Baker v. Mfg. Co., 6W. Va. 196; Meadows v. Justice, 6 W. Va. 198; Dickinson v. Lewis. 7 W. Va. 673; Forest v. Stephens, 21W. Va. 316; Midkiff v. Lusher, 27 W: Va. 439; Higginbotham v. Haselden, 3 W. Va. 269.
Judgment after Withdrawal of Plea.—But a judgment rendered against the defendant after withdrawal of his plea is neither a judgment by default nor by confession. Holliday v. Myers, 11W. Va.276; Carlon v. Ruffner, 12 W. Va. 297.
It is a judgment rendered upon proof of the cause made to the court without issue joined between the parties then before the court. Carlon v. Ruffner, 12 W. Va. 297.
A judgment, however, stating that the defendants were solemnly called and not appearing, on motion, etc., is a judgment by default; though it is stated at the foot of the judgment that on the motion of the defendants the. execution on this judgment is suspended for sixty days, upon the execution of a suspending bond. Goolsby v. Strother, 21 Gratt. 107, and note.
Office Judgment—An office judgment by default confirmed in an action of debt, although the service of process be insufficient, is a judgment by default within the meaning of the statute. Goolsby v. St. .John, 25 Gratt. 146.
Proceeding by Motion.—“The case of a motion comes within the reason of the statute, and I think the term judgment by default was intended to apply to all judgments where there was a default of appearance.” Davis v. Com., 16 Gratt. 134. See also, Preston v. Auditor, 1 Call 471; Cunningham v. Mitchell, 4 Rand. 189.
Proceeding by Notice.—A proceeding by notice, although not a technical judgment by default at common law, falls within the equity, and was intended to be embraced within the scope of Code of W. Va., ch. 134, sec. 3, 5, 6. Smith v. Knight, 14 W. Va. 749.
Contract Sounding in Damages.—Under Va. Code 1887, sec. 3211, providing that a person “entitled to recover money by or on any contract may, on motion, * * * obtain judgment therefor,” one cannot obtain a judgment for a breach of contract on motion in an action sounding in damages. Wilson v. Dawson, 96 Va. '687, 32 S. E. Rep. 461.
But whether the judgment be technically or strictly by default, or merely quasi by default, the effect and the law, and the reason of the law are precisely the same, for all judgments where there-has been no appearance by the defendant, are judgments by default within the meaning of the statute, Va. Code, ch. 181, sec. 5, p. 681. Goolsby v-St. John, 25 Gratt. 146; Davis v. Com., 16 Gratt. 134;. Staunton Perpetual B. & L. Co. v. Haden, 92 Va. 201,. 23 S. E. Rep. 285.
B. PARTIES TO DEFAULT.
1. In Whose Favor.
a. Deceased Plaintiff—A judgment rendered by default in a suit instituted in the name of a dead person is not void but merely erroneous or void able, and cannot be collaterally attacked, where the defendant is duly served but fails to appear and defend. Wattv. Brookover, 35 W. Va. 323, 13 S. E. Rep. 1007; McMillan v. Hickman, 35 W. Va. 705,14 S, E. Rep. 227. See also, Evans v. Spurgin, 6 Gratt. 107.
2. Against Whom.
а. Parties Not Named in Writ or Declaration.—In a suit against a mercantile company, if the names of the partners be omitted in the writ and declaration, and the writ be served on a person not named in either, a judgment against the company for that person’s failing to appear, cannot be sustained. Scott v. Dunlop, 2 Munf. 349.
б. Infants—It is error to take judgment against an infant by default, who is not stated on the record, to have appeared by his guardian to defend the suit, or that the guardian appointed by the court ever acted, or had notice of such appointment. Fox v. Cosby, 2 Call 1.
And an office judgment against an infant, who in the writ, is named as defendant “by J. K. his guardian,” cannot be supported, but must be reversed in toto, if there be nothing in the record to show that J. K. was guardian by testament, or ex provisions legis, or guardian ad litem, appointed by the court. Brown v. M’Rea, 4 Munf. 439.
c. Deceased Defendant—Where j udgment by default, is rendered against a defendant after his death, upon due servicé of process, such judgment is not void, but voidable, and cannot be collaterally attacked. King v. Burdett, 28 W. Va. 601.
d. Executors.—A judgment by default, against an executor, is prima facie admission of assets. Mason V. Peter, 1 Munf. 437.
Dissability Accruing Pending the Suit—The subsequent disability of the defendant does not render void a judgment by default where the court has once fairly acquired jurisdiction of the cause and parties. See Neale v. Utz, 75 Va. 480, holding that the judgment could not be collaterally assailed. See also, Turnbull v. Thompson, 27 Gratt. 306.
Joint Judgments.—Where, in a joint action of debt against two, a judgment by default goes against, one, and the other pleads to the action, and there is a trial, then there should be one and the same joint judgment against both. Peasley v. Boat-wright, 2 Leigh 196. Seeinfra, thisnote, II,D., “Joinder of Parties.”
Plea of Nil Debet by One.—Where an action is brought against the makers and endorsers of a, negotiable note, and one of the makers files a plea of nil debet, upon which the cause is discontinued as to him, and a judgment by default goes,against the- *223 others for non-appearance, such judgment is valid against them. Code of Va. 1860, ch. 177, sec. 19; Muse v. Farmers’ Bank, 27 Gratt. 252.
3. Joint Parties.
Joint Codefendants—Irregular Service of a Portion. —A joint judgment by default against several defendants, a portion of whom are not served with process, or if served, the service is irregular, is erroneous, and may be reversed on motion under W. Va. Code, ch. 134, sec. 5, though it has been satisfied by another defendant. Ferguson v. Millender, 32 W. Va. 30, 9S. F. Rep. 38; Laidley v. Bright, 17 W. Va. 799; Carlon v. Ruffner, 12 W. Va. 299; Vandiver v. Roberts, 4 W. Va. 498; Midkiff v. Lusher, 27 W. Va. 439.
If the writ be issued against, and served upon, one person only, who alone appears and pleads, if the declaration be against him and another, and judgment be entered against “the defendants,” such judgment is to be understood as against both, and therefore erroneous as to the one who never pleaded. And such erroneous judgment may be reversed (as to the person against wh om it is improperly entered), upon appeal taken by the other defendant. Graham v. Graham, 4 Munf. 205.
Partners.—In order for a joint judgment to be rendered against all the partners of a firm, process must be served on all, otherwise such joint judgment will be reversed in toto, under Code of W. Va., ch. 134, sec. 5, on motion. Ferguson v. Millender, 32 W. Va. 30. 9 S. F. Rep. 38.
It was held in Bowles v. Huston, 30 Gratt. 266, that a judgment in New York under the Code of Procedure of that state against the members of a dissolved partnership, one of whom was not served with process and did not appear in person or by attorney in the suit, is not such a judgment as is contemplated by the constitution and act of congress, as to such person.
4. Jurisdiction of Person.—A personal judgment or decree cannot be rendered against a defendant who is not served with process, and who does not appear. McGavock v. Clark. 93 Va. 810, 22 S. E. Rep. 864; Wilson v. Bank of Mount Pleasant. 6 Leigh 574, opinion of Tucker, P.; Gray v. Stuart, 33 Gratt 351; Fowler v. Lewis, 36 W. Va. 112, 14 S. E. Rep. 447, citing, besides the above cases, Lamar v. Hale, 79 Va. 147; Wade v. Hancock, 76 Va. 620; Houston v. Mc-Cluney, 8 W. Va. 135; Capehart v. Cunningham, 12 W. Va. 750.
Invalid Service.—An invalid service is the same as no service whatever; and the law is well settled that a judgment rendered without an appearance by or service upon the defendant is void for want of jurisdiction in the court to pronounce the judgment. Kanawha & O. Ry. Co. v. Ryan, 31 W. Va. 364, 6 S E. Rep. 924; Blanton v. Carroll, 86 Va. 539, 10 S. E. Rep. 329.
Judgment on Void Process.—A judgment on a writ of scire facias, returnable on its face not within ninety days, can only be treated as a judgment rendered without service of process, because rendered on a void process, and is therefore void, because the imperative command of the statute (Code of Va. 1873, ch. 166. sec. 2), is that process from any court whether original, mesne, or final, except a summons for a witness, shall be returnable within ninety days, etc., and hence a writ not returnable within such prescribed time is in violation of the mandatory provision of the statute, and any judgment rendered thereon, is necessarily void. Lavell v. McCurdy, 77 Va. 763; Warren v. Saunders, 27 Gratt. 259.
a. Appearance and Defence as Waiver— But judgments or decrees in personam may be rendered, by state courts, against nonresident defendants, who are summoned merely by publication, where they appear and defend on the merits, for thereby they submit themselves to the jurisdiction of the court. Grubb v. Starkey. 90 Va. 831, 20 S. E. Rep. 784; Pennoyer v. Neff, 95 TJ. S. 714, distinguished.
Though where a defendant appears in term to have an irregular process quashed, it is not an appearance to the action which dispenses with further and proper process. Wynn v. Wyatt, 11 Leigh 584.
Appearance Bail Discharged.—If the defendant, in debt on a bond, appears and pleads, without giving special bail, and the court, without ruling him to give such bail, sets aside the office judgment against him, his appearance bail is thereby discharged. Grays-v. Hines, 4 Munf. 437.
Foreign Judgments.—If the plaintiff recovers judgment against the defendant, in a suit by attachment, without the defendant’s appearance, the judgment will have no eifectin another state, as a personal judgment against the debtor. But if the* defendant appears and defends himself in person or by attorney, then the judgment will have the same force and effect everywhere, as a judgment, recovered in an ordinary suit. In such a case the record may show upon its face that the debtor did or did not appear, and if it does, the judgment will have effect accordingly. If the record does not show whether he did or did not appear, the presumption is in favor of the validity of the judgment. Fisher v. March, 26 Gratt. 765.
Effect in Foreign State.—But in such a case, if the record does not state that the debtor did or did not appear, or even if it states that he did appear, in a suit upon this judgment in another state, the defendant may, by his pleading and evidence, aver and prove the contrary. Fisher v. March, 26 Gratt. 765.
Construction of Statutes.—It was held in Gilchrist v. W. Va., O. & O. L. Co., 21 W. Va. 115, that by the construction, which the New York courts put upon the New York statutes authorizing proceedings against foreign corporations, no judgment in ‘personam can be rendered in that state against a foreign corporation, unless it has appeared to the action.
“It lies at the very foundation of justice, that every person who is tobe aifected by an adjudication should have an opportunity of being heard in defence, both in repelling the allegations of fact and upon matters of law; and no sentence of any court is entitled to the least respect in any other court or elsewhere when it has been pronounced ex parte and without opportunity of defence.” Fair-fax v. Alexandria, 28 Gratt. 16; Underwood v. McVeigh, 23 Gratt. 409, and note; Connolly v. Connolly. 32 Gratt. 657.

b. Constructive Service.

.Strict Construction of and Strict Compliance with Statute.—“The procedure by constructive service of process in lieu of personal service, is a departure from the common law, and must be strictly followed. And, unless it appears from the record that the return was duly made, the judgment by default is void, and hence, if any prescribed interval of time | is required to elapse between the date of service of the process and the return day. or before the judgment by default, it must appear by the record that such required interval did intervene accordingly,, *224 or else the judgment by default is void, not voidable only.” 4Min.Inst. (3d Ed.) 647; Staunton Perpetual B. & Zi. Co. v. Haden, 92 Va. 201, 23 S. E. Eep. 285.
Por instances of the strict construction that has been put upon these statutes, see Lewis v. Botkin, 4 W. Va. 533, 538: Hoffman v. Shields, 4 W. Va. 490; Capehart v. Cunningham, 12 W. Va. 750.
Judgment against Nonresident.—A personal judgment by default cannot be rendered against a nonresident defendant, on publication merely; sucha judgment is void. “Even if there be attachment of effects of nonresidents, a personal judgment on publication, without service of process or appearance, is a nullity, except as to effects attached. O’Brien v. Stephens, 11 Gratt. 610; Black, Judgm. sec. 231; Cooper v. Beynolds, 10 Wall. (U. S.) 318; Coleman v. Waters, 13 W. Va. 278; Gilchrist v. Oil, etc., Co., 21 W. Va. 115.” Fowler v. Lewis, 36 W. Va. 112, 14 S. E. Eep. 447.
Corporations.—A judgment by default against a corporation, rendered on return of a summons which shows that the requirements of the statute have not been complied with, is a void judgment, and may be assailed collaterally by third parties, and, in the language of Freeman, in his excellent work on Judgments, at sec. 117, “It neither binds nor bars anyone. All acts performed under it, and all claims flowing out of it, are void.” Staunton Perpetual B. &L. Co. v. Haden,'92 Va. 201, 23 S. E. Eep. 285; Va. Code 1887, sec. 3225, 3226.
No Legal Service of Process—Judgment Void.— Where a judgment by default is obtained against a defendant without legal service of process, the judgment, based on such service of process, is void. Staunton Perpetual B. & L. Co. v. Haden, 92 Va. 201, 23 S. E. Eep. 285; Finney v. Clark, 86 Va. 354, 10 S. E. Eep. 569.
Waiver of Defective Service.—Thus, where a judgment was Obtained by default without legal service of process, the request of the attorney for ,the defendant that an item for attorney’s fees, which was improperly included in the judgment, be omitted therefrom, is not a waiver of defective service, because the judgment, being void, could not be ratified. Staunton Perpetual B. & L. Co. v. Haden, 92 Va. 201, 23 S. E. Eep. 285.
Summons Erroneously Directed.—Where, contrary to law, the summons is directed to the sheriff of another county than the one in which the suit is brought, the judgment by default is erroneous, but not void. Brown v. Chapman, 90 Va. 174, 17 S. E. Eep. 855.
Thus, where in debt against four obligors, one of whom is the high sheriff, the process goes into the hands of his deputy, who serves it upon him as well as the other three, to which he makesno objection; and there is a judgment by default against all of them, the process is properly served and the judgment is valid. Turnbull v. Thompson, 27 Gratt. 306.
Writ Not Signed by Clerk.—A judgment by default rendered upon a writ, a copy of which was not signed by the clerk, is erroneous, but not void. Laidley v. Bright, 17 W. Va. 779; Ambler v. Leach, 15 W. Va. ■677.
Date of Writ Blank.—Moreover, a judgment by default, rendered upon a writ, the date of which is blank, is valid and binding as a judgment, unless set aside by motion to the court or by writ of error. Ambler v. Leach, 15 W. Va. 677.
Express Waiver.—Where, upon a motion to reverse a judgment by default for defective service of proc-, ess on a sheriff by his deputy, the defendant, who was sheriff, says he wishes to take no advantage of such return, if defective, this is a waiver or retraxit of the motion, and a release of error as to him, though he is a plaintiff in the motion to reverse; and, as he alone is prejudiced by the alleged defect, it is no ground for reversal as to any of the defendants. Anderson v. Doolittle, 38 W. Va. 633,18 S. E. Eep. 726.
Appearance a Waiver.—The object of the service of process is to bring the party into court. A judgment by default, with process badly executed, would not be legal. By appearance to the action in any case for any other purpose than to take advantage of the defective execution or the nonexecution of process, a defendant places himself precisely in the situation in which he would be if process were executed upon him, and he thereby waives all objection to the defective execution or the non-execution of process upon him. Bank v. Bank, 3 W. Va. 386.
When a defendant has not been served with process in the action, and has not appeared to the action, it is error for the clerk to enter office judgment against him for failing to appear and plead, and to award a writ of inquiry of damages; -and it is also error under those circumstances for the court to have the damages assessed by the jury, and to enter judgment against the defendant for the damages found by the jury. A defendant in such a case has the right under the statute to move the court, after proper notice, to reverse the judgment and correct the proceedings, and upon the court’s refusal to do so, then to bring the matter before the appellate court by writ of error. Capehart v. Cunningham, 12 W. Va. 750; Houston v. McCluney, 8 W. Va. 135.
Irregularity—Plea to Action as Waiver.—A capias ad respondendum, in debt on bond, returnable to August rules, being returned executed, and the defendant not appearing, the clerk enters the common order; at September rules the defendant appears and puts in special bail, but does not plead; the plaintiff insists that the clerk shall enter a confirmation of the common order, so as to put the case on the office judgment lists of the next term, which the clerk refuses to do; at the next term, the court orders the case to be put on the office judgment, and then the defendant puts in a plea to the action; and at the ensuing term, there is a trial, verdict, and judgment for the defendant. The court held, without deciding whether it was regular or not to order the case to be put on the office judgment list, that the defendant’s pleading to the action, was a waiver of objection to the regularity of the order. Powell V. Watson, 3 Leigh 4.
C. WHEN DEFAULT MAY BE TAKEN.
Scire Facias against Bail.—Upon a scire facias against special bail, he obtained a bail piece, arrested his principal, surrendered him to the jailer and took the jailer’s receipt for his body, and gave notice thereof to the attorney of the plaintiffs, they not residing in the county. Notwithstanding all this, there was an office judgment upon scire facias against the bail, and he not appearing to defend the case at the next term, the office judgment was confirmed. It was held that equity will not relieve the bail. Allen v. Hamilton, 9 Gratt. 255.
Time for Hearing.—Va. Code 1873, ch. 166, § 6, applies to judgments by default, and, perhaps to decrees or bills taken for confessed and not where the defendants appear and answer; and the thirty days necessary to elapse in order to ripen the cause for hearing on its merits, are thirty days from the *225 service, not the return, of the process. Robinson v. Mays, 76 Va. 708.
1. Entry.
When Judgment to Be Entered.—It is error in a court of law to enter a judgment against a defendant, on the day after a conditional judgment has been confirmed at the rules. The defendant has until the next term after the conditional judgment is confirmed in the office, to set it aside, under the act of the assembly. Green v. Skipwith. 1 Rand. 460.
In the case of a judgment by default, final judgment must not be entered against a defendant 'within one month after he was served with process, for according to the true construction of onr statutes, where less than one month has elapsed between tbe service of process and the end of the succeeding term, the conditional judgment will become final at the term next succeeding the expiration of one month after the service of process. Va. Code 1873, ch. 166, sec. 6; Dillard v. Thornton, 29 Gratt. 392, and note; Robinson v. Mays, 76 Va. 708.
Entry before Return of Writ.—A judgment entered in the clerk’s office, before the execution and the return of the writ is erroneous, and cannot be supported by the writs being returned executed to the term when the judgment is made final. Higginbotham v. G arland, 2 Munf. 491; Winchester v. Bank, ,2 Munf. 339.
Entry against Defendant and Bail.— It seems that, where a judgment is entered in the clerk’s office against the defendant and bail, a copy of the bail ought to be inserted in the record. Shelton v. Pollock. 1H. & M. 422.
Entry of Judgment Containing Indorsement of Credit.—A judgment by default, for want of appearance, founded on an instrument of writing for the payment of money, on which an endorsement of credit is made by the plaintiff himself, ought to be entered subject to such credit; or if the plaintiff refuses to take the judgment in that way, a writ of enquiry should be awarded. Rees v. Conococheague Bank, 5 Rand. 326.
Appearance Bail.—If an office judgment be set aside and the suit defended by the appearance bail, and he afterwards waives his plea, judgmentis to be entered against the defendant as well as the bail. Vanmeter v. Fulkimore, 1 H. & M. 329, and note ; Wallace v. Baker, 2 Munf. 334 ; Lee v. Carter, 3 Munf. 121.
Common Order Entered Prematurely.—it is error sufficient to reverse an office judgment that the common order was entered before the plaintiff filed his declaration. Waugh v. Carter, 2 Munf, 333.
Affidavit.—The proper construction of sec. 46, ch. 125 of the W. Va. Code, is that if the affidavit required by that section is filed during the first term of the court after the office judgment at rules, or at any time during the following vacation of the court, final judgment may be entered during that term in court on or before the fifteenth day thereof, or during that vacation by the clerk. But if the affidavit be not made during that term, or during the following vacation, then the clerk has no authority to enter np final judgment, but the plaintiff must prove his -case before the court, before j udgment is given him. Farmers’Bank v. Montgomery, 11W. Va. 169; Hunter v. Snyder, 11 W. Va. 198.
Declaration Defective.—Jt seems that where an office judgment is reversed on the ground that the declaration is radically defective, the appellate court, if the writ be correct, will not enter judgment for the defendant, but will send the cause back to be proceeded in from the writ. Hill v. Harvey, 2 Munf. 525.
Cause Properly on Office Judgment Docket.—If the common order and the common order confirmed have been regularly entered at rules, the cause is properly on the office judgment docket at the next term of the court; though no endorsement of the proceedings may have been made upon the papers in the cause. Wall v. Atwell, 21 Gratt. 401.
When to Be Placed on Docket.—A capias ad respondendum was issued, returnable to the rules, on the first Monday in April, and on that day common order was entered; the first Monday in May was the next rule day, on which day the common order was confirmed in the office. On the same day the court sat’. Held, it was not regular to place that case on the office judgment docket of that term, because 1 Rev. Code 1819, ch. 128, sec. 76, p. 506-7, directs that the docket shall be made out before every term. White v. Archer, 2Va. Cas. 201.
Irregularity in Proceeding in Office.—But if the proceedings in the office have been so irregular that the cause is not properly on the office judgment docket, the court should remand it to the rules for proper proceedings. Wall v. Atwell, 21 Gratt. 401.
D. ON DEFEND ANT’S FAILURE TO PLEAD.
Rule to Plead.—The defendant in ejectment may, upon notice to the plaintiff appear at the next term of the court, and move the court to set aside the judgment by default, and allow him to plead thereon, where the plaintiff has not served the defendant with notice of a rule to plead, as the statute required. Smithson v. Briggs, 33 Gratt. 180.
But the defendant may be ruled to trial in the county court, at the first term after the office judgment. Mandeville v. Mandeville, 3 Call 225.
Interrogatories.—it is proper to permit the answers to interrogatories of one defendant to be read to the jury on the trial of the cause although the judgment has been had against him in the clerk’s office, and has become final by the rising of the succeeding term of court, no issuable appeal having been filed. Lazzell v. Mapel, 1W. Va. 43.
Failure or Refusal to Plead.—Under Va. Code 1887, § 3211, providing for the judgment in fifteen days’ notice in an action by a person entitled to recover money, the defendant is not entitled to a jury trial, on failure or refusal to plead. Preston v. Salem Imp. Co.. 91 Va. 583, 22 S. E. Rep. 486.
Submission of Issue to Jury.—Where the defendant has not appeared and made defence to a motion, upon notice, against him and his sureties, and judgment is rendered against him by the court at the instance of the plaintiff; and the record of the judgment erroneously states: “This day came the parties by their attorneys, and neither party requiring a jury, all matters of law and fact are submitted to the court,” it is not error for the court, upon the motion of the defendant at the same term to set aside the judgment. And the court may do so ex mero motis. Smith v. Knight, 14 W. Va. 749: Ballard v. Whitlock. 18 Gratt. 235.
Craving of Oyer.—If, in an action of debt on bond, the bond or deed sued on is not filed with the declaration, and the defendant appears at rules and craves oyer of it, which the plaintiff does not give, and the defendant will not plead without oyer, the clerk may properly take the rules without regard to the craving of oyer, so that the case may be ready to be disposed of at the next term of the court. Smith v. Lloyd, 16 Gratt 295.
No Plea in Cause.—If there be an office judgment *226 against the defendant, in an action on. the case, and a writ of inquiry, and, afterwards, without any plea in the cause, the jury be sworn as if there were an issue, and a verdict be found for the defendant, the verdict will be set aside, and a new trial directed. M’Million v. Dobbins, 9 Leigh 422.
Expiration of Time to Plead.—Parties who are proceeded against by order of publication have one month after the order is completed to appear and plead; and it is error to confirm a conditional judgment at rules before the expiration of that time. Higginbotham v. Haselden, 3 W. Va. 266.
B. PLEADING OP DEPENDANT UNDISPOSED OP.
While Demurrer on File—Pending Motion,—“When an answer or other pleading of a defendant raising an issue of law or fact is properly on file in the case, no j udgment by default can be entered against him. To authorize a default, the answer or other pleading must be disposed of by motion, demurrer, or in some other manner. Por the same reasons, a default cannot be entered while a motion is pending.”
1 Black, Judgm. sec. 86. Approved in Johnston v. Bank, 41W. Va. 550, 23 S. E. Rep. 517.
P. STATUTE OP JEOPAILS.—In general, the statute of jeofails is not applicable in case of a judgment by default for want of appearance; but if the party has once appeared, though he makes default, afterwards, and then there is judgment against him by such default, the statute of jeofails is applicable. Bargamin v. Poitiaux, 4 Leigh 412'.
Does Not Cure Errors or Defects in Proceedings.—In cases of judgments by default, the statute of jeofails does not apply to cure errors and defects in the proceedings. Wainwright v. Harper, 3 Leigh 370; Hatcher v. Lewis, 4 Rand. 152; Payne v. Britton,
6 Rand. 104, opinion of Judge Green.
G. .WRIT OP INQUIRY.—It is error to enter a judgment on the office without awarding an inquiry of damages. Shelton v. Welsh, 7 Leigh 175.
Common-Law Rule—According to the common law, as recognized and settled in West Virginia, there can be no final judgment by default in any action at law sounding in damages, in the absence of a writ of enquiry, either in the circuit court or before a justice, when the value in controversy or the damages claimed exceed twenty dollars, and the right of either party, if he demands it, to have such writ executed by a jury, is guarantied by the West Virginia constitution. This right does not depend upon the condition of the pleadings, or the conduct of the adverse party. It is a right which may be invoked by either party, whatever may be the wishes or the actions of the opposite party. Hickman v. B. & O. R. Co., 30 W. Va. 296, 4 S. E. Rep. 654.
When Writ of Inquiry to Be Executed.—A writ of inquiry cannot be executed in the general court, or a district court, at the term next succeeding the rule day on which the office judgment was confirmed; because the defendant has the whole term to set aside the writ of inquiry, and plead to issue. Craghillv. Page, 2H. & M. 446. See Va. Code 1887, sec. 3288.
Power of Court to Correct.—But where the clerk improperly enters an order for a writ of inquiry in an action for damages, at rules, the court may correct the mistake, or disregard it, and enter judgment as though no such order had been entered. Anderson V. Doolittle, 38 W. Va. 629, 18 S. B. Rep. 724.
Insurance Policy—Provision as to Adjustment.—It was held in Commercial Union Assurance Co. v. Everhart, 88 Va. 952,14 S. E. Rep. 836, that a policy of fire insurance, containing a provision that, if there be other insurance on the property, the loss, if any, shall be adjusted among the several insurers, is not a "writing for the payment of money,” within Va. Code, sec. 3285, dispensing with an inquiry of damages in an action on such writing in case of judgment by default.
Appearance Bail Not Taken.—If j udgment be entered against the defendant and sheriff, in a case in which the sheriff was not required to take appearance bail, the court ought to set it aside as to the sheriff, when this is disclosed before executing the writ of inquiry. Williams v. Campbell, 1 Wash. 153.
Confirmation without Writ of Inquiry.—Where a joint action is brought against the drawers and endorsers of a negotiable note, an office judgment cannot be confirmed against all or either of the defendants, without a writ of inquiry. Hatcher v. Lewis, 4 Rand. 152.
Declaration in Debt for Money Lent.—A judgment at rules in the clerk’s office cannot lawfully be made final, on a declaration in debt, for money lent, and not alleged to be founded on any specialty, bill or note in writing, until a writ of inquiry has been awarded and executed. Hunt v. M’Rea, 6 Munf. 454; Shelton v. Welsh, 7 Leigh 175.
Intervention of Jury—Ejectment.—An office judgment in an action of ejectment, does not become final without the intervention of the court or a jury, but there ought, in every such case, to be an order for an inquiry of damages. The James River & Kanawha Co. v. Lee, 16 Gratt. 424, and note-. Smithson v. Briggs, 33 Gratt. 180; Hickman v. B. & O. R. Co., 30 W. Va. 296,4 S. E. Rep. 654.
Negotiable Notes.—As a negotiable note is not as to the indorser, a note for the payment of money within the meaning of the act of 1804, judgment consequently cannot be rendered in such case, without the intervention of a jury, and on reversing a judgment by default in such action, the defendant will be allowed to obj ect to the merits in the court below. Metcalfe v. Battaile, Gilmer 191.
H. APPLICATION FOR RELIEF.
Form of Notice to Reverse.—A notice to reverse or correct a judgment by default, need not be in writing. All that is requisite is, that there should be reasonable notice. Dillard v. Thornton, 29 Gratt. 392.
Default on Forfeited Forthcoming Bond.—When a judgment and award of execution upon a forfeited forthcoming bond, has been entered by default, upon a day prior to that to which notice is given, the court in which the judgment and award of execution is rendered has jurisdiction on the motion of the plaintiff to set aside the judgment and quash the execution, upon reasonable notice to the defendants. Ballard v. Whitlock, 18 Gratt. 235.
Specified Grounds of ¡lotion Stated.—But a party, who asks the court to reverse the judgment by default on notice and motion under the statute must specify in his notice a particular ground of objection, or he cannot rely upon such grounds before the circuit judge or in the appellate court. Laidley v. Bright, 17 W. Va. 779 ; Coffman v. Sangston, 21 Gratt. 263.
: ; Errors Apparent on the Record. — In Laidley v. Bright, 17 W. Va. 801, it was said obiter that the appellate court might look into the errors in the proceedings apparent on the face of the record although not specifically pointed out in the notice as. *227 the basis of the motion. But this point was not essential to the decision.
Petitions for Rehearing.—The statutory remedy by motion, is, however, cumulative, and has not superseded or abolished petitions for rehearing, which may still be had according to the course of equity,' in the same manner as before the enactment of the statute allowing these motions to be made. Kendrick v. Whitney, 28 Gratt. 646.
1. Causes for Setting Aside Judgment by Default.—After judgment by default has been entered up in court, or an order of inquiry of damages has been executed, under section 46, ch. 125 of the W. Va. Code, it cannot be set aside, and a defence to the action be allowed, under section 47 of the Code, without good cause being shown therefor: and such good cause can only appear by showing fraud, accident, mistake, surprise, or some other adventitious circumstance beyond the control of the party, and free from culpable neglect on his part. Post v. Carr, 42 W. Va. 72, 24 S. E. Rep. 583.
Lack of Jurisdiction.—-A judgment by default, rendered without jurisdiction, under ch. 123, Code of W. Va., amended by ch. 46, Act 1897, is void, and may be vacated on motion. Rorer v. People’s Bldg. Loan & Savings Ass’n (W. Va.), 34 S. E. Rep. 758 ; Green, Judgm. sec. 98.
Failure of Attorney to Defend.—But it seems that the mere failure of an attorney to defend is not good cause for setting aside a judgment by default. Post v. Carr, 42 W. Va. 72, 24 S. E. Rep. 583; Hubbard v. Yocum, 30 W. Va. 755, 5 S. E. Rep. 867; Hill v. Bow-yer, 18 Gratt. 364.
Judgment by Default on Defective Return.™On the other hand, where a return of a sheriff on process is fatally defective, and there has been on such return a judgment entered by default, the defendant, under Code W. Va. sec. 5 of ch. 134, may on motion have such judgment set aside for such error, and if the motion is overruled, the judgment will be reversed on writ of error. Midkiil v. Lusher, 27 W. Va. 439.
Endorsement on Writ of Nature of Action.—If a writ be issued without an endorsement of the true nature of the action, the court may, upon inspection of the writ, dismiss the suit, if the motion be made during the term next after an office judgment has been entered, bat not afterwards. Williams v. Campbell, 1 Wash. 153.
Illness—Prevalance of Smallpox.-—Where it appears that the defendant in an action is dangerously ill, and unable to attend court, and the attorney he relies on is deterred from going to the courthouse on account of the prevalance of smallpox in the town where the courthouse is situated, whereby judgment goes against the defendant by default, such judgment should be set aside on motion, upon the presentation of sufficient affidavits proving the excuses offered for the defendant’s and attorney’s nonattendance. Johnston v. Bank, 41 W. Va. 550, 23 S. E. Rep. 517.
Mistake of Character of Suit.—In Mosby v. Haskins, 4 H. & M. 427. a judgment by default was opened where the party had made the mistake of supposing that the summons served upon him was process in a pending chancery suit instead of primal process in an action at law, the court further said; “Could there have been a more complete surprise, than in the first instance to have met with an execution instead of a capias. There certainly could not to my mind: and hence a good ground for relief in equity.”
Order of Judge Forbidding an Appearance.—Where in a proceeding to confiscate property of a person charged to be in rebellion, the counsel for such person does not enter an appearance for him, because in three cases against the same party, before the same judge, he was informed by the judge from the bench, that it was the rule of his court not to allow an appearance and defence by rebels and traitors,, the counsel is not in default for failing to enter an appearance; and the decree of confiscation entered thereon is void and of no effect. Fairfax v. Alexandria, 28 Gratt. 16.
Costs of Protest Not Demanded in Writ.—Where the judgment is by default, tbe error of claiming in the declaration costs of protest, when those costs are not demanded in the writ, may be taken advantage of. Hatcher v. Lewis, 4 Rand. 152. See also, Wainwright v. Harper, 3 Leigh 270.
Reversal of Joint Judgment by Default.—Thus, where a joint judgment is rendered against two by default and for a defective return as to one it is reversed, it must be reversed as to both of the defendants. Midkíff v. Lusher, 27 W. Va. 439; Van-diver v. Roberts, 4 W. Va. 493; Hoffman v. Bircher, 22 W. Va. 537.
Reversal on Motion under Statute.—But where a joint judgment is rendered against two or more defendants by default, it is error to reverse it on motion, under sec. 5, ch. 134 of the W. Va. Code, as to one defendant only, and not as to all. Bank v. McElfresh, etc.. Co. (W. Va.), 37 S. E. Rep. 541.
Waiver.—Where a judgment by default is set aside to allow the defendant to appear and plead, the latter cannot claim that he was not regularly brought into court. Morotock Ins. Co. v. Pankey, 91 Va. 259, 21 S. E. Rep. 487; Harvey v. Skipwith, 16 Gratt. 414; Va. Code, sec. 3260.
Filing of Affidavit—Partnership.—Upon the hearing of a motion to correcta judgment for being rendered against parties, who had not been served with process, and who had not appeared to the action, it is not error for the court to refuse to permit other parties, who were included in the judgment, but who had been duly served with process in the action, to file a plea or an affidavit denying the partnership. Carlon v. Ruffner, 12 W. Va. 297.
Parties to Motion.—it is not necessary to make those defendants, upon whom process has been duly served, and against whom judgment has been rendered, parties to a motion made to correct a judgment by defendants, who have not been served with process, and who have not appeared to the action, but against whom the judgment had also been rendered. Carlon v. Ruffner, 12 W. Va. 297.
Joint Codefendants—Portion Not Served.—Where a joint judgment by default is rendered against several defendants, and it appears that the writ, a copy of which was served on some of the defendants, was not signed by the clerk, or where the notice is otherwise improperly executed as against one party, such judgment should be reversed, and the cause remanded, to be properly proceeded with below. Laidley v. Bright, 17 W. Va. 779; Vandiver v. Roberts, 4 W. Va. 493.
No Service of Process —How Corrected.—Where judgment is given against persons, upon whom process has not been served, and who have not appeared to the action, the proper way to correct the error is upon motion before the court that rendered the judgment. Carlon v. Ruffner, 12 W. Va. 299; Gunn v. Turner, 21 Gratt' 382.
But upon the hearing of a motion made by defend *228 ants, againstCwhom the court has rendered judgmenCbef ore’.process has heen served on them, and who had not appeared, it is error for the court to remandüthe cause to rules as to another defendant, upon whom process had been duly served, and office judgmentjwas confirmed, butwho had not appeared to the action, andlagainst whom the court had failed to enterljudgment. Garlón v. Ruffner, 12 W. Va. 297.
Allowance of Credits—Reformation.—Where certain plaintiffsigive notice, that they will move the court to reformtan -office judgment, by allowing certain credits, and one of the credits claimed is endorsed on the bond, and the plaintiff endorses the other at the time of the motion, the court will refuse to reform the j udgment. Gunn v. Turner, 21 Gratt. 382.
Limitation lof .Motion.—The motion to correct an error in adjudgment or decree rendered by default under ch.(177,2sec. 5, Va. Code 1873, or sec. 5, ch. 134, W. Va. Coae, is barred after the lapse of five years from,the,idatelof Isuch judgment or decree. Kendrick v. Whitney, 28 Gratt. 646; Dick v. Robinson, 19 W. Va. 159. See Wrenn y. Thompson, 4 Munf. 377.
2. When Motion to Set Aside Acted on.—Where a motion to setlaside a judgment by default and allow theldefendant to plead, is made by the defendant'jduring the ¡¡term, at which the judgment is entered,Jand goodicause is shown why that judgment should helisetl aside and the defendant allowed to plead, the court,Should act on the motion during the term, and not continue the motion until the next term, o Johnston v. Bank, 41 W. Va. 550, 23 S. E. Rep. 517.
Where, in am action of debt, the common order is confirmed at rules irregularly, the defendant having pleaded to a part of the plaintiff’s demand, this irregularity cauuot afterwards be corrected at rules. Southall v. Bank, 12 Gratt. 312.
When Become Pinal.—if the term of the circuit court lasts more than fifteen days, all office judgments in which no writ of enquiry is ordered become final judgments on the fifteenth day; and cannot afterwards he set aside by the court. Enders v. Burch, 15 Gratt. 64, and note; Hunter v. Snyder, 11 W. Va. 204; Alderson v. Gwinn, 3 W. Va.229; Lazzell V. Mapel, 1W. Va. 43.
No Plea to Issue.—Where there has been a conditional judgment at rules, in an action of debt, and the case is on the docket for hearing, the judgment becomes final on the last day of the next term of court or on the fifteenth day thereof, whichever happens first, if there is no pleading to issue. And the filing of an affidavit, requiring the plaintiff to take the suitors’ test oath, where there is no such pleading, is not sufficient to prevent a judgment by operation of law. Alderson v. Gwinn, 3 W. Va. 229.
Several Defendants—Plea to Action by One.—Where one of several defendants appears and files a plea to an action of debt, which sets up no defence as to any one but himself, and no plea is entered for or by the codefendants, the office judgment is not set aside as to any of the parties hut the one who moves so to do, and judgment becomes final against all others on the last day of the term at which the case is docketed. Greig v. Hedrick, 5 W. Va. 140.
Where a summons in debt is served on a defendant on the 3d of February, and the judgment by default becomes final on the 3d of March it is a valid judgment, because, under the statute the day of service of the process may be counted, and thirty days have elapsed between the service of process and the judgment. • Turnbull v. Thompson, 27 Gratt. 306.
During Term.—A decree by default for the plaintiff, in an action to cancel a conveyance as fraudulent, is not such a final decree as to prevent the court, for sufficient cause shown, from setting it aside during the term. Bierne v. Ray, 37 W. Va. 571, 16 S. E. Rep. 804.
Setting Aside at Subsequent Term.—Where a conditional judgment is entered in the office, in debt on a decree for money without awarding a writ of inquiry of damages, the court, at a subsequent term, may set aside the judgment as irregularly entered. Shelton v. Welsh, 7 Leigh 175. The court in this case distinguished and explained Halley v. Baird, 1H. & M. 25; Freeland v. Field, 6Call 12; Digges v. Dunn, 1 Munf. 56; Eubank v. Ralls, 4 Leigh 308. In the first case, i. e., Halley v. Baird, the court decided, in conformity with the common law, and Freeland v. Field, that a judgment entered in the order book and signed by the judge in open court, could not be amended at a subsequent term, these facts were emphatically stated, and seemed to have been considered as vitally important.
Subsequent Term.—Moreover, a final decree by default may be set aside at a subsequent term, for good cause shown, in a case where relief cannot be given by a bill of review, or bill to impeach the decree for fraud in obtaining it. Erwin v. Vint, 6 Munf. 267.
Member of Assembly—Privilege.—Where a suit has been brought against a member of the General Assembly, and the process has been served upon him, and an office judgment has heen entered up against him at the rules, whilst his privilege existed, and confirmed, he may, at the next term of the court, though his privilege has then ceased, upon motion, have all proceedings subsequent to the issue of the process set aside, and the cause remanded to the rules. McPherson v. Nesmith, 3 Gratt. 237.
3. Admission oe Pleas.—After an office judgment, the court has discretionary power to admit any plea which appears necessary for defendant’s defence, though not issuable and should refuse It only where delay seems to be intended. Downman v. Down-man, 1 Wash. 26.
General Demurrer.—But a general demurrer is an issuable plea, which ought to be received for the purpose of setting aside an office judgment. Syme v. Griffin, 4 H. & M. 277.
Puis Darrein Continuance.—After an office judgment, and before the end of the next quarterly term the plea puis darrein continuance may he pleaded. Hunt v. Wilkinson, 2 Gall 50, 1 Am. Dec. 534.
Plea in Abatement.—But a plea In abatement ought not to be received to set aside an office judgment, unless it be of matter which arose puis darrein continuance. Bradley v. Welch, 1 Munf. 284; Hunt v. Wilkinson, 2 Gall 49.
A plea in abatement not being an issuable plea, cannot be filed to set aside an office judgment, and must be filed at rules, before office judgment is entered, except where cause, making the filing of a plea in abatement necessary, occurs after the office judgment is entered at rules, in which case it may be filed at the first opportunity afterwards. Hinton v. Ballard, 3 W. Va. 582, citing Wyche v. Macklin, 2 Rand. 426; Hunt v. Wilkinson, 2 Call 49, 2 Tuck. Com. 254. See monographic note on “Pleas in Abatement” appended to Warren v. Saunders, 27 Gratt. 259.
Judgment on Docket.—An office j udgment cannot be set aside when it stands as an office judgment on *229 the docket of the court, by a plea in abatement. Wall v. Atwell, 21 Gratt. 401.
Statute of Limitations.—The defendant cannot plead the act of limitations upon setting aside the office judgment, after the next succeeding term, unless good cause is shown. Backhouse v. Jones, 5 Call 462.
Defective Plea.—A defective plea, to an action upon an injunction bond, ought not to be received by the court, to set aside an office judgment. Gray v. Campbell, 3 Munf. 251.
Plea to Part of Demand.—If the plea filed by the defendant at rules, does not go to the plaintiff’s whole demand, he may sign judgment for so much as is not covered by the plea. Southall v. Bank, 12 Gratt. 312.
Discretion of Court in Receiving Pleas.—Where a plea is offered on setting aside an office judgment, the court may exercise a sound discretion about receiving them; should receive none (if objected to) that do not go to the merits of the action. Wyche v. Macklin, 2 Rand. 426; Downman v. Downman, 1 Wash. 26.
I. RELIEF BY PROCEEDING IN EQUITY.—An injunction will not be granted against a judgment by default upon summons directed to the sheriff of another county than the one where the action is brought, although the summons was issued contrary to law, as the judgment, though erroneous, is not void, and the defendant has a complete remedy at law by motion under Va. Code 1887, sec. 3451. Brown v. Chapman, 90 Va. 174, 17 S. E. Rep. 855.
Grounds for Interference in Equity.—A party cannot get relief inequity, against a judgment by default, upon grounds which might have been successfully taken in a law court, unless some reason founded in fraud, accident, surprise, or some adventitious circumstances beyond the control of the party be shown, why the defence was not made in that court. Alford v. Moore, 15 W. Va. 597; Knapp v. Snyder, 15 W. Va. 434; Braden v. Reitzenberger, 18 W. Va. 286. See infra, this note, “Equitable Relief against Judgments.”
Suit in Equity to Enforce Judgment.—In a suit in equity brought for the purpose of enforcing a judgment lien, which judgment was obtained against the defendant by default, the defendant will not be allowed in said chancery suit to make any defence against the judgment which might have been successfully made in a court of law, unless he shows some reason founded on fraud, accident, surprise, or some adventitious circumstance beyond his control, why the defence at law was not made. McNeel V. Auldridge, 34 W. Va. 748, 12 S. E. Rep. 851.
Scope of Relief.—Where for want of service of process judgment is void, collection of execution should be enjoined, the judgment vacated, and the cause remanded to be proceeded in at law by an alias summons properly served. Finney v. Clark. 86 Va. 354, 10 S. E. Rep. 569.
Relief of Bail.—Bail cannot be relieved in equity against a judgment at law by default, without assigning some good cause why he did not defend himself at law. Brown v. Toell, 5 Rand. 543.
1. Appeal from: Default.
Preliminary Application to Correct.—if a party takes an appeal from a judgment by default before applying to the court in which the decree was rendered, orto the judge thereof to correct the errors of which he complains, his appeal must be dismissed, as improperly taken. Baker v. WesternM. & M. Co.,6W. 1 Va. 196 ; Peerce v. Adamson, 20 W. Va. 57 ; Com. v. Levy. 23 Gratt. 21; Gunn v. Turner, 21 Gratt. 382.
It was held in Peerce v. Adamson. 20 W. Va. 57. that section 35 of art. 8 of the W. Va. Constitution does not authorize the setting aside of judgments therein specified and the granting of new trials therein. The judgments must stand until, by “due process of law,” it is ascertained that they were rendered because of acts done according to the usages of civilized warfare in the prosecution of the war and when so ascertained such judgments are nullities.
Supersedeas to Order.—Where a court sets aside an office judgment and the execution which has issued upon it after the fifteenth day of the term, and permits the defendant to plead, the plaintiff may have a supersedeas from the order ; and though that part of the order setting aside the judgment is interlocutory, and the appellate court will reverse the whole order. Enders v. Burch, 15 Gratt. 64, and note; Hunter v. Snyder, 11 W. Va. 201.
Review of Judgments by Default.—In reviewing a judgment by default on a forthcoming bond, the appellate court will compare it with the execution on which it was taken. Glascock v. Dawson, 1 Munf. 605.
By Va. Code 1887, § 3451, "the court in which there is a judgment by default, or decree on a bill taken for confessed, or the judge of the said court in the vacation thereof, may, on motion, reverse such a judgment or decree for any error for which an appellate court might reverse it. as if the following section had not been enacted, and give such judgment or decree as ought to be given.” See Brown v. Chapman, 90 Va. 174, 17 S. E. Rep. 855.
Justice’s Judgment—Trial De Novo upon Appeal — The j udgment of a j ustice rendered upon the verdict of six jurors in an action for damages, in which no defence was made hy the defendant, cannot be tried de novo by the circuit court upon appeal. Hickman V. B. & O. R. Co., 30 w. Va. 296. 4 S. E. Rep. 654; Vandervort v. Fouse, 30 W. Va. 326, 4 S. E. Rep. 660; Barlow v. Daniels, 25 W. Va. 512.

a. Hecord on Appeal.

Summons and Return Part of Record.—Fn all cases of a judgment by default, for want of appearance, the writ with the endorsement is a necessary part of the record, that it may be seen whether there was a proper foundation for the judgment. Nadenbush v. Lane, 4 Rand. 413; Wainwright v. Harper, 3 Leigh 270; Amiss v. McGinnis, 12 W. Va. 374.
Facts Proven-Evidence.-“It is not necessary to make the facts proven, nor the evidence, a part of the record, in case of a judgment by default, and if any part of the evidence is referred to in the preamble to the judgment, this, of itself, is insufficient to preclude the fact that other evidence might have been heard by the court, unless it affirmatively appears from the record that this was all the evidence heard by the court. Anderson v. Doolittle, 38 W. Va. 629, 18 S. E. Rep. 724.
Receipt for Executions.—A judgment by default against a sheriff, for fines collected upon executions in behalf of the commonwealth, may he sustained, although his receipt for the execution is not inserted in the record. Segouine v. Auditor, 4 Munf. 398.
Copy of Bail Bond.—A clerk’s entering and confirming an office judgment, at rules, against a defendant, and another person, as “security for his appearance,” is not sufficient to make such person liable as appearance bail; but a copy of the bail bond should be inserted in the transcript of the *230 record, for want of which, the judgment should be reversed. Quarles v. Buford, 3 Munf. 487.
Record as Evidence.—Notwithstanding the fact that the defendants, in a suit in chancery, are in default, yet the record or proceedings in another suit inter alios, is not competent evidence against them. Frazier v. Frazier, 2 Leigh 642.
XIV. OPERATION AND EFFECT.
A. RES JUDICATA.—Apoint once adjudicated by a court of competent jurisdiction, however erroneous the adjudication, may be relied on as an estoppel in any subsequent collateral suit in the same or any court at law or in equity, when either the party or his privies allege anything inconsistent with it, and that, too, whether the subsequent suit is upon the same or a different cause of action; nor is it necessary that precisely the same parties should have been plaintiffs or defendants in the same suit, provided that the same subject-matter in'controversy between two or more parties to the two suits, respectively, have been in a former suit directly in issue and decided. The conclusiveness of the judgment or decree extends beyond what may appear on its face, to every allegation which has been made on one side, and denied on the other, and was in issue and determined in the course of the proceedings. If it appears by the record that the point in controversy was necessarily decided in the first suit, whether upon the law on demurrer, or upon the facts in issue, it cannot again be considered in any subsequent suit between any of the parties or their privies. McCoy v. McCoy, 29 W. Va. 794, 2 S. E. Rep. 809; Poole v. Dilworth, 26 W. Va. 583; Corrothers v. Sargent, 20 W. Va. 356; Beckwith v. Thompson, 18 W. Va. 103; Coville v. Gilman, 13 W. Va. 327; Western M. & M. Co. v. Virginia, etc., Co., 10 W. Va. 250; Tracey v. Shumate, 22 W Va. 509; Tate v. Bank, 96 Va. 765, 32 S. E. Rep. 476.
Qualification of Rule.—But the law of res judicata is subject to this qualification; no party can be estopped by any j udgment or decree if the record of the first suit shows that he had no opportunity to be heard in opposition to such judgment or decree. McCoy v. McCoy, 29 W. Va. 794,2 S. E. Rep. 809; Renick v. Ludington, 20 W. Va. 511; Renick v. Ludington, 16 W. Va. 379; Haymond v. Camden, 22 W. Va. 182; Stephens v. Brown, 24 W. Va. 234; Underwood v. McVeigh, 23 Gratt. 409.
A judgment rendered by a court of competent jurisdiction in a former suit between the same parties, and involving the same subject-matter, is conclusive. Currie v. Chowning, 2 Va. Dec. 25,21 S. E. Rep. 809, citing Diehl v. Marchant, 87 Va. 447,12 S. E. Rep. 803.
Application to Foreign Judgments.—The rule as to res adjudicata applies not only to judgments and decrees of the same state, but to the judgments and decrees of the courts of any state in the Union, whenever questioned in any sister state, provided there was personal service or an appearance of the parties to the suit in the sister state. Sayre v. Harpold, 33 W. Va. 553, 11 S. E. Rep. 16; Black v. Smith, 13 W. Va. 780.
Suit Construing Deeds.—But, a suit construing certain deeds and the rights of the parties thereunder will not be considered res judicata of an action of ejectment founded on an alleged breach of the conditions of the deeds. King v. Railway Co., 99 Va. 625, 39 S. E. Rep. 701.
Petition to Rehear—Bill of Review—Final Determina» tion.—"The court, before allowing a petition to rehear, or a bill of review to be filed on the ground of after-discovered evidence, ought to be satisfied that the evidence relied on is new and could not, by ordinary diligence, have been discovered prior to the date of the decree complained of; but when the court is so satisfied, and allows a petition to rehear, or a bill of review to be filed, those questions are finally determined, and are not open when the petition to rehear, or a bill of review is heard on the merits. 1 Bart. Ch. Pr. 332.” Craufurd v. Smith, 93 Va. 623, 23 S. E. Rep. 235, 25 S. E. Rep. 657.
Legality of an Authority to Issue nandamus.—On a rule issued against a county commissioner to show cause why he should not be fined for contempt in disobeying a peremptory mandamus issued against him and others, directing them to settle and sign a bill of exceptions in the manner therein prescribed, he cannot question the legality of the writ, and the authority to issue it, as that matter, as to him, is res judicata. State v. Cunningham, 33 W. Va. 607, 11 S. E. Rep. 76.
Partition.—It was held in Newberry v. Shef£ey,86 Va. 286,15 S. E. Rep. 548, where a purchaser of land at a sale for partition in a chancery suit was entitled to a credit on his bonds, for his wife’s interest in the lands, and he fails to pay his bonds for the purchase money, and judgment was recovered therein against the sureties, execution issued, and a forthcoming bond taken, that in a motion on the forthcoming bond, the court properly refused to continue the case until such interest could'be ascertained and credited on the judgment, because the right of the parties, so far as the proceeding at law was concerned, had been settled by the judgment. See also, Cleekv. McGuffln, 89 Va. 324,15 S. E. Rep. 896; Carter v. Washington, 2 H. &M. 345.
Cloud upon Title.—Thus, where a purchaser of land applies for and obtains an injunction in a circuit court restraining the trustee from selling on account of an alleged cloud upon the title, and the supreme court has, on appeal, reversed the circuit court, and decides that the alleged cloud and defect do not constitute sufficient ground for an injunction and dismiss the bill, the plaintiff cannot bring a second, and precisely similar, suit against the same parties for the same purpose and cause of action; and on a plea of res judicata the plea will be sustained. Kin-ports v. Rawson, 36 W. Va. 237,15 S. E. Rep. 66.
Plea of Res Judicata.—If a new suit is brought by the plaintiffs against the same defendant for the same cause of action, and the plea of res judicata is interposed by the defendant, it will bar the action. Parsons v. Riley, 33 W. Va. 464,10 S. E. Rep. 806.
For to obtain the benefit of res judicata it must be pleaded. Beall v. Walker, 26 W. Va. 741; The Western M. & M. Co. v. The Virginia, etc., Co., 10 W. Va. 250. See Biern v. Ray (W. Va.), 38 S.'E. Rep. 531.
Thus a judgment between the same parties, upon the same point, which, if pleaded, would have been a perfect bar is, when used as evidence under the general issue, not conclusive on the jury, but only evidence to be weighed by them. Cleaton v. Chambliss, 6 Rand. 86.
If in assumpsit, the defendant plead the act of limitations, and the plaintiff would avoid the plea by a former suit having been brought in time, he must reply the former specially; he cannot give it in evidence under a general replication to the plea. Bogle v. Conway, 3 Call 1.
Evidence.—Under a declaration alleging that a certain judgment in a prior suit was rendered on May 30th, a copy of such judgment purporting to *231 have been rendered on May 31st, was admissible in evidence; the record showing that the verdict on which the judgment was based was rendered on May 30th. Sayre v. Edwards, 19W.Va. 352.
Copy of Judgment.—A copy of a judgment of the general court, upon a case adjoined to it by a superior court, attested by the clerk of the general court, his attestation or handwriting being proved, is competent and sufficient evidence before the same superior court, to prove what it purports to be. Gibson v. Com., 2 Va. Cas. 111.
1. Pabties and Pbivies.
a. General Bale as Begards Parties.—It is a well-settled rule of evidence that a verdict and judgment in an action at law, cannot be received in evidence upon the trial of an action between others, not parties to the first, nor standing in privity with those who were, for the purpose of proving any fact upon which such verdict and judgment were founded and which being essential to their rendition. is to be regarded as established by them. Stinchcombv. Marsh, 15 Gratt. 202; Cady v. Gale, 5 W. Va. 505; Adams v. Alkire, 20 W. Va. 480.
Unlawful Detainer.—it was held in Fishburne v. Engledove, 91 Va. 548, 22 S. E. Rep. 354, in an action for damages occasioned by taking out a distress warrant against the plaintiff for rent due in March, 1891, that a judgment rendered in November, 1890, between the same parties, in an action of unlawful detainer, is no evidence as to whether rent was due at the date of the warrant.
Amended Bill—New Parties.—If an amended bill is filed makingnew parties and additional allegations, and after it is ready for hearing, on this amended bill, a decree is rendered reciting that the cause was heard on the papers formerly read, but not reciting, that it was heard on the amended bill, and the decree is such as might have been rendered on the original bill, nothing being decided with reference to the new allegations of the facts stated in the amended bill, the failure to recite in this decree, that the cause was heard also on the amended bill, cannot be regarded as a clerical error; and the new parties are not bound by this decree as res adjudícala. Renick v. Ludington, 20 W. Va. 511.
A plaintiff suing for slaves as administrator of his wife, is not barred by a decision against her, in her lifetime, in a suit to which she was nota party; the ground of that decision having been that, under the act of limitations, the opposite party had obtained a legal title to the slaves by five years’ possession commencing during the coverture, during which also the right of the wife accrued, and the husband having never had possession in his character as husband. Blakey v. Newby, 6 Munf. 64.
Improperly Made Parties.—Proceedings by the commissioner of school lands, under chap. 134 of the W. Va. Acts of 1872-73, for the sale of foreign lands for the benefit of the school fund, was never designed to settle the title to land between opposing claimants; and if they are improperly made defendants in such a proceeding, the circuit court has no j urisdiction, in such a case, to ad j udge which of such claimants has the better title to the land so as to bind any of such improper parties by such adjudication in any controversy which they might thereafter have, involving the question, who had the better title to the land. McClure v. Manperture, 29 tV. Va. 633, 2 S. E. Rep. 761.
Thus the parties to two suits must be regarded as the same, when the complainants in both were certain taxpayers of a municipality sning on behalf of themselves and all other taxpayers, and the defendants in both, though consisting of different persons, were, in each suit, representing and acting for the municipality without any private interest. Gallaher v. Moundsville, 34 W. Va. 730, 12 S. E- Rep. 859.
Description of Parties.—it was held in Fidelity Ins., Trust & S. D. Co. Y. S. V. R. Co., 33 W. Va. 761, 11 S. E. Rep. 58, that an attachment against a defendant which summons M, president of the S. V. R. R. Co., garnishee, to answer what property of the defendant he has in hand, and a judgment is rendered that the plaintiff recover of M, president of S. V. R. R. Co., garnishee of the defendant, a sum of money, are not an attachment and judgment against the S. V?R. R. Co., as garnishee, and do not bind property in the hands of the latter company belonging to the defendant; and the sale of the property under execution upon such judgment does not pass title thereto, or bar the defendant, from setting up its claim, to such property against the S. V. R. R. Co.
General Rule as Regards Privies.—“It is well settled that a judgment is conclusive not only upon those who are actually parties to the litigation, but also upon all persons who are in privity with them. This is not only a doctrine of our own law, but also a principle of general jurisprudence, as appears from the rule of the Roman law that ‘the plea res adjudícala is available against him who has succeeded to the rights of ownership of the person who suffered the judgment’ ” 2 Black, Judgm. 549; Smith v. Parkersburg Co-Op. Ass’n (W. Va.),37 S. E. Rep. 645; Fishburne v. Engledove, 91 Va. 548, 22 S. E. Rep. 354; Tate v. Bank, 96 Va. 765, 32 S. E. Rep. 476.
“There is no doubt that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them, not only when the subject-matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court, except on appeal, writ of error, or other proceeding provided for its revision. * * * * The principle underlying and supporting all these decisions is that a judgment necessarily affirming or denying the fact is conclusive of its existence whenever it becomes a matter in issue between the same parties or between the parties or . their privies with them. Therefore a judgment for the defendant in an action for obstructing a water course, if based upon the ground that there was no water course to be constructed, is, in subsequent actions, conclusive of the nonexistence of such water course; but, if the judgment had been for the plaintiff, it would necessarily have been conclusive in other actions of the existence of the water course and of its obstruction.” Freem. Judgm. § 249; C. & O. R. Co.v. Rison (Va.), 37 S. E. Rep. 320.
Right of Free Ferriage.—A former adjudication by a court of competent jurisdiction in 1810, wherein the question of the right of the ancestor of the plaintiff in the suit, his heirs and tenants, to free ferriage across a stream, and the construction of the deed on which the right was based, was decided in his favor, is binding and conclusive in a subsequent suit involving substantially the same question, not only on the original parties to ‘the deed in the former suit, but also on all those in privity with them. Williams v. Tomlin, 2 Va. Dec. 565, 28 S. E. Rep. 883; Lemmon v. Herbert, 92 Va. 653, 24 S. E. Rep. 249.
Exception to Rule.—“The general rule certainly is, that no person is bound by a judgment or decree *232 except those who were parties or standing in privity with others who were parties. But there are exceptions to the rule of equal authority with the ■rule itself. Baylor v. Dejarnette, 13 Gratt. 16i. It would certainly be unreasonable and unjust that a party having a charge upon an estate affecting ■ the whole fee should be delayed or embarrassed in enforcing his claim because of limitation by way of remainder to persons to whom it might be impossible or improper to make parties to the cause. To obviate this difficulty the doctrine of virtual representation has been introduced by which certain parties before the court are regarded as representing those coming after them with contingent ■interests.” Harrison v. Wallton, 95 Va. 721, 30 S. E. Eep. 372.
Prison-Bounds Bond—Sheriff Not Party.—The sheriff, in a suit upon a prison-bounds bond, though not a party to the suit on the bond, is bound by the judgment, unless he can prove that it was obtained by collusion. Hooe v. Tebbs, 1 Munf. 501.
Remaindermen.—In Baylor v. Dejarnette, 13 Gratt. 152, the court said: “It is well settled that it is not necessary that remaindermen, after the first estate of inheritance, should be made parties: and where real estate is in controversy which is subject to'an entail it is sufficient to make the first tenant in tail in esse, in whom an estate of inheritance is vested, a party with those claiming prior interests without making those parties, who may claim in reversion or remainder after such estate of inheritance. And a decree against such tenant in tail will bind those in reversion or remainder although by the failure of all the previous estates, the estates in remainder or reversion might after-wards become vested. ” See also, Faulkner v. Davis, 18 Gratt, 684, 688.
Where the circuit court construes a will as giving a life estate, which construction is not drawn in question on appeal, and which is approved by the appellate court, the question as to what estate passed by the will is res judicata-, and the fact that the remaindermen are not parties to that suit is immaterial. Hawthorne v. Beckwith, 89 Va. 786, 17 S. E. Eep. 241.
Presence—A person, nota party to a judgment, is not bound by it, in law or equity, merely on the ground that he was present, and cross-examined the witnesses. Turpin v. Thomas, 2 H. & M. 139.
Decision as to Freedom—Privies.—A judgment deciding in favor of the freedom of persons held in slavery, has no effect against any party, except the defendant and those claiming under him, posterior to the judgment. Kitty v. Fitzhugh, 4 Eand. 600. But see Bensimer v. Fell, 30 W. Va. 15, 12 S. E. Eep. 1078.
In an action for freedom, a former verdict which found the mother of the plaintiff to be free, or a slave, is conclusive evidence, where the defendant in the second action claims under the defendant in the former suit. Shelton v. Barbour, 2 Wash. 64. But see Talbert v. Jenny, 6 Eand. 159.
Judgment in Forma Pauperis.—It seems that a judgment, in a suit in forma pauperis brought by negroes to recover their freedom, in which it is adjudged that they are slaves, is not necessarily conclusive of the status of the negroes, in a new controversy between them and the same defendants, and, under peculiar circumstances, may be no bar to the recovery of their freedom. Erskine v. Henry, 9 Leigh 188.
Where a suit in forma pauperis, is brought by negroes to recover their freedom, and it is ad j udged that the paupers are slaves, the judgment in the pauper suit is not conclusive evidence, and if the court holds them to be _ free, the plaintiffs cannot recover them. Erskine V. Henry, 9 Leigh 188.
Assignees.—Where the assignment of a chose in action is absolute in its terms, and judgment has been obtained thereon in the name of the assignor for the benefit of the assignee, which j udgment has subsequently been declared void in a suit brought by the assignee to enforce the collection of the judgment out of the lands of the judgment debtor, the assignor of the debt is bound by the decree against his assignee, and is estopped from setting up the judgment as a lien on th"e laws of the judgment debtor, even though the assignment was merely a collateral security for a debt, or intended to carry only a partial interest. The assignor and assignee are at least privies in the transaction, and the question of the lien of the judgment is res judicata. Cox v. Crockett, 92 Va. 50, 22 S. E. Hep. 840. See monographic note on "Estoppel" appended to Bower v. McCormick, 23 Gratt. 310.
Where, in an action to enjoin a sale under a trust deed on the ground that it has been merged in a judgment on the bond secured by it, a resettlement is asked of the accounts of the defendant’s testator or administrator de bonis non because of the recent discovery of a receipt showing, assets unaccounted for, and it appears that all these parties were parties to a former suit against the deceased’s administrators, in which itwas charged that the deceased had not fully accounted for the assets, the judgment in the latter case is res judicata. Gibson v. Green, 89 Va. 524,16 S. E. Eep. 661.
Determination on Appeal.—Where a question of law or fact is one definitely settled and determined by a decree of the supreme court, and the cause is remanded for further proceedings, a party to the suit cannot, by subsequent pleadings, call in question the conclusiveness of the questions determined by such decree. Seabright v. Seabright, 33 W. Va. 152, 10 S. E. Eep. 265.
A judgment which determines the issue of the legality of a dam, in an action in which such issue is raised by the pleading, is conclusive between the parties or their privies in a subsequent action, since the parties are estopped from denying such facts. O. & O. E. Co. v. Bison, 99 Va. 18, 37 S. E. Eep. 320.
Judgment Creditor—Pendency of Suit.—A judgment creditor is concluded by a decree in a cause in which he is a defendant, though he has, at the same time, a suit depending against the same parties to enforce his prior lien. Jones v. Myrick, 8 Gratt. 179.
Persons Claiming in Different Rights.—Where the same person has two separate and distinct rights or interests in the subject-matter of a suit and the allegations of the bill comprehend but one of said rights or interests, the fact that such person is made a party to such suit will not estop, conclude or prevent him from asserting or defending his rights or interests in regard to said subject-matter so far as they were not involved or comprehended in the allegations of the bill in such suit. As to the matters not so comprehended in the bill, he willnotberegarded as a party to thesuit. Thus, if a person is interested in the subj ect-matter of a suit in two capacities, the one as trustee in one deed of trust and the other as beneficiary in a different deed of trust, both deeds of trust being upon the same property, and he is made a party to a suit *233 brought to set aside the latter trust deed, in which no reference is made to him as trustee in the trust deed, he will not be regarded as a party to that suit in his capacity of trustee in the former trust deed. McNult v. Trogdon. 29 W. Va. 469, 2 S. E. Rep. 328. See monographic note on “Estoppel” appended to Bower y. McCormick, 23 Gratt. 310.
Grantor and Grantee.—A grantee of land is not affected by a judgment against his grantor, after the conveyance, merely because of privity in estate. Bensimer v. Pell, 35 W. Va. 15, 12 S. E. Rep. 1078.
Trustee and Cestui Que Trust.—Rights of a cestui que trust cannot be cut off by a decree in equity rendered against his trustee in a suit in chancery to which the cestui que trust was not a party. Collins v. Lofftus, 10 Leigh 5.
Joint Parties.—Though the statute in relation to joint obligations, gives an action against the personal representative of a deceased joint obligor, 1 Rev. Code, ch. 98, § 3, p. 359; Va. Code, ch. 144, § 13, p. 582, it does not affect the principle that the defect of the remedy against one joint obligor upon aground not personal to himself, defeats it as to all of the obligors. Brown v. Johnson, 13 Gratt. 644. The court in this case further said: “If a verdict and judgment for the plaintiff against one of several who are jointly bound may be admitted in evidence in an action against another as a bar, it would seem to be a necessary corollary (if the deduction be not a fortiori) that a verdict and judgment against the plaintiff in the former action upon an issue going to the merits and ascertaining that the plaintiff never had any cause of action against that defendant, would be admissible as a bar to a subsequent action against another so jointly bound. Por the joint obligation would clearly be at an end as to the former, and therefore, as we have seen, as to all the others.”
“At common law a judgment recovered against one of two or more persons on their joint contract was a bar to an action against the others. The entire cause of action was merged in the judgment, and the j oint liability of those no t sued, or against whom the judgment was not rendered, was extinguished. And upon a joint and several contract the action had to be brought against all jointly, or against one of them singly, and could not be brought against any intermediate number. These rules, however, have been essentially changed by statutes enacted by the legislature.” See Va. Code 1887, §§ 3395, 3396, 3212: Cahoon v. McCulloch, 92 Va. 177, 28 S. E. Rep. 225.
Covenant by One Joint Obligor.—A covenant by the obligor in a bond with one of three joint obligors, that if after judgment against all the parties the money is not paid by the other two, he will relieve him from the payment of it, is not a release, and will not bar an action on the bond against all the obligors. Brown v. Johnson, 13 Gratt. 644.
Judgment as between Joint Defendants.—Where in a suit charging two administrators with the joint devastavit of the intestate’s estate, and they jointly except to the report wherein they were charged with the devastavit., and the court sustained the exception, one of these administrators cannot after-wards be heard to charge his coadministrators with the same devastavit whereby a debt due by the estate to the alleger was lost. The decree sustaining the exception is the law of the case, binding upon the parties and those claiming under them. Kent v. Kent, 82 Va. 205.
Record as Evidence.—The record of a judgment is evidence in a subsequent suit between the same parties, to the effect that claims asserted in both suits which were disallowed or set off in the former suit are not done. Johnson v. Jennings, 10 Gratt. 1.
The record of the verdict and judgment, upon a writ of inquiry, in a suit by the mother of the plaintiff, against a third person, in which record the ground of the judgment does not appear, may be given in evidence to prove, that the mother had recovered her freedom : not that she was entitled to it. But the questions, upon what ground the judgment in that suit was rendered, and whether the decedent was born after the mother acquired her right to freedom or not, ought to be leftoi)en. Pegram v. Isabell, 2 H. & M. 193.
Parties to Record.—A record of one suit cannot be read as evidence in another, unless both the parties, or those under whom they claim, were parties to both suits, it being a rule that a document cannot be used against a party who could not avail himself of it, in case it was made in his favor, nor can it be read in evidence on the ground that the defendant and one of the plaintiffs in the latter suit were parties to the former, and that the same point was in controversy in both, when another plaintiff, and the person under whom both the plaintiffs jointly claim, were not made parties to the former suit. Paynes v. Coles, 1 Munf. 373 ; Chapmans v. Chapman, 1 Munf. 398. See also, Waggoner v. Wolf, 28 W- Va. 820.
C. REPRESENTATIVE PARTIES.
Judgment against Personal Representative Not Evi** dence against Heir.—The general doctrine, without qualification or, exception, is well settled that there being no privity between the personal representative and the party to whom the real estate passes, a judgment against such personal representative is not even prima facie evidence against the heir or devisee. Bank v. Good, 21 W. Va. 455; Laidley v. Kline, 8 W. Va. 218; Custer v. Custer, 17 W. Va. 124; Mason v. Peter, 1 Munf. 437; Saddler v. Kennedy, 26 W. Va. 636; Poster v. Crenshaw, 3 Munf. 520; Shields v. Anderson, 3 Leigh 736; Chamberlayne v. Temple, 2 Rand. 396.
Not a Lien.—Such a judgment is not a lien on the real estate descended to the heir and does not prevent the statute of limitations from running in favor of the heir wherever real estate descended is sought to be subjected for the debt on which such judgment was obtained. Saddler v. Kennedy, 26 W. Va. 636.
Judgment against Executor Binds Legatees.—But a judgment against an executor is conclusive, both as to the validity and amount of the demand, on both executors and legatees. Hooper v. Hooper, 32 W. Va. 526, 9 S. E. Rep. 937; Corrothers v. Sargent, 20 W. Va. 351; Sheldon v. Armstead, 7 Gratt. 264; Freem. Judm., § 163. See also, Seabright v. Sea-bright, 33 W. Va. 152, 10 S. E. Rep. 265, in which case it was held that where the question raised by a bill in equity is as to whether certain bonds and notes therein described are a part of the estate of a decedent, or have been disposed of by assignment and delivery, as a gift to two of his brothers, and the property has by a decree of the supreme court been determined to belong to the estate of the decedent, the decision is binding and conclusive upon all the distributees of the estate.
“With the settlement before auditors, the heir as such has no concern, nor can such settlement be evidence against him either prima facie or otherwise. Even a judgment against an executor is no evidence *234 against the heir, of the justice or the amount of the creditor’s demand; it is res inter alios acta. Mason V. Peter, 1 Munf. 437. A fortiori, it would seem, that the ex parte report of auditors, appointed only to settle the disbursements of the personal assets, cannot beso. The account in this case, then, was no evidence before the commissioner of the court of chancery, except so far as the acknowledgment of the brothers made it so. But in that acknowledgment the sisters did not join, and it did not therefore bind them. Therefore, it could not avail the administrator; for he could have no decree for a sale of realty without establishing his demand in such mode as would bind all the heirs. It is like the case of a confession of judgment by one of two joint obligors, and a successful defence of the action by the other; in which case, the confession avails nothing, and the judgment is entered for both defendants. The demand is entire and if disapproved as to one, is disapproved as to all, the confession to the contrary notwithstanding.” Street v. Street, 11 Leigh 498.
And a judgment or decree against an executor in favor of a creditor, payable out of assets, is conclusive evidence upon the executor and his sureties as to the existence and justness of the demand. Grim v. England, 46 W. Va. 480, 33 S. E. Eep. 310.
Lost Bond,—But a judgment upon an alleged lost bond, against the personal representative of the obligor, is not even prima facie against the heir or devisee of his estate. Board v. Callihan, 33 W. Va. 209, 10 S. E. Eep. 382. See also, Daingerfield v. Smith, 83 Va. 81,1 S. E. Eep. 599.
Intestate’s Bond.—A judgment, however, rendered against an administrator upon the bond of his intestate, is conclusive evidence of the validity of the debt as against the administrator. Montague v. Turpin, 8 Gratt. 453.
Return Nulla Bona,—A judgment against an executor or administrator as such, with an execution, and return nulla bona, are not sufficient to authorize an action on the administration bond, but a devastavit must first be established by a second suit. Gordon v. Justices of Frederick County, 1 Munf. 1. But see Meade v. Brooking, 3 Munf. 548.
Evidence of Debt.—But a judgment against the personal representative of a decedent is not even prima facie evidence of a debt against the heirs of such decedent. McKay v. McKay, 33 W. Va. 724, 11 S. E. Eep. 213; Broderick v. Broderick, 28 W. Va. 378.
In Garnett v. Macon, 6 Call 308, the court by Chief Justice Marshall said: “The defendants insist that the decree against a personal representative of George Brooks is conclusive evidence against the devisee of the existence of the debt. The cases cited by counsel, in support of this proposition, do not decide the very point. Not one of them brings directly into question, the conclusiveness of a judgment against the executor, in a suit against the heir or devisee.- They undoubtedly show, that the executor completely represents the testator, as the legal owner of his personal property, for the payment of his debts in the first instance, and is, consequently, the proper person to contest the claims of his creditors. Yet, there are strong reasons for denying the conclusiveness of a judgment against an executor in an action against the heir. He is not a party to the suit,—cannot controvert the testimony,—adduce evidence in opposition to the claim,—or appeal from the judgment. In case of a deficiency of assets, the executor may feel no interest in defending the suit, and may not choose to incur the trouble or expense attendant on a laborious investigation of the claim. It would seem unreasonable that the heir, who does not claim under the executor, should be estopped by a judgment against him. In this case, the creditor is bound to proceed against the executor and to exhaust the personal estate, before the lands become liable to his claim. The heir, or devisee, may indeed, in a court of chancery, be united with the executor in the same action, but the decree against him, would be dependent on the insufficiency of the personal estate. Since, then, the proceeding against the executor, is, in substance, the foundation of the proceeding against the heir, or devisee, the argument for considering it as prima facie evidence, may be irresistible, but I cannot consider it as an estoppel. The judgment not being against a person representing the land, ought, I think, on the general principle, which applies to giving records in evidence, to be re-examinable when brought to bear upon the proprietor of the land.”
Joint Executors.—“Between the executors of the same decedent in different jurisdictions, there is privity derived from, or through the will of the testator, and a judgment or decree is evidence against the other, and may be enforced against each (see Hill v. Tucker, 3 How. 458), and it is sufficient to ground a suit or action on or against either executor. An administrator with the will annexed is, in legal contemplation, executor of that will, and a decree against the domiciliary executor binds every executor of the same will in every jurisdiction.” Garland v. Garland, 84 Va. 181, 4 S. E. Rep. 334.
Sureties of Executor—Virginia Rule.—A verdict and judgment against an executor or administrator are not conclusive evidence against his surety; nor are they conclusive even against the party against whom they are rendered, unless they are pleaded as an estoppel. Craddock v. Turner, 6 Leigh 116; Hob-son v. Yancey, 2 Gratt. 73.
Judgment by Default—Heirs Not Parties.—A judgment by default against a personal representative in a suit to which the heirs or devisees of the decedent are not parties, is not evidence against such heirs or devisees in a suit or proceeding by the creditor to subject the real estate, descended or devised, to the payment of the debt, and the reason assigned is, that there is no privity between the representative and such heirs or devisees. Brewis v. Lawson, 76 Va. 41; Watts v. Taylor, 80 Va. 627; Daingerfield v. Smith, 83 Va. 81, 1 S. E. Eep. 599.
And Chief Justice Marshall, in delivering the opinion of the supreme court in Deneale v. Stump, 8 Peters 531, said: “It is understood to be settled in Virginia, that no judgment against the executors can bind the heirs, or in any manner affect them. It could not be given in evidence against them." See also, Eobertson v. Wright, 17 Gratt. 534, and note; Hudgln v. Hudgin, 6 Gratt. 320, 52 Am. Dec. 124; Stockton v. Copeland, 30 W. Va. 674, 5 S. E. Eep. 143.
Effect of Statute on Rule.—Va. Code 1873, ch. 127, § 3, does not alter the above-stated rule. Brewis v. Lawson, 76 Va. 36; Watts v. Taylor, 80 Va. 627.
“In all cases where the question is, whether aperson be a debtor or not, a j udgment against him or his legal representative seems to be prima facie evidence of the fact, liable to be controverted upon the ground of fraud, or upon any other just ground, by any one a stranger to the j udgment except, in the case of a real and personal representative of the same person, *235 in which case either the one or the other might have been sued in the first instance." Chamberlayne v. Temple, 2 Rand. 396.
Former Report of an Account,—Where in a creditor’s suit against an administrator, to which the distributees are not parties, a master stated and reported an account of the sums collected by the administrator, which report was confirmed, and later the distributee filed a bill against the administrator and his sureties for an account of sums previously collected by him and for payment of the whole, it was held that the former report did not preclude an account of the last, especially where the sums collected, and the dates when, and persons from whom they were collected, are specified in the bill. Hurt v. West, 87 Va. 78, 12 S. E. Rep. 141.
When Judgment against Ancestor Binds Heir,—A judgment against the ancestor in his lifetime, only binds the heir, when it cannot be paid out of the personal estate of the ancestor." Rogers v. Denham, 2 Gratt. 200.
Injunction and Sale of Trust Property.—where in a bill filed to enjoin the sale of trust property, a resettlement is prayed of the accounts of the defendant’s testator as administrator de bonis non, on the ground of the recent discovery of a receipt showing assets unaccounted for, and it appears that all the parties to the bill were parties to a former suit against the decedent’s administrators, in which, it was charged that the decedent had not fully accounted for the assets, the matters set up in the bill as to the assets are res adjudicata. Gibson v. Green, 89 Va. 524,16 S. E. Bep. 661.
d. Joint Trespassers—A party injured by cotrespassers may sue either one against whom the action may be brought. He is not bound to prosecute all, and neither the omission to sue all. nor if all are sued the dismissal of one of them from the suit, can be pleaded by the others in bar. Bloss v. Plymale, 3 W. Va. 393.
A plaintiff in action of trespass may sue all, or any. or either of the alleged trespassers, and he is entitled to full satisfaction, but to only one satisfaction; and if the damages have been in part satisfied by payment or compromise with some of the defendants, the plaintiff may still proceed against those who remain on the record. Bloss v. Plymale, 3 W. Va. 393.
A judgment against one joint trespasser is no bar to a suit against another for the same trespass; nothing short of full satisfaction, or that which the law must consider as such, can make such judgment a bar. Griffle v. McClung, 5 W. Va. 131; Lovejoy v. Murray, 3 Wall. (II. S.) 1.
(i) Former Judgment.
Former Judgment in Trespass Bars.—A judgment against one of several joint trespassers, whether satisfied or not, is a bar to any action against the cotrespassers. Petticolas v. Richmond, 95 Va. 456, 28 S. E. Rep. 566. See Switzer v. McCulloch, 76 Va. 777. In the latter case it was held the former judgment did not bar the parties because of a compromise after the judgment at law, which had the effect of remitting the parties to their original rights.
Assault and Battery.—In a joint action of assault and battery, a judgment against one of the defendants is a bar to the recovery of additional damages against the rest. Ammonett v. Harris, 1H. & M. 488; Wilkes v. Jackson, 2 H. & M. 355; Brown v. Johnson, 13 Gratt. 651.
Continuing Trespass.—where a plaintiff has already recovered damages against the defendant for erecting a dam, thereby causing his land to overflow, in a second suit he can only recover for damages occasioned by the continuance of the dam subsequently. Ellis v. Harris, 32 Gratt. 684.
Right to Appeal.—A plaintiff cannot appeal from a judgment in favor of all the defendants, except one, in a joint action of trespass, until the suit has been abated, dismissed, or decided as to that one. Wells v. Jackson, 3 Munf. 458.
Judgment in Detinue.—A judgment against one person in an action of detinue for a slave, is, while unsatisfied, a bar to another action for the same slave, and by the same plaintiff, against another person. Murrell v. Johnson, 1H. & M. 450.
After a judgmentin detinue, a new action of detinue against the same defendant for the same thing, in which the former judgment is not declared upon, but is only relied on as evidence of title, cannot be maintained. Withers v. Withers, 6 Munf. 10.
After a judgmentin detinue for slaves, the plaintiff cannot come into equity for profits accruing afterwards, pending an appeal; nor to recover their increase not included in such judgment; nor to compel the delivery of them by purchasers from the defendant. Aldersonv. Biggars, 411. & M. 470.
Trover and Trespass for Same Injury.—If a plaintiff brings trover or detinue to recover a horse, and trespass for taking the same horse, a judgment for the defendant in an action of trover or detinue, is a good bar to the action of trespass. Hite v. Long, 6 Band. 457.
Ejectment.—Where an action of ejectment is brought by an adverse claimant against a tenant to recover possession of the premises, and judgment is rendered for such plaintiff against the tenant by default, and a writ of possession is executed by which the plaintiff is placed in actual possession, the possession is thereby changed, and the landlord is thereby actually turned out; and in a second action of ejectment by the plaintiffs, who derived title from the plaintiff in the first suit, against such landlord, sued as defendant, the record of recovery in the former suit is competent evidence on behalf of the plaintiff in the latter suit as showing or tending to show, that the defendant’s possession at that time was ended and changed by the execution of such writ of possession. Clark v. Perdue, 40 W. Va. 300, 21 S. E. Rep. 735.
Fictitious Plaintiffs.—But no verdict and judgment in ejectment can be relied on as a bar to a subsequent ejectment though for the same land, and. between the same defendants and lessors of the plaintiff, where the fictitious plaintiffs are not the same. Pollard v. Baylors, 6 Munf. 433.
Adverse Party .—A verdict at law against a party is no bar to a decree in his favor if he is brought into chancery by the adverse party; but it is otherwise, if he is the plaintiff in equity. Jones v. Jones, 4 H. & M. 447.
Opinion as to Safety Does Not Preclude Action for Damages.—Where a jury of inquest in a mill case are induced by the opinions expressed and facts stated by the father of the applicant, to report that no person will sustain damage from the dam allowed to be built; and the inquisition is confirmed by the court; this inquest and judgment is no bar to an action for damages sustained by the father against a vendee of the mill, which were not actually foreseen and estimated by the inquest. Calhoun v. Palmer, 8 Gratt. 88.
*236 • Judgment Procured by Fraud.—If it be alleged and proved that a judgment or decree was procured by fraud, it ceases to protect the wrongdoer, or to obstruct the injured party in the assertion of his rights. Francis v. Cline, 96 Va. 201, 31 S. E. Rep. 10; N. & W. R. R. Co. v. Mills, 91 Va. 641, 22 S. E. Rep. 556.
Judgment Setting Aside Homestead—A judgment setting aside a homestead to a debtor is not a bar to ■a subsequent action by the party to the judgment to subject the homestead to his claim, after expiration of the exemption. Hanby v. Henritze, 85 Va. 177,7 S. E. Rep. 204.
Ineffectual Suit to Enforce Lien of Judgment,— Although a judgment is an indivisible cause of action in the sense that it may not be divided or split up into several causes of action, nevertheless a suit brought to enforce the lien of a judgment and prosecuted in good faith, though ineffectually, is not a bar to a subsequent suit by the same plaintiff against the same debtor to enforce the satisfaction of the same judgment. In such cases it will be the duty of the equity court to see that the creditor does not exercise his right capriciously or oppressively, and make such orders or decrees with reference to the imposition of costs as will protect litigants against unnecessary and vexatious suits. In other words the vitality of a judgment is not exhausted by one action thereon, but the judgment creditor is entitled to pursue successive actions until satisfaction is obtained. Kelly v. Hamblen, 98 Va. 383, 36 S. E. Rep. 491.
Joint Assignment of Damages.—A judgment assigning damages jointly, on the breaches assigned in a declaration on an injunction bond payable to several obligees jointly, while it is not a formal ascertaining the damages according to the statute, it is substantially so, and should be held as in full satisfaction and discharge of all the breaches alleged in the declaration, and a bar to any other or further recovery for the same breaches. Peerce v. Athey, 4 W. Va. 22.
Plea of Former Judgment—How Tried.—A plea of former judgment on the same cause of action in bar of the plaintiff’s suit, replied to by “No such judgment,” should be tried by the court by an examination and inspection of the record, and it is improper to submit the same to a jury. Davis v. Trump, 43 W. Va. 191, 27 S. E. Rep. 397.
How Available.—The mode in which a party must avail himself of a former judgment for the same cause of action is by plea in bar, or in an action of assumpsit, by evidence on the general issue. Oleaton v. Chambliss, 6 Rand. 86.
Justice’s Judgment.—Where the plaintiff already has an intelligible judgment, though defective in form and grammar, against the same parties in the same cause of action, he is precluded thereby from instituting another suit therefor before another justice, or in court. “He should have the defective judgment corrected, which the justice has the right to do on his motion, as to any clerical error committed by him, he being his own clerk.” Davis v. Trump, 43 W. Va. 191, 27 S. E. Rep. 397.
2. Issues.
a. Must Be Directly in Issue.—A fact which has been directly tried and decided by a court of competent jurisdiction cannot be contested again between the same parties in the same or any other court. It is res judicata. Hut to make it res judicata it must have been directly and not collaterally in issue in the former suit, and then decided. Parsons v. Riley, 33 W. Va. 464,10 S. E. Rep. 806; The Western M. & M. Co. v. The Va., etc., Co., 10 W. Va. 250; S. V. R. R. Co. v. Griffith, 76 Va. 914; Henry v. Davis, 13 W. Va. 230.
If it appears that the issue presented in the latter suit was involved and determined in the former suit, the judgment or decree in such former suit is not only a bar to a second suit, between the same parties or their privies upon the same claim or demand, but also bars a suit between the same parties or their privies upon a different cause of action. Such a judgment or decree is conclusive upon the parties to it until reversed upon appeal, or until set aside or annulled by some proceeding instituted for that purpose. Harrison v. Wallton, 95 Va. 721, 30 S. E. Rep. 372.
It is settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit, is conclusive as to that question, in another suit between the same parties. Corprew v. Corprew, 84 Va. 599,5 S. E. Rep. 798; Withers v. Sims, 80 Va. 658; McComb v. Lobdell, 32 Gratt. 185: Tilson v. Davis, 32 Gratt. 92, and note; Poster v. City of Manchester, 89 Va. 92,15 S. E. Rep. 497; Pishburne v. Perguson, 85 Va. 324, 7 S. E. Rep. 361; Diehl v. Mar-chant, 87 Va. 449, 12 S. E. Rep. 803.
But a former judgment cannot be pleaded in bar unless it was directly upon the same point, and between the same parties or privies. Cleaton v. Chambliss, 6 Rand. 86.
Certainty.—“It is undoubtedly settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record—as, for example: if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered—the whole sub j ect-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible.” Russell v. Place, 94 U. S. R. 214, 4 Otto 606, approved in Ghrisman v. Harman, 29 Gratt. 494, and note, 26 Am. Rep. 387; Withers v. Sims, 80 Va. 651, 658; Legrand v. Rixey, 83 Va. 862, 3 S. E. Rep. 864.
Record Must Be Set Out.—Where a decision of a former suit is pleaded as an estoppel, so much of the former record must be set out or made part of the pleading, as will show that the precise question had been adjudicated in the former suit. The Western M. & M. Co. v. The Virginia, etc., Co., 10 W. Va. 250.
Opinion of Trial Judge.—When a decree in a former suit is pleaded as res judicata, and the decree does not show upon which of the several points in litigation it is based, but refers to the opinion of the trial judge, filed in the case to explain what was determined, such opinion becomes a part of the record, and must be looked to, to determine what was in issue and what was adjudicated by the decree. Legrand v. Rixey, 83 Va. 862, 3 S. E. Rep. 864.
Extrinsic Evidence.—Where a judgment or decree is relied upon as an estoppel, and the pleadings and proceedings in the former suit leave it doubtful what was the precise issue or state of facts upon *237 which the judgment or decree was rendered, parol or extrinsic evidence may be received in a subsequent suit to show what was actually in issue and determined on the trial of a former suit. Withers v. Sims, 80 Va. 651; Chrisman v. Harman, 29 Gratt. 494; Legrand v. Rixey, 83 Va. 862, 3 S. E. Rep. 864.
Illustration.—If a decree be pronounced by a superior court of chancery, against an executor, in a suit brought against him and his securities, but without charging or exonerating them by .such decree, and the executor removes out of the commonwealth. without satisfying the same, a second suit may be brought against him and them in the superior court of chancery of any other district in which the securities reside, to get satisfaction from them. Crutcher v. Crutcher. 4 Munf. 457.
Sureties.—in a suit by a surety to recover for amounts paid by him on behalf of his principal, the defence of res judicata will not he sustained when it appears that the claims brought forward in the present suit were not put in issue in the former litigation, nor were they there made the basis of any prayer for relief, nor mentioned in the decree of the court. Tarter v. Wilson, 95 Va. 19, 27 S. E. Rep. 818 See Nlday v. Harvey, 9 Gratt. 454.
Conveyance —For example it has been held, that a former adjudication, in the suit brought for the sole purpose of determining whether the language in a conveyance of real estate does not create a specific lien or charge on the land, will not estop the grantors in such a conveyance from setting up a personal claim against the grantees or their estates, when such question was in no wise involved in or adjudicated in the former suit Brown v. Squires, 42 W. Va. 367, 26 S. E. Rep. 177.
Judicial Sale.—The order of a court of chancery directing a writ to issue to place the purchaser at a j udicial sale in possession of lands, made after a full hearing, at which the issuing of the writ was resisted on the ground that the purchase had been made in the trust for the original judgment debtor, and under an agreement entitling him to remain in possession, and to a conveyance of the property on his complying with certain conditions, is conclusive against him in a subsequent suit in equity seeking to enforce the same agreement upon which he relied in resisting the application for a writ of possession. Burner v. Hevener, 34 W. Va. 774, 12 S. E. Rep. 861.
Condemnation Proceedings.—Where judgment is rendered for a city in street condemnation proceedings, the landowner cannot, in a prosecution for obstructing the street, defend on the ground that the proceeding was illegal. Foster v. Manchester, 89 Va. 92, 15 S. E. Rep. 497.
Partition.—A judgment in a partition suit decreeing that the defendant is entitled to the plaintiff's share of the property under a deed by the defendant to the plaintiff, the validity of which was not then in issue, is not res judicata against the plaintiff’s right in a subsequent action to set aside the deed on the ground that it was made without consideration, and with the understanding that the defendant would reconvey the property to the plaintiff on request. Eaves v. Vial, 98 Va. 134, 34 S. E. Rep. 978.
Illegality of Contract—Authority of Agent.—In a suit upon a judgment, the questions whether it was an illegal contract on which the judgment was recovered, or whether the agent who made the contract was authorized to make it, are concluded by the judgment. Fisher v. March. 26 Gratt. 765.
Right of Widow in Personalty.—Where after the death of the testator, one of the devisees brings suit to obtain a partition of real estate and a distribution of the personal estate, the court assigning the widow dower in one-third of the real estate and decreeing payment to her of one-third of the personal estate by the executor without words of qualification, it is not necessary to determine what estate in the personalty the widow took, she being entitled to the possession of it in any event, and such decree is not res judicata of the quantity of estate in personalty she took under the will. Houser v. Ruffner, 18 W. Va. 245.
Failure of Consideration.—Where, in the court in which the judgment was rendered, the question of the paramountcy of a defendant’s homestead has been raised and decided adversely, the same question cannot be raised a second time in another suit brought to ascertain priorities of liens on the defendant’s realty, and the defence of failure of consideration must be set up either in the suit wherein the judgment is rendered, or by a chancery suit brought by the defendant for that purpose. Spoils v. Com.. 85 Va. 531, 8 S. E. Rep. 375.
Forfeiture of Lease.—when it has been determined that a senior lease has been forfeited by a failure of the lessee to comply with the condition therein, the senior lessee cannot afterwards file a bill against the landlord and junior lessees praying for relief against such forfeiture, because the fact of forfeiture of the senior lease is res judicata, and cannot be brought into question and again litigated inasuitin equity. Hukill v. Guifey, 37 W. Va. 425,16 S. E. Rep. 544.
Hatters Not Submitted on First Motion.—Where the matters involved in a second motion were not sub mitted to the j ury on the trial of the first motion, or if submitted could not have been legally adjudicated by them, no question of estoppel can arise. Allebaugh v. Coakley, 75 Va. 628.
No Decision Necessary to Decide Case.—Where a claim is made in the defendant's answer, but has no connection with the relief sought in the bill, and is not necessary tobe decided in passing upon the case so made in the bill, then the decree does not conclude the question when it is afterwards set up by the defendant by a cross bill in the cause,though the court in its decree expressed an opinion in favor of the defendant. Niday v. Harvey, 9 Gratt. 454.
1). What Might Have Been Litigated— it is well settled that an adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated, as incident thereto, and coming within the legitimate purview of the subiect-matter of the action. It is not essential thatthe matter should have been formally put in issue, in the former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being res judicata. Rogers v. Rogers, 37 W. Va. 407, 16 S. E. Rep. 633; Sayre v. Harpold, 33 W. Va. 553,11 S. E. Rep. 16.
When a judgment or decree has been rendered by a court of competent jurisdiction in a suit, it is abar to any further action between the same parties upon the same matter of controversy. 1 Barton’s Haw Prac. (2d Ed.) 553, 554;-7Rob. Prac. 172; Findlay v. Trigg, 83 Va. 543, 3 S. E. Rep. 142; Simpson v. Dugger andBoisseauv. Same. 88 Va. 963,14 S. E. Rep. 760. The decree in the first cause is not only final as to matters *238 actually determined, but as to every matter which the parties might have litigated, within the scope of the pleadings, and which might have been decided Diehl v. Marchant, 87 Va. 447,12 S. E. Rep. 803; Withers v. Sims, 80 Va. 660, 661; Blackwell v. Bragg, 78 Va. 529; Fishburnev. Ferguson, 85 Va. 321,7 S. E. Rep. 361; Davis v. Brown, 94 U. S. 428; Cromwell v. County of Sac, 94 TJ. S. 357; Wells, Res Adj. §252; Stearns v. Beckham, 31 Gratt. 391; Durant v. Essex Co., 7 Wall. 107; Malloney v. Horan, 49 N. Y. 116; Freem. Judgm. §§ 246, 254. In the case of McCullough v. Dashiell, 85 Va. 41, 6 S. E. Rep. 610, the learned judge, delivering the opinion of the court, says; “The doctrine of res adjudicata applies .to all matters which existed at the time of the giving of the judgment or rendering the decree, and which the party had the opportunity of bringing before the court.” Beale v. Gordon, 2 Va. Dec. 35, 21 S. E. Rep. 667.
A judgment upon the merits of the case is a bar or estoppel against a prosecution of a second action upon the same demand, and is a finality to the claim or demand in controversy and concludes parties and those in privity with them, not only as to every matter which was offered and received to sustain and defeat the claim, but also any other admissible matter which might have been used for that purpose ; such demand or claim having passed into judgment cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. These principles apply with equal force as well to judgments of the inferior courts of record of the United States rendered in this state between parties subject to their jurisdiction, as to judgments of the circuit courts of the state. Wandling v. Straw, 25 W. Va. 692; Parsons v. Riley, 33 W. Va. 464, 10 S. E. Rep. 806.
Points Essential to Former Judgment.—The doctrine of res judicata embraces not only what was in point of fact adjudicated, but the judgment or decree is conclusive as to all questions in issue, whether formally litigated or not. It is not necessary that the issue should have been taken upon the precise point which it is proposed to controvert in the collateral action. It is sufficient if that point was essential to the former judgment. Every point which has been specifically decided, and, by necessary implication, every issue which must have been decided, in order to support the judgment or decree, is concluded. But where one of the parties to the second suit was not a party to the former suit, and the land sought to be subjected in the second suit was not the same as in the former, the plea of res judicata is not available. Kelly v. Hamblen, 98 Va. 383, 36 S. E. Rep. 491.
Matters Produceable by Diligence.—The plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties, to form an opinion and pronouuce the judgment, but to every point which properly belonged to the subject-matter of litigation and which the parties exercising reasonable diligence, might have brought forward at the time. State Iron Co. v. Rarig, 93 Va. 595, 25 S. E. Rep. 894; S. V. R. R. Co. v. Griffith, 76 Va. 913; Withers v. Sims, 80 Va. 660; McCullough v. Dashiell, 85 Va. 41, 6 S. E. Rep. 610; Fishburnev. Ferguson, 85 Va. 321,7 S. E. Rep. 361; Osburn v. Throckmorton, 90 Va. 316, 18 S. E. Rep. 285; Beale v. Gordon, 2 Va. Dec. 35, 21 S. E. Rep. 667; Campbellv. Campbell, 22Gratt. 666;Findlay v. Trigg, 83 Va. 543, 3 S. E. Rep. 142; Roller v. Pitman, 98 Va. 613, 36 S. E. Rep. 987; Bradley v. Zehmer, 82 Va. 685; Adams v. S. V. R. R. Co., 76 Va. 913; Legrand v. Rixey, 83 Va. 862, 3 S. E. Rep. 864.
A judgment or decree upon the merits of the case is a bar or estoppel against the prosecution of a second suit upon the same demand, not only as to every matter which was offered and received to sustain or defeat the claim, but also any other admissible matter which might have been used for that purpose. Biern v. Ray (W. Va.), 38 S. E. Rep. 530.
In order for the defence of res judicata to prevail, the judgment or decree in the former suit must have been rendered in a proceeding between the same parties or their privies and the matters in controversy must have been the same in the former suit as in the latter, and have been determined on the merits. The adjudicatlon when so made, constitutes a bar not only to the points actually decided, but to every point which properly belonged to the particular matter in litigation, and which the parties might have brought forward at the time, for a party is required to present the whole of his case and not omit a part, which by the exercise of reasonable diligence, he might have brought forward at the time; all those matters which were offered and received, or which might have been offered to sustain the particular claim or demand litigated in the prior suit, and all those matters of defence, which were presented or might have been introduced under the issue to defeat the claim or demand, are concluded by the judgment or decree in the former suit. Dillard v. Dillard, 97 Va. 434, 34 S. E. Rep. 60. State Iron Co. v. Rarig, 93 Va. 595, 25 S. E. Rep. 894; Miller v. Wills, 95 Va. 354, 28 S. E. Rep. 337.
Matters Assumed True.—A proposition assumed or decided by the court to be true, and which must be so assumed or decided in order to establish another proposition, which expresses the conclusion of the court, is as effectually passed upon and settled in that court as the very matter directly decided. Blake v. Ohio River R. Co. (W. Va.), 35 S. E. Rep. 953.
Formal Presentation.—But in order that a matter may thenceforth be considered as res judicata, the claims of the respective parties concerning the matter must be formally presented to the court, and duly passed upon. Tarter v. Wilson, 95 Va. 19, 27 S. E. Rep. 818.
Illustrations.—For example, ithas been held, when a report of sale which contains a statement of the commissions, charged by the commissioner, has been confirmed by the trial court, and the decree confirming the report is affirmed by the court of appeals, without raising any question as to the propriety of the commission charged, the question becomes res judicata, and the amount of the commission charged, is beyond the reach of judicial inquiry. Roller v. Pitman, 98 Va. 613, 36 S. E. Rep. 987.
Right of Wife to Join by Next Friend.—Where a wife, in a suit by the husband, was required to be made a party, but was not allowed to join by her next friend, and upon appeal, and after petition for rehearing, the decree in favor of the plaintiff was reversed, as the question of the wife’s right to join by her next friend, might have been presented upon the first appeal, the adjudication is final, and binding upon her, and a bill brought by the wife alone, concerning the same subject-matter should be dismissed. McCullough v. Dashiell, 85 Va. 37, 6 S. E. Rep. 610.
Where the plaintiff is met, in a scire facias proceeding to revive a decree with the plea of mil Mel record and statute of limitations, and upon these issues there is a final, general, judgment in favor of the defendants, this ends all right in the plaintiff to *239 enforce the decree against the defendant, either at law or in equity. Iiaub v. Otterback, 92 Va. 517, 23 S. E. Rep. 883.
Cross Actions.—If a physician sue for his services and judgment goes by default, for the nonappearance of the patient, defendant in that suit, recovery by the former does not estop the latter from bringing a cross action for malpractice; but if he appear, unless the record shows that it was not to defend, but solely to disclaim the waiver of his own right, he is estopped by the recovery, Hoi/r, J.. dissenting. Lawson v. Conaway, 37 W. Va. 159, 16 S. E. Rep. 564.
But where a party files a bill attacking a trust deed as fraudulent and void, and it is so adjudged by the court, he cannot afterwards file a cross bill to have the deed equitably enforced for his benefit, which he might have set up in the original bill. If such a thing were allowed there would be no end of litigation, and judicial proceedings would be a farce. Simpson V. Dugger, 88 Va. 963, 14 S. E. Rep. 760.
“Whenever a former judgment is relied on as a
bar, whether by pleading or in evidence, it is competent for the plaintiff to show that it did not relate to the same property or transaction in controversy, and the question of identity thus raised is a matter of fact to be decided upon the evidence, if the record is itself silent. And so if the cause is divisible or the pleadings involve two distinct propositions, it is competent to show that only one of them was submitted to and passed upon by the jury. 1 Greenl. Ev. § 532; Southside Railroad Co. v. Daniel, 20 Gratt. 344; Kelly v. Board of Public Works, 25 Gratt. 755; Packet Co. v. Sickels, 5 Wall. 580; Chrisman v. Harman, 29 Gratt. 494.” Allebaugh v. Coakley, 75Va. 629.
The contention that a judgment in a condemnation proceeding, which authorized the construction of a dam, established the fact that the dam was lawful, which will defeat an estoppel arising from a subsequent judgment finding it to be legal, cannot be sustained, where the former judgment only authorized its construction, and did not find that the dam actually constructed was lawful. C. & O. R. Co. v. Rison, 99 Va. 18, 37 S. E. Rep. 320.
In Cleaton v. Chambliss, 6 Rand. 86. the court by Caur, J., said, in regard to unnegotiable bonds which were given but not paid, and judgment was obtained upon them, that: “Here the foundation of the action is the promise, there the foundation is the bond. The issue there, was upon non est factum-, that was the point decided, the allegation taken and found; an allegation not put in issue, and which could not possibly be put in issue, in the case before
us. If then, the judgment on the bonds had been pleaded, the plea could not have availed; for, if it had stated the record correctly, a demurrer would have lain; and if incorrectly, the replication of nut tiel record would have overthrown it.”
Relief was given in equity, in a pauper’s suit for freedom, by awarding a new trial at law and a decree rendered for the plaintiff (a verdict being certified) upon a bill stating, that in the previous proceedings, he had not been permitted to obtain testimony, and on proof now produced in his support of right, notwithstanding the defendant pleaded, in bar to such relief, a former verdict and judgment, by which the plaintiff was declared to be a slave, and a decree of another court of chancery dismissing a similar bill, exhibited on his behalf from which judgment and decree he had not appealed. Isaac v. Johnson, 5 Munf. 95.
If a judgment of reversal states that it "is not to bar or prejudice any future claim for the appellee, made on fuller proof to the auditor," and the new case does not differ from the former, the first judgment concludes the cause. Innis v. Roane, 4 Gall 379.
Inference or Argument.—In order that a former decision shall operate as res judicata, it must be certain and clear that the precise question was definitely and finally determined; and it cannot be made out by inference or argument. Windon v. Stewart (W. Va.), 37 S. E. Rep. 603.
Illustration.—A suit in chancery and decree therein, can neither be pleaded in bar, nor given in evidence, in an action at law between the same parties, unless the very same matter of controversy was involved in both suits, and unless the court of chancery had competent jurisdiction to decide the matter. For example, where a plaintiff filed a bill in chancery against the defendant, charging fraud practiced by the defendant, in the sale of a slave, and praying that the contract might be rescinded, and that the defendant might be enjoined from taking measures to recover the purchase money of the plaintiff, and the bill was dismissed on a hearing, and then the plaintiff brought an action against the defendant to recover damages for breach of warranty of soundness of the slave, it was held that the proceedings and decree in the suit in chancery could neither be pleaded by C in bar of the action at law, nor was the record thereof admissible evidence on the trial of the action at law. Pleasantsv. Clements, 2 Leigh 474.
c. Identity of Issues—It is essential to estoppel by record that the identical question upon which it is invoked was in issue upon the former proceedings. The ruléis thus stated in Black, Judgm. §610; “There must be an identity of issues, and by this is meant that the issue raised in the second suit, upon which the evidential force of the former judgment is to be directed, must be identical with the issue, or one of the issues, raised and determined in the first action.” C. & O. R. R. Co. v. Rison, 09 Va. 18,37 S. B. Rep. 320. See also, Sangster v. Com., 17 Gratt. 124; Fishburne v. Engledove, 91 Va. 548. 22 S. E. Rep. 354; Currie v. Chowning, 2 Va. Dec. 25, 21 S. E. Rep. 809; Weaver v. Vowles, 2 Rob. 438.
Lands Not the Same in Both Suits.—Moreover a verdict, on which a judgment is rendered, is conclusive evidence in any subsequent suit between the same parties or their privies; the same point coming in question; though the lands or other things in controversy be not the same. Preston v. Harvey, 2 H. & M. 63; Shelton v. Barbour, 2 Wash. 64; C. & O. R. Co. v. Rison, 99 Va. 18,37 S. E. Rep. 321.
Trust Deeds.—Where a trustee files a bill to enforce a trust deed, and a decree is entered accordingly, and he afterwards files a second bill to set aside the trust deed, on the ground that it is fraudulent, the decree in the first suit is not a bar to the second, because the question whether the deed was fraudulent was not put in issue in the first case, and therefore could not be decided. Quarles v. Kerr, 14 Gratt. 48.
Points Same—Objects Different.—Judgment upon a direct point in a former suit, on a writ of quo warranto, or an information in the nature of said writ, is conclusive upon the same point in a latter suit, though the objects of the two suits be different. Thus, where a plaintiff instituted a proceeding in the nature of quo warroxto, to try title to, *240 an office, against one appointed by the legislature in his place, it was held that a judgment rendered in that proceeding for the defendant was a bar to the plaintiff’s proceeding by mandamus to compel the board of supervisors to pay him salary as officer de jure; the writ of mandamus being prayed for on the same grounds set up in the auo warranto proceeding. Shumate v. Fauquier County, 84 Va. 574, 5 S. E. Rep. 570.
A judgment is conclusive if on a direct point, though the objects of the two suits are different. Gallaher v. Moundsville, 34 W. Va. 730, 12 S. E. Rep. 859; Winston v. Starke, 12 Gratt. 317.
Facts Necessarily in Issue.—A fact necessarily involved in an issue, on which there has been a judgment, is thereby conclusively settled in any suit thereafter between the same parties and their privies, but the facts in controversy on the trial of an issue, but not necessarily involved in the issue, though ever so important in its determination, are not settled by a judgment on the issue, but are open to controversy in any other suit between the same parties and their privies. Beckwith v. Thompson, 18 W. Va. 103; Houser v. Ruffner, 18 W. Va. 244; Doonan v. Glynn, 28 W. Va. 715. See Coville v. Gilman, 13 W. Va. 314.
Facts Necessary to Decision.—But a judgment is conclusive by way of estoppel as to facts without the existence and proof or admission of which the judgment could not have been rendered. Blake v. Ohio River R. Co. (W. Va.), 35 S. E. Rep. 953.
“Where every objection urged in the second suit was open to the party, within the legitimate scope of the pleadings, in the first suit, and might have been presented at that trial, the matter must be considered as having passed inremjudicatam, and the former judgment in suqh a case is conclusive between the parties. It is notnecessary to the conclusiveness of the fcormer judgment that the issue should have been taken upon the precise point which it is proposed to controvert in the collateral action. It is sufficient if that point was essential to the former judgment. * * * The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps or the ground-work upon which it must have been founded. * * * It is not only final as to the matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided.” Diehl v. Marchant, 87 Va. 447, 12 S. E. Rep. 803. See Fishburne v. Ferguson, 85 Va. 321, 7 S. B. Rep. 361; Blackwell v. Bragg, 78 Va. 529.
Test.—if it is doubtful whether a second suit is for the same cause of action as the first; it is a proper test to consider whether the same evidence would sustain both, and what was the particular point or matter determined in the former action. Gallaher v. Moundsville, 34 W. Va. 730, 12 S. E. Rep. 859.
d. Must Be on the Merits.—Dismission of a suit on its merits at the hearing, whether on plea in bar or demurrer for want of equity or cause of action, is a bar to another suit for the same subject-matter between the same parties, unless the dismission be ■“without prejudice,” etc.; whereas if the bill is dismissed for defect of form or structure, not going to the merits, it is no bar to a future suit for the same subject-matter. Payne v. Grant, 81 Va. 164; Hughes v. U. S., 4 Wall. (U. S.) 237; Durant v. Essex Company, 7 Wall. (U.S.) 107. See also, Seamster v. Blackstock, 83 Va. 232, 2 S. E. Rep. 36; Cornell v. Hartley, 41 W. Va. 493, 23 S. E. Rep. 789, 1 Barton’s ■Ch. Pr. (2d Ed.) 358; Burner v. Hevener, 34 W. Va. 774, 12 S. E. Rep. 861; Wandling v. Straw, 25 W. Va. 692; Riley v. Jarvis, 42 W. Va. 43,26 S. E. Rep. 366.
“In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings or parties, or a misconception of form of proceedings, or want of jurisdiction, or was disposed of on any ground, which did not go to the merits of the action, the judgment rendered will prove no bar to another suit. Hughes v. U. S.,4 Wall. 237.” Tate v. Bank, 96 Va. 765,32 S. E. Rep. 476. See Fishburne v. Engledove, 91 Va. 548, 22 S. E. Rep. 354.
A judgment for the defendant upon pleadings not going to the foundation of the action, is no bar to the plaintiffs bringing another action for the same cause. Lane v. Harrison, 6 Munf. 573.
Decree Dissolving Injunction.—A decree dissolving an injunction upon the merits, where no relief but an “injunction” is sought, is final, and res judicata. Fluharty v. Mills (W. Va.), 38 S. E. Rep. 521; Gal laher v. City of Moundsville, 34 W. Va. 730, 12 S. E. Rep. 859; Burner v. Hevener, 34 W. Va. 774, 12 S. E. Rep. 861.
Sufficiency.—The defence of res judicata, made by answer, is sufficient when supported by the production of the record of the former suit between the same parties, touching the same matter, showing a final decree therein on.the merits. 1 Barton’s Ch. Pr. (2d Ed.) § 114; Miller v. Miller, 92 Va. 196, 23 S. E. Rep. 232.
Bar to Recovery in Equity.—A verdict and judgment at law, against a plaintiff, is no bar to his recovery in equity for the same cause of action, where it does not appear that the merits of the controversy were fully and fairly tried and determined at law. Hawkins v. Depriest, 4 Munf. 469.
Petition to Rehear.—Where a petition to rehear is rej ected on the ground that it is not accompanied by an affidavit, and because it does not state why the matters set up were not brought to the attention of the court before the decree was rendered, the matter does not become res judicata, and it is error to refuse leave to file a new petition, accompanied by an affidavit that the matter therein set up was unknown to the petitioners, and could not have been known by the use of reasonable diligence. Kara v. Rorer Iron Co., 86 Va. 754, 11 S. E. Rep. 431. See Seamster v. Blackstock, 83 Va. 232,2 S. E. Rep. 36.
Motion to Reverse Overruled.—Where a party makes a motion, under sec. 5, ch. 134 of the W. Va. Code, to reverse a judgment on the ground that one of several defendants, against whom a joint judgment is rendered, was not served with process, and did not appear, and such motion is overruled, the decision of the circuit court overruling that motion, makes such judgment valid and binding under the doctrine of res judicata, though it was void before, unless such decision be reversed. Ferguson v. Millender, 32 W. Va. 30,9 S. E. Rep. 38.
It was held in Pettus v. Atlantic Savings & Loan Ass’n, 94 Va. 477, 26 S. E. Rep. 834, that an order of a hustings court, in the exercise of its special statutory jurisdiction, appointing a trustee to take the place of the trustee named in the deed, who has resigned the trust, determines nothing as to the rights of the parties under the deed, nor as to the character of the deed, and will not debar the grantor from asserting its true character.
Nul Tiel Record, Act of Limitations.—Where, to a *241 scire facias to revive a decree, the defendants plead nultiel record and the statute of limitations, and on these pleas issue is joined, and there is a final general judgment in favor of the defendants, this ends all right in the plaintiff to enforce the decree against the defendants, either at law or in equity. Raub v. Otterback, 92 Va. 517, 2B S. E. Rep. 883.
Demurrer to Cross BilL—Where a county files a cross bill admitting the validity of certain of its bonds, yet on the ground that the plaintiff has not complied with its contract with the county, the county asked the court to decree that it was not bound, except to bona fde_ holders of the bonds for value and without notice, the effect of a dismissal of the cross bill on demurrer, when it appears that the demurrer was sustained upon the grounds going to the merits of the question raised by the pleadings, is to adjudge that the county is bound; and such a decree is, as between the same parties, a final determination of the question. W., O. & W. R. R. Co. v. Cazenove, 83 Va. 744, 3 S. E. Rep. 433.
e. Judgments Must Be Pinal.—‘'It is well settled that the doctrine of res judicata applies only to final judgments, not to interlocutory judgments or orders, which the court which rendered has power to vacate ormodify at any time.” 2 Black, Judgm. § 509, cited with approval in Rheiins v. Ins. Co., 39 W. Va. 672, 20 S. E. Rep. 670; Quarles v. Kerr, 14 Gratt. 48; Yates v. Wilson. 86 Va. 625, 10 S. E. Rep. 976.
A final adjudication of a court of competent jurisdiction upon the merits of the controversy, so long as it remains unreversed, is a bar to any new suit for the same cause of action between the same parties. Burner v. Hevener, 34 W. Va. 774, 12 S. E. Rep. 861.
Suit by Legatees.—It seems that a final decree, in a suit by legatees, for the division of a testator’s estate, is a bar to a bill exhibited by the same persons, or their legal representatives, suggesting that the executor had kept back part of the property, but not averring that this was new matter since discovered, or that the decree was obtained by fraud. Regrand v. Francisco. 3 Mnnf. 83.
Partition—Rights of Children Not Adjudicated.— Where, in partition, the issue was whether the complainants were entitled to the shares of their deceased brothers and sisters, under the will of the complainant's grandfather, or whether such shares belong to their .father, it was held that a decree that the complainants were entitled to such shares was binding on the father, who was a party to the suit, since it settled the question that he had no interest in the property, though it did not finally adjudicate the rights of the children as between themselves; and in the absence of fraud, such decree cannot be assailed by the creditors of the father, and the lands subjected to their claims. Gardner v. Stratton. 89 Va. 900, 17 S. E. Rep. 558.
3. Courts in General.“A judgment rendered by a court of competent jurisdiction is a bar to a subsequent action between the same parties upon the same matter directly in issue. There is no difference between a judgment in a court of common law and a decree of a court of equity; both stand on the same footing. And as we have seen, the doctrine of res judicata is equally applicable to those matters which have been, and those which might have been, adjudicated. Adams v. S. V. R. R. Co.,76 Va. 913; Blackwell v. Bragg, 78 Va. 529: Burner v. Hevener, 34 W. Va. 774, 12 S. E. Rep. 861; Tilson v. Davis, 32 Gratt. 92: Tracey v. Shumate. 22 W. Va. 474; Western M. & M. Co. v. The Virginia, etc., Co., 10 W. Va. 250; Parsons v. Riley, 33 W. Va. 464, 10 S. E. Rep. 806.
No Difference between Decrees and Judgments.—It is well established law that a final decree in chancery is as conclusive as the judgment at law. A verdict and judgment in a court of record or a decree in a court of chancery puts an end to all points decided between tbe parties to the suit. There is and ought to be no difference between the verdict and judgment in the court of law and a decree in a court of equity. They both stand on the same footing and may be offered in evidence under the same limitations: it would be difficult to assign a reason why it should be otherwise. There is nothing anomalous or unusual in setting up a former adjudication as an estoppel to an action for equitable relief. The rule is a beneficiary one, and it is a matter in which it is said that the public has an interest as well as the parties, that there should be an end to litigation. Tilson v. Davis, 32 Gratt. 92; Tracey v. Shumate, 22 W. Va. 474; Western M. & M. Oo. v. The Virginia, etc., Co., 10 W. Va. 250; Parsons v. Riley, 33 W. Va. 464, 10 S. E. Rep. 806.
a. Probate When a paper is propounded for probate to the proper court by a devisee, and there is a sentence of the court fairly obtained and pronounced on the merits, excluding the paper from the probate, such sentence of exclusion from probate is conclusively binding upon all claiming under the paper. Schultz v. Schultz, 10 Gratt. 358; Connolly v. Connolly, 32 Gratt. 657; Ballow v. Hudson, 13 Gratt. 672.
The sentence of a court of probate fairly obtained and pronounced upon the merits, by which a paper propounded as a will by the nominated executor is rejected, in a proceeding in which .some of the next kin interested to defeat it, are parties defendants, is conclusively binding upon a legatee in the paper, though he was an infant at the time, and no party to the proceeding. And the paper cannot again be propounded by the legatee. It would be intolerable evil, if the controversy could be renewed, from time to time, at the pleasure of the same, or even of other parties. Obvious considerations of justice and sound policy require that in a proceeding of so much publicity and notoriety, intended to sanction or condemn perpetually an important muniment of title; affecting various interests, original and derivative, which time only can fully develop and determining prospectively, channels of succession, powers of representation, and classes of ownership; there should be, as far as practicable, uniformity, consistency and finality. Such a proceeding becomes to a great extent, a matter of public as well as private interest; and both the general good and individual security prohibit that it should be, so far as can be avoided, in any wise uncertain, vacillating or precarious. Wills v. Spraggins, 3 Gratt. 555.
Analogous to Judgments in Rem.—'‘When a will has been propounded by the party interested, and fairly rejected on the merits, it would defeat the policy of the law, and be productive of many mischiefs, if it could be again propounded by the same party or by others who might be interested, and the contest thus renewed from time to time. The sentence therefore against the will must be regarded as a sentence against all claiming under it. It stands upon a footing analogous to the cases known as judgments in rem, which being adjudications upon the subject-matter are regarded as final and conclusive not only in the courts in which they are *242 pronounced, but in all others in which the same question arises.” Schultz v. Schultz, 10 Gratt. 358; Connolly v. Connolly, 32 Gratt. 657.
Pendency of Bill in County Court.—The pendency of a bill in equity, in a county court, after dissolution of an injunction, is no bar to the complainant’s obtaining another injunction from the superior court of chancery. Roberts v. Jordans, 3 Munf. 488.
6. Appellate Gowrts.
Effect on Parties Not Appearing.—It is settled that if a party sues out a writ of' error from a judgment against him, and the judgment is affirmed, the judgment of the appellate court affirming the judgment of the lower court has all the force of res judicata, and makes that judgment binding. It is binding as a judgment, even on parties who did not appeal, and were not served with appellate process, if a joint judgment. Ferguson v. Millender, 32 W. Va. 30, 9 S. E. Rep. 38; Camden v. Werninger, 7 W. Va. 528; Armstrong v. Poole, 30 W. Va. 666, 5 S. E. Rep. 257; Campbell v. Campbell, 22 Gratt. 649; Board v. Parsons, 24 W. Va. 551; Henry v. Davis, 13 W. Va. 230; Mason v. Harper’s Perry Bridge Co., 20 W. Va. 223; Newman v. Mollahan, 10 W. Va. 488.
Where exceptions have been taken to an administrator’s account, because, among other things, of payments made to unpreferred creditors, and the account is confirmed, and an appeal therefrom taken to the court of appeals, where the decision of the lower court is affirmed, a bill in equity against the administrator by a party to the former proceeding, charging devastavit on account of such payments, cannot be sustained, although the validity of the payments was not, in fact, questioned in the court of appeals. Findlay v. Trigg, 83 Va. 539, 3 S. E. Rep. 142.
Where a judgment of the circuit court has been affirmed by the supreme court, such judgment cannot be impeached or set aside by a court of equity, in a suit brought for that purpose, upon any ground of error upon theface of such judgmentorupon the record of the casein which it is rendered. Armstrong v. Poole. 30 W. Va. 666, 5 S. E. Rep. 257.
Chancery Courts.—Moreover, a court of chancery cannot, upon the same facts, alter a decree of the court of appeals. Price v. Campbell, 5 Call 115; White v. Atkinson, 2 Call 376.
Decision as to Jurisdiction.—Where the court of appeals decides, whether rightfully or wrongfully, that it has jurisdiction of a cause, and orders the trial court to enter judgments therein, after the close of that term, the question of jurisdiction becomes res judicata, and cannot be raised in a subsequent action on the judgment. This ruléis established by an unbroken line of decisions. Stuart v. Peyton, 97 Va. 796, 34 S. E. Rep. 696; Griffin v. Cunningham, 20 Gratt. 81; Campbell v. Campbell, 22 Gratt. 667; Stuart v. Heiskell, 86 Va. .l91, 9 S. E. Rep. 984; Roanoke St. Ry. Co. v. Hicks (Va.), 32 S. E. Rep. 790; Reid v. Strider, 7 Gratt. 76; Bank v. Craig, 6 Leigh 400; Renick v. Ludington, 20 W. Va. 537.
Commissioner’s Report.—If, in a chancery cause, a commissioner reports that the lands of certain persons not parties to the cause are liable to be sold in the cause, and the court confirms this report and orders the sale of their lands, and they appeal from this decision, and the appellate court on their appeal hears the cause on its merits and affirms the decree, these appellants are bound by this decree as res adjudicata, as the appellate court in so deciding, must have held that it had jurisdiction not only of the cause but of the parties; and this j udgment as well as that on the merits of the case is binding on the parties. But if the appeal had been taken in such case not by these persons, but by some other party to the cause, neither the judgment in the court below nor its affirmance by the appellate court would have bound such persons as res adjudicata; for in such case there would be no implied judgment of the appellate court, that it had jurisdiction over such persons as parties to the cause. Renick vLudington, 20 W. Va. 511.
Questions Decided on Appeal.—It is a settled rule of the appellate court, that a question which has been decided on the first appeal in any cause, cannot be reviewed or reversed in any subsequent appeal in the same cause. Stuart v. Preston, 80 Va. 625; Ins. Co. v. Clemmitt, 77 Va. 366; White v. Offleld, 90 Va. 336, 18 S. E. Rep. 436.
Thus, where in a suit to correct a mistake and for an accounting, the court below held that payment by the grantee in a deed of certain incumbrances on the land should be considered payments on the price, which decree was affirmed in that respect on appeal, on a second accounting, under the decree of the appellate court, the question, whether the payments of the incumbrances were payments on the price or to be treated as set-offs, is res judicata. Stuart v. Heiskell, 86 Va. 191, 9 S. E. Rep. 984.
Title to Lands.—Where in the original cause the title to lands was investigated by a commissioner whose report was confirmed by the circuit court and an appeal from its decision to the supreme court was dismissed, a contention that there is a defect in the title will not be considered. Hudson v. Yost, 88 Va. 347, 13 S. E. Rep. 436.
Final and Interlocutory Decrees.—A decree of the supreme court upon a question decided by the court below is final and irreversible; and upon a second appeal in the cause, a question decided upon the first appeal cannot be reversed, being res judicata, and such a decision is alike conclusive whether the decree appealed from is final or interlocutory. Turner v. Staples, 86 Va. 300, 9 S. E. Rep. 1123; Miller v. Cook, 77 Va. 806.
Boints adjudicated by the supreme court on a former appeal must be regarded as res judicata during the further progress of the cause. Wick v. Dawson (W. Va.), 37 S. E. Rep. 639.
Correction by Rehearing in Lower Court.—Where a decree has been affirmed by the supreme court on appeal, it becomes res judicata, and no error in it can be corrected by rehearing in the court below. Lore v. Hash, 89 Va. 277,15 S. E. Rep. 549.
Effect of Talcing Additional Evidence in Lower Court. —Moreover, the conclusiveness of a decision by the supreme court on appeal, by which the principles of a cause are settled, is not affected by the fact that additional evidence is taken after the case goes back to the trial court. Turner v. Staples, 86 Va. 300, 9 S. E. Rep. 1123.
Important Questions Omitted.—Although the opinion of the supreme court should indicate that important questions involved in the pleadings had been overlooked, which, had they been considered, might have changed the adjudication, nevertheless the decision, when it has been rendered and has become final, settles the rights of the parties in that particular case, and it may be pleaded as an estoppel. Northwestern Bank v. Hays, 37 W. Va. 475,16 S. E. Rep. 561.
Matters Not Actually Adjudicated.—Matters once determined on appeal in the supreme court cannot be reopened; and this is true whether those mat *243 ters were actually adjudicated or not. If they could have been adjudicated in that suit they are equally settled. Carter v. Hough, 89 Va. 503. 16 S. E. Rep. 665; Findlay v. Trigg, 83 Va. 539, 3 S. E. Rep. 142; Campbell v. Campbell, 22 Gratt. 649.
Matters Contained in Record.—Whatever is contained in the record on an appeal is supposed to have been passed upon, and whatever is passed upon here, and whatever might have been passed upon in consideration of the record, is concluded and settled, and cannot be reopened by the court below. Krise v. Ryan, 90 Va. 711, 19 S. E. Rep. 783; Campbell V. Campbell, 22 Gratt. 649.
Construction of Records.—When the supreme court has placed a construction upon the legal character and effect of certified copies of entries or memorandums in certain public records, such construction is res judieala in the supreme court and all other courts of the state, on a second appeal. Holleran v. Meisel, 91 Va. 148, 21 S. E. Rep. 658; Chahoon’s Case, 21 Gratt. 822, and note: Campbell v. Campbell, 22 Gratt. 649; Turner v. Staples, 86 Va, 300, 9 S. E. Rep. 1123; Stuart V. Heiskell, 86 Va. 191, 9 S. E. Rep. 984; Norfolk, etc., R. Co. v. Mills, 91 Va. 613, 22 S. E. Rep. 556.
Entry That Plaintiff Takes Nothing by His Motion.— If a judgment on a summary motion be reversed on the ground that the plaintiff’s claim is not supported by the evidence, the appellate court should proceed to enter judgment, that the plaintiff take nothing by his motion; snch judgment would be a bar to another motion for the same cause of action. But if such judgment be not entered, the judgment of reversal is too imperfect to be a legal bar. Webb v. McNeil, 3 Munf. 184.
4. Rutbaxit.—A retraxit is an open and voluntary renunciation by the plaintiff in open court of his suit, and the cause thereof. A dismissal by a plaintiff who no longer has any interest in the cause of action is not a retraxit, and cannot prejudice the rights of the real owner of the subject of litigation, who is neither a party to the action, nor a privy of the plaintiff. Tate v. Bank, 96 Va. 765, 32 S. E. Rep. 476; Wohlford v. Compton, 79 Va. 336.
Maker and Accommodation Endorser.—In an action against the maker and accommodation endorser of a negotiable note by one who held the note as collateral for a debt, the plaintiff haying received satisfaction of his debts from his original debtor, dismissed the action at the defendant’s costs, with the knowledge and acquiescence of the endorsers, the collateral notes being at the time transferred to the defendant in error who was not a party to the action on them, and had no notice or knowledge of the pendency of the action. Held, the dismissal was not a retraxit, precluding the defendant in error from subsequently recovering from an endorser who was a party, and acquiesced in the dismissal. Tate y. Bank, 96 Va. 765, 32 S. E. Rep. 476.
Dismission of Suit Agreed.—The dismission of a suit agreed is not a retraxit and cannot be pleaded in bar of a subsequent suit between the same parties, for the same cause of action. Makshaiil, C. J„ in Hoffman v. Porter, 2 Brock. R. 156, disapproved in Hoover v. Mitchell, 25 Gratt. 387.
Judgment for Costs.—Also, a dismissal of a suit by the plaintiff’s order is no bar to his bringing another suit for the same cause of action, even though there was a judgment by the court for the defendant against the plaintiff for costs. Coffman v. Russell, 4 Munf. 207.
Discontinuance.—A discontinuance is not a retraxit. Muse y. Bank, 27 Gratt. 252.
Must Be Entered in Person.—A retraxit can only be entered by the plaintiff in person, and in open court. Muse y. Farmers’ Bank, 27 Gratt. 252.
Damages by Statute.—The damages of five dollars, given by the act of the assembly, in cases of non-suits, ought not to be awarded in the case of a retraxit. Pinner v. Edwards, 6 Rand. 675.
Retraxit in Criminal Cases—A dismission of a presentment is not a retraxit, nor is a retraxit known to the criminal law, where the prosecution is carried on by the commonwealth. This power of a retraxit is a dispensing power, and the law has not entrusted it to a prosecuting attorney. Wortham y. Com., 5 Rand. 669.
5. Nonsuit.—A nonsuit is not a final judgment, but the opposite. By suffering a nonsuit the plaintiff ends his present suit without prejudice to his right to bring another. Mallory v. Taylor, 90 Va. 348, 18 S. E. Rep. 438; 4 Min. Inst. (3d Ed.) 958; Pinner y. Edwards, 6 Rand. 675; Railway Co. v. Long, 26 W. Va. 699.
Must Qo to the Herits.—A nonsuit, to be such at all, must go to the whole case, as there is no such thing as a partial nonsuit. Railway Co. v. Long. 26 W. Va. 692.
Nonsuit Ordered by Justice.—A nonsuit ordered by a j ustice must be regarded, after a trial on the merits, as a judgment for the defendant, and consequently a bar in any other litigation between the same parties (in regard to the same subj ect-matter), even though the order was made with the consent of the plaintiff. Parsons y. Riley, 33 W. Va. 464. 10 S. E. Rep. 806.
Voluntary Nonsuits.—The court may recommend a nonsuit, but cannot direct it to be entered, against the will of the plaintiff. Ross y. Gill, 1 Wash. 87.
Not Appealable.—But If the court directs the plaintiff to be nonsuited, and he submits to it (which he is not bound to do), he deserts his cause, and cannot by an exception, avail himself of any legal o bj action to the opinion of the court. Thornton v. Jett, 1 Wash. 138.
Omission of Joint Defendants —If one of several joint contractors be omitted as defendant, and the omission is disclosed only by the evidence, the plaintiff will be nonsuited. Prunty v. Mitchell, 76 Va. 169.
Variance between Allegata and Probata.—If the evidence differs from the statement in the declaration, judgment of nonsuit will be given by the court of error. Calvert v. Bowdoin, 4 Call 217.
Damages in Case of Dismission.—The damages of five dollars, given by the act of the assembly ought to be awarded in all cases of dismissions and discontinuances, produced by a voluntary abandonment of the cause by the plaintiff, after the defendant’s appearance, whether in the office, or in court, and such dismissions ought to be entered up as nonsuits. But the dismission of a suit for a failure to give security for costs, is not such a voluntary failure to prosecute, as authorizes the judgment of nonsuit. Pinner v. Edwards, 6 Rand. 675.
Reasons for Suffering Nonsuit.—The nonsuit is resorted to where the plaintiff finds himself unprepared with evidence to maintain his cause, either in consequence of his being ruled into a trial when not ready, or when surprised by the testimony of a witness, or some ruling of the court, or some similar reason. Cahoon v. McCulloch, 92 Va. 177, 23 S. E. Rep. 225.
Setting Aside a Nonsuit.—Where a nonsuit, in a *244 writ of right, has heen suffered under a misapprehension on the part of the defendants and their counsel as to the legal effect of an instruction given at the trial, the court, in the exercise of a sound discretion, should, on the motion of the defendants, set aside the nonsuit; and if this is not done, the judgment, overruling the motion, will be reversed. Walkers v. Boaz, 2 Rob. 485.
Effect of Nonsuit.—The only effect of a judgment of nonsuit is to put an end to the pending suit, without precluding another for the same cause of action. Cahoon v. McCulloch, 92 Va. 177, 23 S. E. Rep. 225.
Contrast.—In 2 Tuck. Com., p. 251, it is said : “A retraxit differs from a nonsuit in that the one (the latter) is negative, and the other (the former) is positive. The nonsuit is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon the payment of costs; but a retraxit is an open and voluntary renunciation of his suit in court, and by this he forever loses his action.” Quoted in Hoover v. Mitchell, 25 Gratt. 387. See Pinner v. Edwards, 6 Rand. 675 ; Railway Co. v. Long, 26 W. Va. 699.
Non Pros. Species of Nonsuit.—The judgment of non pros, for the plaintiff's failure to file a verification does not bar another suit for the same cause, this judgment is a species of nonsuit. “Such a judgment is not regarded as one on the merits, but only as a nonsuit, and, while final in the particular case, is not conclusive upon the matter of action. It is treated as a nonsuit by 3 Bl. Com. 296; by 4 Min. Inst. (4th Ed.) 867 ; 2 Black, Judgm. § 702; 1 Freeman, Judgm. § 261. Judge Summers regarded it as a non-suit in Pinner v. Edwards, 6 Rand. 675. All authorities hold that a nonsuit does not bar a second suit for the same cause. The authorities just given say that a judgment on non pros, will not defeat a second suit." Henry v. Ohio River R. Co., 40 W. Va. 234, 21 S. E. Rep. 863.
Where there is a plea of new matter, concluding with a verification, and the plaintiff fails to reply to it, there ought to be a judgment of non prosequitur against him, after a rule to reply, but such need not be served. Henry v. Ohio River R. Co., 40 W. Va. 234,21 S. E, Rep. 863.
6. Dismissal inequity.—A bill in equity dismissed generally, without any reservation to the plaintiff to sue thereafter, is conclusive between the parties, and those claiming under them, of all the issues made up in the cause, even though there was no jurisdiction in equity because of an adequate remedy at law. Watson v. Watson, 45 W. Va. 290, 31 S. E. Rep. 939; Carberry v. Railroad Co., 44 W. Va. 260, 28 S. E. Rep. 694; Taylor v. Yarbrough, 13 Gratt. 183. See also, Wandling v. Straw, 25 W. Va. 692; McCoy v. McCoy, 29 W. Va. 794, 2 S. E. Rep. 809.
But the dismission of a suit, not conclusive on the merits, by one court of equity, will not prevent another co-ordinate court of equity from taking jurisdiction. Carter v. Campbell, Gilmer 159.
Merits.—In order that a judgment may constitute a bar to another suit, the point in controversy must be the same in both cases, and in the first must have been determined on the merits. An order simply dismissing the suit is not a determination on its merits, and so is not a bar to the maintenance of a second suit for the same cause of action. Wilcher v. Robertson, 78 Va. 602. See also, Saunders v. Marshall, 4 H. & M. 455.
Order Dismissing Caveat.—For example, it has been held that an order dismissing a caveat, when not on the merits, is not conclusive of the controversy. Hunter v. Hall, 1 Call 206.
Dismissal of Suit Agreed.—But an order dismissing a case agreed is a bar to another suit on the same cause of action. Pethtel v. McCullough (W. Va.), 39 S. E. Rep. 199; 2 Black, Judgm. § 706.
The judgment of a court of competent jurisdiction, dismissing a suit agreed, upon the ground that it has been agreed by the parties, is at least prima facie a final determination as to those parties of the matters litigated in that suit. It is virtually an acknowledgment by the plaintiff in open court, as in retraxit, that he has no cause of action, or rather, no further cause of action. It is not merely an abandonment of his suit, by the plaintiff, as in a nonsuit; it is the concurrent action of both parties. Hoover v. Mitchell, 25 Gratt. 387.
Embraces What i"light Have Been Litigated.—The judgment of a court of competent jurisdiction, dismissing a suit agreed, upon the ground that it has been agreed by the parties, is a final determination as to those parties of the matters litigated in that suit, and this principle embraces not only what was actually determined, but also extends to every other matter which the parties might have litigated in the suit. Wohlford v. Compton, 79 Va. 333; Wilcher v. Robertson, 78 Va. 602; Hoover v. Mitchell, 25 Gratt. 387; Siron v. Ruleman, 32 Gratt. 223. These cases were cited with approval in Pethtel v. McCullough (W. Va.), 39 S. E. Rep. 199.
Fraudulent Deeds.—A decree, by a court of competent jurisdiction, dismissing a bill, upon the ground that the deed under which the complainant claimed was fraudulent, is a complete bar to another original bill to try the validity of the sam^ deed; the proper remedy, if such decree be erroneous, being by appeal, writ of error, supersedeas, or bill of review, and not by original bill. Holliday v. Coleman, 2 Munf. 162.
Effect of Order of Dismissal.—It is provided by statute that “after the dismission of an appeal, writ of error or supersedeas, no other appeal, writ of error or supersedeas shall be allowed to or from the same judgment, decree or order.” This statute has been construed to apply as well to an order dismissing an appeal for failure to print the record as to a similar order made on any other ground. Woodson v. Leyburn, 83 Va. 843, 3 S. E. Rep. 873; Barksdale v. Fitzgerald, 76 Va. 892; Beecher v. Lewis, 84 Va. 630, 6S. E. Rep. 367; Cobbs v-Gilchrist, 80 Va. 503.
It was held in Alvey v. Cahoon, 86 Va. 173, 9 S. E. Rep. 994, if one writ of error be dismissed for matter merely formal, the effect is, so far as any rehearing is concerned, the same as an affirmance in the appellate court.
Effect of Adding “Without Prejudice.”—Where an action for damages for breach of the conditions of a written contract is brought before a justice, and upon a general denial by the defendant of the complaint the justice hears the case upon the evidence and arguments of counsel, and enters a judgment dismissing the plaintiff’s suit for failure to prove the execution of the contract sued on, with costs, he cannot by adding the words "without prejudice to a new suit” authorize a new suit for the same cause of action. Parsons v. Riley, 33 W. Va. 464, 10 S. E. Rep. 806. ' >
7. Evidence.
Judgment of Justice Evidence of Probable Cause.—A judgment by justice, though reversed, is prima facie evidence of probable cause in an action for malicious prosecution and false imprisonment, and it *245 has been thought by some that such judgment is conclusive evidence of such probable cause. Womack v. Circle, 29 Gratt. 192.
Judgment as Evidence between Creditors.—But a judgment in favor of one creditor, declaring a conveyance by the debtor void, is not evidence in favor of or against another creditor. Winston v. Starke, 13 Gratt. 317.
Judgments against Sheriff—Sureties.—So, judgments obtained against a sheriff for breach of duty in an action against his sureties, are not evidence against such sureties. Nor are the admissions of the sheriff evidence against the sureties. M’Dowell v. Bur-well, 4 Rand. 317.
On a notice and motion by the administratrix of a high sheriff against a deputy and a surety, for the default of the deputy in not paying over money collected on an execution, the judgment recovered by a creditor, showing that it is for such default of the deputy, is prima facie evidence against the deputy and his sureties, that the administratrix had been subjected to the liability for the default of the deputy, although the deputy was not notified of the action. Cox v. Thomas, 9 Gratt. 323.
Judgment as Evidence for Officer.—A judgment against an officer is evidence for him in an action against the deputy and his sureties to show that he had been subjected to the payment of money by reason of the default of the deputy. Cox v. Thomas, 9 Gratt. 323.
Judgment on Official Bond as Evidence of Defalcation.
—Judgment against a public officer on his official bond is not only not conclusive evidence of a defalcation, but it is not even prima facie of such a fact. Courtney v. Beale, 84 Va. 692, 5 S. E. Rep. 708.
Mandamus .—Where application is made for a mandamus to enforce a judgment against a town, the judgment conclusively determines that the town is chargeable with the sum, for which the judgment was rendered. Wells v. Town of Mason, 23 W. Va. 456.
a. Chancery Cause as a Title Link— The record in a chancery cause is legal evidence for the defendant as a link in his chain of title, though the plaintiff was not a party to the cause. Baylor v Dejarnette, 13 Gratt. 152, and note; Waggoner v. Wolf, 28 W. Va. 825.
An order of court, appointing commissioners to assign the widow her dower, although made exparte, and on motion, without regular proceedings in chancery, and the report of the commissioners, are proper evidence, to show that the slave was allotted to the widow for life only; especially, where the widow and her second husband were present and consented to the allotment. Hunter v. Jones, 6 Rand. 541.
But a record to which neither the demandant nor tenant was a party, is not even prima facie evidence against the tenant that the grantor in the deed to the demandant was heir at law of the grantee in the patent in which the demandant claimed title. Duncan v. Helms, 8 Gratt. 68.
In tracing the title to land in controversy, a decree in a suit between other parties, is not evidence, against the person claiming under neither of them, that one of those parties was in fact, as therein described, eldest son and heir of the former proprietor; it being incumbent upon the party, wishing to avail himself of such issue to prove it by evidence, aliunde, but such decree may be received (as a link in the chain of evidence) to prove the fact that it was rendered. Lovell v. Arnold, 2 Munf. 167.
B. LIEN OP JUDGMENT—ORIGIN AND HISTORY.
1. Writ or Elegit—At common law, except for debts due the king, the lands of the debtor were not liable to the satisfaction of a judgment against him, and consequently no lien thereon was acquired by a judgment. This was in accordance with the policy of the feudal law introduced into England after the Conquest, which did not permit the feudatory to charge, or to be deprived of, his lands lor his debts, lest thereby he should be disabled from performing his stipulated military service, and which, moreover, forbid the alienation of a feud without the lord's consent. The goods and chattels of the debtor, therefore, and the annual profits of his lands, as they arose, were the only iunds allotted for the payment of his debts. This continued to be the law until the passage of the statute Westm. 2, IB Edward I, by which, in the interest of trade and commerce, the writ of elegit was for the first time provided for. By that statute the judgment creditor was given his election to sue out a writ oi A fa. against the goods and chattels of the defendant, or else a writ commanding the sheriff to deliver to him all the chattels of the defendant (except oxen and beasts of the plough), and a moiety of his lands, until the debt should be levied by a reasonable price or extent. When the creditor chose the latter alternative, his election was entered on the roll, and hence the writ was denominated an elegit. and the interest which the creditor acquired in the lands by virtue of the judgment and writ was known as an estate by elegit. This statute was substantially adopted in Virginia at an early day, and in consequence of this right to subject a moiety of the defendant’s lands, the courts held that a lien was acquired by the judgment, which extended to all the defendant’s lands within the state, and which was superior to the claims of subsequent purchasers, though for valuable consideration and without notice. Hutcheson v. Grubbs, 80 Va. 254; Borstv. Nalle, 28 Gratt. 423; Renick v. Ludington, 14 W. Va. 367.
Right to Take Out Elegit Not Suspended by Suing Out Writ of Fi. Fa.—“There is no statute in Virginia which, in express terms, makes a judgment a lien upon the lands of the debtor. As in England, the lien is the consequence of a right to take out an elegit. During the existence of this right the lien is universally acknowledged. Different opinions seem at different times to have been entertained of the effect of any suspension of the right. * * * A case was soon afterwards decided in the court of appeals of the state in which this question of the execution law of the state of Virginia is elaborately argued and deliberately decided. That decision is, that the right to take out an elegit is not suspended by suing out a writ oi.fieri facias, and, consequently that the lien of the judgments continues pending the proceedings on that writ. This court, according to its uniform course, adopts that construction of the act which is made by the highest court of the state.’' Per Mr. Ottiee Justice Marshall in U. S. v. Morrison, 4 Peters 124; Burton v. Smith, 18 Peters 464.
Under Va. Code 1873, ch. 182, sec. 9. a judgment lien may be enforced in equity without a A fa. thereon, it being unnecessary for the judgment creditor, under that act, to exhaust his remedies at law before going into equity to subject the land oi his *246 debtor, or his fraudulent alienees to satisfy his judgment. Moore v. Bruce, 85 Va. 139, 7 S. E. Rep. 195; Price v. Thrash, 30 Gratt. 515.
Fi. Fa. Need Not Be Returned “Nulla Bona.”—Under the statute, Code 1873, ch. 182, § 9, it is not necessary that an execution of fieri facias should have been returned nulla tona, before the plaintiff in the judgmentmay sue in equity to subject the lands of his debtor to satisfy the judgment. Barr v. White, 30 Gratt. 531.
Right to Go into Equity—Remedy at Law.—[t is not necessary since the revision of the law in 1849, that a judgment creditor shall exhaust his remedies at law before going into equity to subject the land of his debtor or his fraudulent alienees to his judgment. The remedy in equity against the real estate is not dependent upon the inadequacy of the legal remedy to satisfy the judgment out of the personal estate, or the insufficiency of such estate for that purpose, but it may always be resorted to whether there is or is not personal estate of the debtor, sufficient to satisfy the debtor. Price v. Thrash, 30 Gratt. 515; Stovall v. Border Grange Bank, 78 Va. 188.
Actual Issuance of Elegit Unnecessary.—The lien on land created by a judgment, depends upon the right of the plaintiff to sue out an elegit, and it is not essential to the existence of the lien, that the elegit should have actually issued before the judgment creditor can come into equity for relief. Scriba v. Deane, 1 Brock. (TJ. S.) 166; Taylor v. Spindle, 2 Gratt. 44. But see Eppes v. Randolph, 2 Call 125.
Moreover, judgments do not bind lands after twelve months from the date, unless execution be taken out within that time, or an entry of elegit be made on the record. Eppes v. Randolph, 2 Call 125.
Elegit Abolished.—The lien resulting from the writ of elegit was not abolished in Virginia until the revisal of 1849, and a lien given by statute upon the debtor’s entire real estate. Gordon v. Rixey, 76 Va. 694; Hutcheson v. Grubbs, 80 Va. 251.
2. Nature or the Lien.— Liens of judgments and their priorities and the right to enforce the same, are plain legal rights, expressly created by statute, and cannot be judicially modified to soften the supposed hardship of secret incumbrances. Gurnee v. Johnson, 77 Va. 712.
Judgment Vested Right—Retroactive Law.—A judgment is such a vested right of property that the legislature cannot, by a retroactive law, either destroy or diminish its value. It cannot alter its amount or destroy the effect theretofore given to it as a lien on real estate. The right to the Hen upon the debtor’s real estate is, in many cases, the sole inducement to the credit, which constitutes the basis of the judgment. Without the benefit of that lien, guaranteed by the law at the time the judgment is taken, the credit would not have been given. Merchants’ Bank v. Ballou, 98 Va. 112, 32 S. E. Rep. 481.
• 3. Certain Essentials.
a. Specific Sum of Money.—Ho create a lien the judgment must be for a specific sum of money. Thus, a decree providing that if the defendant does not, in a given time, pay the plaintiff a certain sum, that certain real and personal property of the defendant, on which the plaintiff has a specific Hen, shall be sold, is not a judgment which creates a Hen on other real estate of the defendant. Linn v. Patton, 10W. Va. 187.
Insanity.—A judgment against a person insane at its rendition is not for that cause void, and is a Hen on land. Withrow v. Smithson, 37 W. Va. 757,17 S. E. Rep. 316.
Lien of Decree.—A decree in chancery, equally with a judgment at law, creates a Hen on lands. Scriba v. Deane, 1 Brock. (U. S.) 166; Lee v. Swepson, 76 Va. 173; Parker v. Clarkson, 4 W. Va. 407. See mono-graphic note on “Decrees” appended to Evans v. Spurgin, 11 Gratt. 615.
t. Docketing of Judgments— A judgment is not a Hen on real estate as against subsequent purchasers for value and without notice, unless it is docketed in the mode and within the time prescribed by statute. Va. Code 1873, ch. 182, §8; W. Va. Code, ch. 139, § 7; Gurnee v. Johnson, 77 Va. 712; Duncan v. Custard, 24 W. Va. 737; Renick v. Ludington, 14 W. Va. 367; Hill v. Rixey, 26 Gratt. 72; Gordon v. Rixey, 76 Va. 694. See also, Bankers’ Loan, etc., Co. v. Blair, 99 Va. 606, 39 S. E. Rep. 231; Va. Law Reg., April 1902.
But the protection to purchasers for valuable consideration without notice of a judgment given them under sec. 7, ch. 139 of the W. Va. Code, only extends to the land so conveyed to such purchaser, it being Hable to the satisfaction of judgments docketed according to law and to such judgments only. Renick v. Ludington, 14 W. Va. 367; McClaskey v. O’Brien, 16 W. Va. 792.
Where two judgments were recovered, one in 1868, and the other in 1869, and the one last recovered is docketed in 1870, while the one first obtained is docketed in 1871; but both are docketed before a contract in writing or deed to a purchaser for valuable consideration without notice is recorded, the judgment first recovered though last docketed had priority. Anderson v. Nagle, 12 W. Va. 98.
Where a valid judgment has been docketed, it is notice which will affiect all subsequent purchasers of land from any of the defendant's in the judgment. Redd v. Ramey, 31 Gratt. 265; Shari tz V. Moyers, 99 Va. 519, 39 S. E. Rep. 166.
Subsequent Recorded Mortgages.—And undocketed judgments are subject to subsequent recorded mortgages. Duncan v. Custard, 24 W. Va. 730.
Undocketed Deeds.—A deed executed before judgments have been obtained against the grantor, under which the purchaser has been put in possession and paid the purchase money, but which was not recorded until after judgments were obtained, is void as against such creditors, and the land conveyed thereby is subject to satisfy the judgments. McClure v. Thistle, 2 Gratt. 183; Campbell v. Nonpareil, etc., Co., 75 Va. 291; Murdock v. Wells, 9 W. Va. 552. See also, Trout v. Warwick, 77 Va. 731; Davis v. Landcraft, 10 W. Va. 718.
Prior Unrecorded Deed of Trust.—A prior deed of trust unrecorded is null and void as to a subsequent judgment; and the judgment is a lien upon the land embraced in the deed. McCance v. Taylor, 10 Gratt. 580. See Hill v. Rixey, 26 Gratt. 72.
If the owner of a tract of land executes a deed of trust, conveying his land to a trustee to secure certain debts, and afterwards a judgment is rendered against him, which is duly docketed, and he then makes a contract with a third party to advance for Mm the amount secured by the deed of trust, and to secure such advance, mortgages this land to the person advancing the money for him, and such mortgagee pays off the debts secured by the deed of trust, it would be a complete satisfaction of these debts both in law and equity; the deed of trust becomes wholly inoperative, and the mortgagee cannot be subrogated to the rights of the cestui gue trust *247 and have the deed of trust kept alive for his benefit, thus securing priority over the judgment debtor. Hoffman v. Ryan, 21 W. rVa. 415.
Statutory Provisions.—The act of March 3, 1843, Sess. Acts 1842-3, p. 51, does not apply to purchasers before the passage of the act. As to such the lien of a prior judgment is valid though not recorded. McGance v. Taylor, 10 Gratt. 580.
The act of March 2,1866, Sess. Acts, 1865-66, p. 191, ch. 77, sec. 1, “to preserve and extend the time for the exercise of certain civil rights and remedies,” is retrospective in its operation, and applies in favor of a judgment creditor as to the docketing of his judgment. Hill v. Rixey, 26 Gratt. 72.
Stay Law.—But the act of March 2,1866, Sess. Acts 1865-66, ch. 69, p. 180, called the stay law, does not apply to a judgment creditor to relieve him from the necessity of docketing his judgment. Hill v. Rixey, 26 Gratt. 72.
Docketing as Affecting the State.—President Johnson, in a dictum, in Hoge v. Brookover, 28 W. Va. 304, was of opinion that the act requiring judgment liens to be docketed in order to preserve them as against purchasers of the property, to which they are attached, does not affect a judgment in favor of the state. See Va. Law Reg., April 1902.
As between Judgment Debtor and Creditor.—Moreover, it has been held that, as between the judgment creditor and debtor the statute requiring the judgment to be docketed has no application or force. Renick v. Ludington, 14 W. Va. 367; Grantham v. Lucas, 24 W. Va. 231; McClaskey v. O’Brien, 16 W. Va. 792.
Actual Notice or Knowledge of Unrecorded Lien.—
Previous actual notice or knowledge by a subsequent purchaser’s agent or trustee of a prior unrecorded lien on his real estate, will affect the creditor, provided the notice or knowledge was imparted or given to the agent in the same transaction, unless one transaction is closely followed by and connected with the other. Morrison v. Bausemer, 32 Gratt. 225; Johnson v. Bank, 33 Gratt. 473.
Lands in Another County.—A purchaser of land at a judicial sale in the county where the land lies, under a decree of the circuit court of that county, cannot be affected by constructive notice of a judgment obtained in another county, which is not recorded in the county where the land is situated, before the confirmation of the sale; actual notice or knowledge of the judgment must be brought home to the purchaser before the payment of the purchase money. Logan v. Pannill, 90 Va. 11, 17 S. E. Rep. 744.
Indexing Unnecessary.—it has been decided that indexing is not a necessary part of the docketing of a judgment, but the land is subject to the lien of the judgment without it. These decisions, however, were rendered on account of the particular wording of the statutes. Granite Co. v. Clarke, 28 Gratt. 617; Calwellv. Prindle, 19 W. Va. 604.
Mistake as to Name of Party to Judgment.—Where the plaintiff obtains judgment against Mrs. T. Frank 5., which is indexed in the name of Mrs. T. Frank 5., on July 31, 1891, but in 1897 is indexed in the judgment lien docket as against May M. S. such docketing and indexing of the judgment are not constructive notice to a purchaser that the judgment constituted a lien on the property of May M. S. in the absence of evidence that the purchaser had actual knowledge of the judgment or knew that Mrs. T. Frank S. and May M. S. were the same persons. Bankers’ Loan & Investment Co. v. Blair, 99 Va. 606, 39 S. E. Rep. 231.
Authenticated Copy of Abstract.—An authenticated copy from the recorder’s docket of an oifieia] abstract of a j udgment docketed under the provisions of the 3d and 4th sections of chapter 139 of the Code of 1868 of West Virginia, is evidence that such abstract was docketed, and when, and of notice to purchasers of lands upon which the alleged judgment is claimed to be a lien, when the existence of such judgment is properly proved; but where the judgment is put in issue, ordinarily, an authenticated copy of such abstract, as docketed by the recorder, will not be received as proof of the judgment and dispense with the necessity of producing a properly authenticated copy of the judgment. Dickinson v. Railroad Co.; 7 W. Va. 390; Anderson v. Nagle, 12 W. Va. 98.
Purpose of Docketing.—-The docketing of a judgment is an act to be done to preserve or prevent the loss of a civil right or remedy, within the meaning of the acts of March 4, 1862, acts of 1861-2, ch. 81, and of March 2,1866, Code of Va. 1873, ch. 146, §§ 6 and 7, pp. 998-99. And therefore in computing the time within which a judgment is required by §8, ch. 186 of Va. Code of 1860, to be docketed, in order to preserve the lien of such judgment against purchasers, the period between the 17th of April, 1861 and the 2d of March 1866 is not to be computed as a part of such terms. Borst v. Nalle, 28 Gratt. 423.
Docketing Creditor’s Privilege Not Duty.—To docket his judgment is a creditor’s privilege, not his duty. If he fails to docketit, he may lose his lien on the real estate aliened to a purchaser for value without notice. Gurnee v. Johnson, 77 Va. 712.
Docketing, Conclusive Notice to AH —The docketing of a judgment is constructive but conclusive notice to all the world of the lien of such judgment. Citizens’ Nat. Bank of Charlottesville v. Manoni, 76 Va. 802.
4. Interest Subject to Lien.
Real Estate.—A judgment creditor has a legal lien on the lands of his debtor, and has a right to rest on that lien without pursuing his debtor’s personalty. Blakemorev. Wise, 95 Va. 269, 28 S. E. Rep. 332.
Judgment Regarded as Lien in Chancery.—In equity, judgments are liens on the whole of the debtor’s equitable estate; and the whole is first to be applied to the elder judgment, then the whole of the residue to the junior judgment; and in neither case is only a moiety to be applied to their satisfaction. Haleys v. Williams, 1 Leigh 140,19 Am. Dec. 743. See Buchanan v. Clark, 10 Gratt. 164; Withers v. Carter, 4 Gratt. 407; Parrill v. McKinley, 6 W. Va. 67.
For a judgment creditor has a lien in equity on the equitable estate of the debtor, in like manner as he has a lien at law on his legal estate. Coutts v. Walker, 2 Leigh 268; Michaux v. Brown, 10 Gratt. 612.
Equitable Interest—Rule in Equity, at Law.—A judgment creditor, who has recovered judgment against the eestui que trust, under a deed of marriage settlement to a trustee, cannot, while the annuitant is still living, subject such equitable interest, at law, to the satisfaction of his debt, but such equitable interest is bound by the judgment in equity, which will apply it to the satisfaction of the debt. Coutts v. Walker, 2 Leigh 268.
Partial Payment for Land.—Where a party purchases land, and pays a part of the purchase money, but fails to pay the balance, whereby the land is resold, he has an equitable interest in the land, *248 ■which is liable to a judgment subsequently obtained against him by another party, on a debt existing against the delinquent purchaser at the time he made them partial payment on the land. Davis v. Vass CW. Va.),35S.E. Rep. 826.
Unrecorded Assignment—Subsequent Judgment.— Where a person has an equitable title to land under an executory written contract, and by written assignment transfers it to another, which assignment is not recorded, and a judgment goes against the assignor, the assignment is void as to such judgment, and the equitable right to the land under the contract and assignment is sub j ect to the j udgment, because of failure to record the assignment. Damron v. Smith, 37 W. Va. 580,16 S. E. Rep. 807. ■
Equity of Redemption.—A judgment is alien upon an equity of redemption in laud; and will be preferred to a subsequent purchaser of the equity of redemption not having the legal title. And the lien of the judgment extends to the whole equity of redemption. Michaux v. Brown, 10 Gratt. 612; Hale v. Horne, 21 Gratt. 11'2.
Judgment Subsequent to Deed of Trust.—A creditor, whose judgment is subsequent to a deed of trust on the debtor’s laud, has only a lieu on his equity of redemption, and cannot have the deed of trust enforced, and the laud sold to pay the debts thereby secured, until default. Wytbeville Ice Co. v. Frick, 96 Va. 141, 30 S. E. Rep. 491; Shurtz v. Johnson, 28 Gratt. 657, and note-, Wise v. Taylor, 44 W. Va. 492, 29 S. E. Rep. 1003.
Equity of Redemption First Liable.—The equity of redemption in land conveyed in trust by a j udgment debtor must first be sold to satisfy a judgment before recourse can be had to aliened lands. McClung v. Beirne, 10 Leigh 394; Michaux v. Brown, 10 Gratt. 612. See Buchanan v. Clark, 10 Gratt. 164.
Damages on Dissolution of Injunction.—The damages on the dissolution of an injunction to a judgment become, as to the party obtaining it, a part of the judgment, and are embraced in the lien of the judgment upon the equity of redemption. Michaux v. Brown, 10 Gratt. 612.
Lien on Curtesy during Wife’s Life.—where property which constitutes a wife's separate estate is conveyed by a deed in which the husband unites, a judgment against bim does not constitute a lien on the husband’s estate by curtesy in such property, since during the wife’s life the husband had no interest in the property to which the judgment could attach. Bankers’ Loan and Investment Co. v. Blair, 99 Va. 606, 39 S. E. Rep. 231. See-mono-graphic note on “Curtesy.”
Interest of Vendee.—Where a party by parol contract conveys property to another, under which the grantee takes possession and holds the property, and pays the purchase money, it will be unaffected by judgment recovered before a deed, made by the grantor to the grantee, is docketed, and the judgment is not a lien on the land, it being well settled that parol contracts are riot embraced in the meaning of the registration acts, Va. Code 1873, ch. 182, § 67. Long v. Hagerstown Agrie., etc., Co., 30 Gratt. 665; Burkholder v. Ludlam, 30 Gratt. 255; Floyd v. Harding, 28 Gratt. 401; Withers v. Carter, 4 Gratt. 407; Marling v. Marling, 9 W. Va. 79; Hurt v. Prillaman, 79 Va. 257; Powell v. Bell, 81 Va. 222.
So, where the purchasers under a parol contract, take actual, visible, and notorious possession and pay the purchase moneyin full before notice of the judgment, a subsequent judgment against the vendor of the land, before the deed is recorded. creates no lien thereon. Brown v. Butler, 87 Va. 62i, 13 S. B. Rep. 71. See also, Anderson v. Nagle, 12 W. Va. 98.
A purchaser of laud by a parol contract, which has been so far executed as to vest the right to compel his vendor to execute the parol contract in a court of equity, has an equitable right in the land so purchased, which a court of equity will fully protect against the lien of a subsequent judgment creditor of his vendor. Snyder v. Martin, 17 W. Va. 276; Pack v. Hansbarger, 17 W. Va. 313; Snyder v. Botkin, 37 W. Va. 355, 16 S. B. Rep. 591; Young v. Devries, 31 Gratt. 304.
Where a party sells land, by a verbal contract, to another, without receiving the purchase price, and subsequently becomes surety for his vendee, whereby the vendee agrees to allow his vendor to retain the legal and equitable title to the land until he pays the purchase money and until his liability as surety is discharged, which agreement is not recorded, and later the vendee becomes a bankrupt, it was held that as against the other judgment creditors of the vendee (bankrupt) the agreement between the vendor and vendee is valid though not recorded, and that they only have the equities of the vendee against the vendor. Coffman v. Niswander, 26 Gratt. 737.
Parol Contract Must Be Certain and Definite.—But in order that an equitable right held by a bonaMe purchaser, under a parol contract, who has paid the purchase money arid received possession, may be preferred in equity to the liens of judgment creditors subsequently acquired against the vendor, the parol contract relied on must be certain and definite in its terms, and sustained by satisfactory proof. Hurt v. Prillaman, 79 Va. 257; Floyd v. Harding, 28 Gratt. 401; Wright v. Pucket, 22 Gratt. 370.
Adverse Possession for Ten Years.—When the conveyance is by an unrecorded deed, and the vendee has held the property adversely for the period of ten years, before a judgment is recovered against the grantor, the land cannot thereafter be subj ected to the lien of such judgment. As soon as such deed is made and delivered, though unrecorded, the holder thereunder will be adverse to the world. Parkersburg Nat. Bank v. Neal, 28 W. Va. 744.
Lands Purchased by Debtor under Executory Contract.—A judgment creditor has no lien on land which his debtor has purchased under an executory contract of sale, where the contract is set aside because of misrepresentation by the vendor, or because of default of the debtor in making stipulated payments, and it is immaterial whether the contract was set aside because of fraud in its procurement or the failure of the vendee to comply with his contract. Nelson v. Turner, 97 Va. 54, 33 S. E. Rep. 390.
When a Lien on Lands in Purchaser’s Hands.—On the other hand, a judgment is a lien on the lands of the debtor after they pass into the hands of bona Me purchasers, if at the date of the judgment they were owned by the debtor. Rodgers v. McCluer, 4 Gratt. 81.
injunction.—A judgment, moreover, is a lieu upon land in the hands of a purchaser, though at the time of the conveyance execution upon the judgment was suspended by an injunction. And the lien exists though the judgment was not docketed, the purchaser having had notice thereof. Craig v. Sebrel), 9 Gratt. 131. See Hutsonpiller v. Stover, 12 Gratt. 579.
Judgments Recovered in Decedent’s Lifetime.—The *249 judgment obtained during the life of an intestate is a lien upon the lands in the hands of his heirs for the payment thereof, and is entitled to priority of payment out of the proceeds of the sale thereof over a simple contract creditor, who acquired no equal or superior lien (or his debt upon the realty during the life of the debtor. Laidley v. Kline, 8 W. Va. 218.
Judgment against Administrator Not Lien.—But the judgment obtained by a creditor against the administrator is not a judgment lien on the realty of the Intestate. Laidley y. Kline, 8 "W. Va. 218; Woodyard v. Polsley, 14 W. Va, 211.
Judgment Confessed by Administrator d. b. n., No Lien.—A judgment confessed by an administrator de bonis non, is no lien upon the lands of the intestate. And a decree showing upon its face, that it was enforcing such a judgment as a lien against such land, may be reviewed aDd reversed upon a proper bill of review brought for that purpose by the heirs. Custer y. Custer. 17 W. Va. 113,
Homestead.—While the lien of a judgment which attaches before a homestead in the land is claimed, cannot be enforced during the existence of the homestead, yet it will have priority on the land after the homestead is abandoned over a deed of trust executed during the occupancy of the land as a homestead. Blose v. Bear, 87 Va. 177, 12 S. E. Bep. 294.
Subsequently Acquired Realty.—The lien of a judgment extends to all the land owned by the judgment debtor at the date thereof, or which may have been afterwards acquired. McClung v. Beirne, 10 Leigi 394; Brockenbrough v. Brockenbrough, 31 Gratt. 580, and note.
So long as a judgment may be revived, it is a lien upon a moiety of all the lands owned by the debtor at the date of the judgment, or which are afterwards acquired, in whosesoever hands they may have come. Taylor v. Spindle, 2 Gratt. 44.
The lien of a judgment will attach to after-acquired lands of a debtor. And such lands acquired and liened by the debtor subsequent to the rendition of a judgment, are within the terms and reason of sec. 10. ch. 186, Code of W. Va. 1860. Handly v. Sydenstricker, 4 W. Va. 605.
Judgments for Honey, — Judgments for money, whether docketed or not, bind the nnaliened lands to the debtor; certainly those owned by him at the date of the judgments, it may be. those subsequently acquired in the order in which the judgments are recovered, and the same is true of decrees for money; and so. though not docketed, they bind the debtor’s lands subsequently aliened to a purchaser with notice, even though he be a purchaser for value; but unless docketed, they are not liens on lands subsequently aliened to bona fide purchasers for value without notice, and a trustee in a deed of trust given to secure a debt and the creditor secured are purchasers for value within the meaning of the registration law. Rhea v. Preston, 75 Va. 757; Hill v. Bixey, 26 Gratt. 72, and note.
Personal Estate.—if a judgment creditor (without suing out execution) flies a bill in chancery, to get satisfaction out of the real and persona] property of the debtor, the whole being conveyed by a deed of trust, executed during the terms in which the judgment was obtained, and providing that the property conveyed may be sold by the trustees to answer the purposes of the trust, the court ought to dismiss the bill as to the personal property, without prejudice to the plaintiff’s right, if any, to the residuary money resulting to the debtor, from the sale of that property, after satisfying the deed; but should direct the trustees to sell the lands, and out of the proceeds thereof, to satisfy the judgment in the first place, and afterwards perform the trusts reposed in them by the deed. Mutual Assur. Society v. Stanard, 4 Munf. 539.
Purchase Honey Bonds.—It was held in Logan v. Pannill, 90 Va. 11.17 S. E. Bep. 711, that a judgment not docketed in the county wherein the land of the debtor lies, and is sold under a decree in partition, does not, upon being docketed in such county, become a lien upon bonds for the purchase money in the hands of the assignee who has no notice of the j udgmen t, though title to the land was retained by the prior owners as security for the payment of the bonds, because the bonds are personalty, and not subject to the lien of any judgment when no execution is sued out upon them.
So also, a judgment is not a lien on notes given by a purchaser for unpaid purchase money for the land on which the judgment is a lien, nor do such notes, together with the unaliened lands of the judgment debtor, constitute a common fund for the payment of the judgment. Blakemore v. Wise, 95 Va. 269, 28 S. E. Rep, 332.
Equity Jurisdiction.—Section 8 of chap. 139, W. Va. Code 1868, confers upon courts of equity, jurisdiction and authority to enforce judgment liens against the lands of the judgment debtor, whether he has personal property or estate, out of which the judgment might be made by process of execution, or not. Marling V. Robrecht, 13 W. Va. 440; Pecks v. Chambers, 8 W- Va. 210.
Lands Exchanged—Failure of Grantee to Record. -If upon an exchange, the parties executed mutual conveyances, bnt the grantee of one tract fails to record his deed, judgment against the grantor binds the land so given in exchange as well as that received in exchange, the rights of the parties are not affected by the character of the consideration for the unrecorded deed. Price v. Wall, 97 Va. 334, 33 S. E. Bep. 599.
Principal’s Lands—Sureties Secured.—A judgment against the principal debtor and sureties iu the debt is a lien on the land of the principal, although the sureties are secured by a deed of trust. Kent v. Matthews. 12 Leigh 573.
Damages and Costs.—A judgment lien includes not only the amount of the original judgment, but also the damages and costs in the court of appeals. McClung v. Beirne, 10 Leigh 394: McCance v. Taylor, 10 Gratt. 586.
5. Amount on Lien.—One who purchases land subject to a judgment lien is not affected by a subsequent judgment against the same land for an amount in excess of such lien to which he was not a. formal party and in which the true amount of the first judgment lien was not litigated, and he may satisfy such lien by the payment of the amount called for by the judgment under which he purchased. Bensimer y. Pell, 35 W. Va. 15, 12 S. E. Bep. 1078.
6. Territorial Extent.
Lands in Another County.—Where a creditor has judgments in one county against persons who have an interest in lands in another county, and knows of the pendency of a suit to partition such lands, and he does not intervene in such suit or record his judgments in the latter county till after a sale of the land is confirmed, and does not give the purchaser actual notice of his judgments before the *250 purchase money is paid, he cannot subject the land to the payment of such judgments. Logan v. Pannill, 90 Va. 11,17 S. E. Rep. 744.
Where a judgment was recovered in the county court of Monroe county, W. Va., in March 1861, against three debtors, W., S. and &., and the latter lived in Bath county, but during the war, died, leaving real estate in Bath county, it was held that the judgment constituted as between the parties thereto, a lien on the real estate in Bath county, whether the judgment was docketed or not, and the lien of the judgment on the lands of G. in Bath county, was neither lost nor impaired by reason of the division of the state of Virginia into two states, and the falling of the county of Monroe into the state of West Virginia, moreover, the certificate of the clerk of the circuit court of Monroe county, West Virginia, of the records of which court the records of the former county court of Monroe form apart, is proper evidence of the judgment. Gate-wood v. Goode, 23 Gratt. 880.
7. Commencement and Precedence of Lien.—The statutes give a direct, positive, express, and absolute lien of a judgment against all the lands of or to which the debtor shall be possessed or entitled at or after the date of such judgment, or if it was rendered in court, at or after the commencement of the terms, at which it was so rendered; and such lien continues until it is in some legal manner discharged. Code West Va., ch. 139, § 5; Code Va. 1860, ch. 186, § 6; Renick v. Ludington, 14 W. Va. 367; McClaskey v. O’Brien, 16 W. Va. 792; Duncan v. Custard, 24 W. Va. 730; Anderson v. Nagle, 12 W. Va. 98; Borst v. Nalle, 28 Gratt. 423; Gurnee v. Johnson, 77 Va. 712.
Judgment liens in their priorities should be fixed according to the dates of the judgments. Grant-ham v. Lucas, 24 W. Va. 231.
Forfeited Forthcoming Bond.—A forfeited forthcoming bond has the force of a judgment, so as to create a lien upon the lands of the obligors, only from the time the bond was returned to'the clerk’s office. Cabell v. Given, 30 W. Va. 760, 5 S. E. Rep. 442; Land Co. v. Calhoun, 16 W. Va. 361; Jones v. Myrick, 8 Gratt. 210; Lipscomb v. Davis, 4 Leigh 305.
Though a forthcoming bond is forfeited, and not quashed, yet in equity the lien of the original judgment still exists; and if the obligors in the bond prove insolvent, so that the debt is not paid, a court of law will quash the bond so as to revive the lien of the original judgment. Jones v. Myrick, 8 Gratt. 179.
Where the only evidence of the time a forthcoming bond was returned to the clerk’s office was an indorsement as follows; “Notice proved and docketed in court, 10 October, 1868, and mo. to quash,” —such bond would have the force of a judgment from the date in the endorsements, and the requirement by the statute (Code W. Va. 1860, ch. 189, sec. 2) that the clerk of the court shall indorse on a forfeited forthcoming bond, “the date of its return,” is directory. Cabell v. Given, 30 W. Va. 760, 5 S. E. Rep. 442.
Lien Not Divested by Cancellation of Deed of Trust.— A judgment becomes a lien on property conveyed to the judgment debtor as a trustee for his wife, where the husband, who was insolvent, paid the consideration, and such is not divested by a return and cancellation of the deed unrecorded. Kline v. Triplett, 2 Va. Dec. 429, 25 S. E. Rep. 886.
Priority of Judgment Lien Limited to Amount of Judgment.—A purchaser of land which is subject to the lien of a judgment takes it subject only to the amount called for by the judgment, and it is not liable to the judgment, increased by usury, under a subsequent agreement between the creditor and judgment debtor. Bensimer v. Eell, 35 W. Va. 15,12 S. E. Rep. 1078.
Whether Lien Attaches to Fund Received from Sale.— Where a judgment creditor has made an election to receive part of his debt out of the proceeds from the sale of lands on which his judgment was a prior lien, he cannot afterwards enforce his lien against the land. Efflnger v. Kenney, 92 Va. 245, 23 S. E. Rep. 742.
Judgment against Sheriff—When Lien Commences.— A judgment against a sheriff is, under ch. 195 of W. Va. Code of 1872, a lien from the time he is served with notice or summons pursuant to which the judgment is afterwards rendered, and is superior to a deed of trust executed by the sheriff after such service of summons. Hoge v. Brookover, 28 W. Va. 304.
Order of Subjection of Lands—Lands Retained by Debtor.—If the judgment debtor retains sufficient lands to pay the judgment they should be first subjected. Blakemore v. Wise, 95 Va. 269, 28 S. E. Rep. 332.
Equity requires, where a judgment lien is sought to be enforced, that the lands owned by the debtor at the time of the attempt to enforce, should be applied to the discharge of the judgment before resorting to land upon which the judgment is, also a lien, then in the hands of his alienee. Handly v. Sydenstricker, 4 W. Va. 605.
If a judgment is obtained which is a lien on the lands of the judgment debtor, and the judgment debtor sells and conveys part of it, generally the judgment creditor should be required in the first instance to exhaust the unsold portion. McClaskey v. O’Brien, 16 W. Va. 791.
If the first alienee of a portion of the land liable to judgment liens fails to put his deed of record, and a subsequent alienee, who bought another portion of the lands, liable to the judgment liens, puts his deed of record, still the lands of such last alienee must be held liable for such judgment liens before the lands of the first alienee. Renick v. Ludington, 20 W. Va. 511.
But if the lands owned by the debtor are not sufficient to satisfy the judgment lien, then the real estate last owned and aliened is liable, until it is fully satisfied. In the suit for the purpose of enforcing the lien, unless it shall appear that the land first liable would be sufficient to discharge it, it would not be error to decree or advertise together the sale of all the lands upon which the lien existed, and then proceed to sell it in the order in which it was liable until a sufficient sum is realized to pay ofi the suit. Handly v. Sydenstricker, 4 W. Va. 605.
Residue of Land Unaliened First Liable.—Where some of the land conveyed by a judgment lien is included in a deed of trust, subsequent to the judgment and the residue of it is not, such residue, not included, should first be sold to satisfy the prior judgment, and if insufficient to discharge the judgment, then the lands included in the deed of trust should be sold, and so much of the proceeds thereof, as, with the proceeds of the land not included in the deed, amount to a moiety of the whole, should be applied to the satisfaction of the judgment. If there is another judgment having priority over the deed of trust, the proceeds of the. other moiety of the land sold, included in the deed *251 of trust, should be applied to satisfy it. Buchanan v. Clark, 10 Gratt. 164.
Liens of Undocketed Judgments—Proceeds of Land Unsold.—Various judgments are rendered against a debtor, and the junior judgments are docketed, and the senior undocketed, and in this state of things the debtor conveys a part of the land to a purchaser for valuable consideration without notice of the undocketed judgments, and the docketed judgment liens are not discharged, the liens of the undocketed judgments must be discharged out of the proceeds of the unsold lands, although the effect might be to require the holders of the docketed judgment to resort in whole or in part to the land so conveyed for the satisfaction of their judgment liens. Renick v. Ludington, 14 W. Va. 867; McClaskey v. O’Brien, 16 W. Va. 792. See also, Duncan v. Custard, 24 W. Va.730.
Priority over Unrecorded Deed.—A judgment creditor, whose judgment has been duly docketed, and who has brought suit to enforce the lien on the judgment debtor’s land, is entitled to priority over a grantee of the judgment debtor claiming under a deed, not recorded until after the commencement of the suit, and after the expiration of twenty months from its execution and acknowledgment; since such a deed is void, under Va. Code, § 2465, as to creditors whose rights have attached before it was recorded. Robinson v. Bank. 1 Va. Dec. 769, 17 S. E. Rep. 739.
Priority of Judgment over Purchase Honey Notes.— Also judgments recovered against the vendor of land and docketed before his deed of conveyance to the purchaser is admitted to record, have priority over the notes given by such purchaser for deferred payments on the land, though such notes are secured by a deed of trust made contemporaneously with the deed of conveyance to him, and duly recorded before the recovery of such judgments. Jones v. Byrne, 94 Va. 751, 27 S. E. Rep. 591.
Priority of Trust Deed over Judgment.—Where a party conveys land in trust to secure the payment of a debt, and subsequently sells lands he holds as trustee for his wife and children to pay the debts, the wife and children have an implied trust in their favor on the tract of land deeded to secure the payment of the debt, which refers back to the date of the trust deed, and has priority over judgment creditors who recovered judgments between the recording of the deed and the payment out of the proceeds of the land held by him as trustee for his wife and children, even though the judgments were recovered before the payment by the husband. Warwick v Warwick, 31 Gratt. 70.
Priority of Vendor’s Lien.—Where the vendor’s lien is retained in a contract for the sale of land, though the contract is not recorded, the vendor’s lien has priority to that of the judgment creditors of the vendee. Shipe v. Repass, 28 Gratt. 716.
As between Principal and Surety.—In a suit to enforce judgment liens on the lands of the principal debtor and his sureties, the principal’s lands should be exhausted before subjecting that of the sureties. Wytheville Ice Co. v. Frick, 96 Va. 141. 30 S. E. Rep. 491; Womack v. Paxton, 84 Va. 9, 5 S. E. Rep. 550; Stovall v. Bank, 78 Va. 188. See Horton v. Bond, 28 Gratt. 815; Gentry v. Allen, 32 Gratt. 254. See Ross v. M’Lanchlan, 7 Gratt. 86.
Where judgment is rendered against a principal and his sureties, which is paid by the sureties, the judgment is a lien in favor of the sureties prior to a subsequent trust deed, although the sureties have permitted the proceeds of other property conveyed by their principal in trust for them to be applied in satisfaction of another judgment against their principal. Kent v. Matthews, 12 Leigh 573.
As between Two Trust Creditors of Same Debtor.— As between two trust creditors of the same debtor, secured on separate properties, a prior judgment lien must be first paid out oí the proceeds of the property subject to the second trust, to the relief of the property subject to the first, both by reason of the statute and the doctrine of subrogation. First Nat. Bank v. Simms (W. Va.), 38 S. E. Rep. 525. See Woods v. Douglas, 46 W. Va. 657, 33 S. E. Rep. 771; Ball v. Setzer, 33 W. Va. 444, 10 S. E. Rep. 798.
Judgments Superior to Wife's Trust Deed.—Where during the pendency of a suit against an insolvent husband, instituted for the purpose of obtaining a judgment on a note executed by him, the husband executes a deed of trust on his real estate to a trustee, to secure to his wife the payment oí a sum of money which she claims she had loaned him, which he had used in his business, and which sum was barred by the statute of limitations when the trust was executed, and amounted to nearly the value of the real estate, such trust deed cannot, as alien, take precedence over judgments obtained by the bona Me creditors of the husband on debts created before the trust was executed, on the unsupported testimony of the husband and wife. Miller V. Cox, 38 W. Va. 747, 18 S. E. Rep. 960.
Specific Liens Paid First.—The proceeds of lands of a judgment debtor sold by a commissioner must be applied to the satisfaction of specific liens against such lands according to their respective priorities, and a j udgment subsequently rendered cannot be made a general lien on such lands until the specific liens are paid. Hutton v. Lockridge, 22 W. Va. 159.
Equitable and Legal Estates on Same Footing.—As to the order of subjecting lands to a judgment lien, those conveyed by an equitable title stands on the same footing as those conveyed by a legal title. Rodgers v. McCluer, 4 Gratt. 81.
a. Lands Subject to Lienin Inverse Order of Alienation. —Lands subject to a judgment lien, parts of which have been aliened at different times, are liable to the satisfaction of the lien in the inverse order of alienation. McClung v. Beirne, 10 Leigh 394, overruling Beverley v. Brooke, 2 Leigh 425; Harman v. Oberdorfer, 33 Gratt. 497, and note; Nelson v. Turner, 97 Va. 54, 33 S. E. Rep. 390; Hutton v. Lockridge, 22 W. Va. 159; Rodgers v. McCluer, 4 Gratt. 81; Alley v. Rogers, 19 Gratt. 389; Jones v. Phelan, 20 Gratt. 229; Jones v. Myrick, 8 Gratt. 179; Brengle v. Richardson, 78 Va. 406. See Londons v. Echols, 17 Gratt. 20.
“The law is now well settled that where land which is subject to the lien of a judgment or other incumbrance, is sold in parcels to different persons by successive alienations, it is chargeable in the hands of the purchaser in the inverse order of such alienations. This rule is not only established by the decisions of courts of equity, but in Virginia it is prescribed by statute. Harman v. Oberdorfer, 33 Gratt. 497.” Per Staples, J. Whit-ten v. Saunders, 75 Va. 567; Renick v. Ludington, 20 W. Va. 567. See also, Schultz v. I-lansbrough, 33 Gratt. 567; Miller v. Holland, 84 Va. 652, 5 S. E. Rep. 701.
Lands Primarily Liable.—Lands being liable for judgments in the inverse order of alienation, those primarily liable should be first subjected before proceeding against the purchaser whose land is *252 only secondarily liable. Nelson y. Turner, 97 Va. 54, 33 S. E. Rep. 390.
Oldest Unpaid General Lien.—The holder of the oldest unpaid judgment lien is entitled to be first paid out of the property of the debtor, where his lien is a general one. Max Meadows Land & Imp. Co. v. Mc-Gavock, 98 Va. 411, 36 S. E. Rep. 490.
Parties to Suit Subsequent to Order for Account of Liens.—Where a judgment creditor brings suit to enforce his lien, and after an account of liens is ordered to be taken by the commissioner and other liens are proved, several other judgment creditors become parties to the suit and prove their liens, they are entitled to have the lands sold for their relief in the order of their respective merits and rights, and each is entitled to relief in the cause according to the merits of his cause, and the lands of the debtor are liable in the inverse order of alienation under Va. Code 1873, ch. 182, § 10. Brengle v. Richardson, 78 Va. 406.
Effect of Release or Waiver of Lien on One Parcel.—A judgment creditor having, by his contract, waived or lost his right to subject the land first liable to satisfy his judgments, is not entitled to subject the lands next liable for the whole amount of his judgment but only for the balance after crediting thereon the value of the land first liable. Jones v. Myrick, 8 Gratt. 179.
Release of Lands Aliened by Debtor.—The lands aliened by the debtor constitute a secondary fund for the payment of the judgment, and neither a release of these lands, nor the failure to subject certain notes for unpaid purchase money on land is prejudicial to subsequent judgment creditors who obtained their j udgments after the alienation, but before the release by the first judgment creditor. Blakemore v. Wise, 95 Va. 269, 28 S. E. Rep. 332.
Effect of Release, by Prior Party of Property Subject to Second Deed.—If a prior judgment lienor releases the property subject to a second deed of trust, the proceeds of which are amply sufficient to satisfy his judgment lien, he cannot enforce paymentof such judgment lien out of the property subject to a first deed of trust until such latter trust is fully satisfied. First Nat. Bank v. Simms (W. Va.), 38 S. E. Rep. 525.
A defendant bought a tract of 166 acres of land for $1,400, giving a deed of trust to secure the purchase money. He afterwards paid $800 in cash, in consideration of the vendor’s releasing 66 acres of the land, and agreeing to look to the other 100 acres for payment of the balance of $600, for which the defendant executed new notes. These were assigned to the plaintiff, in whose favor the defendant afterwards confessed judgment thereon. Held, that the lien of this judgment extended to the defendant’s interest in the whole tract of 166 acres, notwithstanding the release of part of it from the vendor’s lien, of which the plaintiff had no notice. McFarland v. Fish, 34 W. Va. 548,12 S. E. Rep. 548.
Failure to Record—Voluntary Release.—Where a grantee of land fails to record his deed until after a judgment is obtained against the grantor, the lien of the judgment plaintiff will not be postponed, as to other land of the grantor, to the liens of judgments rendered after such deed was recorded, because such judgment plaintiff voluntarily released his lien on the land conveyed. Blakemore v. Wise, 95 Va. 269, 28 S. E. Rep. 332.
Effect of Release of One of Several Joint Judgment Debtors,—One of several joint judgment debtors may be proceeded against to enforce the payment of his part of the judgment, where the complainant has released him on the record from all liability for the shares of the other judgment debtors. Moreover, this objection, raised for the first time in an appellate court, comes too late. Preston v. Bank, 97 Va. 222, 33 S. E. Rep. 546.
Lands Sold Contemporaneously.—Where the different parcels of land are sold contemporaneously, they must contribute pro rata to the satisfaction of the judgment. Harman v. Oberdorfer, 33 Gratt. 497.
Voluntary Purchasers of Land Subject to Lien.—It seems that voluntary purchasers of lands subject to the lien of a judgment are personally responsible in equity to the creditors (the goods and chattels of the debtor being exhausted) for half the profits (or so much of half as may be sufficient to satisfy the judgment) jointly and not prorate, notwithstanding they hold tracts of unequal values, and by distinct conveyances. Winston v. Johnson. 2 Munf. 305.
b. HoctHne of Relation.—“At common law, all judgments were, by legal fiction, it is said, supposed to be entered on the first day of the term of the court at which they were recovered. This rule has always prevailed in this state whenever the action, in which the judgment was rendered, was in such condition that it might have been tried, if it had happened to occupy the first place on the docket. And the law, not regarding fractions of a day, the lien of a judgment began by relation at the first moment of the first day of the term. The Mutual Assurance Society v. Stanard, 4 Munf. 539; Coutts v. Walker, 2 Leigh 268; Skipwith v. Cunningham, 8 Leigh 271; Horsley v. Garth, 2 Gratt. 474; Withers v. Carter, 4 Gratt. 407; Jones v. Myrick, 8 Gratt. 179; Brockenbroughv. Brockenbrough, 31 Gratt. 580; Yates v. Robinspn, 80 Va. 475; and Janney v. Stephen, 2 Pat. &H. 11.” Hockman v. Hockman, 93 Va. 455, 25 S. E. Rep. 534.
The lien of a judgment upon the lands of the party relates back to the commencement of the term at which it is obtained. Mutual Assur. Soc. v. Stanard, 4Munf. 539; Jones v. Myrick, 8 Gratt. 179.
Fractions of a Day.—As a general rule the law does not regard fractions of a day; but this rule is departed from in many cases where the purposes of justice require it. Courts would- be very slow to decide that a man by a fiction of law, is to be considered a felon before the conviction has actually taken place. Neale v. Utz, 75 Va. 480.
Judgment by Confession in Vacation.—The lien of a judgment or decree begins with the first moment of the day on which it attaches. If it is a judgment by confession entered in vacation, the lien commences with the first moment of the day of such entry, irrespective of the hour at which the entry was in fact made. Hockman v. Hockman, 93 Va. 455, 25 S. E. Rep. 534.
“By reason of this rule that the whole term is one day, the common-law rule was that a judgment rendered on any day has relation to, and is a judgment of, its first day. This doctrine or rule had always been recognized in Virginia before we had a statute, but it is now embodied in a statute, as regards the effect of a judgment as a lien. Code of W. Va., ch. 139, sec. 5.” Dunn v. Renick, 40 W. Va. 349, 22 S. E. Rep. 66.
Must Be in Condition to Be Heard.—But though a decree or judgment relates to the first day of the term, yet if the case was not ready for hearing or trial, and therefore no judgment or decree could have been given on such first day had it occupied the first place on the docket, it does not relate to the *253 Erst day, but has the date of its actual entry of record. Dunn v. Renick, 40 W. Va. 349, 22 S. E. Rep. <56; Yates v. Robertson, 80 Va. 475; First Nat. Bank y. Huntington, etc., Go.. 41 W. Va. 530, 23 S. E. Rep. 792; Withers v. Carter, 4 Gratt. 407; Hockman v. Hock-man, 93 Va. 455, 25 S. E. Rep. 534.
A judgment in any case, fully matured, so that it could be tried on the Erst day of the term, after it had been set for that day, relates to the Erst day of the term, and this rule applies to a judgment on attachment. Smith v. Parkersburg Co-Op. Ass’n (W. Va.), 37 S. E. Rep. 645.
Commencement of Term.-—The commencement of the term to which the lien of a judgment has relation is the last day of the term upon which the court sits. Skipwith v. Cunningham, 8 Leigh 271. See Brown v. Hume, 16 Gratt. 462.
But the term is not considered as commencing on the day appointed by law for its commencement, when in point of fact the court is not held until afterwards. Skipwith v. Cunningham, 8 Leigh 271.
Judgments at Same Time Placed on Equality.—An office judgment confirmed on the last day of a term, and a judgment confessed on the first day of the same terra, must be treated as judgments rendered on the same day, at the same time, and both judgments stand as of the same date; because of the ■well-settled rule which has already been set forth, that the oiEce judgment would relate to the first day of the term, the law taking no notice of the fraction of a day. Brockenbrough v. Brockenbrough, 31 Gratt. 580.
Overreaches All Liens, etc., Entered Thereafter.—“it was the rule of common law (and this rule still obtains in some of the states) that the judgments of courts of record all relate back to the first day of the term, and are considered as rendered on that day, and therefore their lien will attach to the debtor’s realty from the beginning of the term, and it will override a conveyance or mortgage made on the second or any succeeding day although prior to the rendition of the judgment. ” Black, Judgm. 441; Smith v. Parkersburg Co-Op. Ass'n (W- Va.), 37S. E. Rep. 645. See also, Mutual Assur. Soc. v. Stanard, 4 Munf. 539; Coutts v. Walker, 2 Leigh 268.
Overreaches a Deed of Trust.—It is well settled, as a general rule, that the lie-n of a judgment upon the ’land of the debtor relates back to the commencement of the term at which the judgment was obtained, and overreaches a deed of trust on the land executed by the debtor on or after the first day of the term. Skipwith v. Cunningham, 8 Leigh 271; Brown v. Hume, 16 Gratt. 462; Brockenbrough v. Brockenbrough, 31 Gratt. 580, and note.
Under Va. Code, § 3567, providing that a judgment is a lien as of the first day of the term at which it was rendered, a judgment rendered after the recordation of a deed of trust, but at a term which commenced prior to such recordation, is prior to the deed. New South Bldg. & Loan Ass’n v. Reed, 96 Va. 345, 31 S. E. Rep. 514.
Priority over Deed Recorded Same Day.—The lien of a judgment, moreover, has priority over a conveyance recorded on the same day on which the judgment was entered, though the endorsement of the clerk shows that the judgment was, in fact, entered, after the deed was filed for record. Hockman v. Hockman, 93 Va. 455, 25 S. E. Rep. 534.
Relation after Dissolution of Injunction.—Though a judgment is enjoined by a purchaser of land at the time of the purchase, yet, upon the dissolution of the injunction, the lien relates back to the date of the judgment, and so has priority over the equity of the purchaser. Michaux v. Brown, 10 Gratt. 612.
Relation Allowed in Equity and Law.—A judgment has relation to the first day of the term at which it is rendered, and this relation is allowed in equity as well as at law. Coutts v. Walker, 2 Leigh 268.
Reasons for Rule.—This general principle of the common law, like many others, is of such remote antiquity, and so long recognized without dispute, that the reasons and policy on which it was founded are in a great degree left to conjecture. Coutts v. Walker, 2Leigh268; First Nat. Bank v. Huntington, etc., Co., 41 W. Va. 530, 23 S. E. Rep. 792; Smith V. Parkersburg Co-Op. Ass’n (W. Va.), 37 S. E. Rep. 545.

e. Judgments Obtained at Same Time.

Judgments Obtained at Same Time Share Pro Rata.— When the proceeds of lands, on which several judgments, obtained at the same time, are liens, are insufficient to pay them all, they must be paid pro rata. Janney v. Stephen, 2 P. & H. 11.
As between Judgments and Deeds of Trust.—A decree rendered or judgment confessed in vacation operates as a lien upon the first moment of the day on which the decree is rendered or judgment confessed regardless of the time of the day at which it is actually rendered or confessed, and takes precedence over the deed of trust admitted to record during the same day, though in point of fact the deed of trust may have been recorded before the decree was rendered, or the judgment confessed. The law takes no notice of the fraction of the day as to the decree, while the deed, as against subsequent purchasers for value and without notice, and creditors, is only operative from the time it is admitted to record. Hockman v. Hockman, 93 Va. 455, 25 S. E. Rep. 534.

d. Equitable Interests.

Priority of Lien as against Equitable Interest.—Judgment creditors may, in equity, have satisfaction out of the equitable estate of their debtor, in real estate, according to the order of their judgments in point of time, the oldest having priority over the youngest. Haleys v. Williams, 1 Leigh 140, 19 Am. Dec. 743.
Order of Liability of Equity of Redemption. —The equity of redemption in land conveyed in trust to secure debts, is subject to the lien of judgments subsequently obtained in the order of their priority in date. Hale v. Horne, 21 Gratt. 112; Michaux v. Brown, 10Gratt. 612.
Contest between Judgment Creditor and a Purchaser.
—If a j udgment debtor purchases land and procures it to be conveyed to another as the purchaser, and he conveys it in trust to secure a bona. Jide debt, and the creditor is not informed that it has been purchased by the judgment debtor and conveyed to another as the purchaser, the judgment creditor has no lien upon the land for his debt as against the creditor under the deed of trust. Moore v. Sexton, 30 Gratt. 505.
e. Superior Rights of Third Persons— It is well settled that where statute enactments do not interfere, a judgment creditor can acquire no better right to the estate of a debtor than the debtor himself has when the judgment is recovered. He takes it subject to every liability under which the debtor held it, and sub j ect to all the equities which exist in favor of third parties; and a court of equity will limit the lien of the judgment to the actual interest which the debtor has in the estate. Snyder v. Martin, 17 W. Va. 276; Pack v. Bansbarger, 17 W. Va. 313; Snyder v. Botkin, 37 W. Va. 355,16 S. E. Rep. 591; *254 Cleavenger v. Felton, 46 W. Va. 249,33 S. E. Eep. 117; Shipe v. Eepass, 28 Gratt. 716, and note; Floyd v, Harding, 28 Gratt 401, and note; Borst v. Nalle, 28 Gratt. 423, and note; Sharitz v. Moyers, 99 Va. 519, 39 S. E. Rep. 166. See Powell v. Bell, 81 Va. 222.
Extent of Lien.—“Nothing is better settled in Virginia than that where statutory enactments do not interfere, only the actual interest of the judgment debtor can be subjected to sale to satisfy judgments against him. Floyd v. Harding, 28 Gratt. 401; Borst v. Nalle, 28 Gratt. 423; Summers v. Darne, 31 Gratt. 800; Coldiron v. Asheville Shoe Co., 93 Va. 364, 25 S. E. Rep. 238; 1 Black, Judgm. sec. 445.” Dingus v. Imp. Co., 98 Va. 737, 37 S. E. Eep. 353. It was held in the latter case, that although the judgment debtor held the legal title to land, yet, as it was charged with a trust; it was paramount to the right of its judgment creditors.
“It has been over and over again decided that the judgment creditor can acquire no better right to the estate than the debtor himself- has when the judgment is recovered.” Floyd v. Harding, 28 Gratt. 401; Withers v. Carter, 4 Gratt. 407, approved.
“It is well settled that ordinarily no greater interest in real estate than the judgment debtor himself has is available for the satisfaction of a judgment against him. In other words, that the right of the judgment creditor is limited to the debtor’s interest in the land sought to be subjected. The creditor is in no sense treated as a purchaser, and has no equity beyond what belongs to the debtor. These propositions have often been affirmed by this court. Floyd v. Harding, 28 Gratt. 401; Borst v. Nalle, 28 Gratt. 423; Summers v. Darne, 31 Gratt. 791.” Lewis, P. Cowardin v.-Anderson, 78 Va. 88.
“It is well settled that a judgment lien on the land of the debtor is subject to every equity, which existed against the debtor at the rendition of the judgment; and courts of equity will always limit the lien to the actual interest of the judgment debtor. The lien of the judgment creates a preference over subsequently acquired rights, but a court of equity will always protect the equitable rights of third persons existing at the time the judgment lien attaches." Green, P. Snyder v. Martin, 17 W. Va. 299. See Withers v. Carter, 4 Gratt. 407.
Lands forfeited by nonentry on the assessor’s land books under Code W. Va. 1868, ch. 31, § 34, vests in the state upon the forfeiture by the mere force of the statute, and therefore a judgment against the former owner rendered after such forfeiture is no lien on the land. Wiant v. Hays, 38 W. Va. 681, 18 S. E. Eep. 807.
Effect of Loss of Security.—where a deed of trust is given to a creditor as collateral security for the payment of a judgment, and the property is after-wards purchased by the creditor ata sale under the trust deed, but is subsequently taken from him under a vendor’s lien existing against the property when the trust deed was made, the debtor is not entitled to credit on the judgment for the price which the creditor agreed to pay for such property, but the judgment creditor may enforce the judgment for its full amount against other property of the judgment debtor. Deaton Grocery Co. v. Pepper, 98 Va. 587, 36 S. E. Rep. 988.
Lien on a Moiety.—Though lands are conveyed in trust to secure debts, a judgment having priority to the deed is a lien upon but a moiety of the land, except an equity of redemption.
“Where the legal estate is in the debtor at the date of its judgment, the creditor can only subject a moiety; and a subsequent alienation by the debtor cannot enlarge his rights.” Buchanan v, Clark, 10 Gratt. 164; Mutual Assurance Society v. Stanard, 4 Munf. 539; Blow v. Maynard, 2 Leigh 29,37; Haleys v. Williams, 1 Leigh 140, distinguished and explained.
If a debtor conveys land fraudulently and retains other lands, on setting aside the conveyance at the suit of a judgment creditor, there will be a decree for the sale of only one moiety of the whole, embracing in the moiety the-land retained by the debtor. M’New v. Smith, 5 Gratt. 84.
Judgment in Favor of Commonwealth.—It was held in Leake v. Ferguson, 2 Gratt. 419, that prior to the act of 1822, Sup. Rev. Code, ch. 282, sec. 1, p. 339, the judgment in favor of the commonwealth against his general debtors, only binds one-half the land of the debtor.
But upon setting aside a conveyance of real estate as fraudulent, at the suit of a judgment creditor the court cannot decree a sale of only one moiety of the lands to satisfy the judgment. M’New v. Smith, 5 Gratt. 84.
Issuance of Fi. Fa.—Lien of iloiety.—where a fieri facias has been issued upon a judgment within a year and a day, the judgment is alien upon a moiety of all the land owned by the debtor at the date of the judgment, or which were afterwards acquired, in the hands of a bona fide purchaser for value, and without notice. Taylor v. Spindle, 2 Gratt. 44. See Kent v. Matthews, 12 Leigh 573.
Rights of Purchaser of Land Subject to Lien.—The lien of a j udgment is a legal lien, and a purchaser of the legal title from the debtor takes it subject to the lien, though he had no notice of it. Leake v. Ferguson, 2 Gratt. 419.
Priority of Mortgage Executed Back to Secure Purchase Money.—Where a purchaser, contemporaneously with the delivery of a conveyance of the purchased land, executes a mortgage, trust deed, or other incumbrance to secure the purchase money, he acquires a temporary seisin, and not such an interest in the land as becomes subject to the lien of a judgment against him in preference to the deed of trust. And it applies equally in favor of a third person who advances the purchase money, and at the time of the conveyance takes a mortgage on the land for his indemnity. Cowardin v. Anderson, 78 Va. 88; Summers v. Darne, 31 Gratt. 791, 801; Straus V. Bodeker, 86 Va. 543,10 S. E. Rep. 570.
- Under Code Va. 1873, ch. 182, sec. 6, giving judgment creditors a lien on all realty of or to which the judgment debtor is possessed or entitled, where land is conveyed to a judgment debtor, and eo -instanti reconveyed by him to a trustee to secure the purchase money, he has no interest subject to the lien of the judgment as against the trust deed. Straus v. Bodeker, 86 Va. 543,10 S. E. Rep. 570..
Unrecorded Deed.—Moreover, the judgment creditor acquires no preference over the deed of trust, whether the latter be directly for the vendor’s benefit or for the benefit of a lender of the money to pay the purchase money, or whether the trust be recorded, or not, the latter and the conveyance being parts of one transaction. Cowardin v. Anderson, 78 Va. 88. See Summers v. Darne, 31 Gratt. 791.
Vendor’s Lien Reserved on Face of Conveyance.—A vendor’s lien reserved on the face of the conveyance will have priority over a judgment against the grantee. Kline v. Triplett, 2 Va. Dec. 429, 25 S. E. Eep. 886.
*255 8. EXPIRATION OR EXTINGUISHMENT OF LIEN.
Expiration of Statutory Period.—It is settled law that the lien of a judgment ceases, when the right to sue out execution on the judgment, or to revive it hy scire facias, is barred by the statute of limitations. Reilly v. Clark, 31 W. Va. 571, 8 S. E. Rep. 509; Laidley v. Kline, 23 W. Va. 565; Werdenbaugh v. Reid. 20 W. Va. 588; Shipley v. Pew, 23 W. Va. 487. See also, Series v. Cromer, 88 Va. 426, 13 S. E. Rep. 859; Kennerly v. Swartz. 83 Va. 704, 3 S. E. Rep. 348; McCarty v. Ball, 82 Va. 875, 1 S. E. Rep. 189; Eppes v. Randolph, 2 Call 125.
Lien Barred at Law Unenforceable in Equity.—And it seems to be equally well settled that the lien of a judgment is not enforceable in equity after it ceases to be enforceable at law, such a lien being a creature of statute. Sutton v. McKenney, 82 Va. 46; Hutcheson v. Grubbs, 80 Va. 251; McCarty v. Ball, 82 Va. 872, 1 S. E. Rep. 189; Shipley y. Pew, 23 W. Va. 498.
It has been held, moreover, that courts of equity follow the law as respects Code Va. 1873, ch.182, sec. 12 and 13, which declares that no execution shall issue, nor any scire facias or action be brought, on a judg.ment after the lapse of ten years from the return day of an execution on which there is no return by an officer, or after twenty years from the return day of an execution on which there is such return. Hence if a legal claim, barred at law, is asserted in equity, it is equally barred there. McCarty v. Ball, 82 Va. 872,1 S. E. Rep. 189. See Coles v. Ballard, 78 Va. 149; Rowe v. Bentley, 29 Gratt. 756; Hutcheson v. Grubbs, 80 Va. 251; Dabney v. Shelton, 82 Va. 349, 4 S. E. Rep. 605.
It has been held that the language of the statute, Code of Va. 1873, ch. 182. sec. 9, “The lien of a judgment may always be enforced in a court of equity,” implies only a purpose to confer jurisdiction on courts of equity to enforce the lien, whether the remedies at law are adequate or not. Hutcheson v. Grubbs. 80 Va. 251.
Execution Issued and Returned.—Where an action is brought to subject real estate to the payment of a judgment, 10 years after its rendition, it is not barred by the statute of limitations when the record shows that within a year thereafter an execution had been issued and returned, “no property.” Kennerly v. Swartz, 83 Va. 704, 3 S. E. Rep. 348; Hutcheson v. Grubbs, 80 Va. 251, distinguished.
Legal Statutory Lien—Collateral Lien.—It was said, by the court, in Paxton v. Rich, 85 Va. 378, 7 S. E. Rep. 531: “The case of Hutcheson v. Grubbs, 80 Va. 251, referred to by counsel, has no application. In that case it was held that the lien of a judgment ceases with the life of the judgment, and obviously so, because the lien is a legal lien, conferred hy statute, and is not collateral to, but grows out of the judgment. Hence the lien and the judgment are inseparable, and the extinguishment of the latter is the extinguishment of the former. But not so where there is a judgment for a debt secured by a mortgage, deed of trust, or a vendor’s lien. There the lien is collateral to the judgment and may he enforced in equity although the judgment be barred or annihilated.”

a. Extension of Lien.

(i) Issuance of Execution.—The lien of a judgment, on which no execution has ever issued, will not be enforced in a court of equity in a suit brought after the lapse of ten years from the date of the judgment, and where the debtor dies, the time in which it can he enforced may be less as in no case can it exceed five years after the qualification' of his personal representative, unless perhaps, it may be kept alive by suing out successive executions after the death of the debtor, or, by having sued out a scire facias, continued his right to do so. Werdenbaugh v. Reid, 20 W. Va. 588.
Where an execution has been issued upon a judgment more than ten years after the return day of the last preceding execution issued thereon, and a suit is brought by the creditor to enforce the lien of such judgment against the real estate of his debtor, the issuance of such execution will not avoid the bar of the right to enforce such lien, notwithstanding the execution is merely voidable, and not liable to be assailed in a collateral suit. Reilly v. Clark, 31 W. Va. 571, 8 S. E. Rep. 509.
Summons by Publication.—Where nonresident judgment creditors are summoned by order of publication and no order is made to suspend the issuing of executions, a suit to enforce a contract for the sale of the judgment debtor’s land, is no such “legal process,” as under Va. Code 1873, ch. 182, sec. 13, suspends judgment creditors’ right to sue out executions and stops the running of the statute of limitations against such judgments. Straus v. Bodeker, 86 Va. 543, 10 S. E. Rep. 570.
Act Requiring Issuance and Return of Pi. Fa.—It was held in Burns v. Hays, 44 W. Va. 503, 30 S. E. Rep. 101, that ch. 95 of the W. Va. Code, Acts 1891, requiring the issue and return of a fi. fa. unsatisfied before a chancery suit to enforce thelien of ajudgment, does not apply to suits pending when it went into force.
Execution Issues upon Dissolution of Injunction.— Upon the dissolution of an injunction to a judgment, execution may issue thereon within a year and a day from the dissolution of the injunction, without a scire facias, though the injunction was in force for more than ten years. Hutsonpiller v. Stover, 12 Gratt. 579.
Proceedings to Stay Execution.
Suspension of Limitation—Object of Suit.—in order that a proceeding instituted may have the effect of suspending the right to sue out execution on a judgment, it mustbe brought for that purpose, and when such is not the object of the suit, the rights of the judgment creditor under his judgment will be unaffected. Dabney v. Shelton, 82 Va. 349, 4 S. E. Rep. 605; Straus v. Bodeker, 86 Va. 543, 10 S. E. Rep. 570.
Under the law of West Virginia, a plaintiff, after obtaining a judgment for his debt can issue a writ of fieri facias against the personalty of the defendant; if the execution be returned unsatisfied in whole or in part, and he wishes to reach the land of the defendant, he must file a bill in equity in aid of the execution. Such chancery suit will have the effect of holding the statute of limitations in abeyance until the date of the final decree. Ryan v. Kanawha Val. Bank (W. Va.), 71 Fed. Rep. 912.
Judgment Entered with Stay of Execution.—A judgment, with a stay of execution, creates no lien on. land, until the plaintiff has a right to issue execution thereon. Scriber v. Deane, 1 Brock. (U. S.) 166: Enders v. Board of Public Works, 1 Gratt. 378.
But the right to file a bill in equity to enforce a. judgment lien is coextensive, as to time, with the right to issue execution thereon; and under Va. Code, sec. 3577, which prescribes the limitation of proceedings to enforce a judgment, in computing time there shall, as to a writ of scire facias, be omitted the time elapsed between January 1, 1869, and March 29* *256 1871. Hence the limitation to a suit in equity to enforce a judgment obtained June 3,1870, commenced to run, March 29,1871. James v. Life, 92 Va. 702, 24 S. E. Rep. 275.
Limitation Not Suspended by Agreement.—In a suit to enforce the lien of a judgment against real estate brought more than ten years after return day of the last execution issued thereon, the creditor cannot avoid the bar of the statute by a parol agreement binding him not to sue out execution or enforce the judgment until within ten years before the bringing of such suit. Reilly v. Clark, 31W. Va. 571, 8 S. E. Rep. 509.
How Creditor Hay Avoid Bar of Statute.—To avoid the bar of the statute of limitations in respect to the right to enforce the lien of a judgment, the creditor must bring his case within one of the exceptions declared in the statute, and he cannot, by parol evidence or otherwise, avoid such bar upon any ground not embraced in the statute. Eeilly v. Clark, 31 W. Va. 571, 8 S. E. Rep. 509.
Revivor of Judgment.—A judgment creditor may bring his suit imequity against the personal representative and heirs or devisees of his deceased debtor, before reviving his judgment at law. James v. Life, 92 Va. 702,24 S. E. Eep. 275. See also, Bank v. Allen, 76 Va. 200; Suckley v. Eotchford, 12 Gratt. 60; Burbridge v. Higgins, 6 Gratt. 119.
Entry of Satisfaction—Fraud.—A judgment is recovered and an execution issued thereon, and while it is in the hands of the sheriff, an agreement is made between the creditor and debtor, by which certain claims are transferred to the creditor in satisfaction of the judgment, and thereupon the sheriff, at the instance of the creditor, returns the execution ‘'satisfied,” but it appears, that the agreement on the part of the debtor was fraudulent and the execution was not in fact satisfied; the lien of the judgment is not destroyed, and the position and priority is not disturbed, although its payment may-affect purchasers of part of the land of the debtor, but it does not appear in the pleadings and proofs, that such return was brought home to the purchaser, and by it he was misled to his injury. Renick v. Ludington, 14 W. Va. 367.
Effect of Appeal from Justice’s Judgment.—Where an appeal from the judgment of a justice or other inferior tribunal, has the effect of transferring the action to an appellate court for trial de novo, and the controversy is to be settled by a judgment in such court regardless of the judgment appealed from, the appeal operates not 'only to suspend the judgment of the justice or inferior tribunal, but vacates and sets it aside, so that it cannot be used as evidence or as the foundation of an action in any court. An appeal in such case is very different in its effect from a proceeding, which seeks to review a judgment by writ of error. In the latter case the judgment is merely suspended, but in the former the judgment is vacated and made ineffectual for any purpose. The judgment in legal construction no longer remains in force and cannot be the foundation of a new action. Evans v. Taylor, 28 W. Va. 184.
Effect of Partial Reversal and Affirmance.—It is a familiar doctrine, that where a decree is reversed in part and affirmed as to the residue, the reversal in part does not destroy the lien of so much of the decree as is unreversed or affirmed; and one prominent reason for this is, that equity looks to the substance of things, and not to the mere form. 2 Barton’s Gh. Pr. (2d Ed.) sec. 295; Knifong v. Hendricks, 2 Gratt. 212; Moss v. Moorman, 24 Gratt. 97.
But the rule does not applyto a reversal of judgment and award of a new trial. Shepherd v. Chapman, 83 Va. 215, 2 S. E. Eep. 273.
Where an injunction to a judgment is only perpetuated as to a part of it, or a reversal is only as to a part of a judgment, the lien of the part not affected continues from the date of the judgment. Grafton & G. E. Co. v. Davisson, 45 W. Va. 12, 29 S. E. Eep; 1028; Moss v. Moorman, 24 Gratt. 97; Graham v. Bank, 45 W. Va. 701, 32 S. E. Eep. 245.
Payment Delayed by injunction.—where a judgment is rendered for the penalty of a bond, to be discharged by the payment of the principal sum due and interest; and the payment of the money has been delayed by an injunction until the principal sum and the interest exceed the penalty, the lien of the judgment only extends to the penalty, the damages upon the dissolution of the injunction, and the costs at law, without continuing interest. Michaux v. Brown, 10 Gratt. 612.
Judgment on Attachment—Merger,—On the rendition of a judgment on an attachment the lien of an attachment is merged in the judgment, and the priority of the lien is thereby preserved. Smith v. Parkersburg Co-Op. Ass’n (W. Va.), 37 S. E. Eep. 645.
Joint Judgment—Effect of Service of Ca. Sa. on One.— It was held in Leake v. Ferguson, 2 Gratt. 419, that on á joint judgment against several, the service of ca. sa. on one, and the execution and forfeiture of a forthcoming bond by him, does not extinguish the lien of the judgment upon the land of the others.
Effect on Lien of Discharge of Debtor Taken under Ca. Sa.—A judgment creditor, whose debtor, after being taken in execution, has been discharged from custody by the jailer, for nonpayment of the jail fees, is remitted to the lien of his judgment, and will be entitled to satisfaction out of the debtor’s land, in preference to creditors claiming under a deed of trust executed by the debtor, conveying the land, but not recorded in the county where it lies. McCullough v. Sommerville, 8 Leigh 415.
Destruction of Lien by Actual Service of Ca. Sa.—A recovers a judgment against B, at the August rules, and sues out a ca. sa. thereon in October, under which B. is taken in execution, and in November takes the oath of insolvency, and is discharged under the statute for the relief of insolvent debtors; and in the interval between the date of A’s judgment and the service of his ca. sa. on B, sundry mortgages are executed by B, and duly recorded, to secure sundry debts to other creditors. Held, that by the actual service of A’s ca. sa. on B, the lien of A’s judgment was destroyed, and A, could then stand on the lien given to the ca. sa. executed by the statute of limitations, 1 Rev. Code, ch. 134, sec. 10, and that, therefore, the mortgagees are entitled to the benefit of their mortgages. Rogers v. Marshall, 4 Leigh 425. See also, Foreman v. Loyd, 2 Leigh 284.
Land, conveyed by deed of trust, which is void as to subsequent judgment creditors, because unrecorded, is subject to satisfy the judgments of a creditor, although he has issued a ca. sa. upon his judgment, whereupon the grantor in the deed is discharged as an insolvent. McClure v. Thistle, 2 Gratt. 182.
Purchase of Lands Subject to Lien of Judgment.— When, after the purchase of land subject to a judgment lien, another creditor brings suit to convene and enforce liens against the lands of the judgment debtor, but not against the land so purchased, and without making the administrator or heirs of the purchaser formal parties, and a personal decree is *257 rendered in such suit against the original debtor, based on the original judgment for the amount thereof increased by usury under an agreement between such debtor and his judgment creditor subsequent to the rendition of the judgment, and that the lands of the debtor be sold to pay that and the other liens convened, the administrator and heirs of the purchaser, in proceedings under an amended bill to subject the lands purchased to the payment •of the first judgment debt as fixed by the personal decree, are not estopped from showing the usury and disputing the amount of the debt as fixed by such decree, although they proved a claim in the convention of creditors. Bensimer v. Fell, 35 W. Va. 15, 12 S. IS. Rep. 1078.
Discharge in Bankruptcy .—The lien oí a judgment is not defeated by the discharge of the debtor as a bankrupt; it may be enforced in the state courts. Me Canee v. Taylor, 10 Gratt. 580.
Judgments Acquired Pendente Lite.—Where a suit in equity is pending to enforce judgment liens against a debtor’s lands, the fact, that persons after the commencement of a suit have acquired judgments against the debtor, generally does not make it necessary for the plaintiff to file an amended bill, making the answer of such subsequent or pendente lite judgment creditors parties to the suit; nor is it necessary for them generally to file their petitions asking to be made parties, if their judgments are obtained before the order of reference is made in the cause, or in time after the order of reference for them to prove their judgment before the commissioner. For such subsequent judgment creditor may be allowed to prove his judgment before his commissioner under the general order <of reference, and thus make himself at least a quasi party to the cause, and be bound thereby as to his ■debt. Marling v. Robrecht, 13 W. Va. 440.
9. Satisfaction, by Rents and Profits, in Five "Years.—A judgment debtor’s real estate cannot be decreed for sale to pay the judgment liens thereon until the real estate has been properly ascertained, and it appears to the court that the rents and profits thereof will not satisfy the liens within five years, or in a reasonable time. Newlon v. Wade, 43 W. Va. 283, 27 S. E. Rep. 244; Duncan v. Custard, 24 W. Va. 730; Hillv. Morehead, 20 W. Va. 429; Rose v. Brown, 11 W. Va. 122; Horton v. Bond, 28 Gratt. 815, and note; Ewart v. Saunders, 25 Gratt 203. See also, Cronie v. Hart. 18 Gratt. 739.
“The fact of the insufficiency of the rents and profits to satisfy the judgment within the prescribed period should be made to appear before any sale is made, and if the appellant desires it. he may have aninquiry to determine thatfact.’’ Pricey. Thrash. 30 Gratt. 530. But see Barr v. White, 30 Gratt. 531.
The debts of both trust and judgment creditors ought to be ascertained, and the property sold, if the rents and profits will not satisfy the liens in five years, and the reference, if it does not appear in the papers, ought to be had to determine this latter •question. Laidley y. Hinchman, 3 W. Va. 423.
Presumption of Waiver.—The failure by a defendant to demand an inquiry whether the rents and profits of the land would not satisfy the judgment within a reasonable time, raised a presumption that such right is waived. McClung v. Beirne, 10 Leigh 394.
How Shown.—But the insufficiency of the rents and profits to satisfy the judgment within the statutory period may be shown by the pleadings, by the admissions of the parties, by evidence taken, or by the report of a commissioner on inquiry ordered. Horton v. Bond, 28 Gratt. 815.
Rule under Statute.—Under the" Code of W. Va. 1868, it would seem unnecessary to aver, in a bill to enforce a judgment lien, that the rents and profits will not pay the debt in five years. Handly y. Sydenstricker, 4 W. Va. 605.
Account of Rents.—A party coming into equity to enforce the lien of a judgment is not entitled to an account for rents accrued before the decree. Leake v. Ferguson, 2 Gratt. 419.
Settlement of Administrator’s Accounts.—Generally the court should not decree the sale of the realty of an intestate to pay debts or judgment Hems before the accounts of the administrator have been settled and the administered assets ascertained. Laidley v. Kline, 8 W. Va. 218; Martin v. Rellehan, 3 W. Va. 480.
Partnership Accounts.—The court ought not, in a chancery suit brought to enforce the lien of a judgment between partners, order a settlement of partnership accounts with a view of ascertaining the amount for which the lands of each partner should be primarily subject, and with a view to the rendering of a proper decree among the codefendants after such settlement. Kent v. Chapman, 18 W. Va. 485.
Must Ascertain Amount of Liens and Their Priorities.—Where there are various judgment liens on the land of the judgment debtor, itis error to decree a sale of land without first ascertaining the amount of the liens and their priorities; and this should be done in an intelligible manner, for the reason that to decree such sale before ascertaining the amount of the several liens, and their respective priorities has a tendency to sacrifice the property, by discouraging the creditors from bidding, as they probably would, if their right to satisfaction of their debts and the order in which they were to be paid out of the property, had been previously ascertained. Marling v. Robrecht, 13 W. Va. 440; McClaskey v O’Brien, 16 W. Va. 791. See Crawford v. Wells, 23 Gratt. 835.
Ascertaining Value of Real Estate —In a suit to subject real estate to the payment of the judgment liens thereon, it is not necessary to ascertain the value of the real estate before its sale is ordered. Grantham v. Lucas, 24 W. Va. 231.
Two Judgment Liens.—But it is wholly unnecessary to refer a cause, in which it appears that there are but two judgment liens to a commissioner to ascertain the amount and priorities of liens, where the pleadings and proof show clearly what they are. Anderson v. Nagle. 12 W. Va. 98.
Commissioner’s Report of Lien Presumed Correct.— In a suit brought by judgment creditors against the judgment debtor and other judgment and trust creditors, to obtain satisfaction of their several judgments by a sale of the lands owned by said debtor, and the cause has been properly referred to a commissioner to ascertain and report the .several liens thereon, and their respective priorities, and also to ascertain and report the lands owned by said debtor, chargeable therewith, and where such commissioner has made and returned such report and no error appears upon the face thereof, it will be presumed by the court, that the character, amounts and priorities of the several liens, as well as the lands owned by the judgment debtor chargeable therewith, are correctly setforth therein “except in so far only, as to such parts thereof, as may be obI jected to by proper exceptions taken thereto before *258 the hearing” of the cause. Hutton v. Lockridge, 32 W. Va. 159.
10. Who May maintain Skit to Enforce.
Judgment Creditors.—A suit to enforce the lien of a judgment, may be maintained by the judgment creditor, during the pendency of an action by attorneys to cancel satisfaction of such judgment, if it should be found to be subsisting in such latter suit; this second action should be treated as a cross bill in the first action. Higginbotham v. May, 90 Va. 233, 17 S. E. Rep. 941.
A judgment creditor has a right to come into a court of equity to enforce his judgment lien against the lands conveyed in a deed of trust prior to the obtaining of the judgment, subj ect to the debts secured by the trust; and after the debt secured by the trust falls due and no sale is made thereunder, the court will interfere for the benefit of judgment liens younger than the trust, and will direct a sale of the land, and not the redemption alone to satisfy the debts of both classes of creditors. Laidley v. Hinchman, 3 W. Va. 423.
Purchasers of Land.—Where there are several purchasers of land subject to a judgment lien, some may file a bill to question the lien, and if it is valid, asking that the different purchasers may be subjected to pay it. And though they ask for a ratable contribution, this will not prevent the court’s subjecting the land last sold to satisfy the creditor. Michaux v. Brown, 10 Gratt. 612.
Special Receiver—Creditors’ Bill—Practice.—A special receiver may bring a chancery suit to enforce the lien of a judgment against the judgment debt- or’s lands, for his own benefit, and that of all the other judgment creditors of the judgment debtor, or he might make other judgment creditors of the debtor defendants, in which case the court would have to audit all the judgment liens against the debtor, before it decreed a sale of the land; and if the special receiver made only the judgment debtor a defendant, and didnot bring his suit as a creditors’ bill, yet, where the judgment debtor alleges that he has other judgment creditors, the court will convert this suit into a creditors’ bill by directing a commissioner to audit all judgment liens against the judgment debtor; but it would do the same had any other judgment creditors, by petition or otherwise, asked the court to do so. Howard v. Stephenson, 33 W. Va. 116,10 S. E. Rep. 66.
How Suit to Be Brought.—if in a bill brought by a judgment creditor against a debtor to enforce the lien of his judgment against his lands, the creditor should fail to sue on behalf of himself and all other judgment creditors, but the court should afford to all judgment creditors an opportunity to have their judgments audited before a commissioner by directing a publication to be made, calling on them to present their judgments for auditing, the appellate court will regard this as a creditors’ bill, the same as if the plaintiff in his bill had sued on behalf of himself and all other judgment creditors except those made defendants. Neely v. Jones, 16 W. Va. 625.
11. Parties to Suit.
Judgment Creditors.—Judgment creditors are necessary parties in proceedings to subject lands, upon which there are liens, to the payment of other judgment liens. Hoffman v. Shields, 4 W. Va. 490; Snyder v. Brown, 3 W. Va. 143.
It is necessary, in a bill to enforce a judgment lien by a surety, where such surety has paid the judgment, that the original judgment creditors, whose j judgment he had paid, be made parties. Hoffman, v. Shields, 4 W. Va. 490; Conaway v. Odbert, 2 W. Va. 25.
A creditor, who brings suit againt a debtor to-enforce against his lands a judgment lien, should sue on behalf of himself and all other creditors excepting those made defendants, and he should make formally defendants in the suit all creditors who have obtained judgments in the courts of record in the county or counties in which the debtor owns lands sought to be subjected to the payment of the judgments, also all creditors who have obtained judgments in courts of records or before justices in any part of the state, and have had them docketed, on the judgment lien docket of such county or counties. Neely v. Jones, 16 W. Va. 626; Eeamster v. Tyree, 21 W. Va. 83.
Convention of Judgment Creditors.—Where there are several judgment creditors whose judgments are of equal dignity with that of the plaintiff, it is proper that they should be convened in a suit by a creditor seeking to enforce his judgment; but if it appears from the pleadings and proof, that such judgment creditors are enforcing their liens or debts in another court, against the parties liable for such other debts, and that there is a large fund under control of the latter court, applicable to such judgments or debts, it is error to decree a sale of the land, on the failure of the debtor to pay the entire amount of such judgment, without taking any steps to ascertain what would remain unpaid, after the application of such fund to the liquidation of such judgments. Murdock v. Welles, 9 W. Va. 552.
Effect of Failure to Make Judgment Creditors Parties. —If all the judgment creditors are not made parties to a suit by a creditor against a debtor to enforce against his lands a judgment lien, either formally or informally, and this is disclosed in any manner by the record, the appellate court will reverse any decree ordering the sale of the land or the distribution of the proceeds of such sale. Neely v. Jones, 16 W. Va. 626.
Judgment Creditors of Vendee.—Where a vendor of land, who has retained the title, files a bill against the widow and infant children of the vendee, for a sale of land to satisfy his debt, the judgment creditors of the vendee may make themselves parties to -the cause, and have the land, subject to the vendor’s lien, and the widow’s dower, applied to the payment of their debts. Simmons v. Lyles, 27 Gratt. 922, and note.
Judgment Debtors.—But where a special receiver obtained judgment against two debtors in the circuit court of a county, and then brought a chancery suit in that court to enforce the lien of this judgment against the lands of one of the debtors in the county where the judgment was obtained, it was held unnecessary to make the other judgment debtor a party defendant in this chancery suit, as in it the plaintiff sought no redress against him or his property. Howard v. Stephenson, 33 W. Va. 116, 10 S. E. Rep. 66.
Lien Creditors—Trustees.—In a proceeding in chancery by a judgment creditor to subject the real estate of his debtor to the lien of his judgment it is the duty of the plaintiff to make all the lien creditors of the debtor known to him, and which are disclosed by the judgment lien docket, or the records of the court of the counties in which the lands sought to be sold are situated, parties to the suit, and where there are liens by trust deeds *259 the trustees in such deeds must be made formal parties before any sale of the debtor’s lands can be ordered, and such trustees cannot be made informal parties by publication. McMillan v. Hickman, 35 W. Va. 705, 14 S. B. Bep. 227; Bilmyer V. Sherman, 23 W. Va. 656. See also, McCoy v. Allen, 16 W. Va. 725.
Prior Lienors.—Moreover, in a suit in equity, to sell land to satisfy a judgment lien, orto enforce the payment of the purchase money, if it appears that there is a prior lien for unpaid purchase money on the land, those entitled to the benefit of such prior purchase money lien, should be made parties to the suit. Dickinson v. B. Co., 7 W. Va. 390.
Trust Creditors.—So also, to a bill by a judgment creditor to enforce his lien against the subject of the trust, creditors in interest should be made parties. Laidley v. Hinchman, 3 W. Va. 423.
Trustee and Cestui Que Trust.—And, in a suit to enforce a judgment lien against lands covered by a deed of trust, both the trustee and cestui am trust are necessary parties defendant. Bensimer v. Fell, 39 W. Va. 448, 19 S. B. Bep. 545.
Moreover, a judgment adjudging creditors’ liens on land of a debtor will not bar a holder of a debt by deed of trust, who does not prove his debt, from sharing in the proceeds of the sale under the decree, unless the trustee and cestui que trust are made formal parties thereto. Bensimer v. Fell, 35 W. Va. 15, 12 S. B. Bep. 1078.
Remaindermen—On the other hand, the remainder-men are not necessary parlies to a bill to subject a life estate to the lien of a judgment. Moore v. Bruce, 85 Va. 139, 7 S. E. Bep. 195.
Assignor and Assignee.—But, the assignor and assignee of a judgment may be properly made coplaintiffs in a chancery suit to enforce the lien of the judgment on the debtor’s lands. Neely v. Jones, 16 W. Va. 626.
Personal Representative of Surety.—In a chancery suit however, to enforce the lien of a judgment against a principal and sureties, where it appears that judgment has also been obtained against the personal representative of another surety for the same debt, such personal representative and sole devisee and legatee of the deceased surety are necessary parties in order that the deceased surety’s part of the judgment remaining unpaid, after exhausting the realty of the principal, may be ascertained, and his estate sub j ected to its payment. Wytheville Ice Co. v. Frick Co., 96 Va. 141, 30 S. E. Bep. 491.
Butin a suit in chancery to enforce a lien in judgment against the principal and sureties, if other judgments are proved upon which others than those before the court are also bound, it is not necessary to make such others parties. Wytheville Ice Co. v. Frick Co., 96 Va. 141, 30 S. B. Bep. 491.
Heirs of Deceased Purchaser.—Where, in a suit by a judgment creditor to subject lands in the hands of a bona fide purchaser for the vendee, and the purchaser dies pending the suit, his heirs are necessary parties. Taylor v. Spindle, 2 Gratt. 44.
Creditor Holding Lien against Debtor.— A. creditor holding a debt against a judgment debtor constituting a lien on his land, who is not made a formal party to a judgment adjudging creditors’ liens on the land of the debtor, and who does not prove his lien in such proceeding, is thereby barred from sharing in the proceeds of the sale under the decree, except in the surplus remaining after the satisfaction of the liens decreed. The debt, as a personal debt against the debtor, is not barred by such proceeding. Bensimer v. Fell, 35 W. Va. 15. 12 S. E. Bep. 1078.
Former Owner of Land.—But, a judgment adjudging creditors’ liens on the land of a debtor will not bar a lien thereon created by a former owner of the land because of a failure to prove the lien, unless its owner is made a formal party to the proceeding. Bensimer v. Fell, 35 W. Va. 15, 12 S. B. Bep. 1078.
Joint Obligors.—Moreover, a judgment at law being obtained ag'ainst one of two obligors, in a joint and several bond, and no proceedings to enforce it appearing, a court of equity ought not to charge the lands of the other obligor, in the possession of his devisees, without having made the obligor, against whom the judgment was rendered, or his representatives, parties to the suit. Foster v. Crenshaw, 3 MunC. 514.
How Parties Interested May Come into Sait.—When a suit in equity is brought by a judgment creditor to enforce his lien against the land of his debtor, and persons claiming to be purchasers of the debtor’s land complain that they were not made parties to that suit, their remedy, if they have notice of that suit, is by motion or petition to be made parties defendant thereto, and not by an independent suit to set aside the decree in the cause, upon the principal ground that the judgment therein sought to be enforced was itself void. Neale v. Utz, 75 Va. 480.
Allegation in Bill to Enforce.—ft is unnecessary to allege, in a chancery suit, brought by a special receiver, to enforce a judgment lien against the lands of a judgment debtor, that the suit in which the judgment on the common-law side of the court was had, or that the chancery suit brought to enforce the judgment, was brought by the receiver, by the direction of the court which appointed the receiver. Howard v. Stephenson, S3 W. Va. 116, 10 S. E. Bep. 66.
Supplemental BUI.—'Where a suit is brought to enforce a judgment lien, and is revived in the name of an administrator d. b. n., who subsequently assigns the judgment to another, and the suit proceeds in the name of the administrator d. b. n., and it is charged in the answer of a defendant that a party other than the assignee of such administrator had become the owner of the judgment, and that it had been paid off and ratified therein, it becomes necessary for the assignee to file a supplemental bill, and it is error in the court to’ refuse to permit him to do so. List v. Humphrey, 3 W. Va. 672.
Exhibits.—Where a judgment or decree is obtained for a debt, in a proceeding in chancery to enforce the lien of such judgment or decree against lands ordinarily it is not necessary that a complete copy of the whole record of the case in the court in which the judgment or decree was had, should be produced or filed, but only a properly authenticated copy of such judgment or decree. In such case a copy of the judgment is an extract from the record of the cause, and not a complete copy of the whole record, and being an extract from the record, and a copy of the judgment, as entered, it may be read as evidence in the cause. Dickinson v. B. Co., 7 W. Va. 390; Sayre v. Edwards, 19 W. Va. 353; White v. Clay, 7 Leigh 68; Wynn v. Harman, 5 Gratt. 157.
Real Estate Held Jointly—Extent of Decree.—Where a suit in equity is brought by a party to enforce his judgment lien against real estate which his debtor holds jointly with another, and both of the owners of the real estate are made parties to the suit, and *260 served with process, although no allegation is made or lien asserted against the party holding the real estate jointly with such judgment debtor, and the cause being referred to a commissioner to ascertain the liens existing against the real estate, and their priorities, who reports a judgment lien existing against the real estate belonging to the party who is not the judgment debtor mentioned in the bill, it is error to decree a sale of the entire'property, and such a decree may be set aside by a bill of review filed in proper time. Calvert, v. Ash fW. Va.), 35S. E. Rep. 887.
So also, where a bill to enforce a judgment lien, filed against the j udgment debtor, alleges that after the judgment was rendered, the debtor obtained an injunction against the judgment, giving 01. and T. as sureties in the injunction bond, that the injunction was dissolved and the bill dismissed, but the bill only seeks the sale of the judgment debtor’s real estate, a personal decree against Cl. for a balanceoftbe judgment, after exhausting the judgment debtor’s estate would be proper but, under this bill, a decree for the sale of the real estate of Cl. would be erroneous. Sinnett v. Cralle, 4 W. Va. 600.
Time to Redeem.—It is not perse error to decree a sale of land to enforce judgment liens without giving the debtor time to redeem, as in the foreclosure of mortgages, though such practice ought not in general to be pursued, but where the debtor does not show that he has sustained any damage by the failure to do so, itis not ground for setting aside the sale. Crawford v. Weller, 33 Gratt. 835.
Resistance to Enforcement.—After a judgment has been recovered in an action at law, and a suit in equity has been pending for more than ten years to enforce the lien of the judgment, the defendant cannot prevent the enforcement of this judgment, on the ground that they did not employ counsel to defend them in the action at law, and that their appearance by counsel was false, when' it appears in the record of the action at law, in which the judgment was recovered, that the defendant did appear by counsel and file pleas. Cabell v. Given, SO W. Va. 760, 5 S. E. Rep. 442.
Only Two Judgment Creditors.—Where a suit in chancery is instituted to enforce a judgment lien and the bill alleges that there is but one other judgment lien on the real estate sought to beheld liable to the satisfaction of the judgment, and sets it up also as a lien on the land, the decree should provide for the payment of both judgments, if the land is subject thereto. Anderson v. Nagle, 13 W. Va. 98.
XV. COLLATERAL IMPEACHIIENT.
A. IN GENERAL.—The judgment of a court possessing competent jurisdiction in the proceeding before it and over the person against whom it is rendered, is binding and conclusive, and however irregular and erroneous it may be, yet so long as it remains unreversed, it cannot be drawn in question in a collateral proceeding, nor can any allegation be made against its validity. Pates v. St. Clair, 11 Gratt. 23; Spotts v. Com., 85 Va. 531, 8 S. E. Rep. 375; Wimbish v. Breeden, 77 Va. 324; Woodbouse v. Fill-bates, 77 Va. 317; Wilson v. Smith, 22 Gratt. 493. See Shelton v. Jones, 26 Gratt. 898; Brengle v. Richardson, 78 Va. 406; Adams v. Logan, 27 Gratt. 201; Lawson v. Moorman, 85 Va. 880, 9 S. E. Rep. 150.
Limits to Judgment.—Though the court has j urisdiction of the subject-matter and the parties, yet it is limited in its mode of procedure and the extent and the character of its judgment; and if it transcend such limits, its judgments are void and may be so treated collaterally. Anthony v. Kasey, 83 Va. 338, 5 S. E. Rep. 176.
Want of Jurisdiction Apparent on Record.—While it is well settled that every reasonable presumption will be indulged in the support of the regularity of the proceedings, and the validity of the judgment of a court of competent general jurisdiction when both the subject-matter and the parties are within the territorial limits of the court’s jurisdiction; yet, even with respect to such a court, no presumption is allowable when the want of jurisdiction affirmatively appears on the face of the proceedings. Want of jurisdiction makes such judgments null, and they may be so treated by any court in any proceedings direct or collateral. Dillard v. Cent. Va. Iron Co., 82 Va. 734,1 S. E. Rep. 124.
Must Be Shown by Record.—The judgment of a court of competent jurisdiction is presumed to be right, but it will not be presumed that a question has been determined, unless it be shown by the record expressly or by necessary implication that it was in fact determined. Wynn v. Heninger, 82 Va. 172; Ferguson v. Teel, 82 Va. 690.
The validity of a judgment cannot be collaterally attacked on the ground that the court had no jurisdiction, unless the want of jurisdiction appears upon the face of the record. Wandling v. Straw, 25 W. Va. 692; Smith v. Johnson, 44 W. Va. 278, 29 S. E. Rep. 509.
But, in a collateral attack'upon a judgment of a court of general jurisdiction, the recital in the judgment that the defendant was duly served with notice as required by law, is conclusive of that fact, unless there is something in the record which plainly shows that the defendant did not have notice, or the character of the proceeding is such as to make it necessary that the evidence of notice should affirmatively appear in the record. Chesapeake & Western R. Co. v. Washington, Cincinnati & St. Louis Railway, 99 Va. 715.
“To impeach and overturn judgments of courts of competent jurisdiction involves consequences of too much moment to be lightly regarded; and when a coart of general jurisdiction has pronounced judgment, its adjudication should be as conclusive on the question whether a party was duly notified as on any other point necessary to a proper determination of the canse.” Ferguson v. Teel, 82 Va. 696.
B. GROUNDS OF ATTACK.—A judgment of a court of record cannot be impeached in another action, except for want of jurisdiction in the court, or fraud in the parties or actors in it. “This is a settled doctrine of the courts. It is not merely an arbitrary rule of law, established by the courts, but it is a doctrine founded upon reason and the soundest principles of public policy. It is one which has been adopted in the interest of the peace of society and the permanent security of titles. If, after the rendition of a judgment by a court of competent jurisdiction, and after the period has elapsed when it becomes irreversible for error, another court may in another suit enquire into the irregularities or errors in such judgments, there would be no end to litigation, and no fixed established rights. A judgment, though unreversed and irreversible, would no longer be a final ad judication of the rights of litigants, but the starting point from which a new litigation would spring up; acts of limitation would become useless and nugatory; purchasers on the faith of judicial process would find no protection; *261 every right established by a judgment would be insecure and uncertain, and a cloud would rest upon every title." Lancaster v. Wilson, 27 Gratt. 624, and note; Woodhouse v. Fillbates, 77Va. 317; Gray v. Stuart, 33 Gratt. 351; Lavell v. McCurdy, 77 Va. 763; Blanton v. Carroll, 86 Va. 539,10 S. E. Rep. 329; Fair-fax v. Alexandria, 28 Gratt. 16, and note.
Errors Not Affecting Jurisdiction.—Where a judgment or decree of a court of civil jurisdiction is offered in evidence, collaterally in another suit, its validity cannot be Questioned for errors which do not affect the jurisdiction of the court. Hall v. Hall, 12 W. Va. 1; Miller v. White, 46 W. Va. 67, 33 S. E. Rep. 332; Cooper v. Reynolds, 10 Wall. (U. S.) 308.
The maxim, omnia prasumuntur rite esse acta, applies to sustain the judgments and decrees of a court, rather than forced presumptions to defeat them. Pennybacker v. Switzer, 75 Va. 671.
“The settled rule of law is, that jurisdiction having attached in the original cause, everything done within the power of that jurisdiction, where collaterally questioned, is to beheld conclusive of the right of the parties unless impeached for fraud. Every intendment is made to support the proceedings ; it is regarded as if it were regular in all things, and reversible for error.” Connett v. Williams, 20 Wall. (U. S.) 249, approved in Pennybacker v. Switzer, 75 Va 671.
Judgment Presumed Right.—Where the judgment of, and actions of, the court below is definite, and intelligibly presented in the record, and does not appear from the record to be wrong, it is presumed to be right, and cannot be collaterally attacked. Rams-burg v. Erb, 16 W. Va. 777; Anderson v. Doolittle, 38 W. Va. 629, 18 S. E. Rep. 724 ; Cox v. Thomas, 9 Gratt. 323 ; Shelton v. «Tones, 26 Gratt 891, and note ; Ferguson v. Teel, 82 Va. 690 ; Wright v. Smith, 81 Va. 777 ; Womack v. Tankersley, 78 Va. 242 ; Harman v, Lynchburg, 33 Gratt. 37 ; Shipman v. Fletcher, 91 Va. 473, 22 S. E. Rep. 458; Hill v. Woodward, 78 Va. 765 ; Sargeant v. Irving, 2 Va. Dec. 338, 24 S. E. Rep. 334.
“Nothing is better settled than that the judgments and decrees of a court of general jurisdiction, acting within the scope of its authority, are presumed to be right until the contrary appears, and are not open to collateral attack ; and this is so even though the party against whom, or in whose favor, the judgment or decree was rendered was dead at the time. Such a judgment or decree is irrevocable in a collateral action, not because a judgment rendered without notice is good, but because the law does not permit the introduction of extrinsic evidence to overthrow that which, for reasons of public policy, it treats as an absolute verity. The record is conclusively presumed to speak the truth, and can be tried only by inspection.” Pughv. McCue, 86 Va. 475, 10 S. E Rep. 715.
The rule was stated thus in Board v. Dunn, 27 Gratt. 608: “The principle is universal, that an appellate court in reviewing the decision of the trying court, will always presume that the verdict and judgment were founded upon sufficient evidence unless the contrary is plainly made to appear. This principle is carried so far, that where there is a bill of exceptions professing to state the evidence, this presumption will still prevail, unless it can be fairly inferred that it contained all the evidence adduced af the trial. See Cooper v. Hepburn, 15 Gratt. 551.”
Motion to Abate, Bill of Exceptions, etc,—Where there is in the record no motion to abate the attachment, no exception to the rulings of the court below, no bill of exceptions, no certificate of the evidence or of the facts proved, then the supreme court must presume the judgment tobe right. Kenefickv. Caulfield, 88 Va. 122,13 S. E. Rep. 348.
Want of Notice—Onus Probandi.—However assailed, unless want of authority plainly appears on the face of the record, every presumption exists in favor of the judgments of courts of general jurisdiction, and the entire record will be inspected. The same rule prevails where the defendant alleges want of summons or notice, and the onus of showing want of notice is on the impeacher. Mere failure of the record to state affirmatively that notice was given, is insufficient for the impeachment. Hill v. Woodward, 78 Va. 765 ; Ferguson v. Teel. 82 Va. 690.
Jurisdiction Statutory,—The rule as to the conclusiveness of an unreversed judgment of a court of competent jurisdiction, applies with equal force in respect to a judgment where the jurisdiction exercised is purely statutory. Wimbish v. Breeden, 77 Va. 324; Pennybacker v. Switzer, 75 Va. 671.
Judgment in Personam against Nonresident.—A personal judgment for money against a nonresident on publication, without service of process or appearance is void, is no lien on the land, and may be attacked collaterally. Fowler v. Lewis, 36 W. Va. 112, 14 S. E. Rep. 447. See also, Gray v. Stuart. 33 Gratt. 351.
Judgment for Costs.—Where a court is wholly without jurisdiction to render any judgment against a party, a judgment or decree rendered by such court for costs is wholly inoperative and void in any direct or collateral suit or proceeding. Hall v. Hall, 30 W. Va. 779, 5 S. E. Rep. 260. See also, Grinnan v. Edwards, 21 W, Va. 347.
Right to Be Heard.—“it is a cardinal principle in the administration of justice, that no man can be condemned or divested of his rights until he has had the opportunity of being heard ; and if judgment is rendered against him before that is done the proceeding will be as utterly void as though the court had undertaken to act where the subject-matter was not within its cognizance.” Underwood v. McVeigh, 23 Gratt. 419 ; Staunton Perpetual B. & L. Co. v. Haden, 92 Va. 201, 28 S. E. Rep. 285.
Absence in Military Service.—Where process in an action of debt was served upon a defendant whilst he was in the military service of the Confederate States, and there is an office judgment confirmed whilst he is in the service, the judgment is a valid judgment, and cannot be questioned in another suit Terry v. Dickinson, 75 Va. 475 ; Turnbull v. Thompson, 27 Gratt. 306.
Mere Absence of Return.—Thus, mere absence of return of service on summons is insufficient for impeachment where the record shows that at rules the cause was matured as to all the defendants. The assailant must show want of summons. Ferguson V. Teel, 82 Va. 690.
United States Court.—A judgment rendered in a United States district court in 1830 vacating a commission of bankruptcy issued in 1801, cannot now be collaterally impeached. Harman v. Stearns, 95 Va. 58, 27 S. E. Rep. 601.
County Courts.—“The county court is a court of record, and its judgments or sentences cannot be questioned, collaterally in other actions, provided it has jurisdiction of the cause. And this is to be understood as having reference to jurisdiction over the subject-matter ; for though it may be that the facts do not give jurisdiction over the particular case, *262 yet if the jurisdiction extends over that class of cases, the judgment cannot he questioned; for then the question of jurisdiction enters into and becomes an ■essential part of the judgment of the court. Thus, if a county court were to give judgment of death against a white man, the sheriff would have no lawful authority to execute him ; or if a court of chancery were to grant probate of a will, it would be ipso facto void, since that court has no jurisdiction in any case of probates. It is held void ipso facto because no inquiry is necessary to ascertain its invalidity. But where the court has jurisdiction of cases ejusdem generis, its judgment, in any case, is not merely void; because its invalidity cannot appear without an inquiry into the facts ; aninquiry, which the court itself must be presumed to have ■made, and which will not therefore be permitted to be revived collaterally." Fisher v. Bassett, 9 Leigh 131. See Devaughn v. Devaughn, 19 Gratt. 556 ; Shelton v. Jones, 26 Gratt. 891.
Unauthorized Appearance of Attorney.—“It has been contended by eminent jurists, and many adjudicated cases have given color of authority to the proposition insisted upon by the defendant in error here, that where there has been no service of process on the defendant, and he has not personally appeared to the action or proceeding, and the record shows that the defendant ‘appeared by his attorney, ’ in a collateral proceeding founded upon such judgment, or in a proceeding wherein the effect of such judgment properly comes in question, such defendant may in such collateral proceeding impeach such judgment by proving that he did not in fact so appear by attorney, and that the attorney who assumed authority to appear for him, had no authority to do so.” Wandling v. Straw, 25 W. Va. 692.
Courts of General Jurisdiction.—If a court of general jurisdiction had jurisdiction to render the judgment which it did render, no error in its proceeding which did not affect its jurisdiction will render the proceeding void, nor can such errors be considered when the judgment is collaterally brought in question. Wandling v. Straw, 25 W. Va. 690; Cox v. Thomas, 9 Gratt. 323; Woodhouse v. Fill-bates, 77 Va. 317.
Where the case is submitted to the court in lieu of a jury, upon its merits, it is presumed that the prerequisites necessary to the making of the judgment were complied with by the court, whether the record of the judgment recites the fact or not. Phelps v. Smith, 16 W. Va. 522.
The judgment of the circuit court against a high sheriff is conclusive of its jurisdiction, unless reversed on appeal, and his deputy and sureties cannot question it on the motion of the personal representative of the high sheriff against them. Cox v. Thomas, 9 Gratt. 323.
Special Statutory Court.—Where a court of general jurisdiction acts within the scope of its general powers, its judgments will be presumed to be in accordance with its jurisdiction, and cannot be collaterally impeached. So also, when a court of general jurisdiction has conferred upon it special powers by special statute, and such special powers are exercised judicially, that is, according to the course of the common law and proceedings in chancery, such judgment cannot be impeached collaterally. Pulaski County v. Stuart, 28 Gratt. -872, and note.
But where a court of general j urisdiction has conferred upon it special and summary powers, wholly derived from statutes, and which do not belong to it as a court of general jurisdiction, and when such powers are not exercised according to the course of the common law, its action being ministerial only and not judicial, in such case its decision must be regarded and treated like those of courts of limited and special jurisdiction, and no presumption of jurisdiction will attend the judgment of the court. But in such cases the facts essential to the exercise of the special jurisdiction must appear upon the face of the record. Pulaski County v. Stuart, 28 Gratt. 872.
Degree of Proof Required.—Mere absence of return of service on summons against husband and wife is insufficient for impeachment, where there is nothing in the record to show affirmatively that process was not served on the wife as well, and where the record shows that at rules the cause was matured as to all the defendants, the court saying, “To impeach a judgment under, such circumstances, it being a judgment of a court of general jurisdiction, and the party being within its jurisdictional limits, it is not enough to raise a doubt merely; nor will it suffice that the record fails to show that notice was given, the onus lies upon the party assailing the j udgment to show that it is wrong, and it is only when he satisfies the conscience of the court that the judgment is wrong, that it should be disturbed, the recognized rule being that everything must be presumed in favor of the proceedings of a court of general jurisdiction, unless there is a plain excess or want of authority." Ferguson v. Teel, 82 Va. 697.
Void Judgments.—“Avoid judgment is exm termini a nullity, and may be so declared and treated by this and every other court when the validity or invalidity of the judgment is a question to be determined; either in a direct or collateral proceeding.” Burks, J. Wade v. Hancock, 76 Va. 620; Lavell v. McCurdy, 77 Va. 763; Hollins v. Patterson, 6 Leigh 457; Morgan v- Ohio River R. Co., 39 W. Va. 17,19 S. E. Rep. 588.
“A void judgment is in legal effect no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings on it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void.” Freem. Judgm. § 117; Anthony v. Kasey, 83 Va. 338, 5 S. E. Rep. 176; Wade v. Hancock, 76 Va. 626; Lavell v. Jordan, 77Va. 763; Staunton Perpetual B. & L. Co. v. Haden, 92 Va. 201, 23 S. E. Rep. 280; L. &. W. R. Co. v. Taylor, 93 Va. 226, 24 S. E. Rep. 1013; Grinnan v. Edwards, 21W. Va. 347; Neale v. Utz, 75 Va. 484.
Jurisdiction of Subject-natter.—1The general and well-established rule of law is that when proceedings are collaterally drawn in question and it appears upon the face of them that the subject-matter was within the j urisdiction of the court, they are voidable only. The errors and irregularities of any court are to be corrected by some direct proceeding either before the same court to set them aside, or in an appellate court. Pennybacker v. Switzer, 75 Va. 671; Lancaster v. Wilson, 27 Gratt. 624; Gibson v. Beckham, 16 Gratt. 321, and note.
Judge and Counsel.—where a judge sits in an action in which he is or has been counsel, such act renders the judgment voidable only, and not void. The proceedings are good and valid until set aside upon motion to the court in which they were had, or until reversed upon appeal or error by an appellate court. L. & N. R. Co. v. Taylor, 93 Va. 226, 24 S. E. Rep. 1013.
Judgment upon Defective Summons.—So also, a *263 judgment rendered upon a defective summons after general appearance of the defendant is not void. Blair v. Henderson (W. Va.), 38 S. E. Rep. 552; Brown v. Chapman, 90 Va. 174.17 S. E. Rep. 855.
Nonresident Heirs.—A judgment or decree authorizing the sale of decedent’s lands to pay his debts is erroneous, where it appears upon its face that the affidavit on which rested the order of publication against the heirs as nonresidents was defective and insufficient. Hull v. Hull, 35 W. Va. 155, 13 S. E. Rep. 49.
Process, Notice, Summons.—But, a judgment against a person who has not been served with notice is a void judgment, and is ex vi termini, a nullity. Ferguson v. Teel, 82 Va. 690; Eavellv. McCurdy, 77 Va. 763; Wade v. Hancock, 76 Va. 620.
Notice to Officers—Strict Compliance with Statute.— For example, in a proceeding to confiscate property •of a person charged to be in re bellion, the directions of the attorney general are, that the method of seizure of the property shall be conformed as nearly as may be to the state law, if there be such; when therefore the proceeding is to confiscate debts due from a municipal corporation, the notice to the debtor must be upon the mayor or other officer named in the Virginia statute; and notice given to the auditor of the corporation is of no effect; and the judgment based upon such notice is null and void. Fairfax v. Alexandria, 28 Gratt. 16.
Fraud.—But, a judgment, valid on its face, cannot be impeached by other creditors except for fraud; and that cannot be done otherwise than by a direct proceeding brought to set it aside on that ground. First Nat. Bank v. Huntington, etc., Co., 41 W. Va. 530, 23 S. E. Rep. 792.
Thus, where it is sought to set aside or annul a regular judgment or decree upon the ground that it was obtained by fraud practiced by a party, or in prosecuting the suit or obtaining the judgment or decree, it is necessary, it is said, that the plea should state a case of actual fraud; and that the suit should be brought for the express purpose of impeaching the judgment or decree, otherwise it will be regarded as a collateral attack. Harrison V. Wallton, 95 Va. 721, 30 S. E. Rep. 372.
“The rule is, however, settled that unless there is good reason to impute fraud or collusion, a judgment is conclusive of the existence and amount of the debt, and cannot be impeached collaterally either by parties or by strangers.” Gentry v. Allen, 32 Gratt. 254.
Fraud and Collusion.—Where a judgment creditor files a bill against a debtor to subject his lands to the lien of his judgment, and makes a trust creditor of the same debtor who holds a deed of trust on the land a party, such trust creditor cannot question the validity of the judgment against the debtor, except upon grounds that would avoid it, between the judgment creditor and the debtor, or on the ground that there was fraud and collusion between them in procuring the judgment. Gentry v. Allen, 32 Gratt. 254.
Mistake, Surprise, Accident.—A judgment of a justice founded on a sufficient summons cannot be collaterally attacked in equity on the ground alone that the cause of action arose in another county, the place of the defendant’s residence; he can only be relieved therefrom collaterally on such equitable grounds as fraud, accident, mistake, surprise, or some adventitious circumstance beyond the control of the party. The question is purely legal, and does not give equity jurisdiction to review such j udgment. Newlon v. Wade, 43 W. Va. 283, 27 S. E. Rep. 244. See Hubbard v. Yocum, 30 W. Va. 740. 5 S. E. Rep. 867. See infra, this note, title, “Equitable Relief against Judgments.”
Unwarranted Reservation.—Thus, a judgment reserving from sale a sawmill on certain land, though there is nothing on the record to warrant the reservation, is not void, but voidable only by appeal, and cannot be collaterally attacked. First Nat. Bank v. Hyer, 46 W. Va. 13, 32 S. E. Rep. 1000.
Coverture—On the other hand, a judgment rendered by a court of common law against a married woman, either in her own name or in the name of the company, under which she does business, upon a contract made during coverture, is absolutely void, and an execution or suggestion sued out upon such judgment is invalid and ineffectual for any purpose. Such judgment may be assailed collaterally in proceedings upon a suggestion thereon. White v. Foote Humber & Mfg. Go., 29 W. Va. 385, 1 S. E. Rep. 572.
Infancy.—It is well settled, as a general rule, that an infant is as much bound by a decree against him as a person of full age. The law recognizes no distinction between a decree against an infant and a decree against an adult. Therefore an infant can impeach a judgment or decree only upon such grounds as would invalidate it in the case of another person, such as fraud, collusion, or error. Harrison v. Wallton, 95 Va. 721, 30 S. E. Rep. 372; Pennybacker v. Switzer, 75 Va. 688; Zirkle v. McCue, 26 Gratt. 517; 1 Min. Inst. (3d Ed.) 507, 508.
Thus the judgment of the board of commissioners, under the land law, is conclusive and cannot be impeached, notwithstanding the plaintiff was an infant at the time the j udgment was given. Stephens v. Cobun, 2 Call 440.
Death.—When there is a joint action against two or more persons, all of whom are served with process, and one dies before judgment, and his death is not suggested on the record, and there is a judgment rendered against all the defendants, such judgment cannot be collaterally attacked. King v. Burdett, 28 W. Va. 601; Watt v. Brookover, 35 W. Va. 323, 13 S. E. Rep. 1007, 29 Am. St. Rep. 811; McMillan v. Hickman. 35 W. Va. 705, 14 S. E. Rep. 227; Evans v. Spurgin, 6 Gratt. 107.
Commonwealth’s Lien.—Where a bond given to the commonwealth to secure the purchase money of land bought at a sheriff’s sale is on default returned to the circuit court from whence the venditioni exponas issued, whereby it acquired the force of a judgment against the principal and sureties, under Va. Code 1873, ch. 40, § 16, the lien of the commonwealth so acquired cannot be collaterally impeached in a suit brought by the trustee of one of the sureties, claiming a homestead under an earlier purchase of the land, to audit the liens of the latter’s creditors, in which suit the commonwealth, becomes a party. Spoils v. Commonwealth, 85 Va. 531, 8 S. E. Rep. 375.
C. WHO MAY IMPEACH.
Strangers.—All strangers are not entitled to impeach a judgment; it is only those strangers who, if the judgment were given full credit and effect, would be prejudiced in regard to some pre-existing right, that are permitted to impeach the judgment. Wilcher v. Robertson, 78 Va. 602; Cecil v. Clark, 44 W. Va. 659. 30 S. E. Rep. 216.
State.—Where a proceeding is instituted by a commissioner of school lands in a circuit court of a county to sell land forfeited for nonentry in that county, and there is a redemption under it, and the *264 land declared exonerated from forfeiture, and it turns out that no part of the land is in the county of the court rendering the judgment, yet the state cannot, in a collateral proceeding, deny the validity of the judgment or redemption, for want of jurisdiction in the court. Cecil v. Clark, 44 W. Va. 659, 30 S. E. Rep. 216.
Third Persons.—Though a judgment cannot be collaterally attacked by one of the parties thereto; a third person, whose rights are affected thereby, is not thus precluded. Perpetual B. & L. Co. v. Haden, 92 Va. 201, 23 S. E. Rep. 285.
“The learned judge of the chancery court has declared that neither the judgment nor the substitution of other securities will prevent a court of equity, where a deed is sought to be impeached as voluntary, from looking to the original cause of action in order to ascertain whether it was a subsisting debt contracted at the time the deed was made. The correctness of that proposition will not be controverted; but where the rights of third persons have intervened, as in the case of a settlement upon a wife and children, it is certainly competentfor them to show that not only the judgment, but the debt upon which it is founded, has been satisfied and discharged by the substitution of a new security.” Morriss v. Harveys, 75 Va. 726.
XVI. CONCLUSIVENESS OP JUDGMENTS.
It is a well-established doctrine, that the unreversed judgment of a court of competent jurisdiction is conclusive, and cannot be collaterally attacked. Hill v. Woodward, 78 Va. 765; Wimbish v. Breeden, 77 Va. 324; Woodhouse v. Fillbates, 77 Va. 317; Fox v. Cottage Association, 81 Va. 677; Wilson v. Smith, 22 Gratt. 493; Howisonv. Weeden, 77 Va. 710; Cottom v. Cottom, 4 Rand. 192.
Jurisdiction of Subject-Hatter, Parties.—Jurisdiction of the subject-matter and the parties is essential to the conclusiveness of judgments or decrees. A court may rightfully obtain jurisdiction, and its decrees may be void, because, in the progress of the cause, it has exceeded its jurisdiction. In such case the decrees may be attacked directly or collaterally. Seamster v. Blackstock, 83 Va. 232, 2 S. E. Rep. 36.
“Golden Rule.”—The general rule is that verdicts and judgments bind conclusively, parties and privies ; because privies in blood in estate, and in law, claim under the person against whom the judgment is rendered; and they, claiming his rights are, of course, bound as he is. But, as to all others, they are not conclusively binding, because, it is unjust to bind a party by any proceeding, in which he has had no opportunity of making a defence, of offering evidence, of cross-examining witnesses, or of appealing if he was dissatisfied with the judgment; and this is called by the court, in Bourke v. Granberry, Gilmer 25, “a golden rule.” Munford v. Overseers of the Poor, 2 Rand. 313.
Judgment against Principal—Sureties.—But a judgment against a principal in a bond, is not conclusive evidence against his sureties. Munford v. Overseers of the Poor, 2 Rand. 313.,
It was said by Judge Green in Munford v. Overseers of the Poor, 2 Rand. 313, that, “the question, how far sureties are bound by a judgment, or other evidence against their principal, which estops or concludes him, has never as far as I am informed, been settled in this court, except in the case of Baker v. Preston, Gilmer’s Rep. p. 235, decided in the special court.”
The hooks kept by the treasurer are conclusive evidence of the balance actually in the treasury at any given time, both against the treasurer, and his sureties, without being pleaded as an estoppel, so as to charge them with balances carried forward from year to year, as if those balances were actually on hand. “These books thus conclusive against the treasurer, are also conclusive against his sureties. If a judgment against him is to bind them, so also is the evidence on which that judgment is rendered.” Baker v. Preston, Gilmer 235.
The admissions of partners are not evidence against each other after the dissolution, though both are bound, and both were conjunct and principals in the partnership transactions. Skelton v. Cocke, 3 Munf. 191; Bootes v. Wellford, 4 Munf. 215.
Judge Green in Munford v. Overseers of the Poor, 2 Rand. 313, said that these decisions seem to have a strong bearing on the question how far a judgment against a principal is conclusive against his surety.
But it has been held in an action by an execution creditor against the high sheriff for the failure of his deputy to pay over money made on the execution, where the deputy is present at the trial and examined as a witness, but there is verdict and j udgment for the plaintiff, that in the subsequent action by the high sheriff against the deputy and his sureties, on their bond with condition to indemnify the high sheriff from all loss and damages for the conduct of the deputy in the office, the- judgment against the high sheriff, in the absence of fraud and collusion, is conclusive evidence of the default of the deputy against not only the deputy, but also his surety, even though the declaration in the action by the high sheriff does not allege that the deputy was requested to defend the suit against the high sheriff or had an opportunity of doing so, or had notice thereto, but his presence at the trial and act of defence of the action may be proved by the oral testimony. Crawford v. Turk, 24 Gratt. 176, and note. In this case the court distinguished and explained the cases of Munford v. Overseers, 2 Rand. 213; Jacobs v. Hill, 2 Leigh 393; Baker v. Preston, Gilmer 235; Cox v. Thomas, 9 Gratt. 323.
Foreign Court of Admiralty.—The judgment of a foreign court of admiralty is not conclusive that the property and owners are enemies, in a suit between the underwriters and insured. Bourke v. Gran-berry, Gilmer 16.
Where the issue in a cause is one of law and fact namely, whether a judgment pleaded by the defendant as a set-off was assigned to him with the fraudulent intent of depriving the plaiDtiff of his legal right to exemptions and a second trial is had in a justice’s court upon this issue, and judgment rendered, such judgment, rendered in the second trial, is final and irreversible, and conclusive between the parties thereto as to all matters involved in that controversy, and under art. 3, sec. 13 of the Constitution of West Virginia. The facts involved in this issue, having been tried by a jury, cannot be otherwise re-examined than according to the rules at common law, and under sec. 91, ch. 50 of Va. Code, no new trial can be had in a court of equity. Ensign Mfg. Co. v. McGinnis, 30 W. Va. 532, 4 S. E. Rep. 788.
Legally Authenticated Record.—A record legally authenticated, of the proceedings of a court of competent authority, in any other of the United States, is conclusive evidence in the courts of Virginia, to show that a judgment was rendered, and that the party was compellable to pay the amount recovered *265 against him; butit may be opposed by proof of fraud or collusion, or of subsequentpayments or discounts. Buford y. Buford, 4 Mnnf. 241.
Suit to Enforce Judgment Lien.—In a suit in equity to enforce a j udgment lien against the real estate of the judgment debtor, the judgment, as between the judgment creditor and other judgment creditors, is conclusive of the justness and amount of the debt. First Nat. Bank v. Huntington Distilling Co., 41W. Va. 530, 23 S. E. Rep. 792.
Conclusiveness as to Strangers.—Moreover, a judgment for a debt is conclusive, not only between the parties, but also as to strangers, to establish the amount and existence of the debt, and strangers can attack it only for fraud or collusion. Bensimer V. Fell. 35 W. Va. 15, 12 S. E. Rep. 1078.
Judgment Prima Facie Evidence.—Where a creditor, who claims under a judgment at law, comes into equity to enforce his judgment, that judgment is prima facie evidence against the debtor, or mere strangers; unless they can impeach it on the ground of fraud, or by showing that a full defence was not made, and can produce new proof showing that the debt is not due. Garland v. Rives, 4 Rand. 282; Bensimer v. Fell, 35 W. Va. 15, 12 S. E. Rep. 1078; Chamberlayne v. Temple, 2 Rand. 384.
XVII. ARREST OF JUDGMENT.
A. GROUNDS OF ARREST.
Errors Apparent on Face of Record.—It seems to be a well-established rule of law that a motion in arrest o f j udgment lies only to correct an error that is apparent on the face of the record. Gray's Case, 92 Va. 772, 22 S. E. Rep. 858; Hall’s Case, 80 Va. 555; Watts’ Case, 4 Leigh 672; Stephen’s Case, 4 Leigh 679; Hughes v. Frum, 41 W. Va. 445, 23 S. E. Rep. 604; Gerling v. Agricultural Ins. Co., 39 W. Va. 689. 20 S. E. Rep. 691; State v. Martin, 38 W. Va. 568, 18 S. E. Rep. 748; Com. v. Linton, 2 Va. Cas. 476.
Defect in Pleading—Joinder of Parties.—When a person, who ought to join as plaintiff, is omitted, and the objection appears upon the pleadings, the defendant may demur, move in arrest of judgment, or bring a writ of error. Prnnty v. Mitchell, 76 Va. 169.
Declaration Sufficient.—But where the declaration sufficiently sets forth a good cause of action, and there is no objection to the form or sufficiency of the verdict, a motion in arrest of judgment will be overruled. Travis v. Ins. Co., 28 W. Va. 584.
Defective Declaration.—Likewise, it is not error sufficient in arrest of judgment, in an action of assumpsit in a superior court of a county, that the declaration lays the venue in a different county and omits to state that the cause of action arose within the jurisdiction of the court. Buster v. RufEner, 5 Munf. 27.
Proferí.—Nor will judgment be arrested for omission to make profert of a bill. Terrell y. Atkinson, 2 Wash. 143.
No Offence Charged.—On the other hand where an information is filed on a defective presentment, but the defendant pleads to the information, and there is a verdict against him, he can arrest the judgment because the presentment charged no offence. Com. v. Chalmers, 2 Va. Cas. 76.
Improperly Receiving Juror.—Thus, a motion in arrest of judgment does not lie to correct an error in improperly receiving a juror, where the impropriety, if any, is only shown by a bill of exceptions. Gray’s Case, 92 Va. 772, 22 S. E. Rep. 858.
Petty Juror Not a Freeholder.—Nor is it a good reason for arresting a judgment, on a motion in arrest, that several of the petty jury were not freeholders, when this is a matter of fact not appearing on the record. Stephen’s Case, 4 Leigh 679.
Juror Pardoned.—So, a motion for arrest of judgment does not lie because a juror, convicted of a felony, had been pardoned in 1868. Puryear v. Com., 83 Va. 51, IS. E. Rep. 512; Edwards’Case, 78 Va. 43.
Consideration for Assignment—But judgment may be arrested, if, in assumpsit against the assignor of a bond, a consideration for the assignment is not set forth in a declaration. Hall v. Smith, 3 Munf. 550.
Statutory Elements Apparent.—Likewise, omission to direct a new venire facias or omission of any statutory essential apparent on the record, is such an error as may betaken advantage of after verdict by motion in arrest of judgment. Hall v. Com., 80 Va. 555.
Action in Requiring Bill of Particulars.—On the other hand, motion in arrest of judgment is not the proper method of raising the question as to the propriety of the court’s action in requiring the defendants in ejectment to file the particulars of their defence; the question should be raised by a bill of exceptions. Va. & Tenn. Coal & Iron Co. v. Fields, 94 Va. 102, 26 S. E. Rep. 426.
Failure to Set Forth Award.—A judgment in favor of a plaintiff, ought to be arrested after verdict, where he nfeglects to set forth the award in his declaration, and reply generally, in debt on bond with condition to perform an award, to be made by certain arbitrators, and aver a breach of the condition by special replication, the conditions being made a part of the record by oyer, and the defendant haying pleaded “conditions performed.” Green v. Bailey, 5 Munf. 246.
Variance.—However, where a party fails to take advantage in due time of a variance between the presentment of the grand jury and the indictment, a judgment thereon cannot be reversed by the appellate court. Wells v. Com., 2 Va. Cas. 333; Com. v. Jones, 2 Gratt. 555; Com. y. Chalmers. 2 Va. Gas. 76.
Objection to Jurisdiction—Nonresidence.—For example, nonresidence is not a ground for arresting a judgment; if it is good ground for objection to the jurisdiction of the court, it must be taken by plea in abatement before the defendant pleads in bar. Washington & New Orleans Telegraph Co. v. Hobson, 15 Gratt. 122. See Va. Code, ch. 171, § 19, p. 648.
Jurisdiction over Felonies.—But if upon an indictment for a felony the prisoner is tried and found guilty in the county or corporation court having no jurisdiction to try the prisoner, the verdict should be arrested, and all proceedings subsequent to the indictment should be quashed. Rider v. Com., 16 Gratt. 499.
After a verdict convicting a prisoner of a felony, a plea in arrest of judgment, that he has not been examined for the offence by a court of competent jurisdiction (alleging that the cori>oration court, by which he was examined, has no criminal jurisdiction), ought to be overruled; because the said plea suggests matter making no part of the record, but matter which, if true, is proper for a plea in abatement, or for a motion to quash the indictment. Com. v. Cohen, 2 Va. Gas. 158.
Verdict Uncertain and Defective.—But, judgment against a prisoner tried for a felony will be arrested, where the verdict against him is too uncer *266 tain and defective to authorize a judgment thereon. Com. v. Hatton. 3 Gratt. 623.
Defective Service of Writ.—So also, if hy direction of the plaintiff, the writ be served on one only of two partners in trade, when the declaration shows that the plaintiff knew the names of both, and he gets a verdict upon the plea of nonassumpsit, pleaded by the partner, on whom the writ was served, judgment ought to be arrested. Shields V. Oney, 5 Munf. 550.
Errors of Committing Magistrate.—On the other hand, judgment will not be arrested because of errors in the examination before the committing magistrate, or because he was not examined for the felony of which he is indicted, for such objection comes too late after verdict. Morris v. Com., 9 Leigh 636; Angel v. Com., 2 Va. Cas. 231.
Statute of Limitations.—But after verdict for the plaintiff, on the plea of nil debet, it is no ground for arresting the judgment, that the claim, as shown by the declaration, was barred by act of limitations. Murdock v. Herndon, 4 Hen. & M. 200.
Informal Errors.—Where the clerk, in arraigning the prisoner, erroneously states to the jury the maximum punishment for the offence, but the jury fix the maximum punishment, showing that they were not misled by the error of the clerk, such error is not sufficient to set aside or arrest the judgment. Mitchell v. Com., 75 Va. 856. See also, Burgess v. Com., 2 Va. Cas. 483.
Arrest of Judgment, New Trial—Order of Consideration.—Where a motion in arrest of judgment and a motion for a new trial are made at the same time, and are acted upon by the court at the same time, the order in which they may be considered by the court is not material, as under such circumstances the motion in arrest of judgment cannot be regarded as a waiver of objection to its verdict, or as an admission that the verdict is unobjectionable. Gerling v. Agricultural Ins. Co., 39 W. Va. 689, 20 S. E. Bep. 691. See also, Sweeney v. Baker, 13 W. Va. 158.
Court May Arrest Ex Mero ilotu.—'Where the indictment and the verdict are fatally defective, a judgment may be reversed by the appellate court, though no motion in arrest of judgment was made in the court below. Bandall v. Com., 24 Gratt. 644; Old v. Com. 18 Gratt. 915.
Anything which is good cause for arresting a judgment, is good cause for reversing it, though no motion in arrest is made. Matthews v. Com., 18 Gratt. 989. See also, Bandall v. Com., 24 Gratt. 644.
Effect of Arrest—Discharge of Prisoner.—-Where the court, at a trial for murder, overrules a motion in arrest of judgment, but sets aside the verdict the next day ex mero motu, the defendant is not entitled to discharge on the ground that his motion in arrest of judgment has been allowed. Curtis v. Com., 87 Va. 589,13 S. E. Bep. 73.
Time for Motion.,
File Errors at Next Term.—It seems, that the party, to whom a new trial is granted, may, at the next term, without claiming such trial, file errors in arrest of judgment. Hall v. Smith, 3 Munf. 550.
Delay until after Verdict.—Where the objection to sending to the jury an indictment endorsed with verdict of guilty found atafirst trialis delayeduntil after verdict, such error, if any, cannot be remedied by motion in arrest of judgment. Forbes v. Com., 90 Va. 550,19 S. E. Bep. 164; Angel v. Com., 2 Va. Cas. 231.
Where the administrator of a defendant in detinue, who dies pending the action, consents that the cause shall stand revived against him, and instead of pleading de novo, goes to trial upon the plea put in by his intestate, he cannot, after verdict against him, arrest the judgment because of his own failure to plead anew. Greenlee v. Bailey, 9 Leigh 526.
Other Errors after Verdict.—Judgment cannot be arrested, after verdict against a defendant, because the presentment does not state whether the witnesses on whose evidence it was found, were called by the grand jury, or sent to them by the court, or because the name of the prosecutor was notwritten at the foot of the information. Com. v. Chalmers, 2 Va. Cas. 76.
Practice.—The appellate court, upon overruling a motion in arrest of judgment, will not send the case back for a decision upon the motion for a new trial, but will proceed to give final judgment for the plaintiff. Sims v. Alderson, 8 Leigh 479.
XVIII. SATISFACTION.
A. PAYMENT TO WHOM.
Attorneys.—The payment of a judgment or decree to an attorney of record, who obtained it, before his authority is revoked, and due notice of such revocation given to the defendant, is valid and binding on the plaintiff, so far as the defendant is concerned, and his receipt will discharge the judgment. Harper v. Harvey, 4 W. Va. 539; Yoakum v. Tilden, 3 W. Va. 167; Branch v. Burnley, 1 Call 147.
Cancellation of Satisfaction by Attorney.—The attorney who obtains a judgment may maintain an action to cancel an indorsement of satisfaction of the judgment, made by them, on the ground that the satisfaction was procured by fraud or mistake. Higginbotham v. May, 90 Va. 233, 17 S. E. Bep. 941. See monographic note on “Attorney and Client" appended to Johnson v. Gibbons, 27 Gratt. 632.
Deposit in Branch Bank.—Where the judgment debtor of a bank deposited money with the branch subject to his own check, and the money was lost by the bank’s failure, it was held that the deposit did not discharge the judgment. Spilman v. Payne, 84 Va. 435, 4 S. E. Bep. 749.
Payment to Sheriff after Return Day of Writ.—A payment to sheriff in discharge of an execution, after the return day of the execution is passed, is not binding on the creditor. Chapman v. Harrison, 4 Band. 336.
Payment to Clerk—Acceptance.—Where a judgment debtor, who is absent in the army, sends confederate money to his sonto pay the judgment, and the payment is made to the clerk, who deposits the money in the bank, with an “ear-mark.” and subsequently the judgment debtor and his son see the judgment creditor and tell him of this payment, but the latter does not accept in so many terms, such payment to the clerk does not discharge the judgment. Moore v. Tate, 22 Gratt. 351.
B. MEDIUM OF-PAYMENT.
Money.—The payment of the judgment or decree to an attorney of record must be a payment of money, or if not a payment of money, it must be accepted by the plaintiff in lieu of money, or the attorney must have special authority to receive it. Harper v. Harvey, 4 W. Va. 539; Wilkinson v. Holloway, 7 Leigh 277.
Confederate1 Honey.—The1 payment of confederate states treasury notes made to an attorney, without the authority of the plaintiff to receive them, was held not a payment in money that would satisfy a *267 judgment or decree against the defendant. Harper v. Harvey. 4 W. Va. 539.
Bond.—An attorney at law has no power to receive in satisfaction of his client's judgments a bond from the judgment debtor. Smock v. Dade, 5 Rand. €39.
Substituted Note.—When the parties provided for the extinguishment of the judgment it may be fairly presumed they contemplate the extinguishment of the debt upon which it is founded. If the substituted note is accepted in satisfaction of the judgment the presumption is, in the absence of proof to the contrary, that it was accepted in satisfaction of the debt represented by the judgment. Morriss v. Harveys, 75 Va. 726.
Faulty Forthcoming Bond.—A faulty forthcoming bond, whilst in force, is a satisfaction of the judgment. and a second execution cannot issue until it is quashed. Downman v. Chinn, 2 Wash. 189; Rhea v. Preston. 75 Va. 757.
Forfeited Forthcoming Bond.—But where judgment is obtained against a principal and surety to a bond, and the latter gives a forthcoming bond, which is forfeited, the original judgment is not thereby satisfied, although any further proceedings on it will be barred, until the forthcoming bond shall be quashed. Randolph v. Randolph, 3 Rand. 490; Rhea v. Preston, 75 Va. 757.
Fi Fa. Returned “No Property.”—Where a ft. fa. issued on a judgment based on a forthcoming bond has been returned “noproperty,” equity will regard the bond as a nullity, and the original judgment as in full force. Cooper v. Daugherty, 85 Va. 343,7 S. E. Rep. 387. The court in this case said: “And in Rheav Preston, 75 Va. 744, it is said by this court: ‘When the obligors in a forthcoming bond, which has been forfeited and returned, though solvent when the bond was taken, become insolvent after-wards. the plaintiff may have the bond quashed, and be restored to his original judgment. And though the bond be not quashed, a court of equity will regard it as a nullity, and the original judgmentin full force.’ Jones v. Myrick, 8 Gratt. 211-12; Leake v. Ferguson, 2 Gratt. 432; Robinson v. Sherman, 2 Gratt. 178; Garland v. Lynch, 1 Rob. 545; Powell v. White, 11 Leigh 309.”
Satisfaction by Set-Off.—1The practice of setting off judgments is indicated in 2 Freem. Judgm. § 467, where it is said: “The satisfaction of a judgment may be wholly or partly produced by compelling the judgment creditor to accept in payment a judgment against him in favor of the judgment debtor, or. in other words, by setting off one judgment against another. This is usually brought about by a motion in behalf of the party who desires to have his judgment credited upon, or set off against, a judgment against him. The court in a proper case, will grant the motion. Its power to do this cannot be traced to any particular statute, and exists only in virtue of its general equitable authority over its officers and suitors.” See Zinn v. Dawson (W. Va.), 34 S. E. Rep. 784.
In West Virginia, opposite demands arising out of judgments or decrees between the same parties in the right may be set off against each other when it is equitable to do so and when the interests of third parties are not involved, but the court is not bound to set off such judgments in all cases, but in the same exercise of its discretion even when the set-off might be legally made, will not allow the set-off if it clearly appears that injustice will be done thereby. A party entitled to such set-off, having subject to his controla special fund primarily applicable to the satisfaction of the judgment, will not be permitted to avail himself of his right to set off against the assignee of such opposite judgment or decree until such special fund is exhausted, and then only for any unsatisfied balance of his demand. Payne v. Webb, 29 W. Va. 627, 2 S. E. Rep. 330, following Nuzum v. Morris, 25 W. Va. 559.
Judgment Annulled on Appeal.—A debtor cannot set off a judgment which has been annulled on appeal. Magarity v. Succop, 90 Va. 561, 19 S. E. Rep. 260. See Shipman v. Fletcher, 83 Va. 349, 2 S. E. Rep. 198.
Allowance of Set-Off Inequitable.—Where a suit in chancery was pending to subject land to the payment of liens charged thereon, and a decree of sale, and a decree confirmed in the sale were on petition of the debtor reversed in the appellate court and the judgment there entered for the debtor against the first lien creditors, for the costs in the appellate court, which judgment the creditor assigned to his attorney in part payment of his attorney’s fee and the cause was remanded, and it appeared that the property was sufficient to pay the first lien, and the court refused to allow the assignee and attorney to be paid out of the fund, but set off the judgment for costs against a part of the judgment against the assignor, it was held, that under the circumstances, the allowance of the set-off was inequitable, and should not have been made; but a decree should have been entered for the whole amount of the plaintiff’s claim against the debtor, and then the decree should have required the creditor, out of the money realized, to pay the assignee and attorney the amount of his claim. Payne v. Webb, 29 W. Va. 627. 2 S. E. Rep. 330.
Payments on Reversed Judgment.—If payments have been made on a judgment which has been reversed, they should be credited on the debt on which the judgment was rendered. Effinger v. Kenney, 92 Va. 245, 23 S. E, Rep. 742.
Voluntary Payment-Subrogation.—The voluntary payment of a debt by judgment constituting a lien on land, does not entitle the party paying it, to be substituted to the lien of the judgment creditor, the benefit of the doctrine of subrogation being extended by courts of equity only to those who are bound by law to pay debts or liens, as sureties or otherwise, or are compelled to pay in order to protect their own rights. Janney v. Stephen. 2 Pat. & H. 11.
Promise to Pay—Consideration.—A creditor’s forbearance to enforce a judgment against land on which it was a lien is a sufficient consideration for a promise by a subsequent purchaser of the land to pay it, although the landowner was not previously liable for the judgment. Bradshaw v. Bratton, 96 Va. 577, 32 S. E. Rep. 56.
It was held in Rowe v. Hardy, 97 Va. 674, 34 S. E. Rep. 625, that payments made in 1885 on a judgment rendered in 1869, admit that the judgment hadnot been discharged.
Effect of Releasing Principal.—A recovered judgment against B and C, his surety, and issued execution, which was levied on the property of B. A, on receiving a part payment of the judgment, gave B further time for the payment of the balance, and ordered the property to be released to B. It was held that in consequence the judgment was discharged at law, and the surety, not having assented to, or acquiesced in the agreement, was discharged inequity, and could have an injunction against a *268 second execution. Baird v. Rice, 1 Call 18, 1 Am. Dec. 497.
C. PROOF OF PAYMENT.
Presumption of Payment from Lapse of Time.—Presumption of payment of a judgment cannot arise from lapse of time less than the period of limitation. James y. Life, 93 Va. 702,24 S. E. Rep. 275. See mono-graphic note on “Laches” appended to Peers v. Barnett, 12 Gratt 410.
Legal and Natural Presumption.—Upon a scire facias to revive a judgment which had been suspended by an injunction for forty-six years, issue was made up on the plea of payment and upon the trial the court instructed the jury, that the pendency of the injunction cause repelled the legal presumption of payment which would have arisen from lapse of time if the injunction had not been- pending, and it was held that such instruction was proper, and it was not necessary to distinguish to the jury between legal presumption and natural presumption arising from lapse of time. Hutsonpiller v. Stover. 12 Gratt. 579.
Lapse of Twenty-Three Years.—It was held in Brown v. Campbell, 33 Gratt. 402, that under the circumstances of the case, the proof is sufficient to establish the payment of a debt on which judgment had been rendered and execution issued twenty-three years before the filing of a bill to enforce the payment of the judgment. See also, Cox v. Carr, 79 Va. 28.
Insufficient Proof of Payment.—Where a defendant testified that he had satisfied a judgment filed in a creditors’ suit, with 'a debt due him from the plaintiff, who swore the contrary, and showed by receipts how he had paid the debt, and that at the time of the alleged satisfaction the judgment had been assigned as collateral to a third party, by whom it was subsequently reassigned, it was held that a confirmation of a commissioner's report, showing the judgment unpaid, was proper. Barrett v.. Wilkinson, 87 Va. 442,12 S. E. Rep. 885.
Indorsement on an Execution.—It was held in Saunders v. Prunty, 89 Va. 921,17 S. E. Rep. 231, where an execution issued on a judgment was indorsed levied, April 14,1861, on a negro named Wyatt, and was returnable on the first Monday in May following, that there was no prima facie presumption that the judgment was satisfied by such levy as the stay law was passed on the 30th of April, 1861, which fully accounts for no sale having been made, and a succession of stay laws prevented the sale of the slave, until the property was destroyed by emancipation. See also,' Shannon v. McMullin, 25 Gratt. 211; Hamilton v. McConkey, 83 Va. 533, 5 S. E. Rep. 724.
ilisrepresentation or Fraud.—A charge that a confession of judgment was obtained by fraudulently representing that the lien on the defendant’s land, for which lien the judgment was confessed, was still in force, when in fact, it was at the time barred by the statute of limitations, of which (the defendant was ignorant, is not sustained when it appears that, while the lien was in force, the defendant, for a valuable consideration, gave the plaintiff a promise in writing to pay the lien, for this he might have been compelled to do. Bradshaw v. Bratton, 96 Va. 577, 32 S. E. Rep. 56.
Arrest on Ca. Sa.—If a debtor be arrested on a ca. sa. and discharged by order of the creditor or his agent, no other execution can be had on the same judgment or decree. Windrum v. Parker, 2 Leigh 361.
But the taking in execution the bond of one of two joint obligors is no satisfaction of the debt, and does not bar an action against the other obligor. Atwell v. Towles, 1 Munf. 175.
But a judgment or decree authorizing the sale of decedent’s lands to pay his debts, but not declaring upon its face what particular debts are to be paid, or fixing their order or priority, is erroneous, and will not support a sale thereunder. Hull v. Hull, 35 W. Va. 155,13 S. E. Rep. 49.
Decree of Sale to Satisfy Judgment.—It is a settled practice in Virginia, to entertain the suit of the judgment creditor for relief in equity, when the debtor has, subsequent to the judgments, conveyed his land in trust for the payment of debts, or on other trusts authorizing the sale of land. And in such case, the court will decree a sale to satisfy the judgment. Taylor v. Spindle, 2 Gratt. 44.
XIX. FOREIGN JUDGMENTS.
While the judgment of a competent court of any state that has jurisdiction over the person or subject-matter is conclusive upon the merits of th.e controversy in every state, a court of another state has not the power, without service of process or voluntary appearance, to render a judgment on a contract, which is absolutely void, under the statute of the state where it is made. Stewart v. Northern Assur. Co., 45 W. Va. 734, 32 S. E. Rep. 218.
“Jurisdiction of the cause and parties is essential to the conclusiveness of the judgment or decree. To acquire jurisdiction of the defendant, it is necessary that in some appropriate way he be notified of the pendency of the suit. If upon inspection of the record, it appears that no such notice had been given, the judgment or decree is void. On the other hand, if it be a judgment or decree of a domestic court of general jurisdiction, and the record declares that notice has been given, such declaration cannot be contradicted by extraneous proof. * * * The record is conclusively presumed to speak the truth, and can be tried only by inspection. * * * * And especially is this so in respect to decrees under which sales are made to bona fide purchasers.” Wilcher v. Robertson, 78 Va. 602.
In order that the judgment of one state may have in another the effect provided for by the Constitution of the United States, art. 4, § 1, and the act of congress made in May 26, 1790, the court in which the judgment was rendered must have had jurisdiction of the case when itpronounced the judgment. Bowler v. Huston, 30 Gratt. 266.
Presumption as to Jurisdiction.—If the court of another state, which rendered a judgment sought to be enforced in the home state, is a court of general jurisdiction, the presumption is that it had jurisdiction of the particular case, and to render the judgment void, this presumption must be overcome by proof. Gilchrist v. W. Va. O. & O. L. Co., 21 W. Va. 115; Stewart v. Stewart, 27 W. Va. 167.
Inquiry as to Jurisdiction.—Where the judgment of a sister state is sought to be enforced in the home courts, the jurisdiction of the court rendering the judgment may be inquired into, and if it appear that the court had not jurisdiction, the judgment will be void. Crumlish v. Cent. Imp. Co., 38 W. Va. 390, 18 S. E. Rep. 456 ; Gilchrist v. W. Va. O. & O. L. Co., 21 W. Va. 115 ; Stewart v. Stewart, 27 W. Va. 167.
Where a court of law in the state of Maryland, having jurisdiction of the subject and person of the citizen, renders judgment in the cause, therein pending against such citizen, for money, the valid *269 ity of such judgment, rendered by such court, cannot be questioned in the courts of West Virginia; nor will the courts of that state look int'o the transaction npon which the Maryland judgment is founded, in order to ascertain if that judgment ought not to have been rendered by that court. But while this is true generally, a judgment of the court of law rendered in West Virginia based npon a judgment of the court of law of Maryland, may be inquired into for equitable causes and equities, and, if not for all, for most of the causes, which would authorize an injunction in equity to a j udgment of a court of law of West Virginia. Black v. Smith, 13 W. Va. 780.
Judgment having been obtained in Louisiana against executors, and only partially satisfied by them, it is competent to pursue the assets in the hands of heirs and legatees in Virginia, and the Virginia court will only look at the Louisiana judgment, and not go behind it into the merits of the case. DeEnde v. Wilkinson, 2 Pat. & H. 663.
Partners Not Served with Process.—A judgment rendered in another state, against all the former members of a dissolved partnership, will not personally bind one of the partners who was not served with process and did not appear, although by the law of that state such judgment is enforceable against the joint partners; and in an action on such judgment in Virginia, such partner may show that he was not served and did not appear, although the record states that he was summoned and appeared. Bowler V. Huston, 30 Gratt. 266.
The following language was used by Tucker, P., in delivering the opinion of the court in Wilson v. Bank of Mt. Pleasant, 6 Leigh 574: “It seems to be agreed, on all hands, that the doctrine of the conclusiveness of the judgments of the respective states, is to be taken with the qualification that where the court has no jurisdiction over the subject-matter or the person, or where the defendant has no notice of the suit, or was never served with process and never appeared to the action, the judgment will be esteemed of no validity.”
“It is not a question of state policy, whether we will or will not give effect to the j udgments of courts of competent jurisdiction of other states. It is a question, whether he will in good faith live up to the constitutional obligations, which we have assumed.” Stewart v. Stewart, 27 W. Va. 167.
Illustration.—Where the plaintiff’s intestate is killed, through the defendant’s negligence, in West Virginia, and the plaintiff institutes his action in Virginia to recover damages therefor where the defendant is found, a judgment of the Virginia court would be a bar to au action by an administrator appointed in West Virginia, brought in that state against the defendant, the rights of the parties being determinable by the laws of that state, which do not provide that suit shall be brought only by a personal representative appointed there. Nelson v. C. & O. R. Co., 88 Va. 971, 14 S. E. Rep. 838.
A. JUDGMENTS OP SISTER STATES.—It is well settled that the judgment of a sister state must be accorded in the home state the same faith and credit which it has in the state where rendered. Wells-Stone Mercantile Co. v. Truax, 44 W. Va. 531, 29 S. E. Rep. 1006; Crumlish v. Imp. Co., 38 W. Va. 390, 18 S. E. Rep. 456; Gilchrist v. W. Va. O. & O. L. Co., 21 W. Va. 115; Stewart v. Stewart, 27 W. Va. 167.
But a judgment in a court of a sister state, without service of process in any manner, and without appearance, is void in the home state. Crumlish v. Cent. Imp. Co., 38 W. Va. 390, 18 S. E. Rep. 456.
Judgments of Sister States Are Domestic Judgments. —Under the provision of the Constitution of the United States, art. 4, § 1, judgments of another state of the Union, are not to be regarded in Virginia as foreign judgments, but have the same effect as judgments of our own courts. Clarke v. Day. 2 Leigh 172.
“In American state courts, the unbroken current of decision has been that foreign judgments, as contradistinguished from the judgments of the courts of a sister state, are not conclusive.” Parker, J. Draper v. Gorman, 8 Leigh 637.
“It seems beyond controversy that the validity of the contract upon which a judgment is rendered by a court of competent jurisdiction in a foreign state is established by the judgment, and the judgment must be given the same credit and effect in the state, in which it is sought to be enforced, as it had in the state where rendered. 2 Black, Judgm. § 925; Clarke v. Day, 2 Leigh 172; Dicey, Confd. Laws 435.” Vaught v. Meador, 99 Va. 569, 39 S. E. Rep. 225.
It was held in Black v. Smith, 13 W. Va. 780, that the defendant to a Maryland judgment, to whom a day and opportunity has been allowed to make his defence in the court of law in Maryland, which rendered the last-named judgment, against the demand, for which such judgment was rendered, but who has wholly failed to avail himself of them, will not be entertained in the court of equity of West Virginia on a bill seeking relief against a judgment rendered by a court of law, based upon said Maryland judgment, rendered in consequence of his default, upon the ground, which might have been successfully taken in the Maryland court of law, unless some reason founded in fraud, accident or surprise, or some adventitious circumstances beyond the control of such defendant, be shown why the defence was not made in the Maryland court.
Does Not Affect Land Elsewhere.—A judgment or decree of a court of another state has no effect to pass title to or affect land in West Virginia, nor can a sale or conveyance under it by a trustee or commissioner appointed by it do so. Wilson v. Braden (W. Va.), 36 S. E. Rep. 367.
“No court, which is but a creature of the state, can, by its judgments or decrees, directly bind or affect property beyond the limits of that state ; and hence it is axiomatic that no writ of sequestration, or execution, or order, judgment or decree of foreign court, can be directly enforced against real estate situate without the limits of the foreign state.” Wimer v. Wimer, 82 Va. 890, 5 S. E. Rep. 536. See also, Dickinson v. 1-Ioomes, 8 Gratt. 410.
Foundation of Right.-The seizure of the property of the defendant under the proper process of the court, is generally the foundation of the court’s jurisdiction in proceedings^ rem, and defective or irregular affidavits, though they might reverse a judgmentor decree in such case for error, in departing from the directions of the statute, do not render such a judgmentor decree, or the subsequent proceedings, void. Hall v. Hall, 12 W. Va. 1.
Statute of Limitations,—It was held in Watkins v. Wortman, 19 W. Va. 78. that a judgment obtained in Ohio, if no bar there, is no bar in West Virginia, under § 13, ch. 104, Code W. Va. 1868, which provides that, “Every action upon a judgment or decree rendered in any other state or country shall be barred, if by the laws of such state or country such action *270 would there be barred, and the judgment or decree be incapable of being otherwise enforced there.”
A judgment or decree against heirs in a suit in one state, authorizing the sale of decedent’s lands situated there to pay his debts, will not prevent the running of the statute of limitations against the suit in another state to subj ect the land situated therein to the payment of the same debts. Hull v. Hull, 35 W. Va. 155,13 S. E. Rep. 49.
Construction of Statutes.—If the validity of a foreign judgment depends upon the construction of the statutes of the state in which the foreign court rendered the judgment, the home courts will adopt the construction put upon the statutes by the courts of the state which enacted them. Gilchrist v. W. Va. O. & O. F. Co., 21 W. Va. 115.
Conflict of Laws.—In an action brought in Virginia, on a judgment obtained in North Carolina, the act of limitations of North Carolina cannot be pleaded in bar; but the law of the former must prevail; the act of limitations affecting the remedy, and not the right. “I consider the law as clearly settled, that whatever relates to the essence of the contract, is to be governed by the law of the place where the contract was formed ; but that which relates to the remedy for enforcing the contract is to be governed by the law of the place where the contract is sought to be enforced.” Jones v. Hook, 2 Rand. 303.
Merger.—A judgment in Maryland upon a covenant, binding upon the covenantor’s heirs, is not so merged with the covenant (the execution thereon having been returned “no effects”) as to prevent the covenantee from proceeding upon the covenant against the heirs of the deceased covenantor or in respect to real assets in Virginia. Beall v. Taylor, 2 Gratt. 532.
Federal Judgments.—Code of West Virginia 1868, ch. 130, § 5, applies as well to the record of the district court of the United States, held within the state, as to the records of the courts of the state ; and the copy of the judgment rendered in a district court of the United States, in the state of West Virginia attested by the clerk of that court according to the statute above mentioned, will ordinarily be received as evidence of the existence of such judgments ; but sec. 19 of ch. 130 of the W. Va. Code 1868, does not apply to the records and judicial proceedings of the district court of the United States, held within the state of West Virginia. Dickinson V. Railroad Co., 7 W. Va. 390.
Evidence.
Admiralty.—Qumre, how far is the sentence of a foreign court of admiralty, or other foreign tribunal, to be regarded as evidence by the courts of Virginia. Hadfield v. Jameson, 2 Munf. 53. See also, Bourke v. Granberry, Gilm. 16.
Authentication.—For a discussion of what is sufficient evidence to authenticate, in the courts of this country, the sentence, or act, of a foreign tribunal, or government, after the destruction of such government by revolution or conquest, see Hadfield v. Jameson, 2 Munf. 53.
Where in a suit pending in the court of probate of New Orleans, against the executors of a Louisiana testator, a certified copy of the record of a suit in Virginia against the administrator of the decedent, appointed by a court of competent jurisdiction in Virginia, is offered in evidence, and is held by the supreme court of Louisiana to be proper and sufficient evidence of a debt due from the estate, the court of Virginia cannot question the propriety of that decision, but must give effect to the judgment rendered in accordance with it. DeEnde v. Wilkinson, 2 Pat. & H 663.
Judgment against Decedent.—A record of a judgment against heirs in one state, authorizing the sale of decedent’s lands situated there for the payment of his debts, is not admissible as against such heirs, in an action in another state to subject lands of decedent situated therein to the payment of the same debts, either for the purpose of establishing them or fixing their amounts. Hull v. Hull, 35 W. Va. 155, 13 S. E. Rep. 49.
So also, a judgment or decree rendered in one state, authorizing the sale of decedent’s lands there to pay his debts, but which is void as to his-heirs, is not admissible against them in a suit in another state to subject the lands of the decedent situated there to the payment of the same debts. Hull v. Hull, 35 W. Va. 155, 13 S, E. Rep. 49.
Pendency of Suit in Foreign State.—It seems to be well settled that the pendency of a suit for a matter in a foreign state or territory is no bar to an action for the same matter in another state, either at law or in equity. The states in a jurisdictional sense are foreign to one another. The judgment of the court of another state does not merge the original cause of action in the home state. Davis v. Morriss, 76 Va. 21; Beall v. Taylor, 2 Gratt. 532.
XX. CONSTRUCTION.
A judgment in the name of the commonwealth, for W, treasurer of C county, founded on a notice in the name of the commonwealth proceeding by W, late treasurer of O, against F, the collector of township M, and his sureties, upon his official bond, is a judgment in the name of the commonwealth. On such a judgment the commonwealth, at" the relation of the auditor of accounts, may maintain a suit against F, collector of township M, and his sureties. Com. v. Ford, 29 Gratt. 683. See also, Brown v. Greenhow, 80 Va. 118.
Judgment in General Terms.—In an action against several defendants, the capias being returned executed in part only, who appeared and defended the suit, and a discontinuance as to the rest having taken place, by a failure to take out a further process against them, a judgment against the defendants in general terms, must be understood as against those only who appeared, notwithstanding the declaration charged them all as “in custody” etc., and the caption of the entry of the judgment in the order book mentioned the names of all. Moss v. Moss, 4 Hen. & M. 293; Graham v. Graham, 4 Munf. 205.
When the writ and declaration in the cause are against two defendants therein named, and the record shows that the defendants appeared in court by their attorney, and pleaded in bar to the declaration, and that the defendants made a motion, at the same time to the court in the cause, and after-wards, at another term of the court, the record recites, “this day came the parties,” etc., and judgment is rendered in favor of the plaintiff against the defendants, it must be taken that the judgment is against the defendants mentioned in the writ and declaration. Perry v. McHuffman, 7 W. Va. 306.
A judgment on a verdict virtually overrules all demurrers to the declaration, and each count thereof. Fleming Oil & Gas Co. v. South Penn. Oil Co., 37 W. Va. 645,17 S. E. Rep. 203; Hood v. Maxwell! 1 W. Va. 219.